FORM FOR USE IN APPLICATIONS

FOR HABEAS CORPUS UNDER 28 U.S.C. §2254

RECEIVED

2005 AUG -3 A 10: 13

Name: Robert Wayne Clements

Prison Number: AIS # 145598

Place of Confinement: Easterling Correctional Facility, 200- Wallace Drive, Clio, Alabama 36017-2615

United States District Court **Middle** District of **Alabama**

Case No. **3:05CV723-T**
(To be supplied by Clerk of U. S. District Court)

**Robert Wayne Clements**, PETITIONER
(Full name) (Include name under which you were convicted)

**Warden Gwendolyn Moseley**, RESPONDENT
(Name of Warden, Superintendent, Jailor, or authorized person having custody of Petitioner)

and

THE ATTORNEY GENERAL OF THE STATE OF **Alabama**
_____, ADDITIONAL RESPONDENT.

(if petitioner is attacking a judgment which imposed a sentence to be served in the <u>future</u>, petitioner must fill in the name of the state where the judgment was entered. If petitioner has a sentence to be served in the <u>future</u> under a federal judgment which he wishes to attack, he should file a motion under 28 U.S.C. §2255, in the federal court which entered the judgment.)

PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN
STATE CUSTODY

INSTRUCTIONS--READ CAREFULLY

(1) This petition must be legibly handwritten or typewritten and signed by the petitioner under penalty of perjury. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form.

The Judicial Conference of the United States has adopted, effective 1/1/83, the 8-1/2 x 11 inch paper size standard for use throughout the federal judiciary and directed the elimination of the use of legal size paper. All pleadings, etc. filed after 12/31/82 must be on 8-1/2 x 11 inch paper, otherwise we cannot accept them.

-1-

6. Kind of trial: (Check one)
   (a) Jury ( X )
   (b) Judge only ( )

7. Did you testify at the trial? Yes ( )  No ( X )

8. Did you appeal from the judgment of conviction? Yes ( )  No ( X )

9. If you did appeal, answer the following:
   (a) Name of court N/A - None
   (b) Result N/A
   (c) Date of result N/A
   If you filed a second appeal or filed a petition for certiorari in the Supreme Court, give details: N/A

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal? Yes ( X )  No ( )

11. If your answer to 10 was "yes", give the following information:
    (a)(1) Name of court Lee County Circuit Court
       (2) Nature of proceeding A.R.Cr.P. Rule # 32 Post-Conviction
       (3) Grounds raised 1). Violation of State & Constitutional Rights; 2). Guilty Plea Not Made Knowingly; 3). Coerced Confession; 4). Conviction Obtained By Tainted Evidence; 5). Unlawful Arrest; 6). Convicted By A Violation Against Self-Incrimination; 7). Convicted w/o Providing Exculpatory Evidence; 8). Denial of Effective Assistance of Counsel; 9). Court w/o Jurisdiction To Convict
       (4) Did you receive an evidentiary hearing on your petition, application or motion? Yes ( )  No ( X )
       (5) Result Denied
       (6) Date of result September 2, 2004
    (b) As to any second petition, application or motion give the same information:
       (1) Name of court Alabama Court of Criminal Appeals
       (2) Nature of proceeding Appeal of Denial of Rule # 32 Petition
       (3) Grounds raised Same As 11 (a) (3)

       (4) Did you receive an evidentiary hearing on your petition, application or motion? Yes ( )  No ( X )
       (5) Result Denial
       (6) Date of result May 20, 2005

-2-

(c) As to any third petition, application or motion, give the same information:
  (1) Name of court ALABAMA COURT OF CRIMINAL APPEALS
  (2) Nature of proceeding APPLICATION FOR RE-HEARING
  (3) Grounds raised SAME AS IN 11 (a) (3)
  _____
  _____
  _____
  _____
  _____
  _____
  (4) Did you receive an evidentiary hearing on your petition, application or motion? Yes ( ) No (X)
  (5) Result OVERRULED
  (6) Date of result JUNE 24, 2005; Certificate of Final Judgement (7-13-2005)

