RECEIVED
2005 SEP -8  P 3: 19
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT AL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ROBERT WAYNE CLEMENTS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. |
| | ) 3:05-CV-723-T |
| STATE OF ALABAMA, et al., | ) |
| | ) |
| Respondents. | ) |

## ANSWER

Come now the Respondents by and through the Attorney General of the State of Alabama and in response to the petition for writ of habeas corpus makes the following answer to Clements's petition for writ of habeas corpus.

1. Clements is currently incarcerated in the state prison serving concurrent sentences of twenty-three years and ten years pursuant to guilty-plea convictions of conspiracy to commit robbery and possession of a short-barreled shotgun in the first degree in the Circuit Court of Lee County, Alabama on April 13, 2003.

2. Respondents assert that Clements's claim that his conviction was obtained by violation of his state and federal constitutional rights is procedurally defaulted pursuant to O'Sullivan v. Boerckle, 526 U.S. 838 (1999).

3. Respondents assert that Clements's claim that his guilty plea was unlawfully induced and not knowingly entered is procedurally defaulted pursuant to O'Sullivan v. Boerckle, 526 U.S. 838 (1999).

4. Respondents assert that Clements's claim that his conviction was obtained by use of a coercion is procedurally defaulted pursuant to O'Sullivan v. Boerckle, 526 U.S. 838 (1999).

5. Respondents assert that Clements's claim that his conviction was obtained by use of tainted and perjured evidence is procedurally defaulted pursuant to O'Sullivan v. Boerckle, 526 U.S. 838 (1999).

6. Respondents assert that Clements's claim that his conviction was obtained by use of evidence obtained pursuant to an unlawful arrest is procedurally defaulted pursuant to O'Sullivan v. Boerckle, 526 U.S. 838 (1999).

7. Respondents assert that Clements's claim that his conviction was obtained by a violation of his right not to incriminate himself is procedurally defaulted pursuant to O'Sullivan v. Boerckle, 526 U.S. 838 (1999).

8. Respondents assert that Clements's claim that his conviction was obtained by the failure of the prosecution to disclose evidence favorable to him is procedurally defaulted pursuant to O'Sullivan v. Boerckle, 526 U.S. 838 (1999).

9. Respondents assert that Clements's claim that he received ineffective assistance of counsel is procedurally defaulted pursuant to O'Sullivan v. Boerckle, 526 U.S. 838 (1999).

10. Respondents assert that Clements's claim that the trial court was without jurisdiction to render judgment or impose sentence is procedurally defaulted pursuant to O'Sullivan v. Boerckle, 526 U.S. 838 (1999).

11. Respondents assert that Clements's claim that newly-discovered material facts exist requiring that his conviction and sentence be vacated is procedurally defaulted pursuant to O'Sullivan v. Boerckle, 526 U.S. 838 (1999).

12. Respondents assert that Clements's claim that his failure to file a direct appeal following his conviction was not his fault is procedurally defaulted pursuant to O'Sullivan v. Boerckle, 526 U.S. 838 (1999).

13. Respondents assert that Clements's claim that the district court and trial court judges were prejudiced against him is procedurally defaulted pursuant to O'Sullivan v. Boerckle, 526 U.S. 838 (1999).

14. Respondents deny that Clements is innocent.

15. Respondents deny that any of Clements's federal constitutional rights have been violated by the State of Alabama incident to his conviction and sentence in this case.

16. Respondents submit that by alleging a defense of procedural default they do not waive the future assertion of other applicable defenses such as lack of merit.

17. Respondents aver that, based on the contents of this answer and accompanying exhibits, this petition is due to be denied and dismissed with prejudice.

## CHRONOLOGY OF THE CASE

Robert Wayne Clements was originally charged with first degree conspiracy to commit robbery, first degree attempted burglary, possession of a short-barreled shotgun, and possession of burglary tools by a Lee County Grand Jury. (Exhibit A, pg. 1) Clements was permitted by the terms of a plea agreement to plead to first degree conspiracy to commit robbery and possession of a short-barreled shotgun. (Exhibit A, pg. 1)  As part of the plea agreement, Clements and his counsel acknowledged that Clements had two prior felony convictions that were due to be considered by the trial court for sentence enhancement under the provisions of the Habitual Felony Offender Act. (Exhibit A, pg. 2) Clements did not appeal those convictions. (Exhibit A, pgs. 25, 66)

Clements filed a Rule 32 petition in the Lee County Circuit Court on July 8, 2004, raising the following claims:

1.     The Constitution of the United States or of the State of Alabama required a new trial, a new sentence proceeding, or other relief.

2.     Clements's conviction was obtained by a plea of guilty which was unlawfully induced or not made voluntarily with the understanding of the nature of the charge and the consequences of the plea.

3.     Clements's conviction was obtained by use of a coerced confession from the defendant and the alleged co-defendant.

4.     Clements's arrest and conviction were obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

5.     Clements's conviction was obtained by use of evidence obtained pursuant to an unlawful arrest.

6.     Clements's conviction was obtained by a violation of the privilege against self-incrimination.

7.     Clements's conviction was obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

8.     Clements was denied effective assistance of counsel.

9.     The Court was without jurisdiction to render the judgment or to impose sentence.

10.    Newly discovered material facts exist which require that the conviction and/or sentence be vacated by the Court.

11.    Clements's failure to appeal within the prescribed time was not his fault.

12.    The trial judge was prejudiced against Clements and should have recused himself and/or trial counsel should have filed a motion to recuse regarding both the trial and district judges.

