COURT OF CRIMINAL APPEALS NO. CR-04-0117

# APPEAL TO ALABAMA COURT OF CRIMINAL APPEALS

FROM

CIRCUIT COURT OF _____LEE_____ COUNTY, ALABAMA

CIRCUIT COURT NO. CC 2003 323.60 & CC 2003 325.60

CIRCUIT JUDGE HON JACOB A WALKER III

Type of Conviction / Order Appealed From: RULE 32 PETITION

Sentence Imposed: PETITION DISMISSED ON 9/2/04

Defendant Indigent: ☒ YES   ☐ NO

ROBERT WAYNE CLEMENTS                        AIS#145598

                                             NAME OF APPELLANT

PRO-SE
(Appellant's Attorney)                    (Telephone No.)
200 WALLACE DRIVE
(Address)
CLIO    AL   36017-2615
(City)         (State)                       (Zip Code)

V.

STATE OF ALABAMA

                                             NAME OF APPELLEE

(State represented by Attorney General)

NOTE: If municipal appeal, indicate above, and enter
name and address of municipal attorney below.

_____

_____

(For Court of Criminal Appeals Use Only)

EXHIBIT
A

PENGAD 800-631-6989

I N D E X

CASE ACTION SUMMARY --------------------------------------------------- 002

IN FORMA PAUPERIS DECLARATION ----------------------------------------- 011

RULE 32 POST-CONVICTION PETITION -------------------------------------- 014

PETITIONER'S BRIEF AND ARGUMENT IN SUPPORT OF PETITIONER'S RULE 32 --- 034

MOTION TO TRANSFER PETITIONER TO EVIDENTIARY HEARING ----------------- 055

MOTION FOR EVIDENTIARY HEARING --------------------------------------- 058

MOTION TO APPOINT COUNSEL -------------------------------------------- 061

DISTRICT ATTORNEY'S RESPONSE AND MOTION FOR SUMMARY DISMISSAL OF
DEFENDANT'S RULE 32 PETITION ----------------------------------------- 065

ORDER ---------------------------------------------------------------- 101

MOTION FOR ENLARGEMENT OF TIME --------------------------------------- 112

MOTION FOR RECONSIDERATION ------------------------------------------- 117

NOTICE OF APPEAL TO THE ALABAMA COURT OF CRIMINAL APPEALS ------------ 184

MOTION AND AFFIDAVIT IN SUPPORT OF MOTION FOR LEAVE TO APPEAL IN
FORMA PAUPERIS ------------------------------------------------------- 185

CLERK'S CERTIFICATE OF COMPLETION ------------------------------------ 195

CASE ACTION SUMMARY
CONTINUATION

CASE: CC 2003 000323.60
JUDGE ID:  JAW

STATE OF ALABAMA                    VS     CLEMENTS ROBERT WAYNE

| DATE | ACTION, JUDGMENTS, CASE NOTES |
|------|-------------------------------|
| 10/13/04 | Motion For Reconsideration |
| 10/18/04 | Notice of Appeal |
| 10/18/04 | Motion and Affidavit In Support of Motion For Leave To Appeal In Forma Pauperis |
| 10/18/04 | Docketing Statement Reporter's Transcript Order |
| 10/22/04 | Notice of Appeal to Court of Criminal Appeals |

Uniform Judicial System

irm C-7 REV 2/79

CLASS ACTION SUMMARY

CONTINUATION

| CC | 03 | 323 |
| ID | YEAR | NUMBER |

Style: State v. Robert Wayne Clements                Page Number _____ of _____ Pages

| DATE | ACTIONS, JUDGMENTS, CASE NOTES |
|------|-------------------------------|
| 8/13/03 | On this day, the Defendant, appeared along with the attorney (appointed/retained) and with the consent and approval of said attorney, the Defendant withdrew the plea of not guilty and entered a plea of guilty (offense below). Before accepting Defendant's plea of guilty, the Court advised the Defendant of all his/her constitutional rights, to include appellate rights, and questions and answers were taken down by the Court Reporter. The Defendant insisted on pleading guilty. The Court then permitted the Defendant to withdraw the plea of not guilty and enter a plea of guilty. The Court inquired of the Defendant in reference to anything to be said on why judgment and sentence should not now be pronounced and Defendant said nothing. On the plea of guilty thereto, it is ORDERED and ADJUDGED by the Court that the Defendant is guilty and as punishment, the Defendant is hereby formally sentenced to the following: |

OFFENSE: Conspiracy to Commit Robbery _____   [X] Charged in Indictment   [ ] Included

[ ] Charged in Complaint   [ ] Included

[X] Felony   [ ] Misdemeanor   [ ] Youthful Offender _____ Underlying Charge

[X] Within the Habitual Offender Limits   [X] Under the Habitual Offender Act

TERM of: 23 _____ [ ] Months County Jail/City Auburn, Opelika   [ ] Days in County Jail City Auburn, Opelika

[X] Years, Penitentiary of the State of Alabama

FINE: 0 _____     ATTORNEY FEES: 500.00 _____

DRUG FINE: 0 _____   FORENSIC SCIENCES FUND: 0 _____   COURT COSTS: yes _____

RESTITUTION: 0 _____ TO: _____

VICTIM COMPENSATION FUND ASSESSMENT: 75.00 _____   JAIL CREDIT: 181 _____ DAYS

COSTS, RESTITUTION, AND FINE TO BE PAID BY: _____

DRIVER'S LICENSE SUSPENDED/REVOKED FOR: N/A _____

NOL PROS CASES WITH/WITHOUT COSTS: CC03-384, 324 _____

[ ] APPLICATION FOR PROBATION   PROBATION HEARING DATE: _____

[X] WAIVED APPLICATION FOR PROBATION - Not Eligible

[X] SENTENCE PLACED IN EFFECT   [ ] SENTENCE SUSPENDED, CONTINUED ON PRESENT BOND

[ ] COMMUNITY SERVICE OF _____ HOURS TO BE PERFORMED WITH LEE COUNTY SOLID WASTE, Jack Marshall.

Completed by: _____

REVIEW HEARING DATE _____   ATTORNEY: Lauryn Lauderdale _____   [X] APPOINTED   [ ] RETAINED

FILED IN OFFICE AUG 15 2003

8-03   PRISON TRANSCRIPT ISSUED

_____ G. W. ehs

Jacob A. Walker, III, Circuit Court Judge

VOL 004   14

05

| State of Alabama<br>Unified Judicial System<br><br>Form C-7  Rev. 2/79 | CASE ACTION SUMMARY<br>CONTINUATION | Case Number<br><br>CC 03 323<br>ID    YR       Number |
|---|---|---|

Style: State v. Robert Wayne Clements          Page Number _____ of _____ Pages

| DATE | ACTIONS, JUDGMENTS, CASE NOTES |
|---|---|
| 5-16-03 | This case is continued to next term of court for lab. |
| | FILED IN OFFICE MAY 1 6 2003 |
| | VOL 684 PAGE 72 |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

```
RO372                    ALABAMA JUDICIAL INFORMATION SYSTEM    CASE: CC 2003 000323.00
ER: LEW                        CASE ACTION SUMMARY
GE:   1                        CIRCUIT  CRIMINAL               RUN DATE: 04/15/2003
=================================================================================
IN THE CIRCUIT COURT OF    LEE                                      JUDGE: JAW
STATE  OF  ALABAMA              VS       CLEMENTS ROBERT WAYNE
                                        110 LEE ROAD
CASE: CC 2003 000323.00
                                        OPELIKA, AL  36801 0000

DOB: 01/19/1966          SEX: M  RACE: U  HT: 0 00  WT: 000   HR:      EYES:
SSN: 943000024  ALIAS NAMES:
=================================================================================
CHARGE01: CONSPIRACY -ROBBERY  CODE01: ROB1C LIT: CONSPIRACY -RO TYP: F #: 001
OFFENSE DATE:                          AGENCY/OFFICER: 0430000 MCMENAM

 DATE WAR/CAP ISS:                      DATE ARRESTED:
 DATE    INDICTED: 04/11/2003           DATE    FILED: 04/15/2003
 DATE   RELEASED:                       DATE  HEARING:
 BOND    AMOUNT:    1000,000.00         SURETIES:

DATE 1: 04/24/2003   DESC: ARRG         TIME: 0900 A
DATE 2: 05/19/2003   DESC: JTRL         TIME: 0830 A

 CKING NOS: GJ 2003 000024 00  /  DC 2003 000258 00  /

 DEF/ATY: LAUDERDALE LAURYN AKENS     TYPE: A                      TYPE:
          GULLAGE & TICKAL LLT
          2304-A GATEWAY DRIVE
          OPELIKA       AL 36801                          00000

PROSECUTOR: ABBETT NICK

=================================================================================
H CSE: GJ200300002400 CHK/TICKET NO:                   GRAND JURY: 67
URT REPORTER: _____  SID NO:      000000000
F STATUS: JAIL                 DEMAND:                              OPER: LEW
NOTE: 4-15-03  DISCOVERY ORDER
=================================================================================
DATE      ACTIONS, JUDGEMENTS, AND NOTES
=================================================================================
```

| DATE | ACTIONS, JUDGEMENTS, AND NOTES |
|---|---|
| 04/17/03 | NOTICE OF ARRAIGNMENT TO DEFENDANT AND SURETIES |
| 4-18-03 | WRIT ISSUED — executed 4-22-03 |
| 4/18/03 | Motion to Reduce bond |
| 4-18-03 | REQUEST FOR DISCOVERY |
| 4-22-03 | WRITTEN PLEA OF NOT GUILTY AND WAIVER OF ARRAIGNMENT FILED BY |
| 4-24-03 | Written plea of not guilty and waiver of arraignment filed. The defendant is granted (5) days to file motions for special pleas. This case is set for docket call on May 1, 20 03, at 9:00 A.M. This case is set for docket call on May 19 , 20 03, at 8:30 A.M. |
|  | FILED IN OFFICE APR 25 2003 |
| MAY 02 2003 | STATE'S MOTION FOR DISCOVERY |

CASE ACTION SUMMARY
CONTINUATION

CASE: CC 2003 000325.60
JUDGE ID:  JAW

STATE  OF  ALABAMA              VS      CLEMENTS ROBERT WAYNE

| DATE | ACTION, JUDGMENTS, CASE NOTES |
|---|---|
| 10/13/04 | Motion for Reconsideration |
| 10/18/04 | Notice of Appeal |
| 10/18/14 | Motion and Affidavit in Support of Motion For Leave To Appeal In Forma Pauperis |
| 10/18/14 | Docketing Statement / Reporters Transcript Order |
| 10/22/14 | Notice of Appeal to Court of Criminal Appeal |

```
ACR0372                ALABAMA JUDICIAL INFORMATION SYSTEM      CASE: CC 2003 000325.60
OPER: KAH                        CASE ACTION SUMMARY
PAGE:   1                         CIRCUIT  CRIMINAL              RUN DATE: 07/15/2004
```

