55

IN THE CIRCUIT COURT FOR LEE COUNTY, ALABAMA

ROBERT WAYNE CLEMENTS,                    *

     PETITIONER,                         *    CASE NUMBER: _____

                         *                        ASSIGNED BY CLERK

     -vs-                               *    IN RE: CASE NO.'S: CC-03-323 & 325
                         FILED    LEE COUNTY CIRCUIT COURT

STATE OF ALABAMA,                         JUL 1 3 2004

     RESPONDENT.                        IN OFFICE
                           CORINNE T. HURST
                            CIRCUIT CLERK

## MOTION TO TRANSFER PETITIONER TO EVIDENTIARY HEARING

Comes now your Petitioner, Pro-Se, herein and above named in the herein styled and named case with inmate para-legal assistance and herein moves this Honorable Court to enter-tain and grant this instant "Motion" for the causes following, to wit:

                           (1).

Petitioner needs to be at said "Evidentiary Hearing" to present his case to the Court concerning petitioner's Rule # 32 Post-Conviction Petition.

                           (2).

Petitioner needs to be at said "Evidentiary Hearing" to assist his counsel in prosecuting your Petitioner's Rule #32 Petition.

                           (3).

Petitioner has an established Constitutional Right pur-suant to the (6th) Amendment to the United States Constitution, and further due process right pursuant to the: Alabama Consti-tution, 1901, Art. I, §(6) to be at all phases of his xrim-inal case which is also guaranteed pursuant to the (14th) Amm-endment to the United States Constitution, which mandates equal protection of the law, Federal and State Constitution all of which is obligatory upon the States pursuant to the (5th) Ammend-ment to the United States Constitution.

(4).

Petitioner shows to this Court that your Petitioner has a due process and equal protection right pursuant to: The (6th) (14th) and (5th) Amendments to the United States Constitution, and further pursuant to: Alabama Constitution, 1901, Art. I, §(6) to confront all witnesses and purported evidence against directed against your Petitioner.

(5).

Your Petitioner has a right to present evidence in his behalf in the same arena of justice that the State allegedly has against your Petitioner, and your Petitioner shows to this Court that said Respondents is suppose to also present evidence that is exculpatory to your Petitioner and failed to do so, hence; Petitioner has a right to present new evidence, exculpatory evidence, and, witnesses in his behalf at said Evidentiary Hearing and to be able to be at said hearing in person.

(6).

## CONCLUSION AND PRAYER FOR RELIEF

**WHEREFORE PREMISES SHOWN:** your Petitioner hereby prays that this Honorable Court shall grant this instant "Motion to Transport" your Petitioner to his "Evidentiary Hearing and and "Order" Warden Gwendolyn Mosely to release your Petitioner to the custody of the Lee County Sheriff and/or his agents to transport your Petitioner to his "Evidentiary Hearing" conccerning this instant case at bar.

Executed this the ___8___ day of ___July_____, 2004.

Respectfully Submitted,

x _Robert Clements_

ROBERT WAYNE CLEMENTS,
PETITIONER, PRO-SE

57

## C E R T I F I C A T E   O F   S E R V I C E

I hereby certify that I have served upon the Respondents a copy of the foregoing by placing same in the United States MAil Box located at Easterling Correctional Facility, postage prepaid and addressed correctly.

Executed this the 8th day of July , 2004.

X _Robert Clemens_

ROBERT WAYNE CLEMENTS, PETITIONER, PRO-SE

ADDRESS OF PETITIONER:

ROBERT WAYNE CLEMENTS, PRO-SE
ECF * #145598 * DORM - 9/A-22
200 - WALLACE DRIVE
CLIO, ALABAMA  36017-2615

## -N O T A R Y   S T A T E M E N T-

STATE OF ALABAMA    ]
COUNTY OF BARBOUR   ]

SWORN TO AND SUBSCRIBED BEFORE ME THIS THE 8th DAY OF

July , 2004 .

NOTARY PUBLIC

my commission expires March 19, 2007

MY COMMISSION EXPIRES

-3-

IN THE CIRCUIT COURT FOR LEE COUNTY, ALABAMA

ROBERT WAYNE CLEMENTS, ~~F I L E D~~

    PETITIONER,           JUL 1 3 2004

    -vs-          *   CASE NUMBER: _____

                  IN OFFICE                                                                    CORINNE T. HURST      ASSIGNED BY CLERK

STATE OF ALABAMA,      CIRCUIT CLERK                                                                     IN RE: CASE NO.'S: CC-03-323 & 325

    RESPONDENT.             * LEE COUNTY CIRCUIT COURT

## MOTION FOR EVIDENTIARY HEARING PURSUANT
## TO: A.R.Cr.P. RULE # 32.9, ET. SEQ..

    Comes now your Petitioner, Pro-Se, with inmate para-legal assistance in the above styled and numbered case and hereby moves this Honorable Court to entertain and grant this this instant "Motion" for the following, to wit;

### I.
### JURISDICTION

    Your Petitioner hereby by files this instant "Motion" pursuant to: A.R.Cr.P., Rule # 32.9, et. seq., and hereby invokes said "Rule" as jurisdiction for this Honorable Court to entertain and grant this instant "Motion".

### II.
### GROUNDS IN SUPPORT OF
### GRANTING THIS INSTANT MOTION

### GROUND # 1:

    Your Petitioner shows to this Court that A.R.Cr.P., Rule 32.9[a] provides that this Honorable Court should take pursuant to: A.R.Cr.P., Rule #32.9[a] and that your Petitioner has presented several issues in his "Rule # 32 Petition" that need to be addressed by the court pursuant to and evidentiary hearing as prescribed by A.R.Cr.P., Rule # 32.9[a], See Bass-v-State, 810 So. 2d. 802-804 [Ala. Cr. App. 2000].

### GROUND # 2:

    Your Petitioner shows to this Court that A.R.Cr.P., Rule #32.[d], that the Circuit Court, pursuant to: the filing of of an A.R.Cr.P., Rule #32 Post-Conviction Petition should make a "specific finding of fact" for each and everyone of your Petitioner's Isssues raised in his "Rule #32 Petition.

Your Petitioner further shows to this Court that <u>A.R.</u>
<u>Cr.P.</u>, Rule # 32.9[a] & [d] provides that a Circuit Court
shall find a specific finding of fact to each and every issue
that your Petitioner raises in his Rule # 32 Post--Conviction
Petition and that can only be accomplished pursuant to an
"Evidentiary Hearing". See <u>Grier-v-State</u>, 825 So. 2d. 873-
875, and, <u>Bearden-v-State</u>, 825 So. 2d. 868-872 [Ala. Cr. App.
2001].

### GROUND # 3:

Your Petitioner shows to this Court that he shall be
calling witnesses in his behalf to support the issues stated
in your Petitioner's Rule #32 Petition, hence, since your
Petitioner is not able to personally depose, gain an affid-
avit, or, gain interrogatories from his witnesses The Trial
Court shall have to "Order" an Evidentiary Hearing for your
Petitioner. SEE <u>Anderson-v-State</u>, 769 So. 2d. 1151-1157 [Ala.
Cr. App. 2000].

### GROUND # 4:

Your Petitioner shows to this Court that, unless; the
court dismisses your Petitioner's Petition the petitioner
shall be entitled to an evidentiary hearing to determine dis-
puted issues of material fact with the right subpoena mater-
ial witnesses on his behalf.

Your Petitioner has established prima-facia facts in
support of the issues raised in your Petitioner's Rule #32
Petition and that such facts expounded upon in your Petiti-
oner Rule #32 Petition are facts being raised as "Newly Dis-
covered MAterial Facts" brought before this Court for the
very first time, which; are beyond the Judge's Personal and
instant knowledge and that said facts can only be adjudica-
pursuant to an Evidentiary Hearing. See <u>Ex Parte Walker</u>,
652 So. 2d. 18, and; <u>Smith-v-State</u>, 665 So. 2d. 954.

60

## GROUND # 5:

Your Petitioner further shows to this Court that your Petitioner has raised several issues in his Rule # 32 Petition that cannot be summarily dismissed and that said facts contained in your Petitioner's Rule # 32 Petition are newly discovered and before this Court for the very first, hence; an "Evidentiray Hearing" is warranted pursuant to: A.R.Cr.P., Rule # 32.9(a). See Mocks-v-State, 733 So. 2d. 910, and, also, Hall-v-State, 673 So. 2d. 782, 783.

III.

## CONCLUSION AND PRAYER FOR RELIEF

**WHEREFORE PREMISES SHOWN:** and pursuant to: A.R.Cr.P., Rule # 32.9(a) your Petitioner prays that this Honorable Court will grant this instant "Motion for Evidentiary Hearing" at this Court's earliest possible convenience.

Your Petitioner further prays that this Court shall grant what further relief this Court deems just, proper, and, necessary.

Executed this the _8_ day of _July_, 2004.

Respectfully Submitted,

x _Robert Clements_

ROBERT W. CLEMENTS,
PETITIONER, PRO-SE

-3-

IN THE CIRCUIT COURT FOR LEE COUNTY, ALABAMA

ROBERT WAYNE CLEMENTS,          *
          PETITIONER,           *
                                *   CASE NUMBER:_____
                                *          ASSIGNED BY CLERK
          -vs-                  *   RE: CASE NO.'S: CC-03-3237&
                                *                          325
STATE OF ALABAMA,               *   LEE COUNTY CIRCUIT COURT
          RESPONDENT.           *

**F I L E D**

JUL 1 3 2004

IN OFFICE
CORINNE T. HURST
CIRCUIT CLERK

61

## MOTION TO APPOINT COUNSEL

Comes now, your Petitioner, pro-se, herein and above named
with inmate para-legal assistance in the above styled and num-
bered case and hereby moves this Honorable Court to enter-
tain and grant this instant "Motion" for the causes following,
to, wit:

I.

### JURISDICTION

Your Petitioner hereby files this instant "motion" purs-
suant to: Code of Alabama, 1975, §§15-12-1, et. seq., and fur-
ther pursuant to: Alabama Rules of Criminal Procedure, Rule
#32.7(c) and hereby invokes said statutes and Rules of Court
as jurisdiction for this Honorable Court to entertain and grant
this instant "Motion".

II.