(d) Did you appeal to the highest state court having jurisdiction the result of any action taken on any petition, application or motion:
  (1) First petition, etc.    Yes ( ) No (X)
  (2) Second petition, etc.   Yes ( ) No (X)
  (3) Third petition, etc.    Yes ( ) No (X)

(e) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not: I DID NOT DO A DIRECT APPEAL AS MY ATTORNEY DID NOT FINISH DISCUSSING MY DESIRE TO APPEAL.
    I DID APPEAL MY ADVERSE RULING ON MY Rule #32 PETITION AND WAS SUBSEQUENTLY DENIED ON 05-20-05 AND FINAL JUDGEMENT WAS ISSUED ON 07-13-05

12. State concisely every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground.

    CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court. As to all grounds on which you have previously exhausted state court remedies, you should set them forth in this petition if you wish to seek federal relief. If you fail to set forth all such grounds in this petition, you may be barred from presenting them at a later date.

    For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted all your state court remedies with respect to them. However, you should raise in this petition all available grounds (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

    If you select one or more of these grounds for relief, you must allege facts in support of the ground or grounds which you choose. Do not check any of the grounds listed below. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure, [where the state has not provided a full and fair hearing on the merits of the Fourth Amendment claim].
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest, [where the state has not provided a full and fair hearing on the merits of the Fourth Amendment claim].
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: CONVICTION OBTAINED BY VIOLATION OF PETITIONER'S STATE AND FEDERAL CONSTITUTIONAL RIGHTS.
Supporting FACTS (tell your story briefly without citing cases or law): Petitioner shows to the Court that to gain Petitioner's conviction your Petitioner's statutory rights/state constitutional rights as prescribed by Alabama Constitution, 1901, Art. I, § (4), (5), and (6) were violated. Petitioner's U.S.C.A. # (4), (5), (6), and Furthermore, Petitioner's (14) rights were also violated to gain a conviction of your Petitioner. Petitioner's plea was coerced and not knowingly made. Petitioner was denied exculpatory evidence. Petitioner was denied effective assistance of counsel. Petitioner's arrest, search and seizure rights were violated. Court did not have jurisdiction to convict or sentence the Petitioner. Conviction obtained by threat of tainted evidence and perjured statements.

B. Ground two: CONVICTION OBTAINED BY PLEA OF GUILT UNLAWFULLY INDUCED AND NOT KNOWINGLY MADE BY PETITIONER.
Supporting FACTS (tell your story briefly without citing cases or law): Petitioner was informed that Petitioner's alleged co-defendant had made a statement against Petitioner. But Petitioner was never informed said alleged co-defendant/Petitioner made (5) different perjured statements against defendant/Petitioner. Petitioner was informed there was forensic evidence against Petitioner, but, it was not until after your Petitioner pleads guilty that Petitioner learned there was no evidence against the Petitioner, forensics, or, otherwise. Petitioner was informed that he had (2) prior felony convictions when there was only one felony. Petitioner was also erroneously informed by the Judge on several occasions improper sentencing ranges

-4-

C. Ground three: CONVICTION OBTAINED BY USE OF COERCION AND Petitioner's CO-Defendant WAS ALSO COERCED
Supporting FACTS (tell your story briefly without citing cases or law): ON The Date of Petitioner's ARREST Petitioner WAS highly Intoxicated AND WAS SO INTOXICATED That Petitioner WAS Intoxicated To Twice The legal Point of INTOXICATION Because of Petitioner's Degree of Intoxication The Petitioner WAS IN NO STATE To Be Interrogated OR To KNOWINGLY WAIVE his Right To Be Interrogated.
ALSO, Petitioner's Alleged Co-defendant WAS COERCED INTO MAKING (5) PERJURED STATEMENT'S AGAINST The Petitioner. Petitioner shows To This Court AT The Time of his GUILTY Plea Petitioner DID NOT KNOW his Alleged Co-Defendant MADE (5) PERJURED STATEMENTS Against Petitioner AND THAT There WAS NO Physical OR Forensic Evidence.