(Exhibit A, pgs. 32-53). On September 2, 2004, Judge Jacob A. Walker, III issued a detailed order finding that Clements's claims were without merit, that no material issue of fact or law existed that would entitle Clements to relief, and that no purpose would be served by further proceedings. (Exhibit A, pg. 105) Clements gave notice of appeal on October 18, 2004. (Exhibit A, pg. 2) The State filed a brief on appeal arguing that Clements's appeal should be dismissed because his claims were without merit and insufficiently pleaded. (Exhibit A, pgs. 10-29) On May 20, 2005, the Alabama Court of Criminal Appeals affirmed the trial court's summary dismissal of Clements's Rule 32 petition, finding that Clements's claims were without merit and insufficiently pleaded. (Exhibit B) Clements did not seek a writ certiorari from the Alabama Supreme Court. A certificate of judgment was issued on May 20, 2005. (Exhibit C)

On July 31, 2005, Clements filed this present §2254 petition raising the following grounds for relief.

    1.    His conviction was obtained by the violation of his state and federal constitutional rights.

    2.    His conviction was obtained by a plea of guilt unlawfully induced and not knowingly made.

    3.    His conviction was obtained by the coercion of both him and his co-defendant.

    4.    His conviction was obtained pursuant to tainted and perjured evidence.

5. His conviction was obtained by use of evidence obtained pursuant to an unlawful arrest.

6. His conviction was obtained by a violation of the privilege against self-incrimination.

7. His conviction was obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

8. He was denied effective assistance of counsel for various reasons.

9. The trial court was without jurisdiction to render the judgment or to impose sentence.

10. Newly discovered material facts exist which require that the conviction and sentence be vacated.

11. His failure to appeal within the prescribed time was not his fault.

12. The trial judge and district court judge was prejudiced against Clements and should have recused themselves.

## STATUTE OF LIMITATION

State inmates seeking federal habeas review of their claims have a one-year statute of limitation. For those convictions that become final after April 24, 1996, the statute of limitation commences on the date the conviction becomes final in state court. Clements was sentenced on August 13, 2003. His last day to file a notice of appeal in state court was September 24, 2003. Adding the 90 days to that date, the statute of limitation began to run on December 23, 2003. From that date,

197 days passed until Clements filed his Rule 32 petition in the trial court on July 8, 2004 tolling the statute of limitation  The Alabama Court of Criminal Appeals issued a Certificate of Judgment on July 13, 2005 in the Rule 32 proceeding. From that date, 18 days passed until Clements filed the instant §2254 petition. Thus, a total of 215 days elapsed between the day Clements's judgment became final until he filed his §2254 petition.  Therefore, his petition is not time-barred.

## EXHAUSTION

The claims in this petition are effectively exhausted because there is no longer an available state remedy as the time has expired to file a petition for writ of certiorari to the Supreme Court of Alabama. Further, any additional post-conviction petition would be precluded by Alabama Rules of Criminal Procedure Rule 32.2(b) as a successive petition.

## PROCEDURAL DEFAULT

The claims raised by Clements in this present habeas petition are essentially the same claims he raised in his Rule 32 proceeding. None of these claims were raised on direct appeal. With the exception of his claims of an involuntary plea and possibly ineffective assistance of trial counsel, all these claims are procedurally defaulted for failing to raise them on direct appeal. *See*, Bailey v.

Nagle, 172 F. 2d 1299, 1302-1303 (11th Cir. 1999), *citing* Wainwright v. Sykes, 433 U.S. 72, 87 (1977). Clements's claims are all also procedurally defaulted for having failed to present them to the highest state court either on direct appeal or on appeal of the trial court's denial of his Rule 32 petition. O'Sullivan v. Boerckel, 526 U.S. 838, 843-845 (1999).

In sum, no further habeas review or relief is due on this petition until such time that Clements establishes cause and prejudice for his default and this Court determines this issue adversely to Respondents. *See*, Jones v. White, 992 F. 2d 1546, 1565 (11th Cir. 1993).

## CONCLUSION

Based on the foregoing, this petition is due to be denied and dismissed with prejudice.

## EXHIBIT LIST

Exhibit A -  Copy of the record in Clements's Rule 32 proceeding. CC-03-323.6 and CC-03-325.6; CR-04-0117.

Exhibit B -  Memorandum opinion of the Alabama Court of Criminal Appeals affirming the trial court's summary dismissal of Clements's Rule 32 petition. CC-03-323.6 and CC-03-325.6; CR-4-0117.

Exhibit C -  Copy of Certificate of Judgment in Clements's Rule 32 proceeding. CC-03-323.6 and CC-03-325.6; CR-4-0117.

Respectfully submitted,

Troy King, ASB #KIN047
*Attorney General*
By-

*/s/ Nancy M. Kirby*
Nancy M. Kirby ID#KIR031
*Deputy Attorney General*

## CERTIFICATE OF SERVICE

I hereby certify that on this <u>8th</u> day of September, 2005, I served a copy of the foregoing (including exhibits) on the petitioner, by placing said copy in the United States Mail, first class, postage prepaid and addressed as follows:

Robert Wayne Clements
AIS #145598
Easterling Correctional Facility
200 Wallace Drive
Clio, AL  36017-2615


_____
Nancy M. Kirby (KIR031)
*Deputy Attorney General*


ADDRESS OF COUNSEL:

Office of the Attorney General
Alabama State House
11 South Union Street
Montgomery, AL  36130
(334) 242-7408
219302/84209-001