IN THE CIRCUIT COURT OF    LEE                                        JUDGE: JAW

STATE OF ALABAMA            VS      CLEMENTS ROBERT WAYNE
                                   AIS#145598
CASE: CC 2003 000325.60            200 WALLACE DRIVE
                                   CLIO, AL  36017 0000

DOB: 01/19/1966        SEX: M  RACE: U  HT: 0 00  WT: 000   HR:        EYES:
SSN: 943000033   ALIAS NAMES:

CHARGE01: RULE 32-FELONY         CODE01: RULE  LIT: FIREARM-POSS/S TYP: F #: 001
OFFENSE DATE:                    AGENCY/OFFICER: 0430000 MCMENAM

DATE WAR/CAP ISS:                      DATE ARRESTED: 07/13/2004
DATE   INDICTED: 04/11/2003            DATE    FILED: 04/15/2003
DATE   RELEASED:                       DATE  HEARING:
BOND     AMOUNT:         $.00          SURETIES:

DATE 1:          DESC:                 TIME: 0000
DATE 2:          DESC:                 TIME: 0000

TRACKING NOS: GJ 2003 000033 00  /  DC 2003 000259 00  /

   DEF/ATY: PRO SE                     TYPE: S                        TYPE:

                        00000                          00000

PROSECUTOR: ABBETT NICK

OTH CSE: GJ200300003300 CHK/TICKET NO:                    GRAND JURY:
COURT REPORTER:                   SID NO:      000000000
DEF STATUS: PRISON         DEMAND:                         OPER: KAH

TE: 7/13/04 PETITION FOR RELIEF FROM CONVICTION OR SENTENCE

DATE        ACTIONS, JUDGEMENTS, AND NOTES

7/13/04   Motion and Affidavit In Support of Motion to
          Proceed In Forma Pauperis
7/13/04   In Forma Pauperis Declaration
7/13/04   Petition For Relief from Conviction or Sentence
7/13/04   Motion to Transfer Petitioner to Evidentiary Hearing
7/13/04   Motion For Appoint Counsel
8/13/04   District Attorney Response and Motion for Summary
          Dismissal of Defendants Rule 32 Petition
          FILED IN OFFICE SEP 0 1 2004

9-14-04   Motion for Enlargement of Time

Uniform Judicial System

Form C-7 REV 2/79

# CONTINUATION

| | ID | YEAR | NUMBER |
|---|---|---|---|
| | | | 99 |

Style: State v. Robert Wayne Clements

Page Number _____ of _____ Pages

## ACTIONS, JUDGMENTS, CASE NOTES

8/13/03

On this day, the Defendant, appeared along with the attorney (appointed/retained) and with the consent and approval of said attorney, the Defendant withdrew the plea of not guilty and entered a plea of guilty (offense below). Before accepting Defendant's plea of guilty, the Court advised the Defendant of all his/her constitutional rights, to include appellate rights, and questions and answers were taken down by the Court Reporter. The Defendant insisted on pleading guilty. The Court then permitted the Defendant to withdraw the plea of not guilty and enter a plea of guilty. The Court inquired of the Defendant in reference to anything to be said on why judgment and sentence should not now be pronounced and Defendant said nothing. On the plea of guilty thereto, it is ORDERED and ADJUDGED by the Court that the Defendant is guilty and as punishment, the Defendant is hereby formally sentenced to the following:

OFFENSE: Possession of Short Barrelled Shot Gun [X] Charged in Indictment [ ] Included

[ ] Charged in Complaint [ ] Included

[X] Felony [ ] Misdemeanor [ ] Youthful Offender _____ Underlying Charge

[X] Within the Habitual Offender Limits [X] Under the Habitual Offender Act

TERM of: 10 [ ] Months County Jail/City Auburn, Opelika [ ] Days In County Jail City Auburn, Opelika

[X] Years, Penitentiary of the State of Alabama

FINE: ∅ ATTORNEY FEES: ∅

DRUG FINE: ∅ FORENSIC SCIENCES FUND: ∅ COURT COSTS: yes

RESTITUTION: ∅ TO: _____

VICTIM COMPENSATION FUND ASSESSMENT: 75.00 JAIL CREDIT: 181 DAYS

COSTS, RESTITUTION, AND FINE TO BE PAID BY: _____

DRIVER'S LICENSE SUSPENDED/REVOKED FOR: N/A

NOL PROS CASES WITH/WITHOUT COSTS: CC03-324, 326

[ ] APPLICATION FOR PROBATION PROBATION HEARING DATE: _____

[X] WAIVED APPLICATION FOR PROBATION

[X] SENTENCE PLACED IN EFFECT [ ] SENTENCE SUSPENDED, CONTINUED ON PRESENT BOND

[ ] COMMUNITY SERVICE OF _____ HOURS TO BE PERFORMED WITH LEE COUNTY SOLID WASTE, Jack Marshall

Completed by: _____

REVIEW HEARING DATE: _____ ATTORNEY: Lauryn Lauderdale [X] APPOINTED [ ] RETAINED

Concurrent w/ CC03-323

FILED IN OFFICE AUG 15 2003

PRISON TRANSCRIPT ISSUED

Jacob A. Walker, III, Circuit Court Judge

VOL 664 PAGE 78

```
CR0372            ALABAMA JUDICIAL INFORMATION SYSTEM       CASE: CC 2003 000325.00
PER: LEW                   CASE ACTION SUMMARY
AGE:  1                  CIRCUIT   CRIMINAL                  RUN DATE: 04/15/2003
================================================================================
N THE CIRCUIT COURT OF    LEE                                        JUDGE: JAW
================================================================================
 E OF ALABAMA                  VS      CLEMENTS ROBERT WAYNE
                                       110 LEE RD 445
 LE: CC 2003 000325.00
                                       OPELIKA, AL  36801 0000

OB: 01/19/1966      SEX: M  RACE: U  HT: 0 00  WT: 000   HR:      EYES:
SN: 943000033  ALIAS NAMES:
================================================================================
HARGE01: FIREARM-POSS/SALE SH CODE01: PSAW  LIT: FIREARM-POSS/S TYP: F #: 001
FFENSE DATE:                       AGENCY/OFFICER: 0430000 MCMENAM

ATE WAR/CAP ISS:                   DATE ARRESTED: 01/13/2003
ATE    INDICTED: 04/11/2003        DATE    FILED: 04/15/2003
ATE    RELEASED:                   DATE HEARING:
OND    AMOUNT:          $.00            SURETIES:

ATE 1: 04/24/2003  DESC: ARRG           TIME: 0900 A
ATE 2: 05/19/2003  DESC: JTRL           TIME: 0830 A

RACKING NOS: GJ 2003 000033 00  /  DC 2003 000259 00  /

   DEF/ATY: LAUDERDALE LAURYN AKENS    TYPE: A                        TYPE:
            GULLAGE & TICKAL LLT
            2304-A GATEWAY DRIVE
            OPELIKA      AL 36801                         00000

ROSECUTOR: ABBETT NICK
================================================================================
TH CSE: GJ200300003300 CHK/TICKET NO:                    GRAND JURY:
OURT REPORTER:---------------- SID NO:      000000000
EF STATUS: JAIL             DEMAND:                           OPER: LEW
================================================================================
  E 4-15-03  DISCOVERY ORDER
================================================================================
            ACTIONS,  JUDGEMENTS,  AND  NOTES
================================================================================
```

| | |
|---|---|
| 04/17/03 | NOTICE OF ARRAIGNMENT TO DEFENDANT AND SURETIES |
| 4/18/03 | Motion to Reduce Bond |
| 4-18-03 | REQUEST FOR DISCOVERY |
| 4 23 03 | WRITTEN PLEA OF NOT GUILTY AND WAIVER OF ARRAIGNMENT FILED BY |
| | |
| | |
| 4/24/03 | Written plea of not guilty and waiver of arraignment filed. The defendant is granted (5) days to file motions for special pleas. This case is set for docket call on May 5 , 20 03 at 9:00 A.M. This case is set for docket call on May 19 , 20 03 at 8:30 A.M. |
| | FILED IN OFFICE APR 2 5 2003 |
| | |
| MAY 02 2003 | STATE'S MOTION FOR DISCOVERY |
| 14 03 | This case is continued to next term of court for lab. |

```
[ VOL  004  PAGE  75
                              FILED IN OFFICE MAY 1 6 2003
```

Case Number

| ID | YR | NUMBER |
(To be completed
by Court Clerk)

# IN FORMA PAUPERIS DECLARATION

_____
(Insert appropriate court)

Robert wayne Clement, Pro-Se
(Petitioner)

F I L E D

JUL 13 2004

vs.

IN OFFICE
CORINNE T. HURST
CIRCUIT CLERK

State of ala
(Respondent(s)

DECLARATION IN SUPPORT OF REQUEST TO PROCEED
IN FORMA PAUPERIS

I, __Robert wayne Clements__, declare that I am the petitioner in the above entitled case; that in support of my motion to proceed without being required to prepay fees, costs, or give security therefor, I state that because of my poverty I am unable to pay the costs of said proceeding or to give security therefor; that I believe I am entitled to relief.

1. Are you presently employed?    Yes _____    No **XXX**

   a. If the answer is "yes", state the amount of your salary or wages per month, and give the name and address of your employer.

      N/A  incarcrated
      _____

   b. If the answer is "no", state the date of last employment and the amount of the salary and wages per month which you received.

      2002 - approximately 12000 per month
      I worked for, self Employed Contract with Julia Tatam Huntle

2. Have you received within the past twelve months any money from any of the following sources?

   a. Business, profession, or other form of self-employment?

      Yes _____    No **XX**

   b. Rent payments, interest, or dividends?

      Yes _____    No **XX**

   c. Pensions, annuities, or life insurance payments?

      Yes _____    No **XX**

   d. Gifts or inheritances?

      Yes _____    No **XX**

   e. Any other sources?

      Yes _____    No **XX**

-3-

If the answer to any of the above is "yes", describe each source of money and state the amount I received from each during the past twelve months.

N/A - NONE

3. Do you own cash, or do you have money in a checking or savings account?

Yes XX          No _____

(Include any funds in prison accounts.)

If the answer is "yes", state the total value of the items owned.

NO money in Checking or savings account, I have Funds in a prison account see Certificate Below and attached

4. Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)?

Yes _____          No XX

If the answer is "yes", describe the property and state its approximate value.

N/A - NONE

5. List the persons who are dependent upon you for support, state your relationship to those persons, and indicate how much you contribute toward their support.