GROUNDS IN SUPPORT OF
### GRANTING THIS MOTION

#### GROUND # 1:

Your Petitioner shows to this Court that your Petitioner
is being inmate para-legally assisted at **every** phase of his
pending "Rule #32 Post-Conviction Petition" as Petitioner is
unable to prosecute his "Rule # 32 Petition" by himself.

#### GROUND # 2:

Petitioner is not trained in the voluminous and complex
proceedings of law at any stage.

#### GROUND # 3:

Petitioner cannot and does not understand how to file

-1-

a complex, compli_ted, and, confusing Rule _2 Post-Conviction in his behalf.

## GROUND # 4:

Your Petitioner has to be advised and assisted at every phase of his Rule # 32 Petition and that **everything** has to be read and explained to your Petitioner.

## GROUND # 5:

Your Petitioner shows to this Court that Petitioner has low comprehension and analytical skills.

## GROUND # 6:

Your Petitioner shows to this Court that he was appointed counsel on his Criminal cases and needed assistance on said cases at every phase of his Criminal case and that this Honor-able Court provided counsel for your Petitioner in the past.

## GROUND # 7:

Your Petitioner shows to this Court that he was indigent when this Court appointed counsel for your Petitioner in the past on these instant cases at bar.

Your Petitioner further shows to this Court that he is **still** indigent as he receives no wages and has received no wages and income for several months prior to the filing of this instant "Motion" and that your Petitioner meets all of the prerequisites for appointment of counsel as outlined in Code of Alabama, 1975, §15-12-1, et. seq..

## GROUND # 8:

Your Petitioner further shows to this Court that your Petitioner further meets all of the prerequisites as outlined in Alabama Rules of Criminal Procedure, Rule # 32.7(c) for appointment of counsel.

## GROUND # 9:

It is this Court's duty to determine that your Petitioner needs appointed counsel and the foregoing shall support that said court's determination petitioner in in need of counsel.

63

## III.

## CONCLUSION AND PRAYER FOR RELIEF

**WHEREFORE PREMISES SHOWN:** and pursuant to: <u>Alabama Rules of Criminal Procedure</u>, Rule #32.7[c], and further pursuant to: <u>Code of Alabama</u>, 1975, §15-12-1, et. seq., your Petitioner prays that this Court hereby grant your Petitioner's "Motion to Appoint Counsel" and appoint counsel to represent your Petitioner on his pending <u>A.R.Cr.P.</u>, Rule #32 Petition.

Petitioner further prays for any further relief that this Honorable Court deems just, proper, and, necessary.

Executed this the ___8___ day of July 2004.

Respectfully submitted,

X _____

ROBERT W. CLEMENTS,
PETITIONER, PRO-SE

-3-

ROBERT CLEMENTS, PRO-SE
ECF * #145598 * DORM - 9/A-22
200 - WALLACE DRIVE
CLIO, ALABAMA

36017-2615

, 2004

**F I L E D**

JUL 1 3 2004

IN OFFICE
CORINNE T. HURST
CIRCUIT CLERK

LEE COUNTY COURTHOUSE
ATTN: CLERK OF THE CIRCUIT COURT, CRIMINAL
2311 - GATEWAY DRIVE, ROOM #104
OPELIKA, ALABAMA  36801

RE:  FILING OF MOTIONS & PETITIONS
     CASE NO.'S: CC-03-323 & 325

Dear Clerk,

     By way of introduction my name is: **ROBERT WAYNE CLEMENTS,**
Petitioner, Pro-Se in the enclosed Motions & Petitions.

     Please find enclosed the following Petitions and Motions:

1).  Motion for Leave to Proceed In Forma PAuperis
     With In Forma Pauperis Declaration, and;

2).  A.R.Cr.P., Rule # 32 Post-Conviction Petition with
     supporting Brief and Argument in support of said
     Rule # 32 Petition, and;

3).  Motion for Evidentiary Hearing, and;

4).  Motion to Appoint Counsel, and;

5).  Motion to Transfer.

Please file said original "Motions & Petitions" at your
earliest possible convenience?

     Also, Please find enclosed "the first page copies" of
said "Motions and Petitions" and an S.A.S.E..

     At your earliest possible convenience could you **please**
stamp said "first page copies" with the filing date and case
numbers on each first page copy of said Motions and Petitions
and return said copies back to me in the S.A.S.E. that I have
for you so that I shall have a true and correct copy fore my
files?

     Thank-you for your assistance in this instant matter,
I look forward to hearing from you in the near future.

With kindest regards, I am;

CC:  File

                              Respectfully,

                              X ꞏ Robert W Clements
                              ROBERT WAYNE CLEMENTS
                              PETITIONER, PRO-SE

-Page 1 of 1-

IN THE CIRCUIT COURT OF LEE COUNTY, ALABAMA

STATE OF ALABAMA,                            *
                                             *
         PLAINTIFF,                          *
                                             *
         v.                                  *          CC-03-323, 325
                                             *
ROBERT WAYNE CLEMENTS,                       *
alias                                        *
         DEFENDANT.                          *



### DISTRICT ATTORNEY'S RESPONSE AND MOTION FOR SUMMARY DISMISSAL OF DEFENDANT'S RULE 32 PETITION

Comes now the State of Alabama, by and through its Assistant District Attorney, Robert T. Treese, III, and for response to this Rule 32 petition filed by Defendant, shows unto the Court as follows:

1)       The State denies each and every allegation in defendant's petition and requests incorporation herein of the attached state's exhibits A through F.

2)       That the defendant has not, with the required specificity, set out any grounds entitling him to relief pursuant to Rule 32.1 (a), (b), (c), (d) or (e) of the Alabama Rules of Criminal Procedure. Accordingly, the District Attorney is not required to address allegations which are not supported by fact and (even if taken as true) do not state a claim. Under such situations "...a court may summarily dismiss the petition without considering the petitioner's response to the State's motion to dismiss, without requiring the State to specifically refute the claims, and without granting an evidentiary hearing on the claims." Whitt v. State, 827 So.2d 869 (Ala.Crim.App. 2001).

3)       The defendant is precluded from relief pursuant to Rule 32.2 of the Alabama Rules of Criminal Procedure because the grounds alleged in defendant's petition:

[]       may still be raised on direct appeal under the Alabama Rules of appellate Procedure or by post-trial motion under Rule 24.

[]       was raised or addressed at trial.

[x]      in part, could have been but were not raised at trial, unless the ground for relief arises under Rule 32.1(b).

[]     were raised or addressed in part on appeal *or* partly in a previous collateral proceeding;

[x]     in part, could have been but were not raised on appeal, unless the ground for relief arises under Rule 32.1(b);

[]     Defendant's petition is due to be dismissed because said petition is, at least in part, a second or successive petition on the same or similar grounds on behalf of the same petitioner.

[]     Defendant's petition is due to be dismissed because said petition is, at least in part, a second or successive petition alleging a new ground or grounds that were known or could have been ascertained through reasonable diligence when the first petition was heard and failure to entertain this petition will <u>not</u> result in a miscarriage of justice.

[x]     Defendant's petition is due to be dismissed because it is not meritorious on its face and fails to state a claim for which relief can be given.

[]     Defendant's petition is due to be dismissed because said petition was not filed within the allowable period of limitation as set out in Rule 32.2(c) of the Alabama Rules of Criminal Procedure.

[x]     Defendant's petition is due to be dismissed because no material issue of fact or law exists which would entitle the petitioner to relief under this rule.

<u>Summary of Facts</u>

Defendant (hereinafter "Clements") pled guilty to conspiracy to commit robbery in the first degree and possession of a short-barrel shotgun after reaching a negotiated, written plea agreement with the district attorney. No direct appeal was filed. A review of the court file reveals a copy of the Ireland form, a statement regarding his satisfaction with appointed counsel and the written plea agreement.

4)     Clements alleges that his plea was rendered involuntary because he was not advised properly of the maximum and minimum sentences and that the plea was coerced by defense counsel's reference to forensic evidence which he claims did not exist. Not only is this claim unsupported by the case

action summary and the documents previously cited,  "(t)he question of the voluntariness of a guilty plea in a failure-to-advise case may be raised upon direct appeal or it may be raised collaterally under Rule 32 if it is raised within the limitations period of Rule 32.2(c), A.R.Crim.P." (Emphasis added) Gordon v. Nagle, 647 So.2d 91 (Ala. 1994). *See also,* Cantu v. State, 660 So.2d 1026 (Ala. 1994).  Since the present petition is within the limitations period the claims must be addressed.  However, Clements himself signed the forms containing an explanation of the very rights (including the minimum and maximum sentences for each case) which he now insists were not read or explained to him. He further states that his plea was rendered involuntary because his attorney lied to him about the existence of forensic evidence against him and conversely failed to tell him about the "true" evidence in this case.  Clements never identifies any specific items of evidence (whether forensic or otherwise) to which he is referring and provides no factual support of these claims except to say that he was not advised by his lawyer that the state had no forensic evidence. However, the state did intend to introduce forensic evidence regarding the tool marks on the firearm in this case.  A copy of the lab report is attached hereto as Exhibit "A".  A certified copy of the transcript of the plea is attached hereto as Exhibit "F".

5)     Clements next claims that his conviction was obtained as a result of a coerced confession and an illegal search of his person and residence. He claims that his blood alcohol content was twice the legal limit when he waived his "Miranda" rights, that his co-defendant was coerced into a statement by means of "a lot of inducements" that he was threatened by police into giving a statement because they told him his co-defendant provided a statement and that forensic evidence existed in support of his guilt.  He also claims his arrest was without probable cause rendering the subsequent search of his person illegal and that the search of his home (although pursuant to a search warrant) was also illegal as no probable cause existed to issue the warrant.  He states that as a result the shotgun and his statement should each be suppressed. In this same general line of challenges Clements claims that the state failed to disclose the lack of physical or forensic evidence in violation of Brady v. Maryland, 373 U.S. 83 (1963).