D. Ground four: CONVICTION OBTAINED PURSUANT TO TAINTED AND PERJURED EVIDENCE.
Supporting FACTS (tell your story briefly without citing cases of law): Petitioner Shows To This Court That AT NO Time WAS Petitioner Found To Have Possession, Physically OR Constructively, of A Shotgun. Petitioner shows To This Court That Without Any PROBABLE CAUSE The Police Went To Petitioner's Home To Search SAID RESIDENCE. The Police Allegedly Found Evidence Against Your Petitioner. The Prosecution AND Petitioner's Attorney Coerced Your Plaintiff INTO MAKING A GUILTY Plea. IT WAS NOT UNTIL FEBRUARY, 2004 That Petitioner Received A Copy of The Forensics Report That STATED The Alleged Evidence AT Petitioner's Residence DID NOT MATCH The Evidence Found OR Point To The Petitioner's GUILT.

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal state briefly what grounds were not so presented, and give your reasons for not presenting them: Petitioner STATES TO This Court That All Grounds Brought Forth Have Been Properly Raised AND Exhausted IN STATE COURTS.

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack? Yes ( ) No (X)

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
(a) At preliminary hearing MS. LAURYN AKENS LAUDERDALE; 2304- Gateway Drive, OPELIKA, AL. 36801
(b) At arraignment and plea MS. LAURYN AKENS LAUDERDALE; 2304- Gateway Drive, OPELIKA, Alabama 36801

-5-

(c) At trial MS. LAURYN AKEN LAUDERDALE; 2304 - GATEWAY DRIVE; OPELIKA, AL. 36801

(d) At sentencing MS. LAURYN AKEN LAUDERDALE; 2304 - GATEWAY DRIVE; OPELIKA, AL. 36801

(e) On appeal N/A - NO APPEAL FILED BY MS LAUDERDALE

(f) In any post-conviction proceeding PRO-SE

(g) On appeal from any adverse ruling in a post-conviction proceeding: PRO-SE

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
Yes (X)  No ( )

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ( )  No (X)
(a) If so, give name and location of court which imposed sentence to be served in the future: N/A - NONE
(b) And give date and length of sentence to be served in the future: N/A - NONE
(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ( )  No (X)

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare ( or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (X) July 31, 2005
                                                                                    (date)

(X) Robert Clements
Signature of Petitioner

-6-

## I.
## STATEMENT of The Case

(1).

On or about august 11, 2003 your Petitioner was found guilty of "Conspiracy to Commit Robbery and Possession of a Short-Barreled Shotgun".

(2).

Subsequently, on or about august 11, 2003, pursuant to Petitioner's Conviction your Petitioner was sentenced to (23) years for the Robbery, and (10) years for possession of a short-barrelled shotgun to run concurrent with petitioner's robbery case.

(3).

On or about July 13, 2004, your Petitioner filed into the Lee County Circuit Court a Rule # 32 Petition challenging Petitioner's Conviction and Sentence.

(4).

On or about, September 2, 2004, the Trial Judge denied your Petitioner's Rule # 32 Petition without an evidentiary hearing.

-7-

(5).

Petitioner timely filed his Notice of Appeal and said Appeal was denied on May 20, 2005.

(6).

Defendant filed application for rehearing and said rehearing was overruled on or about June 24, 2005.

(7).

Petitioner finally received his "Certificate of Final Judgement" on or about July 13, 2005.

(8).

Hence, Petitioner hereby files this instant 28 U.S.C., § 2254 Petition challenging Petitioner's illegal and unconstitutional conviction.

II.

Timely Filed 28 U.S.C. § 2254

Petitioner shows to this Court that on or about August 11, 2003, your Petitioner was convicted in this instant case at bar.