Currently Incarcerated Cannot Contribute any support at this time when in society I Contributed approx $600/month to wife (2) K;ds

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on    7-1-04
                  (Date)

Robert W Clements
Signature of Petitioner

## CERTIFICATE

I hereby certify that the petitioner herein has the sum of $ 0.10 _____ on account to his credit at the institution where he is confined. I further certify that petitioner likewise has the foregoing securities to his credit according to the records of said   Easterling   institution:

See attached

7-6-04
DATE

Maya K. Peters, Acct Clerk
AUTHORIZED OFFICER OF INSTITUTION

Rule 32

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS
EASTERLING CORR. FACILITY

AIS #: 145590        NAME: CLEMENTS, ROBERT WAYNE        AS OF: 07/06/2004

| MONTH | # OF DAYS | AVG DAILY BALANCE | MONTHLY DEPOSITS |
|-------|-----------|-------------------|------------------|
| JUL | 29 | $0.00 | $0.00 |
| AUG | 31 | $0.00 | $0.00 |
| SEP | 30 | $0.00 | $0.00 |
| OCT | 31 | $2.24 | $87.63 |
| NOV | 30 | $1.67 | $25.00 |
| DEC | 31 | $0.41 | $0.00 |
| JAN | 31 | $4.34 | $47.55 |
| FEB | 28 | $4.97 | $4.00 |
| MAR | 31 | $5.59 | $25.00 |
| APR | 30 | $5.35 | $100.00 |
| MAY | 31 | $20.88 | $60.00 |
| JUN | 30 | $0.10 | $0.00 |
| JUL | 6 | $0.10 | $0.00 |

IN THE CIRCUIT COURT FOR LEE COUNTY, ALABAMA

CASE NUMBER:_____
ASSIGNED BY CLERK

ROBERT WAYNE CLEMENTS,

PETITIONER,

-vs-

STATE OF ALABAMA,

RESPONDENT.

---

IN RE: CASE NUMBERS: CC-03-323 AND CC-03-325; LEE

COUNTY CIRCUIT COURT

---

RULE # 32 POST-CONVICTION PETITION,

BRIEF AND ARGUMENT

PREPARED BY:

ROBERT WAYNE CLEMENTS,
PETITIONER, PRO-SE.

FILED

JUL 1 3 2004

IN OFFICE
CORINNE T. HURST
CIRCUIT CLERK

ADDRESS OF PETITIONER:

ROBERT WAYNE CLEMENTS, PRO-SE
ECF * #145598 * DORM - 9/A-22
200 - WALLACE DRIVE
CLIO, ALABAMA
36017-2615

# T A B L E   O F   C O N T E N T S

| | PAGE((S): |
|---|---|
| TABLE OF CONTENTS.............................................. | -i- |
| TABLE OF AUTHORITIES........................................... | -ii- |
| TABLE OF AUTHORITIES CON'T..................................... | -iii- |
| TABLE OF OTHER AUTHORITIES..................................... | -iv- |
| ISSUES PRESENTED FOR REVIEW.................................... | -v-, -vi- |
| CERTIFICATE OF INTERESTED PARTIES.............................. | -vii- |
| IN FORMA PAUPERIS MOTION, AFFIDAVIT AND CERTIFICATE.... | 1-4 |
| A.R.Cr.P. RULE # 32 PETITION................................... | 5-18 |
| STATEMENT OF THE CASE.......................................... | 13,14 |
| BRIEF AND ARGUMENT IN SUPPORT OF RULE # 32 PETITION.... | 19-41 |
| ISSUE # 1:..................................................... | 19 |
| ARGUMENT....................................................... | 19 |
| ISSUE # 2:..................................................... | 20 |
| ARGUMENT....................................................... | 20,21 |
| ISSUE # 3:..................................................... | 21 |
| ARGUMENT....................................................... | 21,22 |
| ISSUE # 4:..................................................... | 22 |
| ARGUMENT....................................................... | 23,24 |
| ISSUE # 5:..................................................... | 24 |
| ARGUMENT....................................................... | 24,25 |
| ISSUE #6:...................................................... | 25 |
| ARGUMENT....................................................... | 25,26 |
| ISSUE # 7:..................................................... | 26 |
| ARGUMENT....................................................... | 26,27 |
| ISSUE # 8:..................................................... | 27 |
| ARGUMENT....................................................... | 27-31 |
| ISSUE # 9:..................................................... | 31 |
| ARGUMENT....................................................... | 31-36 |
| ISSUE #10:..................................................... | 36 |
| ARGUMENT....................................................... | 36 |
| ISSUE # 11:.................................................... | 37 |
| ARGUMENT....................................................... | 37 |
| ISSUE # 12:.................................................... | 38 |
| ARGUMENT....................................................... | 38,39 |
| CONCLUSION AND PRAYER FOR RELIEF............................... | 16,17,40 |
| CERTIFICATE OF SERVICE......................................... | 18,41 |

# T A B L E   O F   A U T H O R I T I E S

PAGE(S):

ALABAMA-v-TUCKER, 116 S. Ct. 382.......................  24

BARBEE-v-STATE, 417 So. 2d. 612........................  33,34

BRADY-v-MARYLAND, 373 U.S. 83..........................  26

BURTON-v-STATE, 728 So. 2d. 1142.......................  37

CNANADA-v-STATE, 421 So. 2d. 145.......................  33

CRAIG-v-STATE, 719 So. 2d. 274.........................  22

CRUMP-v-STATE, 4 So. 2d. 1941..........................  32

DONOHOO-v-STATE, 505 So. 2d. 1067......................  32

EX PARTE HORNSBY, 517 So. 2d. 639......................  25

EX PARTE STATE, 569 So. 2d. 954........................  25

EX PARTE THOMAS, 815 So. 2d. 592.......................  38

EX PARTE TUCKER, 667 So. 2d. 1339......................  24

EX PARTE WILLIAMS, 795 So. 2d. 785.....................  22

FELDER-v-STATE, 512 So. 2d. 817........................  33,34

FLOWERS-v-STATE, 586 So. 2d. 978.......................  25

GARRETTE-v-JONES, 3 F.3d. 444..........................  31

GASKIN-v-STATE, 555 So. 2d. 675........................  24

GORE-v-STATE, 227 So. 2d. 432..........................  31

HARRIS-v-STATE, 778 So. 2d. 464........................  35

HORNSBY-v-STATE, 517 So. 2d. 631.......................  25

JONES-v-STATE, 753 So. 2d. 1174........................  36

JONES-v-WHITE, 992 F.2d. 1548..........................  31

LOVETTE-v-STATE, 491 So. 2d. 1034, 1035................  21

LYNCH-v-BAXLEY, 316 F. Supp. 378.......................  21

MARDIS-v-JONES, 33 F3d. 444............................  31

McMANN-v-RICHARDSON, 397 U.S. 759......................  28

MILLER-v-STATE, 386 U.S. 1,............................  27

MOORE-v-ILLINOIS, 408 U.S. 786.........................  27

PATE-v-STATE, 227 So. 2d. 583..........................  35

SPARIS-v-STATE, 376 So. 2d. 327........................  25

STATE-v-BAKER, 108 So. 2d. 361.........................  34

STATE-v-SEAY,  STEW. 123, 131..........................  32,35

STRICKLAND-v-WASHINGTON, 466 U.S. 618..................  28

TAYLOR-v-ALABAMA, 102 S. Ct. 2664......................  26

# T A B L E   O F   A U T H O R I T I E S   C O N ' T

PAGE[S]:

TEEL-v-BURTON, 904 F. Supp. 1294...................... 21

TERRY-v-STATE, 601 So. 2d. 161........................ 31

THOMAS-v-HARRELSON, 42 F.3d. 1530..................... 31

TUCKER-v-STATE, 667 So. 2d. 1353...................... 24

UNITED STATES-v-AQUR, 427 U.S. 97..................... 27

UNITED STATES-v-ASH, 413 U.S. 300..................... 29

UNITED STATES-v-CRONIC, 466 U.S. 648.................. 28

WADDLE-v-STATE, 748 So. 2d. 318....................... 37

WALKER-v-STATE, 56 So. 2d. 672........................ 33

WALKER-v-STATE, 356 So. 2d. 672....................... 32

WEAVER-v-STATE, 401 So. 2d. 344....................... 31

WESLEY-v-STATE, 448 So. 2d. 468....................... 34

WHITE-v-STATE, 555 So. 2d. 1074....................... 24

WILLIAMS-v-FAUCETTE, 579 So. 2d. 572.................. 39

WILLIAMS-v-STATE, 795 So. 2d. 753..................... 22

WOODHAM-v-STATE, 178 So. 2d. 464...................... 35

# T A B L E   O F   O T H E R   A U T H O R I T I E S

|  | PAGE(S): |
|---|---|
| A.R.Cr.P., RULE #7.2 | 38,39 |
| A.R.Cr.P., RULE #7.2(b) | 39 |
| A.R.Cr.P., RULE #15.5 (c) (2) | 32 |
| A.R.Cr.P., RULE #16 | 26 |
| A.R.Cr.P., Rule #16.1 (f) | 27 |
| A.R.Cr.P., RULE #16.2 (a) (d) | 32,33,35 |
| A.R.Cr.P., RULE #32 | 19 |
| A.R.Cr.P., RULE #32.1 (e) | 36 |
| CODE OF ALABAMA, 1975, §13A-3-2 | 21 |
| CODE OF ALABAMA, 1975, §13A-4-3 | 31 |
| CODE OF ALABAMA, 1975, §13A-8-41 | 31 |
| CODE OF ALABAMA, 1975, §15-15-20 | 34 |
| CODE OF ALABAMA, 1975, §15-15-22 | 34 |
| ALABAMA CONSTITUTION, 1901, ART. I, §(6) | 19,21,37 |
| U.S.C.A. #4: | 23,24,26 |
| U.S.C.A. #5: | 19,21,25,26,27,37 |
| U.S.C.A. #6: | 19,21,27,28,37,39 |
| U.S.C.A. #8: | 38,39 |
| U.S.C.A. #14: | 19,21,27,37 |
| CANON JUDICIAL ETHICS #3, subsd. C,C(1) | 39 |

# I S S U E S   P R E S E N T E D   F O R   R E V I E W

PAGE(S):

## ISSUE # 1:

THE CONSTITUTION OF THE UNITED STATES OR OF THE
STATE OF ALABAMA REQUIRES A NEW TRIAL, A NEW
SENTENCE PROCEEDING, OR OTHER RELIEF PRAYED FOR
IN THIS INSTANT POST-CONVICTION PETITION........  19

## ISSUE # 2:

CONVICTION OBTAINED BY A PLEA OF GUILTY WHICH
WAS UNLAWFULLY INDUCED OR NOT MADE VOLUNTARI-
LY WITH THE UNDERSTANDING OF THE NATURE OF THE
CHARGE AND THE CONSEQUENCES OF THE PLEA..........  19

## ISSUE # 3:

CONVICTION OBTAINED BY USE OF A COERCED CONF-
ESSION FROM THE DEFENDANT AND THE ALLEGED CO-
DEFENDANT.......................................  21

## ISSUE # 4:

ARREST AND CONVICTION OBTAINED BY USE OF EVI-
DENCE GAINED PURSUANT TO AN UNCONSTITUTIONAL
SEARCH AND SEIZURE.............................  22

## ISSUE # 5:

CONVICTION OBTAINED BY USE OF EVIDENCE OBTAIN-
ED PURSUANT TO AN UNLAWFUL ARREST..............  24

## ISSUE # 6:

CONVICTION OBTAINED BY A VIOLATION OF THE PR-
IVILEGE AGAINST SELF-INCRIMINATION.............  25

## ISSUE # 7:

CONVICTION OBTAINED BY THE UNCONSTITUTIONAL
FAILURE OF THE PROSECUTION TO DISCLOSE TO THE
DEFENDANT EVIDENCE FAVORABLE TO THE DEFENDANT...  26