3

The state did not obtain a conviction as a result of the use of either a coerced confession, an involuntary waive of "Miranda" rights nor the illegal seizure of any evidence whatsoever. Since Clements pled guilty the necessity of a trial and the admission of evidence was obviated. The plea of guilty was not in any way conditioned on the admissibility of the state's evidence and the court did find that sufficient factual basis existed for the plea. Indeed, the defendant could have reserved any alleged suppression issues as a part of his guilty plea but did not. In addition, a guilty plea waives nonjurisdictional defects. Fuentez v. State, 627 So.2d 1110 (Ala.Cr.App.1993). As far as a Brady violation is concerned the state is under no duty to disclose evidence which does not exist nor must it disclose that there is a lack of evidence on any particular element of the crime charged. While the lack of evidence may be of benefit to a defendant it would be imprudent to disclose to the defendant all the evidence against him and then require the state to provide a list of the items of evidence which would have been helpful to the prosecution if such evidence had been discovered to exist. To require the state to engage in such semantics would extend Brady far beyond the reasonable bounds of even the most fervent judicial activist. The allegation that defendant's blood alcohol was high does not automatically render his statement inadmissible at trial but it would provide probable cause to arrest for public intoxication and for officers to conduct a search incident to arrest.

6)    Clements next claims that trial counsel was ineffective for 1) failing to consult with him and keep him informed; 2) failing to contact witnesses for the defense; 3) failing to investigate; 4) failing to disclose what was learned in discovery; 5) failing to file motion to recuse all judges and to suppress the statement and failure to file objection to flawed indictment as it does not track the language of the statute; 6) acted in concert with the prosecution by convincing petitioner that forensic evidence existed when it did not and thereby obtain a guilty plea; 7) did not investigate co-defendant's statement nor file a motion to suppress said statement; 8) did not investigate to determine if prosecution possessed exculpatory statements or other such evidence; 9) failed to discuss any strategy; 10) failed to contact Clements to prepare a defense for trial; 11) failed to file motion to suppress evidence obtained from unlawful arrest: 12) failed although

4

instructed to file a motion to change venue because of the small town "who knew the alleged victim"; 13) failed to withdraw from representation as requested; 14) failed to file several other motions on the basis that counsel intimated there was no point as Clements was going to lose anyway; 15) failed to timely fight a public intoxication arrest obtained at the same time; 16) failed to advise of his right to appeal and 17) waived arraignment without consent.

While each of the challenges will be addressed in the following paragraphs, it cannot be stressed enough that a simple reading of each of the 17 above-numbered claims demonstrates the inherently vitiating fact that each is completely bereft of the required factual support and the clarity and specificity of argument required under rule 32. There is nothing further that the state would ordinarily be required to argue about any of the said challenges. None, not even one of the ineffective assistance claims are supported by fact or by reference to the record. It is well settled that bare allegations such as these are not sufficient to survive summary dismissal. Waddle v. State, 784 So.2d 367 (Ala.Crim.App. 2000). Also Rule 32.6, Ala.R.Crim.P., provides that "[t]he petition must contain a clear and specific statement of the grounds upon which relief is sought, including full disclosure of the factual basis of those grounds." Even if any issue regarding ineffective assistance of trial counsel was properly before the court, Clements failed to demonstrate with sufficient factual support either prejudice or the reasonable probability of a different conclusion for any of the claims. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Moreover, "Under the two-prong analysis in Strickland, in order to prove prejudice, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional error, the proceedings would have reached a different conclusion". Holland v. State, 654 So.2d 77, 80 (Ala.Cr.App.1994). Cited in P.D.F. v. State 758 So.2d 1118 (Ala.Crim.App. 1999). "Furthermore, to render effective assistance, an attorney is not required to raise every conceivable constitutional claim available at trial and on appeal. Holladay v. State, 629 So.2d 673 (Ala.Cr.App.1992), cert. denied, 510 U.S. 1171, 114 S.Ct. 1208, 127 L.Ed.2d 555 (1994); McCoy v. Lynaugh, 874 F.2d 954, 965-66 (5th Cir.1989). Cited in Williams v. State, 782 So.2d 811 (Ala.Crim.App. 2000). With respect to ineffective assistance, prejudice cannot merely be

5

alleged; it must be affirmatively proved. <u>Duren v. State</u>, 590 So.2d 360 (Ala.Crim.App.1990).

Clements failed to identify the witnesses he claims wished to testify for the defense, failed to make an offer of proof as to the relevance of said testimony, failed to prove exactly how the failure to interview these phantom witnesses resulted in any prejudice to him and failed to demonstrate the probability of a different outcome had the case gone to trial. Clements does not describe with any specificity exactly what a lack of counsel's investigation failed to uncover, how it prejudiced the case nor in what way the final result would have been different.

Clements next makes conflicting claims about discovery. He first claims that his attorney informed him about some unidentified forensic evidence which was sufficient to induce an involuntary guilty plea. In the following paragraphs he claims that counsel was ineffective for not discussing (again unidentified) evidence learned in discovery and for telling him that the state's forensic evidence (again failing to identify said evidence) existed to the extent that, while making no claim of actual innocence, caused him to plead guilty. Presuming it to be true that defense counsel also failed to discuss the result of the discovery motion with Clements (i.e., failed to discuss the state's evidence), there would have been nothing to discuss since Clements also alleges that there was no evidence against him (statements, shotguns, ski masks and cords notwithstanding). This "non-evidence" evidence evidently was the same that was (or was not depending on which allegation one is reading) presented to him and induced an involuntary guilty plea. In one context Clements claims there was no evidence and when it suits his argument claims the opposite. Neither is compelling enough nor pled sufficiently to warrant relief under Rule 32.

In his next argument Clements makes no mention of any specific grounds which form the basis of a motion to suppress evidence or statements. However, police officers may arrest anyone without a warrant for misdemeanors committed in their presence. Clements own petition mentions the fact that he was arrested for public intoxication. As argued previously, any search of his person would have been incident

6

to the arrest.

His claims regarding the motion to quash the indictment would have failed in that the indictment does track the statute, fairly and sufficiently informs him of what charge he must defend. A copy of the indictment is attached hereto as Exhibit "B". Further argument about the sufficiency of the indictment appears below.

On what grounds counsel was ineffective for failing to investigate the statements of the co-defendant and file a motion to suppress same cannot be determined by a reading of the claim itself. Clements did not state on what basis he would have standing to suppress the co-defendant's statement and again did not allege prejudice nor a different result at trial, notwithstanding the fact that no statement was used against him for his guilty plea.

Contrary to Clements claim trial counsel did file a motion for discovery to disclose any exculpatory material. Defense counsel is not required to then conduct a separate "Brady" investigation to "establish petitioner's innocence".

A change of venue was not warranted on the grounds that everyone in Lee County knew the victim, even if they did. No prejudice was alleged.

As to the appeal claim, the trial court and defense counsel informed defendant regarding his appellate rights and the court as a matter of course asks defense counsel if those rights had been explained to each defendant. See State's Exhibit "F attached hereto and incorporated herein by reference. The trial court may remember having done so in this case and certainly the case action summary and the Ireland forms dispute this claim.

7

Finally, Clements himself signed the plea of not guilty and waiver of arraignment attached hereto as Exhibit "C" despite his claim that he did not authorize the waiver.

7)    Clements next argues that the indictment is fatally defective for failing to allege knowledge and that it only charges robbery first since the word "conspiracy" does not appear in the indictment itself. First, defects to an indictment are waived unless a timely objection appears on the record and the appropriate appeal is filed. Heard v. State, 663 So.2d 973 (Ala. Crim. App. 1995). No such objection was ever made at trial. Second, Clements himself included the language of the indictment in his petition and it clearly states that the crime is one which required the "intent that conduct constituting the offense be performed." Third, even if the crime of conspiracy to commit robbery first degree required knowledge rather than intent it would not have been fatal error to have failed to include it in the indictment. "...(T)he failure to allege criminal intent in an indictment does not necessarily render an indictment void and in some cases does not even render it objectionable even in those cases where criminal knowledge is necessary for the proof of the crime charged." Harrison v. State, 2003 Ala. Crim. App. LEXIS 96.   It is also not necessary to use any particular words in order to properly state the offense of conspiracy and it is clear from the indictment itself that it is legally sufficient.

8)    Clements next claims his guilty plea was taken in violation of §15-15-22 Code of Alabama, 1975.  However, according to Long v. State, 675 So.2d 532 (Ala. Crim. App. 1996), Ala. Code § 15-15-22 applies only where the charge against the accused is brought by way of an information, as opposed to an indictment.  Petitioner in the instant cause was indicted.

9)    The argument regarding newly discovered evidence has not been demonstrated to meet the legal requirement of such a claim. Newly discovered evidence is defined as follows:

"(e) Newly discovered material facts exist which require that the conviction or sentence be vacated by the court, because:

"(1) The *facts relied upon were not known* by petitioner *or petitioner's counsel* at the time of trial or sentencing or in time to file a post-trial motion pursuant to Rule 24, or in time to be included in any previous collateral proceeding and could not have been discovered by any of those times through the exercise of reasonable diligence;

"(2) The facts are not merely cumulative to other facts that were known;

"(3) The facts do not merely amount to impeachment evidence;

"(4) If the facts had been known at the time of trial or of sentencing, the result probably would have been different; and

"(5) The facts establish that petitioner is innocent of the crime for which petitioner was convicted or should not have received the sentence that petitioner received."

Rule 32.1(e), Ala.R.Crim.P (emphasis added).

It has neither been pled nor proven that Clement's counsel did not know of the existence of the co-defendant's statement. It has not been pled nor proven exactly how the statement was perjury. It has not been pled nor proven that even if the statement was perjury that such would have been anything more than impeachment. It has neither been pled nor proven how this "evidence" was not discoverable through the exercise of reasonable diligence. Clements has also failed to demonstrate how this "evidence" demonstrates his actual innocence.

10)    Clements' petition includes an ineffective assistance of counsel argument regarding the failure to request recusal of two judges and later-related claim that he was denied due process as a result

9

of the district court and the circuit court judges failure to recuse themselves whilst conspiring with each other regarding the setting of a high bail. He alleges as evidence that District Judge Russell Bush raised his bail from $5,000 to almost $2,000,000 because the judge "is good friends with the alleged victim's family" and that at a later time Circuit Judge Jacob Walker apparently was never motivated to lower it. He says further that no hearing was held regarding bail in either court and he was denied due process as a result.