On or about July 13, 2004, Petitioner timely filed his Rule #32 Petition.

At that time, Petitioner's time to file his 28 U.S.C. § 2254 Petition was frozen until Petitioner exhausted all of his State Remedies.

Petitioner finally exhausted all of his State remedies on or about July 13, 2005, which leaves your Petitioner, until August 11, 2005, to file this instant 28 U.S.C., § 2254 Petition.

### III
### ADDENDUM TO #(12) GROUNDS

(E).

### GROUND #5:

Conviction obtained By use of Evidence obtained By an unlawful arrest.

#### Supporting Facts

Petitioner shows to this Court that he was illegally and unconstitutionally arrested.

Said arrest was illegal, unconstitutional, and warrantless.

-9-

Petitioner shows to this court that because of Petitioner's warrantless arrest your Petitioner's alleged statements at the time of his arrest are inadmissable.

Petitioner shows that because of his illegal, unconstitutional, and, warrantless arrest, all evidence gathered against Petitioner, statements, physical evidence, etc. is "tainted" and can not be used against Petitioner.

(F).

Ground # 6:

Conviction obtained By a Violation of the Privelege against Self-Incrimination.

Supporting Facts

Petitioner shows to this Court that because of your Petitioner's illegal and unconstitutional initial arrest Petitioner's statements "may not have been voluntarily made."

For purposes of "miranda" warnings that were given before confession was made is "not cured" by time elapsed from "illegal initial arrest till time of confession.

-10-

(G).

## Ground # 7

Conviction obtained By the Unconstitutional Failure of the Prosecution To Disclose To the Defendant Evidence Favorable to the Defendant

### Supporting Facts

Your Petitioner shows to the Court that your Petitioner is entitled to any and all "exculpatory evidence" that the Prosecution has in their possession.

Petitioner states that he assumes his attorney did properly file a "Motion For Discovery" and in that Discovery motion a request for "exculpatory evidence" should have been made by Petitioner's Attorney.

But, it was not until February, 2004, that your Petitioner first saw the evidence against him, (6) months after Petitioner was convicted.

In February, 2004, Petitioner learned for the first time the alleged co-defendant made (5) perjured statements against Petitioner.

Also, at this time Petitioner learned for the first time that the police did not find Petitioner's fingerprints on any of the alleged evidence at the alleged scene of the crime.

-11-

Petitioner also learned for the first time in February, 2004, that there was no evidence, fingerprints, D.N.A., etc., to link your Petitioner the alleged evidence found at the scene of the crime.

Petitioner also learned for the first time in February, 2004, that there was no forensic evidence against your Petitioner. There was no evidence to match your Petitioner with the shotgun. There was no evidence to show that Petitioner modified the alleged shotgun.

If the prosecution and or the Petitioner's attorney would have made said "exculpatory evidence" known to the Petitioner prior to his conviction, instead of (6) months later, Petitioner would have demanded a due process trial.

(H),
### Ground # 8:

Petitioner was Convicted Pursuant to Ineffective Assistance of Counsel.

### Supporting Facts

Petitioner shows to this Court that he was denied effective assistance of counsel as his attorney failed to advise your Petitioner of

-12-

the status of his case a discuss how to proceed on his case. Petitioner shows to this court that his attorney failed to do the following:

1). Contact witnesses who wrote to Petitioner's attorney they would testify in Petitioner's behalf;
2). Did no investigate work, and;
3). Failed to file motion to Recuse the Prejudicial Judges in Petitioner's cases;
4). Failed to file motion for Discovery and if one was filed Petitioner never saw anything until February, 2004;
5). Failed to file motions to Suppress, Quash, or Demur the evidence, Statements, and Fatal Indictment in Petitioner's case;
6). Acted in concert with Prosecution to gain a conviction against the Petitioner in this case at bar;
7). Failed to investigate and inform Petitioner of the (5) perjured statements made against Petitioner by the alleged co-defendant;
8). Did pursue exculpatory evidence;
9). Failed to discuss any strategy concerning Petitioner's case;