## ISSUE # 8:

DENIAL OF EFFECTIVE ASSISTANCE OF COUNSEL.......  27

# I S S U E S   P R E S E N T E D   F O R   R E V I E W   C O N T ' D

PAGE(S):

## ISSUE # 9:

THE COURT WAS WITHOUT JURISDICTION TO RENDER
THE JUDGEMENT OR TO IMPOSE SENTENCE........... 31

## ISSUE # 10:

NEWLY DISCOVERED MATERIAL FACTS EXIST WHICH RE-
QUIRE THAT THE CONVICTION OR SENTENCE BE VA-
CATED BY THE COURT............................ 36

## ISSUE # 11:

YOUR PETITIONER FAILED TO APPEAL WITHIN THE
PRESCRIBED TIME AND THAT FAILURE WAS WITHOUT
FAULT UPON YOUR PETITIONER'S PART............. 37

## ISSUE # 12:

TRIAL JUDGE WAS PREJUDICED AGAINST YOUR PET-
ITIONER AND SHOULD HAVE RECUSED HIMSELF AND/
OR TRIAL COUNSEL SHOULD HAVE FILED MOTION TO
RECUSE SAID TRIAL AND DISTRICT JUDGE.......... 38

21

IN THE CIRCUIT COURT FOR LEE COUNTY, ALABAMA

CASE NUMBER:_____
ASSIGNED BY CLERK

<u>CERTIFICATE OF INTERESTED PARTIES</u>

IN RE: ROBERT WAYNE CLEMENTS,
PETITIONER,

-vs-

STATE OF ALABAMA,
RESPONDENT.

IN RE: CASE NUMBERS: CC-03-323 & 325

*************************************************************

1).  The Honorable Judge JACOB A. WALKER, III;

2).  The Honorable NICK ABBETT DISTRICT ATTORNEY
     OF LEE COUNTY, ALABAMA, RESPONDENT;

3).  ROBERT WAYNE CLEMENTS, PETITIONER, PRO-SE.

22

IN THE CIRCUIT COURT FOR LEE COUNTY, ALABAMA

ROBERT WAYNE CLEMENTS,      *
      PETITIONER,            *
                            *
                            *   CASE NUMBER:_____
                            *            ASSIGNED BY CLERK
      -vs-                   *
                            *
STATE OF ALABAMA,           *   IN RE: CASE NO.'S: CC-03-323 &
      RESPONDENT.            *   326

### MOTION AND AFFIDAVIT IN SUPPORT OF MOTION
### FOR LEAVE TO PROCEED IN FORMA PAUPERIS

Comes, the Petitioner and moves the Court for an "Order"
granting leave to proceed in forma-pauperis and in support
of said "Motion" makes the following Affidavit, to-wit;

A F F I D A V I T

STATE OF ALABAMA    ]

COUNTY OF BARBOUR   ]

FILED

JUL 1 3 2004

IN OFFICE
CORINNE T. HURST
CIRCUIT CLERK

I, **ROBERT WAYNE CLEMENTS**, being first duly sworn, depose
and sayeth that I am the Petitioner in the above entitled
and numbered cases; that in support of my "A.R.Cr.P., Rule
# 32 Post-Conviction Petition without being required to pre-
pay fees, costs, or give security therefor, I state that be-
cause of my poverty I am unable to pay the costs of said
proceedings or to give security therefor; that I believe I
entitled to redress.

I further state that the foregoing information that I
provide to this Honorable Court relating to my ability to
pay the cost of prosecuting my A.R.Cr.P., Rule # 32 Post-
Conviction Petition are true and correct to the best of my
knowledge and belief under penalty of perjury.

1). I am not presently employed, nor, have I been gain-
fully employed for several months prior to the filing
of this instant Motion and Affidavit.

2). The date of my last employment was:_2002_____

-1-

AFFIDAVIT OF PETITIONER CLEMENTS
CONTINUED FROM PAGE # 1:

and the amount of salary that I received was: $2,100/Mwth

_____, and the address of my last employer

was: Self-Employed _____ _____.

3). I do not own any cash, checking or savings account.

4). I do not own any real estate, stocks, bonds, notes,
automobiles, or other valuable property, (excluding or-
dinary household furnishings and clothing).

5). When I was gainfully employed I helped support my
family, but, at the present time, because of my poverty
I cannot contribute any support to my family.

I understand that a false statement in this instant aff-
davit will subject me to penalties of perjury.

Executed this the  8  day of  July  , 2004.

                                    X _____
                                    ROBERT WAYNE CLEMENTS - AFFIANT


                    -N O T A R Y   S T A T E M E N T-

STATE OF ALABAMA    ]

COUNTY OF BARBOUR   ]

        SWORN TO AND SUBSCRIBED BEFORE ME THIS THE  8th  DAY

OF  July  , 20 04 .


_____              my commission expires March 19, 2007
NOTARY PUBLIC                        _____
                                    MY COMMISSION EXPIRES

# PETITION FOR RELIEF FROM
# CONVICTION OR SENTENCE

(Pursuant to Rule 32,
Alabama Rules of Criminal Procedure)



FILED

JUL 1 3 2004

IN OFFICE
CORINNE T. HURST
CIRCUIT CLERK

Case Number

| CC | 03 | 323 & 325 |
|----|----|-----------|
| ID | YR | NUMBER |

IN THE _____ CIRCUIT _____ COURT OF _____ LEE COUNTY, _____, ALABAMA

ROBERT WAYNE CLEMENTS _____ vs. _____ STATE OF ALABAMA

Petitioner (Full Name)                     Respondent

[Indicate either the "State" or,
if filed in municipal court, the
name of the "Municipality"]

Prison Number _____ #145598 _____ Place of Confinement _____ EASTERLING CORR. FACILITY

County of conviction _____ LEE COUNTY

NOTICE: BEFORE COMPLETING THIS FORM, READ CAREFULLY
THE ACCOMPANYING INSTRUCTIONS.

1. Name and location (city and county) of court which entered the judgment of conviction
or sentence under attack    CITY OF OPELIKA, COUNTY OF LEE, ALABAMA

2. Date of judgment of conviction    AUGUST 11, 2003

3. Length of sentence    [23] YEARS TO RUN CONCURRENT WITH [10] YEARS

4. Nature of offense involved (all counts)    CONSPIRACY TO COMMIT ROBBERY, AND,
POSSESSION OF A SHORT-BARRELED SHOTGUN

5. What was your plea?    (Check one)
   (a) Guilty    XXX
   (b) Not guilty
   (c) Not guilty by reason of mental disease or defect _____
   (d) Not guilty and not guilty by reason of mental disease or defect _____

6. Kind of trial: (Check one)

   (a) Jury _____        (b) Judge only __XXX__

7. Did you testify at the trial?

   Yes __N/A__            No __N/A__

8. Did you appeal from the judgment of conviction?

   Yes _____            No __XXX__

9. If you did appeal, answer the following:

   (a) As to the state court to which you first appealed, give the following information:

       (1) Name of court __N/A – NO APPEAL__

       (2) Result __N/A__

       (3) Date of result __N/A__

   (b) If you appealed to any other court, then as to the second court to which you appealed, give the following information:

       (1) Name of court __N/A__

       (2) Result __N/A__

       (3) Date of result __N/A__

   (c) If you appealed to any other court, then as to the third court to which you appealed, give the following information:

       (1) Name of court __N/A – NONE__

       (2) Result __N/A__

       (3) Date of result __N/A__

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, motions with respect to this judgment any court, state or federal?

Yes _____          No __XXX__

11. If your answer to Question 10 was "yes", then give the following information in regard to the first such petition, application, or motion you filed:

(a) (1) Name of court ___N/A – NONE___

    (2) Nature of proceeding ___N/A___

    (3) Grounds raised ___N/A___

    _____

    _____

    _____

    (attach additional sheets if necessary)

    (4) Did you receive an evidentiary hearing on your petition, application, or motion?

    Yes __N/A__          No __N/A__

    (5) Result ___N/A___

    (6) Date of result ___N/A___

(b) As to any second petition, application, or motion, give the same information:

    (1) Name of court ___N/A – NONE___

    (2) Nature of proceeding ___N/A___

    (3) Grounds raised ___N/A___

    _____

    _____

    _____

    (attach additional sheets if necessary)

    (4) Did you receive an evidentiary hearing on your petition, application, or motion?

    Yes __N/A__          No __N/A__

    (5) Result ___N/A___

    (6) Date of result ___N/A___

(c) As to any third petition, application, or motion, give the same information (attach additional sheets giving the same information for any subsequent petitions, applications, or motions):

    (1) Name of court ___N/A – NONE___

- 7 -

(2)  Nature of proceeding  N/A

(3)  Grounds raised  N/A

_____

_____

_____

_____

(attach additional sheets if necessary)

(4)  Did you receive an evidentiary hearing on your petition, application, or motion?

Yes  N/A          No  N/A

(5)  Result  N/A

(6)  Date of result  N/A

(d)  Did you appeal to any appellate court the result of the action taken on any petition, application, or motion?

(1)  First petition, etc.       Yes N/A          No N/A

(2)  Second petition, etc.      Yes N/A          No N/A

(2)  Third petition, etc.       Yes N/A          No N/A

ATTACH ADDITIONAL SHEETS GIVING THE SAME INFORMATION
FOR ANY SUBSEQUENT PETITIONS, APPLICATIONS, OR MOTIONS.

(e)  If you did not appeal when you lost on any petition, application, or motion, explain briefly why you did not:

I WAS NOT ADVISED BY THE COURT OR MY TRIAL ATTORNEY THAT I

HAD A RIGHT TO APPEAL MY CONVICTION AND SENTENCE, HENCE: I

DID NOT APPEAL.

12.  Specify every ground on which you claim that you are being held unlawfully, by placing a check mark on the appropriate line(s) below and providing the required information. Include all facts. If necessary, you may attach pages stating additional grounds and the facts supporting them.

# GROUNDS OF PETITION

Listed below are the possible grounds for relief under Rule 32. Check the ground(s) that apply in your case, and follow the instruction under the ground(s):

XXX  A.  The Constitution of the United States or of the State of Alabama requires a new trial, a new sentence proceeding, or other relief.

For your information, the following is a list of the most frequently raised claims of constitutional violation:.

-8-

XXX  (1)  Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

XXX  (2)  Conviction obtained by use of coerced confession.

XXX  (3)  Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

XXX  (4)  Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

XXX  (5)  Conviction obtained by a violation of the privilege against self-incrimination.

XXX  (6)  Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(7)  Conviction obtained by a violation of the protection against double jeopardy.

(8)  Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

XXX  (9)  Denial of effective assistance of counsel.

This list is not a complete listing of all possible constitutional violations.

If you checked this ground of relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each constitutional violation that you claim, whether or not it is one of the nine listed above, and include under it each and every fact you feel supports this claim. Be specific and give details.