The state never filed and the court accordingly never considered a motion to revoke or increase bond. After initial arrest the bond was set by Circuit Judge Robert M. Harper at $5,000 on February 14, 2003. A copy of the Order on Initial Appearance is attached hereto as Exhibit "D". Later on April 11, 2003 the bond was set after indictment at $1,000,00 by Judge Walker. On April 18, 2003 Clements' attorney filed a written motion to reduce bond. However, Clements' counsel also attempted to have bond reduced in the district court apparently via oral motion at the preliminary hearing. Judge Michael Nix denied that motion via written order a copy of which is attached hereto as Exhibit "D". Accordingly, Clements was provided an opportunity to be heard on his reduction of bond request. Furthermore this issue has become moot since the right to bond existed only in a pretrial setting as an adjunct to the presumption of innocence. Since he has now been convicted the presumption of innocence has been removed. (Clements makes no claim regarding an appeal bond.) Since the right to bail becomes moot in a postconviction setting even a 42 U.S.C.A. 1983 claim on the basis of a denial of bail would be untenable. Murphy v. Hunt, 455 U.S. 478, 71 L. Ed. 2d 353, 102 S. Ct. 1181, 50 U.S.L.W. 4264 (1982). There is no evidence that Judge Bush did anything warranting recusal. There is no evidence that Judge Walker did anything warranting recusal and this matter was not brought to the trial court's attention nor was it raised as an issue on appeal.

Wherefore, the premises considered, the State of Alabama moves this Court to summarily dismiss

10

Defendant's petition as it is precluded, insufficiently specific and without merit on its face.

Date: 8-12-04

Respectfully Submitted,

ROBERT T. TREESE, III
ASSISTANT DISTRICT ATTORNEY
37TH JUDICIAL CIRCUIT OF ALABAMA

## CERTIFICATE OF SERVICE

The undersigned certifies that copies of the foregoing were served on the following by depositing same in the U.S. Mail in envelopes, with prepaid first class postage affixed thereto, __xx__ directed to their addresses below and as disclosed by the court file, or ____by depositing same in the mail receptacles specifically reserved for them in the Circuit Clerk's Office, Lee County Justice Center, Opelika, Alabama or _____ via hand-delivery to the Defendant.

Robert Wayne Clements AIS 145598
Easterling CF
P.O. Box 10
Clio, Alabama 36017-0010

Done this the _12th_ day of _August_, 2004.

ROBERT T. TREESE, III
ASSISTANT DISTRICT ATTORNEY
37TH JUDICIAL CIRCUIT OF ALABAMA

11

76



ALABAMA
DEPARTMENT OF FORENSIC SCIENCES

*STATE'S EXHIBIT "A" 2 pages*

REGIONAL LABORATORY
P.O. BOX 210516
MONTGOMERY, AL 36121-0516
(334) 242-2938
FACSIMILE (334) 240-3284

MEDICAL EXAMINER
P.O. BOX 240591
MONTGOMERY, AL 36124-0591
(334) 242-3093
FACSIMILE (334) 260-8734

September 4, 2003

Re:    Case 03MG00666
Julia M. Tatum, subject
Robert W. Clements, suspect
Michael L. Williamson, suspect

MEMORANDUM:    To File

BY:    Joseph M. Saloom, Forensic Scientist

SUBJECT:    Firearms Examination / Laboratory Results

During the course of the investigation of the above styled case, the following items of evidence were received from Forensic Scientist Kelly D. Gross on Wednesday March 26, 2003, by the undersigned.

**Item 7** One sealed cardboard box containing:

**Item 7-A**    One sealed brown paper bag containing one Montgomery Ward single shot 12 gauge shotgun, no visible serial number, with the barrel and the stock cut down. The remaining portion of the stock has black electrical tape wrapped around the pistol grip area, and the forearm is held on with black electrical tape. Laboratory examination of this shotgun revealed the barrel to be cut to a length of $11\,^4/_{16}$ inches and the total length to be 19 inches. This shotgun was test fired using laboratory standard ammunition.

**Item 7-B**    One sealed manila envelope containing one unfired PMC brand plastic shotshell, 12 gauge.

**Item 7-C**    One sealed manila envelope identified to contain one bottle of vodka. No examination will be performed on this item.

*[signature]*

The following additional items of evidence were received from Forensic Scientist Katherine T. Richert on Tuesday, September 2, 2003, by the undersigned.

**Item 8** One sealed manila envelope containing:

**Item 8-A**     One portion of a shotgun barrel. Laboratory examination of this barrel portion revealed that it has been cut with a tool similar to the tool which cut the barrel on the shotgun described previously as Item 7-A. However, it could not be determined whether or not this barrel portion was cut from the shotgun described previously as Item 7-A.

**Item 8-B**     One portion of a wooden stock. Laboratory examination of this stock section revealed that it was at one time, one piece with the stock of the shotgun described previously as Item 7-A.

**Item 8-C**     One rubber slip-on shotgun recoil pad.

Test fired shotshells will be retained in the laboratory for reference purposes. All other evidence in this case will be returned to the appropriate agency at the earliest opportunity.

*STATE'S EXHIBIT "B" 2 pages*

Grand Jury No. 220

CC03-323

A TRUE BILL:—

_Felicia S Litsey_
Foreperson Grand Jury

Filed in open Court on the 14th day of April , 2003, in the presence of the Grand Jury.

_Corinne J. Hurst_
Clerk

Presented to the presiding Judge in open Court by the Foreperson of the Grand Jury, in the presence of ___17___ other Grand Jurors, and filed by order of Court this 14th day of April , 2003.

_Corinne J. Hurst_
Clerk

Bail fixed at $ 1,000,000 this 14th day of April , 2003.

Sec. 15-8-70, Code 1975.

Judge Presiding

# THE STATE OF ALABAMA
## LEE COUNTY
### CIRCUIT COURT
Spring Term, 2003

THE STATE
VS.
Robert Wayne Clements, alias
Robert Clements

Date of Arrest:01/11/03

SID#01019769

# INDICTMENT
Conspiracy to Commit Robbery First Degree
§13A-4-3

No Prosecutor

## WITNESSES:

Lt. Terry McMenamin, OPD
Cpl. Mike Veasey, OPD
Off. Richard Converse, OPD
Off. Grant Fountain, OPD
Sgt. Alan Barton, OPD
Off. Brantley Cargill, OPD
Det. Ben Bugg, OPD
Det. Craig Vickers, OPD
Julia M. Tatum, 1407 Oakbowery Road, Opelika, AL

Julia Hunter, c/o Det. Ben Bugg, OPD
Michael Lee Williams, 17 Town & Country TP, Opelika, AL

VOL 671 PAGE 687   **WALKER**

[VOL 071 PAGE 688

INDICTMENT

## THE STATE OF ALABAMA, LEE COUNTY

### Circuit Court, Spring Term, 2003

The Grand Jury of said County charge that before the finding of this Indictment _CC03-323_

Robert Wayne Clements, alias Robert Clements, whose true christian name is otherwise unknown to the

Grand Jury, did agree with Michael Lee Williams, alias, to commit the crime of Robbery First Degree

(Section 13A-8-41 of the Code of Alabama) with the intent that conduct constituting said offense be

performed and that Robert Wayne Clements did go to the residence of Julia M. Tatum, while said Robert

Wayne Clements was armed with a shotgun, and was in possession of work gloves, ski mask and/or cord

in futherance of said crime, in violation of Section 13A-4-3 of the Code of Alabama,

against the peace and dignity of the State of Alabama.

District Attorney of the 37th Judicial Circuit

Sec. 15-8-150, Code 1975.

State of Alabama
Unified Judicial System

Form CR-9   Rev. 3/95

# PLEA OF NOT GUILTY AND WAIVER OF ARRAIGNMENT

Case Number

CC 03-323-326

IN THE __Circuit__ COURT OF __Lee__ ALABAMA
(Circuit, District, or Municipal)      (Name of County or Municipality)

☐ STATE OF ALABAMA v. _Robert W. Clements_ Defendant

STATES EXHIBIT "C"

Comes now, the defendant in the above-styled matter, and to the offense charged enters a plea of

☐ Not Guilty
☐ Not Guilty by Reason of Mental Disease or Defect
☐ Not Guilty and Not Guilty by Reason of Mental Disease or Defect

Defendant acknowledges receipt of the copy of the charge against him/her and further waives the right to have an arraignment at which the defendant is present in person, or at which the defendant is represented by an attorney.

But, the defendant specifically and expressly reserves the right upon the filing hereof to hereafter, but before trial or before such date as may be set by the court, to interpose any defenses, objections, or motions which the defendant had the right as a matter of law or rule to interpose in this cause, prior to the filing hereof.

Defendant's date of birth is __11/9/1968__

The defendant is not eligible for consideration by the court for youthful offender status as provided by law.

Defendant's age is __37__

__4/22/03__
Date

__4/22/03__
Date

_Robert Clements_
Defendant

_Lauryn A. Tweedale_
Attorney for Defendant

This is to certify that I am the attorney for the defendant in this matter, and that I have fully explained this form and all matters set forth herein, and pertaining hereto, to the defendant. I further state to the court that I have explained to the defendant his right to be arraigned in person and his right to have me represent him at arraignment. I further certify to the court that my client hereby knowingly, voluntarily, and intelligently waives these rights after a full and complete explanation of each and every one of them to him/her by me. BOTH MYSELF AND THE DEFENDANT UNDERSTAND THAT I AM RESPONSIBLE FOR ASCERTAINING WHAT DATE, IF ANY, HAS BEEN SET BY THE COURT FOR THE MAKING OR FILING OF ANY DEFENSES, OBJECTIONS, OR MOTIONS. I FURTHER UNDERSTAND THAT I AM RESPONSIBLE FOR NOTIFYING MY CLIENT OF THE DATE HIS/HER CASE IS SET FOR TRIAL, AND THAT I HAVE ADVISED AND INFORMED HIM/HER THAT IN THE EVENT HE/SHE FAILS TO APPEAR ON THE DATE HIS/HER CASE IS SET FOR TRIAL, ALL APPROPRIATE LEGAL ACTION WILL BE TAKEN BY THE COURT AGAINST THE DEFENDANT AND HIS/HER BOND. I further certify to the court that I have advised my client that he/she is responsible for obtaining the date his/her case is set for trial in this matter and that in the event he/she fails to appear on the date his/her case is set for trial all appropriate legal action will be taken by the court against the defendant and his/her bond, and I hereby certify that the defendant knows that he/she is personally responsible for obtaining the date his/her case is set for trial and for being present in court on that date.