10). Contact petitioner to prepare for a defense at Petitioner's trial;

11). Asked attorney to motion to change venue;

12). Failed to file motion to withdraw after Petitioner requested his attorney to do so;

13). Asked his attorney to file several Pre-Trial motions, attorney refused and said, "why, you're going to lose anyway;

14). Failed to handle Petitioner's Public Intoxication case as promised;

15). Failed to advise me of my right to appeal and after Petitioner found out through another source he had right to appeal discussed said appeal and his attorney failed to do so;

16). Failed to plead Petitioner guilty to the "alford" act as requested;

17). Waived my arraignment without my consent;

(I).
Ground # 9:

The Court was without jurisdiction to render the Judgement or to impose sentence.

-14-

<u>Supporting Facts</u>

Petitioner shows to this court that Petitioner's Indictment was fatal:

1). Alabama Statutes show that the word "knowingly" has to be included in his indictment, or said indictment is fatal and such omittance is reversible error.

2). Indictment fails to properly track the language of the statute.

3). Indictment fails to adequately charge Petitioner so that Petitioner can properly and adequately defend against said indictment.

4). Court failed to follow Alabama Statute in accepting Petitioner's Plea and sentencing Petitioner

5). Indictment fails to properly state "conspiracy" to committ Robbery in the First Degree.

(J).

<u>Ground # 10</u>

Newly discovered material facts exist which require that the conviction and sentence be vacated by the Court.

-15-

<u>Supporting Facts:</u>

Petitioner shows to this Court that after several failed attempts to get documents from his attorney, said attorney finally sent the requested documents to your Petitioner in February, 2004.

Within (6) months of Newly Discovered Facts Petitioner properly filed his Post Conviction Petition to review, but, not limited to, the following;

1). Ineffective assistance of Counsel
2). Court did not have jurisdiction to convict or sentence.
3). Statements from Petitioner and alleged Co-defendant could easily be suppressed.
4). There was no evidence, forensic or otherwise against me.

(K).

<u>Issue # 11:</u>

Petitioner failed to appeal at the prescribed time and that failure was without fault upon your Petitioner's Part.

<u>Supporting Facts:</u>

Petitioner initially, from his "case action summary" noted the absence of the Court

-16-

to advise your Petitioner of his right to appeal.

Furthermore, Petitioner discussed appeal with his attorney and said attorney, or, your petitioner thought from said discussion with his attorney, that said attorney was going to file an appeal.

It was not until February of 2004, that Petitioner learned for the first time that his counsel had not filed an appeal as your Petitioner had discussed with said attorney, nor, did said attorney advise your Petitioner he could file an appeal on his own:

(L).

Ground # 12:

Trial and District court judges were Prejudicial against Petitioner and Should have Recused Themselves.


Supporting Facts

Petitioner shows to this Court that Petitioner had only (1) prior felony and was not a threat to society or a flight risk.

Petitioner's Bail was excessive at almost (2) million dollars.

-17-

The reason said bond was excessive is because the alleged victim and alleged victim's family were well known to the Circuit and District Judges.

Petitioner shows to this Court that murderers, rapists, violent offenders, individuals with a lot worse criminal history than Petitioner, had much lower bonds.

Said District and Circuit Court Judges in Petitioner's Case, because of their involvement with the alleged victim and family should have recused themselves instead of putting oppressive bail on Petitioner and because of the prejudicial treatment from said Judges against the Petitioner.

## IV.

### Conclusion And Prayer For Relief

Wherefore Premises Shown: and pursuant to 28 U.S.C. §2254 Petitioner's pray that this court grant this Instant Petition and "Order" the Respondent to release your Petitioner.

Executed this the 31st day of July, 2005

Respectfully Submitted,

x Robert Clements
ROBERT W. CLEMENTS
Petitioner, Pro-Se

-18-