XXX  B.  The court was without jurisdiction to render the judgment or to impose the sentence.

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

C.  The sentence imposed exceeds the maximum authorized by law, or is otherwise not authorized by law.

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

D.  Petitioner is being held in custody after his sentence has expired.

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

XXX  E.  Newly discovered material facts exist which require that the conviction or sentence be vacated by the court, because:

The facts relied upon were not known by petitioner or petitioner's counsel at the time of trial or sentencing or in time to file a post-trial motion pursuant to rule 24, or in time to be included in any previous collateral proceeding, and could not have been discovered by any of those times through the exercise of reasonable diligence; and

The facts are not merely cumulative to other facts that were known; and

XXX   The facts do not merely amount to impeachment evidence; and

XXX   If the facts had been known at the time of trial or sentencing, the result would probably have been different; and

XXX   The facts establish that petitioner is innocent of the crime for which he was convicted or should not have received the sentence that he did.

> If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

XXX   F.   The petitioner failed to appeal within the prescribed time and that failure was without fault on petitioner's part.

> If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

13.   IMPORTANT NOTICE REGARDING ADDITIONAL PETITIONS RULE 32.2(b) LIMITS YOU TO ONLY ONE PETITION IN MOST CIRCUMSTANCES. IT PROVIDES:

> "Successive Petitions.  The court shall not grant relief on a second or successive petition on the same or similar grounds on behalf of the same petitioner. A second or successive petition on different grounds shall be denied unless the petitioner shows both that good cause exist why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and that failure to entertain the petition will result in a miscarriage of justice."

A.   Other than an appeal to the Alabama Court of Criminal Appeals or the Alabama Supreme Court, have you filed in state court any petition attacking this conviction or sentence?

Yes _____          No _NO_

B.   If you checked "Yes," give the following information as to earlier petition attacking this conviction or sentence:

(a)   Name of court   _N/A – NONE_____

(b)   Result   _N/A_____

(c)   Date of result _N/A_____
     (attach additional sheets if necessary)

C.   If you checked the "Yes" line in 13A, above, and this petition contains a different ground or grounds of relief from an earlier petition or petitions you filed, attach a separate sheet or sheets labeled: "EXPLANATION FOR NEW GROUND(S) OF RELIEF."

> On the separate sheet(s) explain why "good cause exists why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and [why the] failure to entertain [this] petition will result in a miscarriage of justice."

14.   Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?

Yes _____          No _XX_ ;

15. Give the name and address, if known, of each attorney who represented you at the following stages of the case that resulted in the judgment under attack:

(a) At preliminary hearing ___ MS. LAURYN AKENS LAUDERDALE; ATTORNEY-AT-LAW
2304 - A GATEWAY DRIVE; OPELIKA, AL. 36801

(b) At arraignment and plea ___ MS. LAURYN AKENS LAUDERDALE; ATTORNEY-AT-LAW
2304 - A GATEWAY DRIVE; OPELIKA, AL. 36801

(c) At trial ___ MS. LAURYN AKENS LAUDERDALE; ATTORNEY-AT-LAW
2304 - A GATEWAY DRIVE; OPELIKA, AL. 36801

(d) At sentencing ___ MS. LAURYN AKENS LAUDERDALE; ATTORNEY-AT-LAW
2304 - A GATEWAY DRIVE; OPELIKA, AL. 36801

(e) On appeal ___ N/A - NO APPEAL

(f) In any post-conviction proceeding ___ N/A THIS IS PETITIONER'S FIRST POST-
CONVICTION PETITION WHICH BEING FILED PRO-SE

(g) On appeal from adverse ruling in a post-conviction proceeding ___ N/A NONE AS YET

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?

Yes __XX__          No _____

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

Yes _____          No __XX__

(a) If so, give name and location of court which imposed sentence to be served in the future: __N/A__

(b) And give date and length of sentence to be served in the future: __N/A__

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

Yes __N/A__          No __N/A__

18. What date is this petition being mailed? _____

Wherefore, petitioner prays that the court grant petitioner relief to which he may be entitled in this proceeding.

# PETITIONER'S VERIFICATION UNDER OATH
# SUBJECT TO PENALTY FOR PERJURY

I swear (or affirm) under penalty of perjury that the foregoing is true and correct.

Executed on ___X 8th July 2004___
                        (Date)

X _Robert Clements_
Signature of Petitioner

SWORN TO AND SUBSCRIBED before me this the 8th day of July 2004

_____
Notary Public

## OR *

## ATTORNEY'S VERIFICATION UNDER OATH
## SUBJECT TO PENALTY FOR PERJURY

I Swear (or affirm) under penalty of perjury that, upon information and belief, the foregoing is true

and correct. Executed on _____
                              (Date)

_____
Signature of Petitioner's Attorney

SWORN TO AND SUBSCRIBED before me this the _____ day of _____, 19 _____.

_____
Notary Public

Name and address of attorney representing petitioner
in this proceeding (if any)

ROBERT WAYNE CLEMENTS, PRO-SE

ECF * #145590 * DORM - 9/A-

200 - WALLACE DRIVE

CLIO, ALABAMA 36017-2615

_____
* If petitioner is represented by counsel, Rule 32.6(a) permits either petitioner or counsel to verify the petition.

-12-

IN THE CIRCUIT COURT FOR LEE COUNTY, ALABAMA

**FILED**

ROBERT WAYNE CLEMENTS,    *

    PETITIONER,    *    JUL 1 3 2004

                       *    IN OFFICE
                             CORINNE T. HURST
                       *    CIRCUIT CLERK

    -vs-    *    CASE NUMBER:_____

                       *              ASSIGNED BY CLERK

STATE OF ALABAMA,    *    IN RE: CASE NO.'S: CC-03-323&
                       *          326

PETITION FOR RELIEF OF CONVICTION AND SENTENCE PURSUANT
TO: ALABAMA RULES OF CRIMINAL PROCEDURE RULE #32, ET. SEQ..

    Comes now your Petitioner, Pro-Se, with inmate paralegal
assistance in the above named and styled case and action and
hereby moves this Honorable Court to entertain and grant this
instant Petition for the causes following, to wit;

I.

JURISDICTION

    Your Petitioner hereby files this instant Petition pur-
suant to: Alabama Rules of Criminal Procedure, Rule # 32,
et. seq., and hereby invokes said Rule as jurisdiction for
this Honorable Court to entertain and grant this instant Pet-
itioner.

II.

STATEMENT OF THE CASE

(1).

    On or about, 01-11-03, your Petitioner was arrested for
the following alleged offenses:

    1).  Attempted Burglary in the First Degree, and;

    2).  Possession of Short Barrel Shotgun, and;

    3).  Possession of Burglary Tools, and;

    4).  Conspiracy to Commit Robbery.

(4).

Your Petitioner prays that this Court make a transcript of all proceedings concerning this instant case at bar if this Court does not grant your Petitioner's Rule # 32 Petition so that there shall be an accurate for eventual appeal.

(5).

Your Petitioner prays that your Petitioner will be transported to **all** phases and hearings concerning your Petitioner's Rule # 32 Petition.

(6).

Your Petitioner finally prays for any further relief that this the Court deems just, proper, and, necessary.

Executed this the ___8___ day of July, 2004.

Respectfully Submitted,

x _Robert Clements_

ROBERT W. CLEMENTS,
PETITIONER, PRO-SE

IN THE CIRCUIT COURT FOR LEE COUNTY, ALABAMA

| | |
|---|---|
| ROBERT WAYNE CLEMENTS, | * |
|     PETITIONER, | *   CASE NUMBER:_____ |
|     -vs- | *            ASSIGNED BY CLERK |
| STATE OF ALABAMA, | *   IN RE: CASE NO.'S: CC-03-323 & |
|     RESPONDENT. | *                    325 |
| | *   LEE COUNTY CIRCUIT COURT |

PETITIONER'S BRIEF AND ARGUMENT IN SUPPORT OF
PETITIONER'S A.R.Cr.P. RULE # 32 PETITION

Comes now, your Petitioner, Pro-se, herein and above named in the above styled and numbered cause, with inmate para-legal assistance and hereby presents the following issues and arguments in support of your Petitioner's A.R.Cr.P., Rule # 32 Post-Conviction Petition:

ISSUE # 1:

THE CONSTITUTION OF THE UNITED STATES OR OF THE
STATE OF ALABAMA REQUIRES A NEW TRIAL, A NEW SE-
NTENCE PROCEEDING, OR OTHER RELIEF PRAYED FOR
IN THIS INSTANT POST-CONVICTION PETITION.

ARGUMENT:

Your Petitioner shows to this Honorable Court that your

Petitioner's Conviction and Sentence is in direct violation

of the Fifth (5th) Amendment to the United States Constitu-

tion, in the Your Petitioner has a liberty protected interst

to due process of law as provided by the sixth (6th) Amend-

ment to the United States Constitution, and, the Alabama Cons-

titution, 1901, Art. I, §(6), and further pursuant to the

fourteenth (14th) Amendment to the United States Constitution

_made obligatory upon the states pursuant to the fifth (5th)

Amendment to the United States Constitution.

and in support of this instant "Issue" your Petitioner hereby
PRESENTS THE FOLLOWING, TO WIT:

-19-

## ISSUE # 2:

PETITIONER'S CONVICTION OBTAINED BY A PLEA OF
GUILTY WHICH WAS UNLAWFULLY INDUCED OR NOT MADE
VOLUNTARILY WITH THE UNDERSTANDING OF THE NAT-
URE OF THE CHARGE AND THE CONSEQUENCES OF THE
OF THE PLEA.

## ARGUMENT:

Your Petitioner shows to this Court that he was origi-
nally indicted for the following offenses:

1). Possession of a Short Barrel Shotgun, and;
2). Attempted Burglary in the First Degree, and;
3). Possession of Burglary Tools, and;
4). Conspiracy to Commit Robbery.

Your Petitioner shows to this Court that he was not adv-
ised by the Court of exactly what the minimum and maximum ra-
nge of punishments for the above refferenced "offenses", hence;
your Petitioner did not have, nor, was your Petitioner properly
notified as to what the minimum and maximum ranges of sen-
tencing that your Petitioner would expect to receive from said
offenses.

If the "defendant" had been properly advised by the Court
of the minimum and maximum ranges of **all** cases your Petit-
ioner would not have plead guilty to Case No. CC-03-323 and
CC-03-325.

Your ½Petitioner shows to this Court that your Petitioner's
plea of guilt was not made knowingly and intelligently, hence;
Petitioner's plea of guilt could not bee accepted by the Court.

Your Petitioner shows to this Court that he was ill-adv-
ised by his trial counsel that he had to plead guilty to (23)
years because the State had forensic evidence against your
petitioner and if your Petitioner was to go to trial your Pet-
itioner would receive a much harsher sentence.

Your Petitioner, pursuant to his attorney pled guilty
because his attorney did not want to go to trial and because
said attorney stated that the State had forensic evidence against
against your Petitioner, which; your Petitioner recently found
out is not true.