__4/22/03__
Date

_Lauryn A. Tweedale_
Attorney for Defendant Signature

_Lauryn A. Tweedale_
Printed or Typed Attorney's Name

_2304-A Gateway Dr. Opelika, AL_
Address

I certify that I served a copy of the foregoing plea and waiver of arraignment on the Prosecutor by mailing/delivering a copy of the same to him/her on:

__4/23/03__
Date

This is to certify that my attorney has explained each and every matter and right set forth in this form and I have completely and fully read and do so understand each and every matter set forth in this form. I further state to the court that I do not wish to be personally present at an arraignment in this case and that I do not want to have an attorney represent me at an arraignment and WITH FULL KNOWLEDGE OF EACH OF THESE RIGHTS, I HEREBY EXPRESSLY WAIVE SUCH RIGHTS. I further state to the court that I have been informed of the charge against me and have received a copy of the charge.

__4/22/03__
Date

_Robert Clements_
Defendant Signature

Filed in office this date _____

Clerk _____   By _____

STATE EXHIBIT

*31*

| State of Alabama<br>Unified Judicial System | **ORDER**<br>**ON INITIAL APPEARANCE** "D" | Case Number |
| --- | --- | --- |
| Form C-80    Rev. 8/2000 | | |

IN THE _____**CIRCUIT**_____ COURT OF _____**LEE COUNTY**_____, ALABAMA
(Circuit, District or Municipal)    (Name of County or Municipality)

☐ STATE OF ALABAMA
☐ MUNICIPALITY OF _____ v. _____**ROBERT CLEMENTS**_____
**Defendant**

The above-named defendant, charged with the criminal offense(s) of **CONSP. TO COM. ROBBERY I**
was duly brought before the Court for initial appearance on ____**Feb. 14, 2003**____, at ____**11:00**____ o'clock **a** .m.,
whereupon the Court did the following, as checked in the appropriate blocks:
*(CHECK AS APPLICABLE):*

☑ 1. Name and address of defendant.
  ____ (a) Ascertained the true name and address of the defendant to be: _____
  _110 [illegible handwriting] 448_
  _Opelika_
  ____ (b) Amended the formal charges to reflect defendant's true name.
  ____ (c) Instructed the defendant to notify the Court promptly of any change of address.

☑ 2. Informed the defendant of the charges against him/her and ensured that the defendant was served with a copy of the charges.

☐ 3. Informed the defendant of the right to be represented by counsel, that he/she would be afforded time and opportunity to retain an attorney, and further advised the defendant that, if he/she were indigent and unable to obtain counsel, an attorney would be appointed by the Court to represent him/her.
  Defendant ☐ requested  ☐ did not request court-appointed counsel. If requested counsel, defendant ☐ was ☐ was not given a copy of the Affidavit of Substantial Hardship to complete in order for indigency to be determined.

☐ 4. Informed the defendant that he/she had the right to remain silent and that anything that he/she said could be use against him/her.

☐ 5. Bail
  ____ (a) Determined that the defendant shall not be released from custody since charged with a non-bailable capital offense.
  ____ (b) Determined that the defendant shall be released from custody pending further proceedings, subject to the mandatory conditions prescribed in Rule 7.3(a), Ala.R.Crim.P., and subject to the following additional conditions:
    ____ 1.) Execution of an appearance bond (recognizance) in the amount of $ _____ .
    ____ 2.) Execution of a secured appearance bond in the amount of $ _5,000_ .
    ____ 3.) Other conditions (specify) _____
    _____
    _____

☐ 6. If charged with a felony offense, informed the defendant of right to demand a preliminary hearing under Rule 5.1, Ala.R.Crim.P., and of the procedure by which that right may be exercised.

☐ 7. If charged with a felony offense a preliminary hearing was demanded within 30 days of date of arrest by the above named defendant, set a preliminary hearing to be held in the District Court of _____
an _____ (date) at _____ o'clock ____ .m.
  ____ (a) Notified the District Court that such demand was made.
  ____ (b) Defendant made no demand for a preliminary hearing at the initial appearance hearings.

☐ 8. Other: _____
_____

Date    2-14-03                    Judge/Magistrate [signature]

Unified Judicial System

Form C-18     Rev. 06/02-Lee County

**ORDER ON PRELIMINARY HEARING**

CASE NUMBER

DC- 03 - 260

**STATE'S EXHIBIT**

E - 3 pages

# IN THE DISTRICT COURT OF LEE COUNTY, ALABAMA

Alabama v. <u>Robert Wayne Clements</u>, Defendant.

The Defendant is charged with <u>Poss. of Burglar's Tools</u>. The Defendant's Preliminary Hearing, previously demanded pursuant to Rule 5, Alabama Rules of Criminal Procedure, is before the Court for hearing at this time.

Upon the call of this matter, the Defendant appeared:

☐ *pro se,* after knowingly and voluntarily waiving his/her right to counsel.

☐ through his/her attorney _____, who was ☐ Court-appointed. ☐ retained by Defendant.

☑ together with attorney <u>Lauren Lauderdale</u>, who was ☑ Court-appointed. ☐ retained by Defendant.

The following occurred in open Court:

☐ A Continuance was ☐ requested on State's Motion. ☐ requested on Defendant's Motion. ☐ requested Jointly.

☐ The Preliminary Hearing was WAIVED ☐ by the Defendant, *pro se.* ☐ by the Defendant's attorney.

☑ The Court heard testimony *ore tenus* and examined evidence on the issue of probable cause.

The Court makes FINDINGS and enters ORDERS as follows:

☐ This matter is CONTINUED until the _____ day of _____, 200_____, at 9:00 a.m.

☑ There exists probable cause to believe an offense has been committed, and that the Defendant:

    ☑ committed the offense charged.

    ☐ committed the offense of _____, but not the offense charged.

☑ The Defendant is Bound Over to the Circuit Court to await the action of the Lee County Grand Jury.

☐ The Defendant is remanded to the custody of the Sheriff.

☐ All previously ordered terms and conditions relating to the Bond and Defendant's release remain in effect.

☐ The previously ordered terms and conditions relating to the Bond and Defendant's release are modified as follows:

_____

FILED
FEB 10 2003

_____

IN OFFICE
CORINNE T. HURST
CIRCUIT CLERK

☐ There DOES NOT exist probable cause to believe the Defendant committed any offense, accordingly, the Complaint is DISMISSED, and the Defendant is DISCHARGED.

☑ Additional ORDERS/Comments: <u>On oral motion of the defendants attorney, motion to reduce bond is hereby denied</u>

ORDERED, on this the <u>5th</u> day of <u>February</u>, 200<u>3</u>.

<u>MAN</u>

Michael A. Nix, Judge

33

Unified Judicial System

Form C-18      Rev. 06/02-Lee County

# ORDER
# ON PRELIMINARY HEARING

CASE NUMBER

DC- 03 -259

## IN THE DISTRICT COURT OF LEE COUNTY, ALABAMA

State of Alabama  v.  _Robert Wayne Clements_ , Defendant.

The Defendant is charged with _Poss. of Short- Barreled Shotgun_ . The Defendant's Preliminary Hearing, previously demanded pursuant to Rule 5, Alabama Rules of Criminal Procedure, is before the Court for hearing at this time.

Upon the call of this matter, the Defendant appeared:

☐ *pro se,* after knowingly and voluntarily waiving his/her right to counsel.

☐ through his/her attorney _____, who was ☐ Court-appointed. ☐ retained by Defendant.

☒ together with attorney _Lauren Lauderdale_ , who was ☒ Court-appointed. ☐ retained by Defendant.

The following occurred in open Court:

☐ A Continuance was ☐ requested on State's Motion. ☐ requested on Defendant's Motion. ☐ requested Jointly.

☐ The Preliminary Hearing was WAIVED ☐ by the Defendant, *pro se.* ☐ by the Defendant's attorney.

☒ The Court heard testimony *ore tenus* and examined evidence on the issue of probable cause.

The Court makes FINDINGS and enters ORDERS as follows:

☐ This matter is CONTINUED until the _____ day of _____, 200___ , at 9:00 a.m.

☒ There exists probable cause to believe an offense has been committed, and that the Defendant:

☒ committed the offense charged.

☐ committed the offense of _____ , but not the offense charged.

☒ The Defendant is Bound Over to the Circuit Court to await the action of the Lee County Grand Jury.

☐ The Defendant is remanded to the custody of the Sheriff.

☐ All previously ordered terms and conditions relating to the Bond and Defendant's release remain in effect.

☐ The previously ordered terms and conditions relating to the Bond and Defendant's release are modified as follows:
_____
_____

FILED

FEB 1 0 2003

IN OFFICE
CORINNE T. HURST
CIRCUIT CLERK

☐ There DOES NOT exist probable cause to believe the Defendant committed an offense; accordingly, the Complaint is DISMISSED, and the Defendant is DISCHARGED.

☒ Additional ORDERS/Comments: _Oral motion of the defendant's attorney to reduce bond is hereby denied._
_____

ORDERED, on this the _5th_ day of _Feb._ , 200_3_

_Michael A. Nix_, Judge

Sauderdale

| Unified Judicial System | ORDER ON PRELIMINARY HEARING | DC-- _03_ - _258_ |
|---|---|---|
| Form C-18     Rev. 06/02-Lee County | | |

## IN THE DISTRICT COURT OF LEE COUNTY, ALABAMA

State of Alabama   v. _Robert Wayne Clements_ , Defendant.

The Defendant is charged with _Att. Burglary I_ . The Defendant's Preliminary Hearing, previously demanded pursuant to Rule 5, Alabama Rules of Criminal Procedure, is before the Court for hearing at this time.

Upon the call of this matter, the Defendant appeared:

☐ *pro se*, after knowingly and voluntarily waiving his/her right to counsel.

☐ through his/her attorney _____, who was ☐ Court-appointed. ☐ retained by Defendant.

☑ together with attorney _Lauren Lauderdale_ , who was ☑ Court-appointed. ☐ retained by Defendant.

The following occurred in open Court:

☐ A Continuance was ☐ requested on State's Motion. ☐ requested on Defendant's Motion. ☐ requested Jointly.

☐ The Preliminary Hearing was WAIVED ☐ by the Defendant, *pro se*. ☐ by the Defendant's attorney.