-20-

Your Petitioner shows to this Court that .e was not in-
formed by his attorney of the true evidence against your Peti-
tioner and, thus; your Petitioner could not knowingly and in-
telligently "waive" his due process right to trial.

Your Petitioner would not have pled guilty if his counsel
had properly advised your Petitioner that the State did not
have any forensic evidence against your Petitioner.

Therefore, Petitioner did not have all the facts of his
case and therefore Petitioner could not waive his constitut-
ional right, pursuant to: the (6th) Amendment to the United
States Constitution, for due process and further pursuant to:
Alabama Constitution, 1901, §Art. I, §(6), and further purs-
uant to: the (14th) Amendment to the United States Constitut-
ion, for equal protection made obligatory upon the States pur-
suant to: the (5th) Amendment to the United States Constitution.
See Teel-v-Burton, 904 F. Supp. 1294, and, further pursuant
to: Lynch-v-Baxley, 386 F. Supp. 378.

### ISSUE # 3:

CONVICTION OBTAINED BY USE OF A COERCED CONF-
ESSION FROM THE DEFENDANT AND THE ALLEGED CO-
DEFENDANT.

### ARGUMENT

Your Petitioner shows to this Court that on the even-
of your Petitioner's arrest in this instant case at bar your
was highly intoxicated to the point of being twice over the
legal limit of intoxication.

Because of your Petitioner's intoxication your Petiti-
oner was in no way able to consent to waiver of any consti-
tional rights or interrogation.

Your Petitioner shows to this Court that his degree of
intoxication was to the point that your Petitioner could not
form any type of consent to knowingly waive his constitutional
rights to interrogation by the police. See Code of Alabama,
1975, §13A-3-2, et. seq., and Lovette-v-State, 491 So. 2d.
1034,1035.

Your Petitioner further shows to this Court that your

Petitioner's **alleged** co-defendant in this instant  case at

bar was apparently "coerced" into making a statement against

your Petitioner as said co-defendant made five (5) different

statements against your Petitioner and once the police were

able to get the statement from the alleged co-defendant that

best suited the police, said police then used said "coerced

statement" to charge your Petitioner with a charge for "con-

spiracy to commit robbery".

Your Petitioner shows to this Court that his alleged st-

atement to the police was "coerced" and therefore would have

been inadmissable at trial not to be used against your Pet-

itioner. See <u>Williams-v-State</u>, 75 So. 2d. 753, rehearing denied

Ex Parte <u>Williams</u>, 795 So. 2d. 785 rehearing denied, certio-

arari denied 122 S. Ct. 226, 534 U.S. 900, 151 L. Ed. 2d. 162.

Your Petitioner further shows to this Honorable Court

that the alleged co-defendant statements were also coerced

alot of inducements were offered to said co-defendant for his

statements against your Petitioner, hence; said five (5) diff-

erent statements made against your Petitioner by the alleged

co-defendant are null and void. See <u>Craig-v-State</u>, 719So. 2d.

274 rehearing denied and certiorari denied, denial of Post-

Conviction Relief affirmed, 819 So. 2d. 1001.

Hence, Petitioner was coerced into making a statement

as the police threatened your Petitioner that there was for-

ensic evidence against your Petitioner when there was none.

Further threatened your Petitioner that there was a statement

from the alleged co-defendant that would of proved to be in-

voluntary and inadmissable against your Petitioner.

<u>ISSUE # 4:</u>

ARREST AND CONVICTION OBTAINED BY USE OF EVI-
DENCE GAINED PURSUANT TO AN UNCONSTITUTIONAL
SEARCH AND SEIZURE.

## ARGUMENT:

Your Petitioner shows to this Court that he went to the alleged victim's house to pick up a "mantle" that the alleged victim's daughter said I could have.

Your Petitioner shows to this Court that "Lee Williamson" gave your Petitioner a ride to the alleged victim's house to pickup said mantle.

While your Petitioner was trying to notify the alleged victim that your Petitioner was there to pickup said "Mantle" "Lee Williamson" pulled out of the alleged victim's driveway, leaving your Petitioner without a ride home.

The police caught up with "Lee Williamson" and the police then came back to the alleged victim's house and without an arrest warrant or search warrant searched your Petitioner and at that time placed you Petitioner under arrest.

Your Petitioner further shows to this Court that at a later date the police obtained a search warrant without pro-bable cause to search your Petitioner's place of residence.

Your Petitioner shows to this Court that he was legally at the alleged victim's residence having gained permission to go there and having done considerable work for the alleged and her daughter.

Petitioner shows to this Court that he was illegally and unconstitutionally searched at the alleged victim's residence and further shows to this Court that where a search is exec-cuted without warrant, burden falls within exception to warr-ant requirement.

Your Petitioner further shows to this Court that ther police did not meet these requirements in your Petitioner's case at bar, thus; violating your Petitioner's (4th) <u>Amend-ment Right to the United States Constitution</u> against unreas-

-23-

onable search and seizures. Your Petitioner further shows to
this Court that Officers did not have probable cause to arrest
your Petitioner, to search his person, or to seize items from
from his person.

There was no evidence that the Petitioner was involved
in any illegal action when the police approached your Petitioner.

Hence, your Petitioner's U.S.C.A., #(4) Right to unreas-
onable searches and seizures have been violated, SEE Gaskin-
v-State, 565 So. 2d. 675; See also; White-v-State, 550 So.
2d. 1074; writ denied 550 So. 2d. 1081, certiorari granted
110 S. Ct. 834; 493 U.S. 1042; 107 L. Ed. 2d. 301; on remand
571 So. 2d. 400.

Your Petitioner further shows to this Court that Pro-
bable Cause for warrantless search **cannot** be founded upon mere
suspicion as in your Petitioner's instant case at bar, hence;
U.S.C.A., #(4) Right against unreasonable search and seizure
has again been violated by the Respondents and/or their agents,
See Ex Parte Tucker, 667 So. 2d. 1339, rehearing denied on
remand, Tucker-v-State, 667 So. 2d. 1353, certiorari denied
Alabama-v-Tucker, 116 S. Ct. 382; 516 U.S. 944, 133 L. Ed.
2d. 305.

Therefore, any evidence, (physical or constructive) that
was taken from your Petitioner is "tainted fruit" and has to
be suppressed and **never** used against your Petitioner now or
in the future.

### ISSUE # 5:

CONVICTION OBTAINED BY USE OF EVIDENCE OBTAIN-
ED PURSUANT TO AN UNLAWFUL ARREST.

### ARGUMENT:

Your Petitioner shows to this Court that he was illegally
arrested and that an extraction of a statement allegedly gained

-24-

arrest" till time of alleged confession. See <u>Taylor-v-Alabama</u>,
102 S. Ct. 2664, 457 U.S. 687, 73 L. Ed. 2d. 314, hence; your
petitioner's alleged confession was gained illegally and uncon-
stitutionally by a violation of the (4th) <u>Amendment to the
United States Constitution</u>, and a further violation of the
(5th) <u>Amendment to the United States Constitution</u>, privilege
against self-incrimination.

ISSUE # 7:

CONVICTION OBTAINED BY THE UNCONSTITUTIONAL
FAILURE OF THE PROSECUTION TO DISCLOSE TO THE
DEFENDANT EVIDENCE FAVORABLE TO THE DEFENDANT.

<u>ARGUMENT:</u>

Your Petitioner shows to this Court that your Petitioner
is entitled to any and **all** "exculpatory evidence" that the
state/prosecution/respondents may have in their possession.

Your Petitioner shows to this Court that your Petitioner's
attorney, pursuant to: <u>Alabama Rules of Criminal Procedure</u>,
Rule # 16, et. seq., is suppose to file a "Motion for Disco-
very" to the Respondents and that said Respondents have a duty
to provide **all** evidence to your Petitioner, exculpatory or
otherwise. See <u>Brady-v-Maryland</u>, 373 U.S. 83, 83 S.Ct. 1194,
10 L.ed. 2d. 215.

Furthermore, in "**BRADY**", "the Court held due process was
violated where, after your Petitioner's request, the state
failed to reveal evidence that was material to your petitio-
ner's guilt or punishment".

The Court in "Brady" reasoned that if the state were all-
owed to withhold potentially exculpatory evidence which had
been demanded by your Petitioner through "Discovery" the state
would be able to shape the very nature of the trial, as in
your Petitioner's case at bar, where a trial is already weighed
against your Petitioner.

Your Petitioner further shows to this Court that such orche-

-26-

stration of a criminal trial does not comport with the accept-
able standards of justice.

Also, "Brady" requires the state to disclose any inform-
ation it has which is **favorable** to your Petitioner, again;
which the prosecution failed to do for your Petitioner.

Requiring the disclosure of the evidence, or lack of ev-
idence as in your Petitioner's case at bar, in the state's
possession which is material to the preparation of your Petit-
ioner's case is an extension of due process and equal protect-
ion, hence; the Respondents and your Petitioner's attorney
violated your Petitioner's Sixth (6th) Amendment Right to the
United States Constitution, Right of Due Procees, and, four-
teenth (14th) Amendment Right to the United States Constitut-
ion, Right to Equal Protection made obligatory upon the States
pursuant to: the Fifth (5th) Amendment to the United States
Constitution. See United States-v-Agurs, 427 U.S. 97, 96 S.Ct.
2392, 4 L.Ed. 2d. 342, and, Miller-v-Pate, 386 U.S. 1, 87 S.Ct.
785, 17 L.Ed. 2d. 690, see also; Moore-v-Illinois, 408 U.S.
786, 92 S.Ct. 2562, 33 L.Ed. 2d. 706.

Finally, pursuant to: Alabama Rules of Criminal Procedure,
Rule # 16.1(f): "Nothing in this Rule [Rule 16.1, et. seq.],
shall be construed to limit the discovery of exculpatory evid-
ence to which the Petitioner is entitled under constitutional
provisions or other provisions of law".

Your Petitioner shows to this Court that the State failed
to shows that there was ¶no forensic or physical evidence¶
against your Petitioner and instead chose to mislead your Pet-
itioner that there was forensic and physical evidence against
your Petitioner to get your Petitioner to plead guilty.

ISSUE # 8:

PETITIONER WAS CONVICTED PURSUANT TO INEFFE-
CTIVE ASSISTANCE OF COUNSEL.

ARGUMENT:

Your Petitioner shows to this Court that pursuant to:
the Fifth (5th); Sixth (6th); and, the Fourteenth (14th) Amend-
ments to the United States Constitution, Petitioner shall have

-27-

effective assistance of counsel, whether; counsel is appointed
obtained, the level of representation shall be the same, but,
in your Petitioner's instant case at bar your Petitioner's
was so ineffective that it prejudiced your Petitioner from
receiving "effective assistance of counsel.