☑ The Court heard testimony *ore tenus* and examined evidence on the issue of probable cause.

The Court makes FINDINGS and enters ORDERS as follows:

☐ This matter is CONTINUED until the _____ day of _____, 200____, at 9:00 a.m.

☑ There exists probable cause to believe an offense has been committed, and that the Defendant:

☑ committed the offense charged.

☐ committed the offense of _____, but not the offense charged.

☑ The Defendant is Bound Over to the Circuit Court to await the action of the Lee County Grand Jury.

☐ The Defendant is remanded to the custody of the Sheriff.

☐ All previously ordered terms and conditions relating to the Bond and Defendant's release remain in effect.

☐ The previously ordered terms and conditions relating to the Bond and Defendant's release are modified as follows:
_____
_____

FILED
FEB 10 2003
IN OFFICE
CORINNE T. HURST
CIRCUIT CLERK

☐ There DOES NOT exist probable cause to believe the Defendant committed any offense, accordingly,

the Complaint is DISMISSED, and the Defendant is DISCHARGED.

☑ Additional ORDERS/Comments: _Oral motion of the defendant's attorney to reduce bond is hereby denied._

ORDERED, on this the _5th_ day

of _Feb._ , 200 _3_ .

_Michael A. Nix, Judge_

Unified Judicial System

Form C-18   Rev. 06/02-Lee County

## ORDER
## ⌐ PRELIMINARY HEARING ⌐

CASE NUMBER
**DC- 03 - 260**

**STATE'S EXHIBIT**

E - 3 pages

### IN THE DISTRICT COURT OF LEE COUNTY, ALABAMA

Alabama v. _Robert Wayne Clements_ , Defendant.

The Defendant is charged with _Poss. of Burglars Tools_ . The Defendant's Preliminary Hearing, previously demanded pursuant to Rule 5, Alabama Rules of Criminal Procedure, is before the Court for hearing at this time.

Upon the call of this matter, the Defendant appeared:

☐ *pro se,* after knowingly and voluntarily waiving his/her right to counsel.

☐ through his/her attorney _____, who was ☐ Court-appointed. ☐ retained by Defendant.

☒ together with attorney _Lauren Lauderdale_, who was ☒ Court-appointed. ☐ retained by Defendant.

The following occurred in open Court:

☐ A Continuance was ☐ requested on State's Motion. ☐ requested on Defendant's Motion. ☐ requested Jointly.

☐ The Preliminary Hearing was WAIVED ☐ by the Defendant, *pro se.* ☐ by the Defendant's attorney.

☒ The Court heard testimony *ore tenus* and examined evidence on the issue of probable cause.

The Court makes FINDINGS and enters ORDERS as follows:

☐ This matter is CONTINUED until the _____ day of _____, 200____, at 9:00 a.m.

☒ There exists probable cause to believe an offense has been committed, and that the Defendant:

☒ committed the offense charged.

☐ committed the offense of _____ , but not the offense charged.

☒ The Defendant is Bound Over to the Circuit Court to await the action of the Lee County Grand Jury.

☐ The Defendant is remanded to the custody of the Sheriff.

☐ All previously ordered terms and conditions relating to the Bond and Defendant's release remain in effect.

☐ The previously ordered terms and conditions relating to the Bond and Defendant's release are modified as follows:
_____

_____

☐ There DOES NOT exist probable cause to believe the Defendant committed any offense; accordingly, the Complaint is DISMISSED, and the Defendant is DISCHARGED.

☒ Additional ORDERS/Comments: _On oral motion of the defendants attorney, motion to reduce bond is hereby denied_

_____

ORDERED, on this the _5th_ day
of _February_ , 200_3_ .

_Michael A. Nix_
Michael A. Nix, Judge

FILED
FEB 1 0 2003
IN OFFICE
CORINNE T. HURST
CIRCUIT CLERK

86

| Unified Judicial System | ORDER ON PRELIMINARY HEARING | CASE NUMBER |
|---|---|---|
| n C-18    Rev. 06/02-Lee County | | DC- 03 - 359 |

## IN THE DISTRICT COURT OF LEE COUNTY, ALABAMA

State of Alabama  v. ___Robert Wayne Clements___ , Defendant.

The Defendant is charged with __Poss. of Short-Barreled Shotgun__ . The Defendant's Preliminary Hearing, previously demanded pursuant to Rule 5, Alabama Rules of Criminal Procedure, is before the Court for hearing at this time.

Upon the call of this matter, the Defendant appeared:

☐ *pro se,* after knowingly and voluntarily waiving his/her right to counsel.

☐ through his/her attorney _____, who was ☐ Court-appointed. ☐ retained by Defendant.

☑ together with attorney __Lauren Lauderdale__, who was ☑ Court-appointed. ☐ retained by Defendant.

following occurred in open Court:

☐ A Continuance was ☐ requested on State's Motion. ☐ requested on Defendant's Motion. ☐ requested Jointly.

☐ The Preliminary Hearing was WAIVED ☐ by the Defendant, *pro se.* ☐ by the Defendant's attorney.

☑ The Court heard testimony *ore tenus* and examined evidence on the issue of probable cause.

Court makes FINDINGS and enters ORDERS as follows:

☐ This matter is CONTINUED until the _____ day of _____, 200_____ , at 9:00 a.m.

☑ There exists probable cause to believe an offense has been committed, and that the Defendant:

  ☑ committed the offense charged.

  ☐ committed the offense of _____ , but not the offense charged.

☑ The Defendant is Bound Over to the Circuit Court to await the action of the Lee County Grand Jury.

☐ The Defendant is remanded to the custody of the Sheriff.

☐ All previously ordered terms and conditions relating to the Bond and Defendant's release remain in effect.

☐ The previously ordered terms and conditions relating to the Bond and Defendant's release are modified as follows:

_____

_____

FILED

FEB 19 2003

IN OFFICE
CORINNE T. HURST
CIRCUIT CLERK

☐ There DOES NOT exist probable cause to believe the Defendant committed the offense charged, accordingly, the Complaint is DISMISSED, and the Defendant is DISCHARGED.

☑ Additional ORDERS/Comments: __Oral motion of the defendants attorney to reduce bond is hereby denied.__

_____

So ORDERED, on this the __5th__ day

of __Feb.__, 2003 .        __/s/__

Michael A. Nix, Judge

**ORDER
ON PRELIMINARY HEARING**

_...ified Judicial System_

_C-18    Rev. 06/02-Lee County_

DC- _03_ - _258_

## IN THE DISTRICT COURT OF LEE COUNTY, ALABAMA

State of Alabama   v.   _Robert Wayne Clements_ , **Defendant.**

The Defendant is charged with _Att. Burglary —_ . The Defendant's Preliminary Hearing, previously demanded pursuant to Rule 5, Alabama Rules of Criminal Procedure, is before the Court for hearing at this time.

Upon the call of this matter, the Defendant appeared:

- ☐ _pro se,_ after knowingly and voluntarily waiving his/her right to counsel.
- ☐ through his/her attorney _____, who was ☐ Court-appointed. ☐ retained by Defendant.
- ☑ together with attorney _Lauren Lauderdale_ , who was ☑ Court-appointed. ☐ retained by Defendant.

following occurred in open Court:

- ☐ A Continuance was ☐ requested on State's Motion. ☐ requested on Defendant's Motion. ☐ requested Jointly.
- ☐ The Preliminary Hearing was WAIVED ☐ by the Defendant, _pro se._ ☐ by the Defendant's attorney.
- ☑ The Court heard testimony _ore tenus_ and examined evidence on the issue of probable cause.

Court makes FINDINGS and enters ORDERS as follows:

- ☐ This matter is CONTINUED until the _____ day of _____, 200____ at 9:00 a.m.
- ☑ There exists probable cause to believe an offense has been committed, and that the Defendant:
  - ☑ committed the offense charged.
  - ☐ committed the offense of _____, but not the offense charged.
- ☐ The Defendant is Bound Over to the Circuit Court to await the action of the Lee County Grand Jury.
- ☐ The Defendant is remanded to the custody of the Sheriff.
- ☐ All previously ordered terms and conditions relating to the Bond and Defendant's release remain in effect.
- ☐ The previously ordered terms and conditions relating to the Bond and Defendant's release are modified as follows:

_____

_____

**F I L E D**

FEB 1 0 2003

IN OFFICE
CORINNE T. HURST
CIRCUIT CLERK

- ☐ There DOES NOT exist probable cause to believe the Defendant committed any offense; accordingly, the Complaint is DISMISSED, and the Defendant is DISCHARGED.
- ☑ Additional ORDERS/Comments: _Oral motion of the defendant's attorney to reduce bond is hereby denied_

_____

SO ORDERED, on this the _5th_ day

_Feb._                    200 _3_             _/s/_

1    do you understand those rights?

2         MR. CLEMENTS:  Yes, sir.

3         THE COURT:  Is that your signature that

4    appears on Exhibit A?

5         MR. CLEMENTS:  Yes, sir.

6         THE COURT:  Do you understand that by

7    pleading guilty you are giving up the rights as

8    set forth on that form?

9         MR. CLEMENTS:  Yes, sir.

10        THE COURT:  Do you have any questions

11   about them whatsoever?

12        MR. CLEMENTS:  (Shaking head in the

13   negative.)

14        THE COURT:  Did your lawyer adequately

15   explain those to you?

16        MR. CLEMENTS:  (Nodding head in the

17   affirmative.)

18        THE COURT:  Okay.  You have to say yes or

19   no.

20        MR. CLEMENTS:  Yes, sir.

21        THE COURT:  Okay.  Let me show you Exhibit

22   B.  Are you satisfied with the services of your

23   lawyer?

24        MR. CLEMENTS:  Yes, sir.

25        THE COURT:  Have you read and do you

9

understand what is set forth on Exhibit B?

MR. CLEMENTS: Yes, sir.

THE COURT: Is that your signature that appears on that form?

MR. CLEMENTS: Yes, sir.

THE COURT: Do you have any questions about that form?

MR. CLEMENTS: No, sir.