Your Petitioner shows to this Court that your Petitioner's
Attorney owed your Petitioner a "duty of loyalty, a duty to
advocate your Petitioner's defense, a duty to consult with
your Petitioner on important decisions, a duty to keep your
Petitioner informed of important develops in the course of
your Petitioner's prosecution, and a duty to bear such skill
and knowledge as which will render the trial a reliable testing
procees". See Strickland-v-Washington, 466 U.S. 668, 80 L.Ed.
674, 104 S.Ct. 2052, and, United States-v-Cronic, 466 U.S.
648, 80 L.Ed. 2d. 657, 104 S.Ct. 2039, said counsel did not
provide **any** of the foregoing in your Petitioner's instant case
at bar.

The adversarial process protected by the Sixth (6th) Amend-
ment requires that the accused have counsel acting in the
role of an advocate, and the **right** to the effective assist-
ance of counsel is thus the right of the accused to require
the prosecution's case to survive the crucible of meaningful
adversarial testing. See McMann-v-Richardson, 397 U.S. 759, 771
n14 25 L.Ed. 2d. 763, 90 S.Ct. 1441.

The Sixth (6th) Amendment requires not merely the pro-
vision of counsel to the accused in a criminal prosecution,
but, assistance which is to be his defense, and thus, the core
core purpose of the counsel guaranty is to assure counsel ass-
istance at trial when the accused is confronted with the intr-
icacies of the law, and if no actual assistance for the acc-
used's defense is provided, as in your Petitioner's instant
case, then the constitutional guaranty has been violated, as
in your Petitioner's instant case at bar. See United States-
v-Cronic, 466 U.S. 648, 80 L.Ed. 2d. 657-659, 104 S.Ct. 2041.

Your Petitioner shows to this Court that the Sixth Amend-
ment to the United States Constitution provides, in pertinent

-28-

part, the following, to wit;

"In **all** criminal prosecutions, the accused shall
enjoy the right...to be informed of the nature
and cause of the accusation; to be confronted wi-
th the witnesses against him; to have compulsory
process for obtaining witnesses in his favor, and
to have the assistance of counsel for his defense."

Hence, your Petitioner did not have the effective ass-
istance of counsel as guaranteed by the Sixth (6th) Amend-
ment to the United States Constitution as none of the fore-
going was provided for your Petitioner. See <u>United States-v-
Ash</u>, 413 U.S. 300, 30, 37 L.Ed. 2d. 619, 93 S.Ct. 2568.

Your Petitioner shows to this Court that your Petitioner's
attorney did not provide the following:

a).  Contact witnesses who wrote to your Petitioner's
     attorney to testify in your Petitioner's behalf,
     and;

b).  Did no investigatory work in your Petitioner's,
     case, and;

c).  File Motion to Recuse the Judge[s], both in District
     Court and the Circuit Court because said Judge[s]
     were prejudicial against your Petitioner, and;

d).  If a "motion for Discovery"was filed your Petitioner's
     never did See said results from said Motion for Discovery,
     nor, did the attorney go over any results of said
     "Discovery" with your Petitioner before trial, and;

e).  Petitioner's Attorney did Not file any pre-trial "motions"
     prior to trial and/or at your Petitioner's Plea
     in example, but not limited to:

     1).  Motion to Suppress Petitioner's illegally ga-
          ined statement, and;

     2).  Motion to Quash or Demurr Petitioner's indict-
          ment as it is fatal and does not track the
          language of the statue[s], and;

3).  Acted in Concert with the Prosecution to gain an
     illegal and unconstitutional conviction by provid-
     ing false information to your Petitioner that the
     Prosecution had forensic evidence against your Pet-
     itioner, when said Prosecution did not have said

forensic evidence in their possession, but, the pro-
prosecution lead your Petitioner into believing that
they did have said evidence and your Petitioner's
counsel worked in concert with said Prosecution to
illicit a guilty plea from your Petitioner, and;

f). Did not investigate the alleged co-defendant's (5)
different statement against your Petitioner, or,
file a "Motion for Suppression" against said state-
ments from the alleged co-defendant's statements,
and;

g). Did not investigate to see if the prosecution was
in possession of any exculpatory statements, docu-
ments, or, evidence that would establish your Petit-
ioner's innocence, and;

h). Failed to discuss any strategy concerning your Petit-
ioner's case, and;

i). Contact your Petitioner to discuss and prepare for
his defense for a trial, and;

j). Did not file a "Motion to Suppress Evidence" that
was illegally and unconstitutionally gained from
Petitioner pursuant to a "warrantless" arrest, and;

k). Informed his attorney to file a "Motion to Change
Venue" as the alleged crime took place in a small
town who knew the alleged victim, and;

l). Ask his attorney to file a "Motion to Withdraw as
my attorney, but said attorney failed to do so, and;

m). Asked said attorney to file several other "Motions"
but, all said attorney's response to your Petitioner
was: "why, you're going to lose anyway", and;

n). Waited until my case was over to fight my public
intoxication arrest which was gained at the same
time as this instant case at bar and by said attorney's
failure to handle said case a bench warrant was issued
for my arrest, and;

o). Failed to advise me of my right to appeal, and;

-30-

p).  Petitioner did authorize counsel to waive arraigment.

Hence, your Petitioner shows to this Court that Petitioner's

Attorney was ineffective and that his conviction in this ins-

tant case at bar is due to be vacated. See <u>Terry-v-State</u>, 601

So. 2d. 161, certiorari denied, <u>Weaver-v-State</u>, 401 So. 2d.

344; <u>Gore-v-State</u>, 227 So. 2d. 432, 45 Ala. App. 146, certio-

rari denied 227 So. 2d. 435, 284 Ala. 729, certiorari denied

90 S.Ct. 1002, 397 U.S. 966, 25 L.Ed. 2d. 258, <u>Thomas-v-Harr-</u>

<u>elson</u>, 42 F. 2d. 1530, and; <u>Jones-v-White</u>, 992 F.2d. 1548,

rehearing denied <u>Garrette-v-Jones</u>, 3 F.3d. 444, <u>Mardis-v-Jones,</u>

3 F.3d. 444, certiorari denied 114 S.Ct. 448, 126 L.Ed. 2d.

381, certiorari denied 114 S.Ct. 727, 126 L.Ed. 2d. 691.

ISSUE # 9:

THE COURT WAS WITHOUT JURISDICTION TO RENDER<br>
THE JUDGEMENT OR TO IMPOSE THE SENTENCE.

ARGUMENT:

Your Petitioner shows to this Court that your Petitioner's

Indictment is "fatal". In said indictment it states:

> "Robert Wayne Clements, alias Robert Clements, whose true
> is otherwise unknown to the Grand Jury, did agree with
> Michael Williams, alias, to commit the crime of **Robbery**
> **First Degree** (Section 13A-8-41 of the Code of Alabama)
> with the intent that conduct constituting said offense
> be performed and that Robert Wayne Clements did go to
> the residence of Julia M. Tatum, while said Robert Wa-
> yne Clements was armed with a shotgun, and in possession
> of work gloves, ski mask, and/or cord in furtherance of
> said crime, in violation of Section 13A-4-3 of the Code
> of Alabama".

Your Petitioner shows to this Court that said "Indictment"

is fatal as in nowhere in the Indictment does it so state:

"**knowingly**" in said Indictment.

The Indictment is **defective**...If it fails to charge the

that the defendant "**knowingly**" committed the act for which

he is criminally indicted.

The fact that said indictment refers to its statutory

source cannot save the indictment as in your Petitioner's in-

-31-

to allege this element. Your Petitioner further argues that the failure to allege this essential element renders the indictment void and unable to support a judgement of conviction as in your Petitioner's instant case at bar.

Your Petitioner shows to this Court that he pled guilty and that by pleading guilty your Petitioner would waive any irregularities in an indictment by appearing and pleading in a trial court, because his plea to the merits is held as an admission that the indictment is valid.

**However,** "[t]he only exception to this exception to this is when an indictment fails to include an essential element of the offense which leaves the accused unaware of the nature and cause of the charge against him, as in your Petitioner's instant case at bar". See Canada-v-State, 421 So. 2d. 145.

"This Court is **bound** to take notice of defects in an indictment which render it void even in the absence of an objection". See Felder-v-State, 512 So. 2d. 817, 818, and; Barbee-v-State, 417 So. 2d. 612, see also; Alabama Rules of Criminal Procedure Temporary), Rule # 16.2 (a) (d) which provide that the failure of the charge to state an offense may be raised at any time.

Hence, your Petitioner shows to this Court that your Petitioner's instant case at bar fits the exception to the preservation rule because the omission of the allegation of "**knowledge** in your Petitioner's indictment in this instant **case** case at bar is the type of defect that renders the indictment void. See Walker-v-State, 56 So. 2d. 672.

### ISSUE (b):

Your Petitioner shows to this Court that on or about 08-09-03, your Petitioner through his attorney **notified the court** of his intent to plead guilty.

Your Petitioner further shows to this Court that after expiration of only (2) days the trial court accepted your Petitioner's guilty plea for "Conspiracy to Commit Robbery and Possession of a Short Barreled Shotgun".

Your Petitioner shows to this Court that the Court was without jurisdiction to accept your Petitioner's Guilty Plea as said Court did not wait the prescribed (3) days to take your Petitioner's guilty plea from the date that your Petitioner first notified the Court of his intent on pleading guilty.

Petitioner shows to this Court that he notified the Court on 08-09-03 of his intent to plead guilty and this Court accepted Petitioner's guilty plea on 08-11-03.

Petitioner shows to this Court that your Petitioner's Judgement is void because the trial court failed to observe the requirements of Code of Alabama, 1975, §15-15-22 since your Petitioner's Plea was entered within (3) days after the notice to the court of his intention to plead guilty. See State-v-Baker, 268 Ala. 410, 108 So. 361.

Failure to comply with mandatory requirements of Code of Alabama, 1975, §15-15-22 **void any judgement of §15-15-20**, et. seq..

Hence, your Petitioner's judgement is void in these instant cases at bar. SeeWesley-v-State, 448 So. 2d. 468, and; and Barbee-v-State, 417 So. 2d. 611, 612 (quoting State-v-John, 142 Ala. 61, 28 So. 755.

### ISSUE (c):

Your Petitioner shows to this Court that your Petitioner was allegedly arrested and indicted for the alleged offense of "Conspiracy to Commit Robbery". But, your Petitioner shows this Court that his indictment is fatal and void as it does properly charge your Petitioner with "Conspiracy to Commit Robbery in the First Degree", but, instead charges your Petitioner with (2) separate offenses, "Robbery in the First Degree and does not mention anything about "Conspiracy".

Indictment so states in pertinent part, the following: "The Grand Jury of said County charge that before the finding of this indictment CC-03-323 Robert Wayne Cle-

-34-

ments, alias Robert Clements, whose true christian name
is otherwise unknown to the grand jury, did agree with
Michael Lee Williams, alias, to commit the crime of
**"Robbery in the First Degree"** (Section 13A-8-1 of the
Code of Alabama) with the intent constituting said off-
ense be performed and that Robert Wayne Clements did go
to the residence of Julia M. Tatum, while said Robert
Wayne Clements was armed with a shotgun, and was in poss-
ession of work gloves, ski mask and/or cord in furth-
erance of said crime, in violation of Section §13A-4-3
of the Code of Alabama."