THE COURT: Okay. I am going to go over these indictments with you. First is Conspiracy to Commit Robbery in the First Degree, and that basically states that:

> You did agree with
> Michael Lee Williams,
> alias, to commit the
> crime of Robbery in the
> First Degree--

-- and that's set forth in Section 13 A 8 41 of the Code--

> --with intent -- with
> the intent and -- that
> conduct constituting
> said offense be performed,
> and that Robert Wayne
> Clements did go to the

residence of Julia M.
Tatum while said
Robert Wayne Clements
was armed with a
shotgun and was in
possession of work
gloves, a ski mask,
and/or cord, in
furtherence of said
crime, in violation of
Section 13 A four
three of the Code
of Alabama.

Now, sir, that is conspiracy --
that sets forth the allegation or the crime of
Conspiracy to Commit Robbery in the First
Degree. And under the conspiracy statute,
which is 13 A four three, that would be defined
as a Class B felony.

Now, for the Possession of a
Short Barrel Shotgun, that reads that:

You did knowingly
and unlawfully possess,
obtain, receive,
sell, or use a short

1              barrel rifle or a

2              short barrel shotgun,

3              to-wit, a twelve guage

4              shotgun, in violation

5              of Section 13 A 11 6

6              of the Code of Alabama.

7                   Now, have these two charges been

8         explained to you by your lawyer?

9              MR. CLEMENTS:  Yes, sir.

10             THE COURT:  Do you have any questions

11        about them?

12             MR. CLEMENTS:  No, sir.

13             THE COURT:  Do you want me to read those

14        indictments to you again?

15             MR. CLEMENTS:  No, sir.

16             THE COURT:  All right, sir.  Going over

17        the range of punishment in this case, I --

18        and, again, I think the firearms' enhancement

19        is going to have to be used on this one, on

20        the Robbery.  Let's see.  You need to check

21        that.

22                  Conspiracy to Commit a Robbery,

23        as I stated, is a Class B felony, as such, the

24        range of punishment is between ten years and

25        life in the penitentiary and a fine up to

$20,000. And because you have at least two prior felonies, then that range of punishment is fifteen years to life. And if it turns out you only have one prior felony, that range of punishment is between twenty years and life and a fine of $20,000. And as we discussed, either way, twenty-three years is still going to fall within the appropriate range. Do you understand that?

MR. CLEMENTS: Yes, sir.

THE COURT: You need to check that down there.

And for the Possession of Short Barrel Shotgun, that's a Class C felony. And -- and, again, if you had two prior felonies, that range of punishment is ten years to life and a fine of $20,000. And I believe if the -- if you only had one prior felony, the range of punishment is from twenty-one -- two years to twenty years in the penitentiary and a fine up to $20,000. However, the enhancement provisions may very well apply. And if they did apply, then the minimum sentence would be ten years. And -- so I believe I have appropriately covered all the possible range of

1    punishments in your case.  Do you have any

2    questions about that any whatsoever?

3        MR. CLEMENTS:  No, sir.  A violent crime.

4        MS. LAUDERDALE:  I am sorry?

5        MR. CLEMENTS:  A violent crime.

6        MS. LAUDERDALE:  His question is is it

7    considered a violent crime, either one of

8    those, the possession or the conspiracy?

9        THE COURT:  Well, that's going to be up to

10   the classification of the Department of

11   Corrections.

12       MR. CLEMENTS:  Okay.

13       THE COURT:  And -- and, Sir, just out of

14   an abundance of caution, they may just very

15   well classify the Conspiracy to Commit Robbery

16   as a violent crime.  They very well could do

17   that.

18       MR. CLEMENTS:  Okay.

19       THE COURT:  All right.  Now, have you

20   discussed the facts and your involvement in

21   this case with your lawyer?

22       MR. CLEMENTS:  Yes, sir.

23       THE COURT:  And did you commit the offense

24   of Conspiracy to Commit a Robbery as set forth

25   in the -- in the indictment?

1    MR. CLEMENTS:  Yes, sir.

2    THE COURT:  And did you commit the offense

3    of Possession of Short Barrel Shotgun as set

4    forth in that indictment?

5    MR. CLEMENTS:  Yes, sir.

6    THE COURT:  And has anyone made any

7    threats or offered you any hope of reward or

8    given you any inducement or promises in order

9    to get you to plead guilty?

10    MR. CLEMENTS:  No, sir.

11    THE COURT:  Has anyone promised you a

12    particular sentence or a lighter sentence or

13    probation to get you to plead guilty?

14    MR. CLEMENTS:  No, sir.

15    THE COURT:  Do you understand convictions

16    in these cases can be used to increase

17    punishment under the Alabama Habitual Offender

18    Law if you are convicted of another felony in

19    the future?

20    MR. CLEMENTS:  Yes, sir.

21    THE COURT:  Are you pleading guilty of

22    your own free will and because you are guilty?

23    MR. CLEMENTS:  Yes, sir.

24    THE COURT:  Do you understand that by

25    entering these pleas of guilty you are

1  basically waiving your rights to an appeal as

2  set forth on the back of Forms A and then

3  outlined by your lawyer on this form -- or

4  these forms?

5       MR. CLEMENTS:  Yes, sir.

6       THE COURT:  Ms. Lauderdale, have you

7  conferred with Mr. Clements and advised him

8  concerning the facts of these cases and his

9  rights?

10       MS. LAUDERDALE:  Yes, Your Honor.

11       THE COURT:  Have you explained the nature

12  of the charges to him?

13       MS. LAUDERDALE:  Yes, sir.

14       THE COURT:  Do you recommend the Court

15  accept his pleas?

16       MS. LAUDERDALE:  Yes, sir.

17       THE COURT:  Have you promised him that

18  he would receive probation or a split

19  sentence?

20       MS. LAUDERDALE:  No, sir.

21       THE COURT:  Have you conferred with him

22  regarding his appellate rights?

23       MS. LAUDERDALE:  Yes, sir.

24       THE COURT:  Mr. Clements, to the charge of

25  Conspiracy to Commit Robbery in the First

```
 1      Degree, how do you plead?
 2              MR. CLEMENTS:   Guilty.
 3              THE COURT:  To the charge of Possession of
 4      a Short Barrel Shotgun, how do you plead?
 5              MR. CLEMENTS:  Guilty.
 6              THE COURT:  Based upon your pleas of
 7      guilty, I adjudicate you guilty of these two
 8      offenses.
 9                      Do you have anything to say at
10      this time why judgment and sentence of the
11      Court should not be pronounced upon you?
12              MR. CLEMENTS:  No, sir.
13              THE COURT:  Okay.  Nothing to say in
14      either case?
15                      (No response.)
16              THE COURT:  All right.  All right, sir.
17      Let's go back over this plea recommendation I
18      am marking as Form C.  Is that -- is that your
19      signature on that form?
20              MR. CLEMENTS:  Yes, sir.
21              THE COURT:  On the reverse side, you see
22      an affidavit of prior felony convictions.  Is
23      that your signature on that form?
24              MR. CLEMENTS:  Yes, sir.
25              THE COURT:  All right.  Mr. Clements, in
```

1    the Conspiracy to Commit Robbery in the First

2    Degree case, there would a sentence of

3    twenty-three years.  Pay court costs.

4    Attorney's fees of $500.  Restitution does not

5    seem to apply.  $75 Victim's Compensation Fund

6    Assessment.

7                   And what about your jail credit?

8    How long have you been in jail?

9         MR. CLEMENTS:  Eight months.

10        THE COURT:  Okay.  Have you been in jail

11   ever since the warrant was served on you in

12   this case; since the night of the arrest?

13        MR. CLEMENTS:  Yes, sir.

14        THE COURT:  Okay.  That was February 13th,

15   2003.  Is that correct?

16        MR. CLEMENTS:  Yes, sir.

17        THE COURT:  All right.  Your sentence is

18   placed into effect.

19                   For the Short Barrel Shotgun

20   case, ten year sentence.  This would run

21   concurrently.  Court cost.  Attorney's fees

22   have already been assessed.  Victim's

23   Compensation Fund Assessment $75.  Jail credit,

24   again, from February 13th, 2003.

25                   The case number 03-324 is nolle

```
1    prossed without costs.  Case number 03-326,

2    Possession of Burglary Tools, is nolle prossed

3    without costs.

4              All right, sir.  At this time you

5    will be transferred to the penitentiary or

6    placed in line to be transferred to the

7    penitentiary to serve these two sentences.  Do

8    you have any questions whatsoever?

9         MR. CLEMENTS:  No.

10                   (Mr. Clements talking to Ms.

11                   Lauderdale.)

12        THE COURT:  No.  You pled guilty in both

13   cases.  So when I say --

14        MS. LAUDERDALE:  Run concurrent.

15        MR. CLEMENTS:  Okay.

16        MS. LAUDERDALE:  You got a twenty-three

17   year sentence and a ten year sentence and they

18   will run together.

19        THE COURT:  Do you have any questions?

20        MR. CLEMENTS:  No, sir, except I have an

21   FTA on me at the City.

22        THE COURT:  City of --

23        MR. CLEMENTS:  Opelika.

24        THE COURT:  For what?

25        MR. CLEMENTS:  Driving while suspended.  I
```

1    was locked up and didn't get to go to court.

2    I would like to have that took care of before I

3    go to prison.

4         THE COURT:  You probably need to file a

5    motion for a speedy trial at the Opelika City

6    Court.

7         MS. LAUDERDALE:  Okay.   I will do that.

8         THE COURT:  Okay.

9                   (Whereupon, the proceedings in

10                   this case were concluded)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

20

## REPORTER'S CERTIFICATE

I do hereby certify that the above and foregoing transcript of proceedings in the matter aforementioned was taken down in machine shorthand, and that the questions and answers thereto reduced to writing under my personal supervision, and that the foregoing represents a true and correct transcript of the proceedings.

I further certify that I am neither of counsel nor related to the parties to the action, nor am I in any wise interested in the result of said cause.

DATED this the 12th day of September, 2003.


JANET C. SMITH
OFFICIAL COURT REPORTER

IN THE CIRCUIT COURT OF LEE COUNTY, ALABAMA

| | | |
|---|---|---|
| STATE OF ALABAMA, | * | |
| | * | |
| vs. | * | CASE NO. CC 03-323 |
| | * | |
| ROBERT WAYNE CLEMENTS, | * | |
| | * | |
| Defendant. | * | |

F I L E D

SEP 0 8 2004

IN OFFICE
CORINNE T. HURST
CIRCUIT CLERK

**ORDER**

On July 23, 2004, the Defendant filed a Petition pursuant to Rule 32 of the Alabama Rules of Criminal Procedure. On August 12, 2004, the Assistant District Attorney, Robert Treese, filed a detailed response on behalf of the State of Alabama.