Your Petitioner shows to this Court that nowhere does it
state that your Petitioner is charged with "Conspiracy to Co-
mitt Robbery, but, instead charges your Petitioner with "Robbery
in the First Degree".

Your Petitioner shows to this Court that said indictment
was defective and failed to adequately notify and charge your
Petitioner with the alleged offense of "Conspiracy to Commit
Robbery in the First Degree, and instead charges your Petiti-
with Robbery in the First Degree".

Your Petitioner shows to this Court that when an indict-
ment fails to include essential element of offense, as in "Con-
spiracy" as in your Petitioner's instant case at bar, this
left your Petitioner unaware of the charge against him. See
Alabama Rules of Criminal Procedure, (Temporary), Rule # 16.2(a)
(d).

Your Petitioner further shows to this Court that the in-
dictment under which your Petitioner was found guilty by this
Court does not aver all the elements of "Conspiracy" and, for
that reason, does not charge a crime that would have conferred
jurisdiction upon the trial court.

Your Petitioner further shows to this Honorable Couryt
the fact that the indictment refers to its statutory source
cannot save it from being fatally deficient as in your Petit-
ioner's instant case at bar.

The rule is that the indictment **must** contain all the ess-
entials to constitute the offense, explicitly charged, and
that they must not be left to inference, as in your Petiti-
ioner's instant case at bar. See State-v-Seay, 3 Stew, 123,
131; Pate-v-State, 45 Ala. App. 164, 166 227 So. 2d. 583, and;
see also; Woodham-v-State, 28 Ala. App. 62, 178 So. 464.

## ISSUE # 10:

NEWLY DISCOVERED MATERIAL FACTS EXIST WHICH RE-
QUIRE THAT THE CONVICTION OR SENTENCE BE VA-
CATED BY THE COURT.

### ARGUMENT:

Your Petitioner shows to this Court that his attorney
did not go over any of the materials produced on Discovery.

It was not until 2004 that your Appellant was finally
able to get most of the materials that were produced on disc-
overy. Petitioner also shows to this Court that your Petitioner
does not have all of the documents and evidence that the State
and your Petitioner's Attorney has in their possession.

In finally being able to read and research your Petitioner's
case your Petitioner has come to learn for the first time of
all the discrepancies concerning your Petitioner's case, and,
if your Petitioner had known of all the errors committed by
Respondents and/or their agents your Petitioner would never
have pled guilty.

There are several things that your Petitioner has noted
from his "discovery" that were in error, to include but not
limited to the following:

1). Ineffective Assistance of Counsel, and;
2). The Court was without jurisdiction to find me guilty
    or to sentence me, and;
3). That my statements could have been easily suppressed,
    and;
4). That the alleged co-defendant committed perjury more
    than (5) times, and;
5). That there was no evidence, forensic or otherwise
    against me, etc..

Your Petitioner shows to this Court that the "newly dis-
covered evidence" are not cumulative to one another See Harris-
v-State, 778 So. 2d. 256 and also, A.R.Cr.P., Rule #32.1 (e).

Your Petitioner further shows to this Court that the "newly
discovered evidence" was **not** known before your Petitioner's
trial or guilty plea. See Jones-v-State, 753 So. 2d. 1174.

-36-

## ISSUE # 11:

YOUR PETITIONER FAILED TO APPEAL WITHIN THE
PRESCRIBED TIME AND THAT FAILURE WAS WITHOUT
FAULT UPON YOUR PETITIONER'S PART.

### ARGUMENT:

Your Petitioner shows to this Court that after your Pet-
itioner was convicted by this Court and sentenced by this Co-
urt that this Court and your Petitioner's Trial Attorney failed
to advise your Petitioner that your Petitioner had a right
to appeal his conviction and sentence.

Your Petitioner shows to this Court that the record is
void of any statement by this Court that this Court advised
your Petitioner of his right to appeal his conviction and sen-
tence.

Furthermore, your Petitioner shows to this Court that
there is nothing to support trial counsel had advised your
Petitioner of his right to appeal.

Your Petitioner shows to this Court that pursuant to:
due process clause of the (6th) Amendment to the United States
Constitution, and, Alabama Constitutin, 1901, Art. I, §(6),
your Petitioner further shows to this Court that pursuant to:
the (14th) Amendment to the United States Constitution your
your Petitioner further has a due process and equal protect-
ion right made obligatory upon the States pursuant to: the
(5th) Amendment to the United States Constitution, that your
has a right to be advised of his right to appeal, this was
not done in your Petitioner's case at bar.

Your Petitioner further shows to this Court that pursuant
to: Alabama Rules of Criminal Procedure, Rule #26.9 the Court
shall inform the "defendant" of his right to appeal. SEE Waddle-
-v-State, 748 So. 2d. 368, 369, and; Burton-v-State, 728 So.
2d. 1142. Your Petitioner further shows to this Court that ne-
the Judge or your Petitioner's attorney advised your Petitioner
your Petitioner of his right to appeal your Petitioner's conv-
iction and sentence.

<u>ISSUE # 12:</u>

TRIAL JUDGE WAS PREJUDICED AGAINST YOUR PET-
ITIONER AND SHOULD HAVE RECUSED HIMSELF AND/
OR TRIAL COUNSEL SHOULD HAVE FILED MOTION TO
RECUSE SAID TRIAL AND DISTRICT JUDGES.

<u>ARGUMENT:</u>

Your Petitioner shows to this Court that when your Petit-
ioner was initially arrested for the herein referenced offenses
your Petitioner's bond was originally set at a figure that
your Petitioner could make bail on.

Your Petitioner shows to this Court that at a later date
the Lee County District Court, The Honorable Russell K. Bush
raised said bail to almost ($2,000,000).

Your Petitioner further shows to this Court that your
Petitioner's Trial Circuit Court Judge acted in concert with
Judge Bush to maintain and unlawful and unconstitutional bail
of ($2,000,000).

Your Petitioner further shows to this Court that said
oppressive bail violated the (8th) Amendment to the <u>United</u>
<u>States Constitution</u>.

Your Petitioner shows to this Court that bail in the amount
of almost ($2,000,000) is excessive. Petitioner shows in <u>Ex</u>
<u>Parte Thomas</u>, 815 So. 2d. "Thomas" was charged with (3) murders
and his bail was ($1,000,000) and the decision in "Thomas"
stated that said ($1,000,000) bail was **"excessive"**.

Furthermore, your Petitioner's ($2,000,000) bail exceeded
the prescribed recommended bail schedule in which your Petiti-
oner's initial bail was properly set pursuant to bail schedule
and <u>Alabama Rules of Criminal Procedure</u>, Rule #7.2.

And, for the District Court Judge to raise your Petit-
ioner's bail to ($2,000,000) and for your Petitioner's trial
to maintain said excessive bail violated your Petitioner's
constitutional rights prescribed in <u>Ex Parte Thomas</u>, 815 So.
2d. 592.

Your Petitioner shows to this Court that the District Court Judge is good friends with the alleged victim's family and because of said friendship said District Court Judge improperly raised your Petitioner's bail to almost ($2,000,000) from your Petitioner's initial bail of ($ 5,000) without a and did so arbitrarily and capriciously.

Your Petitioner's bail does not conform to the bail standard as set forth in <u>Alabama Rules of Criminal Procedure</u>, Rule #7.2 (b), which your Petitioner's bail should have not been more than ($3,000 to 30,000).

Your Petitioner further shows to this Court that said District Court failed to adhere to <u>Alabama Rules of Criminal Procedure</u>, Rule # 7.2, et. seq., and hold a hearing to properly access your Petitioner's bail.

Your Petitioner further shows to this Court that the <u>Cit- rcuit Court</u> acted in accordance to stay your Petitioner's bail at almost ($2,000,000) withou any type of a hearing, which; violated not only your Petitioner's due process rights pursuant to the (6th) <u>Amendment to the United States Constitution</u>, and, <u>Alabama Constitution</u>, 1901, Art. I, §(6), and further pursuant to the (8th) <u>Amendment to the United States Constit- ion</u>, against unreasonable bail as in your Petitioner's insta- ant case at bar.

Your Petitioner shows to this Court that said Judge was not impartial to your Petitioner's case throughout your Petiti- oner's case and that said Judge's impartiality to your Petiti- oner would easily have been questioned if another person knew all of the circumstances in your instant case at bar and that said impartiality was a complete violation of <u>Canon of Judi- cial Ethics</u>, Canon #(3), subds. C, C(1), See also; Ex Parte <u>Duncan</u>, 638 So. 2d. 1332.

Your Petitioner further shows to this Court that said should have been disqualified as said Judge(s) adverse action against your Petitioner afeccted your Petitioner's individual individual rights, and said Judge(s) had a probable and natural through their actions against your Petitioner to create bias against your Petitioner. See <u>Williams-v-Faucett</u>, 579 So. 2d. 572. Hence, said Judge(s) should have recused themselves.

## CONCLUSION AND PRAYER FOR RELIEF

**WHEREFORE PREMISES SHOWN:** YOUR PETITIONER HEREBY PRAYS FOR THE FOLLOWING:

(1).

Your Petitioner prays that this Honorable Court hereby grants this instant "Rule # 32 Petition" and immediately vacate your Petitioner's Conviction and Sentence in this instant case at bar.

(2).

In the alternative, your Petitioner prays for an "Evidentiary Hearing" if this Court does not immediately grants your Petitioner's Rule #32 Petition.

(3).

Petitioner also prays that this Court appoint Counsel to represent your Petitioner on this instant case at bar.

(4).

Your Petitioner prays that this Court make a transcript of all proceedings concerning this instant case at bar if this Court does not Court does not grant your Petitioner's Rule #32 Petition so that there shall be an accurate for eventual appeal.

(5).

Your Petitioner prays that your Petitioner will be transported to **all** phases and hearings concerning your Petitioner's Rule #32 Petition.

(6).

Your Petitioner finally prays for any further relief that this Court deems just, proper, and, necessary.

Executed this the ___8___ day of ___July_____, 2004.

RESPECTFULLY SUBMITTED,

X _Robert Clements_____

ROBERT W. CLEMENTS,
PETITIONER, PRO-SE

## C E R T I F I C A T E   O F   S E R V I C E

I hereby certify that I have served upon the Respondent a copy of the foregoing by placing same in the United States Mail Box located at Easterling Correctional Facility, postage prepaid and addressed correctly.

Executed this the____8____day of June, 2004.

_____

ROBERT CLEMENTS,
PETITIONER, PRO-SE

ADDRESS OF PETITIONER:

ROBERT CLEMENTS, PRO-SE
ECF * #145598  * DORM - 9/A-24
200 - WALLACE DRIVE
CLIO, ALABAMA  36017-2615

## -N O T A R Y   S T A T E M E N T-

STATE OF ALABAMA   ]

COUNTY OF BARBOUR   ]

SWORN TO AND SUBSCRIBED BEFORE ME THIS THE____8th____DAY OF ____July____, 2004.

_____

NOTARY PUBLIC

my commission expires March 18, 2007

_____

MY COMMISSION EXPIRES

-41-