A review of this file indicates that the Defendant was indicted for Conspiracy to Commit Robbery in the First Degree, Case Number CC 03-323, Attempted Burglary in the First Degree, Case Number CC 03-324, Possession of a Short-Barreled Shotgun, Case Number CC 03-325 and Possession of Burglary Tools, Case Number CC 03-326. On August 13, 2003, the Defendant entered a Plea of Guilty to Conspiracy to Commit Robbery in the First Degree and Possession of a Short-Barreled Shotgun. Pursuant to the Plea Recommendation, the Defendant was sentenced to 23 years as a Habitual Offender for the Conspiracy to Commit Robbery in the First Degree, and was sentenced to ten years for the Possession of a Short- Barreled Shotgun. These sentences were to run concurrently with one another. A copy of the Plea Recommendation is attached hereto and marked as Exhibit "A". The Affidavit of Defendant regarding his prior felony convictions, indicated that the Defendant had two felony convictions. A copy of this Affidavit is found on the reverse side of Exhibit "A".

In his Rule 32 Petition the Defendant alleges as follows:

A.    That the Constitution of the United States or the State of Alabama requires a new trial, a new sentencing proceeding or other relief because:

    1.    The conviction was obtained by use of a coerced confession;
    2.    The conviction was obtained by use of evidence gained pursuant to an unconstitutional search and seizure;
    3.    The conviction was obtained by use of evidence gained pursuant to an unlawful arrest;

4.  The conviction was obtained in violation of the privilege of self-incrimination;

5.  The conviction was obtained by an unconstitutional failure of the prosecution to disclose to the Defendant evidence favorable to the Defendant;

6.  The conviction was obtained by the denial of effective assistance of counsel.

B.  That the Court was without the jurisdiction to render the judgment or impose the sentence.

C.  Newly discovered evidence.

Furthermore, the Petitioner states that he did not file an appeal within the prescribed time because he was allegedly not informed of his right to appeal by his Attorney. The Defendant attached a lengthy Memorandum to his Petition.

The District Attorney has also filed a detailed response to the Petition. In his Response, the District Attorney states as follows:

a.  The Defendant is precluded from relief pursuant to Rule 32.2 of the Alabama Rules of Criminal Procedure because the grounds alleged in the Defendant's Petition:

    (1)  In part could have been but were not raised at trial, unless the ground for relief arises under Rule 32.1(b);

    (2)  In part could have been but were not raised on appeal, unless the ground for relief arises under Rule 32.1(b);

    (3)  The Defendant's Petition is due to be dismissed because it is not meritorious on its fact and fails to state a claim for which relief could be given;

    (4)  The Defendant's Petition is due to be dismissed because no material of fact or law exists which would entitle the Petitioner for relief under these Rules.

First, the Defendant raises the issue that:

"The Petitioner's conviction obtained by a Plea of Guilty which was unlawfully induced or made voluntarily without the understanding of the nature of the charge and the consequences of the plea."

Under this issue, the Petitioner raises the contention that he was not informed of the range of punishment in this case. However, a review of this file indicates that the Defendant signed an "Ireland Form" which sets forth the range of punishment. A copy of said form is attached hereto and marked as Exhibit "B". Furthermore, the Court has reviewed a copy of the Plea transcript. Twice the Court reviewed the range of punishment with the Defendant, once at the beginning of the Plea and again after the Defendant was placed under oath. The Court sentenced the Defendant pursuant to the Plea Recommendation. Furthermore, it should be noted that the Defendant does not contend as to exactly how the Court mis-informed the Defendant. Under this issue, the Defendant also made certain allegations against his Court-appointed Attorney. The Court will address this issue later in this Order.[1]

2.    The Defendant contends that the conviction was obtained by use of a coerced confession from the Defendant and the alleged Co-Defendant.

As the District Attorney stated in his response, the State did not obtain a conviction as a result of the use of a coerced conviction, involuntarily waived Memoranda Rights, nor any illegal seizure of any evidence, whatsoever, because the Defendant entered a guilty plea. Since the Petitioner entered a guilty plea, the necessity of a trial and an admission of the evidence was obviated. As also point out in the District Attorney's Response, the Plea of Guilty was in no way conditioned on the admissibility of the State's evidence and the Court did find that sufficient, factual basis existed for the Plea.

1.    The Defendant contends that his counsel was ineffective. The Defendant listed a long litany of items that his Attorney allegedly did not do.

This Court is very familiar with the trial work of Attorney Lauryn Lauderdale. The Court believes Attorney Lauryn Lauderdale to be an ethical and conscientious Attorney. Furthermore, there are several examples where the Defendant allegations are easily disproved:

I.    The Defendant contends that he did not agree to waive his Arraignment. However, a copy of the Waiver of Arraignment Form contains the Defendant's signature. A copy of said Waiver of Arraignment Form is attached hereto as Exhibit "C".

II.   The Defendant alleged that he was not informed of his appellant rights. However,

---

[1]As stated, the Court has reviewed the Defendant's Guilty Plea. At one point, the Court mis-spoke regarding the range of punishment, however, in the Court's opinion it was not material since it dealt with only the range of punishment if the Defendant had one prior felony instead of two prior felonies. The Court stated that if the Defendant had only one prior felony, the minimum sentence would be twenty (20) years. However, the Court properly informed the Defendant of the minimum sentence if the Defendant had two prior felonies. The Defendant admitted he had two prior felonies and all paperwork submitted to the Court indicated that the Defendant has two prior felonies.

the Plea Colloquy contains the following language:[2]

"Do you understand that by entering these pleas of guilty you are basically waiving your right to an appeal as set forth in more detail on back of Form A." (The Form A would be the Ireland Form.)

4.    The Defendant contends that the Court was without jurisdiction to enter this Judgment.

This allegation is without merit.

5.    The Defendant contends that there is newly discovered evidence which will require that his conviction be vacated.

The Defendant never sets forth exactly what the newly discovered evidence is other than it pertains to the Petitioner's Co-Defendant's statement. As pointed out in the State's Response, it has neither been pled nor proven that the Petitioner's Counsel did not know the existence of the Co-Defendant's statement. Furthermore, it has not been pled or proven as to exactly how this statement was perjury. It has not been pled or proven that even if the statement was perjury that such would not have been anything more than impeachment. The Petitioner has failed to state how this evidence would demonstrate his actual innocence.

6.    The Defendant contends that this Indictment was fatal.

This argument is without merit.

7.    The Defendant contends that the trial Judge should have recused himself.

First, there was no Motion to Recuse filed in this case, however, the Contentions set forth in the Memorandum pertain to District Judge Russell Bush, who the Defendant contends is a friend of the victim. The Defendant seems to be arguing that this friendship caused Judge Bush to set high bonds. However, a review of this file reveals that it was District Judge Michael Nix set the original bonds in these cases, not Judge Bush. Since the Defendant entered a plea of guilty and was sentenced to twenty-three (23) years, any issue regarding a bond is moot. If the Defendant had any objection regarding to his bonds, he should have filed the appropriate Motion to have his bonds address prior to entering of his pleas. Furthermore, the Petitioner alleges that

---

[2]The Ireland Form is attached hereto, as previously stated in Paragraph One above. This form set forth the language wherein the Defendant is waiving his right to an appeal by entering these pleas of guilty.

the undersigned acted in concert with Judge Bush to maintain the bonds at a high amount. This Court simply will not address such a ridiculous accusation.

The Court has reviewed the pleadings and files in these cases. The Court is of the opinion that said Petition is due to be dismissed. The Court finds that there is no material issue of fact or law that would entitle the Petitioner to relief and no purpose would be served by further proceedings. IT IS THEREBY ORDERED, ADJUDGED AND DECREED that this Petition is dismissed and the District Attorney's Motion for Summary Dismissal is granted.

The Clerk of the Court is ordered to mail by ordinary mail or deliver a copy of this order as follows:

Hon. Nick Abbett
Lee County Justice Center
Opelika, AL 36801-6847

Robert Wayne Clements
A.I.S. #145598, Dorm - 9/A-22
200 Wallace Drive
Clio, AL 36017-2615

DONE this the 2nd day of September, 2004.

JACOB A. WALKER, III
Circuit Judge

PLEA RECOMMENDATION
Exhibit A

IN THE CIRCUIT COURT OF

ATE OF ALABAMA,                                    *

                PLAINTIFF,                          *       LEE COUNTY, ALABAMA

                                                    *

        VS.                                         *

obert Wayne Clements                               *

                DEFENDANT.                          *       CASE NO. ___CC-2003-323/324/325/326___

Comes now the State of Alabama, by and through its District Attorney, Nick Abbett, and shows unto this Court
t the Defendant has been indicted by the Grand Jury of Lee County, Alabama, for the following offense(s):

   CC-2003-323 Conspiracy to Commit Robbery I _____

   CC-2003-324 Attempted Burglary I _____

   CC-2003-325 Possession of Short Barreled Shotgun _____

   CC-2003-326 Possession of Burglar's Tools _____

The State of Alabama, by and through its District Attorney, Nick Abbett, after considering all the facts and law
rtaining to the charge(s) against the Defendant, and the Defendant's Affidavit of Prior Felony Convictions as shown
this form, recommends to this Court that should the Defendant desire to plead guilty, that the following disposition
the case(s) be Ordered by this Court:

*CONSPIRACY TO COMMIT ROBBERY I — 23 years + costs as mc*
*possession of short barreled shotgun — 10 years + costs c/c*
*with above.*

*Remaining cases N.P. no costs*

It is further agreed to by the Defendant, and his/her attorney of record, that should the hereinabove set out
ommended disposition of the case(s) against the Defendant be approved by the Court, that the Defendant will enter
lea of guilty.

DONE this the __5__ day of __August_____, 20 03 .

_Robt W Clements_____                  _Nick Abbett_____
        DEFENDANT                                   DISTRICT ATTORNEY

                                           RESTITUTION DUE:
Lauren Lauderdale_____                      0
TTORNEY OF RECORD FOR DEFENDANT            _____

_Lauren A Lauderdale_____              _____
ATTORNEY'S SIGNATURE                       _____

                                           _____