STATE OF ALABAMA,      *   IN THE CIRCUIT COURT OF

            *

    PLAINTIFF,     *   LEE COUNTY, ALABAMA

            *

  VS.         *

_Robert Clements_     *

    DEFENDANT.    *   CASE NO. _____

## AFFIDAVIT BY DEFENDANT OF PRIOR FELONY CONVICTIONS

Before me, the undersigned attesting officer, personally appeared _Robert Clements_

_____, who being duly sworn, says on oath the following:

A.  I have been convicted of the following felony offenses and <u>no others</u>:

_Bad Checks_

_Burglary 3 Rd theft of property_

_____

_____

_____

B.  I understand that if I have been previously convicted of any felony offense that I must be sentenced now under the Alabama Habitual Offender Act;

C.  I understand, further, that should I fail to reveal all of my prior felony convictions on this Affidavit, that his Plea Recommendation by the District Attorney shall be null and void and that I may be subject to prosecution for perjury.

_Robert Clements_
       DEFENDANT

SWORN TO and subscribed before me this the ___ day of _August_ , 2003 .

_Jacyn A. Loududall_
       NOTARY PUBLIC
    My Commission Expires 11/04/06

Form CR-52 (back)  Rev. 7/02    EXPLANATION OF RIGHTS AND PLEA OF GUILTY

Exhibit B 14

| | EXPLANATION OF RIGHTS AND PLEA OF GUILTY | Case Number |
|---|---|---|
| ite of Alabama<br>ified Judicial System<br><br>rm CR-52 (front)    Rev. 7/02 | **EXPLANATION OF RIGHTS AND<br>PLEA OF GUILTY**<br>(Habitual Felony Offender — Circuit or District Court) | ☐ Count CC03-323<br>*(count #, if applicable)* |

N THE _Circuit_ COURT OF _Lee_, ALABAMA
*(Circuit or District)*          (Name of County)

STATE OF ALABAMA v. _Robert Wayne Clements_
                                                              Defendant

TO THE ABOVE-NAMED DEFENDANT: After the court was informed that you wish to enter a plea of guilty in this case, this is to inform you of your rights is a criminal defendant.

**PENALTIES APPLICABLE TO YOUR CASE**

You are charged with the crime of _Conspiracy Robbery I_, which is a Class _B_ Felony. The court has been informed that you desire to enter a plea of guilty to ☐ this offense or ☐ to the crime of _____ which is a Class _____ Felony. The sentencing range for the above crime(s) is set out below:

| FELONY | |
|---|---|
| Class A | Not less than ten (10) years and not more than ninety-nine (99) years imprisonment or life imprisonment in the state penitentiary, including hard labor and may include a fine not to exceed $20,000. |
| Class B | Not less than two (2) years and not more than twenty (20) years imprisonment in the state penitentiary, including hard labor and may include a fine not to exceed $10,000. For imprisonment not more than 3 years, confinement may be in county jail and sentence may include hard labor for county. |
| Class C | Not less than one (1) year and one (1) day and not more than ten (10) years imprisonment in the state penitentiary, including hard labor and may include a fine not to exceed $5,000. For imprisonment not more than 3 years, confinement may be in county jail and sentence may include hard labor for county. |

You will also be ordered to pay the costs of court, which may include the fees of any appointed attorney, and restitution if there is any. You will also be ordered to pay an additional monetary penalty for the use and benefit of the Alabama Crime Victims Compensation Commission of not less than $50 and not more than $10,000 for each felony for which you are convicted.

As a reported habitual offender, you are further advised that the Alabama Habitual Offender Act Section 13A-5-9 Ala. Code 1975, as amended by Act 2000-759, provides the following enhanced punishment for anyone who has been previously convicted of one or more felonies and who then is convicted of a subsequent felony:

| Prior Felonies →<br>This offense | No<br>Prior Felonies | One<br>Prior Felony | Two<br>Prior Felonies | Three +<br>Prior Felonies |
|---|---|---|---|---|
| Class C Felony | 1 Yr. & 1 Day —10 Years<br>In State Penitentiary<br>Fine Up To $5,000 | 2—20 Years<br>In State Penitentiary<br>Fine Up To $10,000 | 10 — 99 Years or Life<br>In State Penitentiary<br>Fine Up To $20,000 | 15 — 99 Years or Life<br>In State Penitentiary<br>Fine Up To $20,000 |
| Class B Felony | 2 — 20 Years<br>In State Penitentiary<br>Fine Up To $10,000 | 10 — 99 Years or Life<br>In State Penitentiary<br>Fine Up To $20,000 | 15 — 99 Years or Life<br>In State Penitentiary<br>Fine Up To $20,000 | Mandatory Life Imprisonment or<br>any term of not less than 20<br>years Fine Up To $20,000 |
| Class A Felony<br>(No prior convictions for a<br>Class A Felony) | 10 — 99 Years or Life<br>In State Penitentiary<br>Fine Up To $20,000 | 15 — 99 Years or Life<br>In State Penitentiary<br>Fine Up To $20,000 | Life Imprisonment or Any Term<br>Of Years Not Less Than 99<br>Fine Up To $20,000 | Mandatory Imprisonment For Life<br>or Life Imprisonment Without<br>Possibility of Parole<br>Fine Up To $20,000 |
| Class A Felony<br>(One or more prior<br>convictions for any Class A<br>Felony) | 10 — 99 Years or Life<br>In State Penitentiary<br>Fine Up To $20,000 | 15 — 99 Years or Life<br>In State Penitentiary<br>Fine Up To $20,000 | Life Imprisonment or Any Term Of<br>Years Not Less Than 99<br>Fine Up To $20,000 | Mandatory Imprisonment For<br>Life Without Possibility of Parole<br>Fine Up To $20,000 |

This crime is also subject to the following enhancements or additional penalties as provided by law: (Provisions Checked Apply To Your Case)

☒ **Enhanced Punishment For Use Of Firearm Or Deadly Weapon**: Section 13A-5-6, Ala. Code 1975, provides for sentence enhancement where a firearm or deadly weapon was used or attempted to be used in the commission of a felony. This section provides for the following punishment in such event: For the commission of a Class A Felony, a term of imprisonment of not less than 20 years; for the commission of a Class B or Class C Felony, a term of imprisonment of not less than 10 years;

☐ **Enhanced Punishment for Drug Sale Near School**: Section 13A-12-250, Ala. Code 1975, provides that any person who is convicted of unlawfully selling any controlled substance within a three (3) mile radius of a public or private school, college, university or other educational institution, must be punished by an additional penalty of five years imprisonment in a state correctional facility for each violation. This period of imprisonment is mandatory and the punishment imposed shall not be suspended or probation granted.

☐ **Enhanced Punishment for Drug Sale Near Housing Project**: Section 13A-12-270, Ala. Code 1975, provides that any person who is convicted of unlawfully selling any controlled substance within a three (3) mile radius of a public housing project owned by a housing authority must be punished by an additional penalty of five years' imprisonment in a state correctional facility for each violation. This period of imprisonment is mandatory and the punishment imposed shall not be suspended or probation granted.

☐ **Enhanced Punishment For Sales Of Controlled Substance To Anyone Under 18**: Section 13A-12-215, Ala. Code 1975, provides that anyone convicted of selling, furnishing, or giving away a controlled substance to one who has not attained the age of 18 years, shall be guilty of a Class A Felony and the punishment imposed shall not be suspended or probation granted.

☐ **Drug Demand Reduction Assessment Act and Loss of Driving Privileges**: Section 13A-12-281, Ala. Code 1975, provides that, if you are convicted of a violation of §13A-12-202 (criminal solicitation to commit controlled substance crime), 13A-12-203 (attempt to commit a controlled substance crime), 13A-12-204 (criminal conspiracy), 13A-12-211(unlawful distribution of a controlled substance), 13A-12-212 (unlawful possession or receipt of a controlled substance), 13A-12-213 (unlawful possession of marijuana, 1st), or 13A-12-215 (sale, furnishing, etc., of controlled substance by person over age controlled substance).

Form CR-52 (back)    Rev. 7/02

## EXPLANATION OF RIGHTS AND PLEA OF GUILTY
(Habitual Felony Offender - Circuit or District Court)

18 to person under age 18) or 13A-12-231(drug trafficking), Ala. Code 1975, you shall be assessed an additional fee of $1,000 if you are a first-time offender or $2,000 if you are a repeat offender under one of these sections. Collection of all or part of the penalty will be suspended if, with court approval, you enter a drug rehabilitation program and if you agree to pay for a part or all of the program costs. Upon successful completion of the program, you may apply to the court to reduce the penalty by the amount actually paid by you for participation in the program. Any suspension of the penalty can be withdrawn by the court if you fail to enroll in or successfully pursue or otherwise fail to complete an approved program. In addition, pursuant to Section 13A-12-214 (unlawful possession of marijuana in the second degree), Section 32-5A-191(a)(3) or Section 32-5A-191(a)(4)(DUI offenses involving drugs), you will lose your privilege to drive a motor vehicle for a period of six months, which shall be in addition to any suspension or revocation otherwise provided by law.

☐ Alcohol/Drug Related Offenses: If you are convicted of an alcohol or drug-related offense, you will be required to undergo an evaluation for substance abuse. Based upon the results of any such evaluation, you will be required to complete the recommended course of education and/or treatment and to pay for the evaluation and any cost of program to which you are referred. Failure to submit to an evaluation or failure to complete any program to which you may be referred will be considered a violation of any probation or parole you may be granted. You may also be required to attend monitoring sessions, including random drug and alcohol testing or blood, urine and/or breath, tests and to pay a fee for this service. You may request a waiver of part of all of the fees assessed if you are indigent or for any portion of time you are financially unable to pay. Community service may be ordered by the court in lieu of the monetary payment of fees.

☐ DNA Samples for Criminal Offenses in §36-18-24: Section 36-18-25(e), Ala. Code 1975, provides that, all persons convicted of any of the offenses set out in Section 36-18-24(felony offense or any offense contained in Chapter 6 of Title 13A - offenses involving danger to the person - or attempt, conspiracy, or solicitation thereof ), shall be ordered by the court to submit to the taking of a DNA sample or samples.

☐ Drug Possession: If you are convicted in any court of this state for drug possession, drug sale, drug trafficking, or drug paraphernalia offenses as defined in Sections 13A-12-211 to 13A-12-260, inclusive, Ala. Code 1975, an additional fee of $100.00 will be assessed pursuant to Section 36-18-7, Ala. Code 1975.

☐ Other: _____

### RIGHTS YOU HAVE AND WAIVER OF YOUR RIGHTS

Under the Constitution of the United States and the Constitution and laws of the State of Alabama, you have a right to remain silent and you may not be compelled to give evidence against yourself. Your attorney cannot disclose any confidential talks he/she has had with you. You are not required to answer any questions. If you do answer questions knowing that you have a right to remain silent, you will have waived this right.

You have the right to enter, and continue to assert, a plea of "Not Guilty" or "Not Guilty by Reason of Mental Disease or Defect," and have a public trial before a duly selected jury. The jury would decide your guilt or innocence based upon the evidence presented before them. If you elect to proceed to trial, you would have the right to be present, you would have the right to have your attorney present to assist you, you would have the right to confront and cross examine your accuser(s) and all the State's witnesses, you would have the right to subpoena witnesses to testify on your behalf and to have their attendance in court and their testimony required by the court, and you would have the right to take the witness stand and to testify, but only if you chose to do so, as no one can require you to do this. If you elect to testify, you can be cross examined by the State, just as any other witness is subjected to cross examination. If you decide not to testify, no one but your attorney will be allowed to comment about that fact to the jury. Your attorney is bound to see that he/she can honorably and reasonably do to see that you obtain a fair and impartial trial. This presumption of innocence will follow you throughout the trial until if you elect to proceed to trial, you come to court presumed to be innocent. This presumption of innocence will follow you throughout the trial until the State produces sufficient evidence to convince the jury (or the court if the trial is non-jury) of your guilt beyond a reasonable doubt. You have no burden of proof in this case. If the State fails to meet its burden, you would be found not guilty. If you are entering a guilty plea to a charge for which you have not yet been indicted, you are waiving indictment by a grand jury and you will be pleading guilty to a charge preferred against you by a District Attorney's Information filed with the court.

IF YOU PLEAD GUILTY, THERE WILL BE NO TRIAL. YOU WILL BE WAIVING THE RIGHTS OUTLINED ABOVE, EXCEPT YOUR RIGHTS RELATING TO REPRESENTATION BY AN ATTORNEY. THE STATE WILL HAVE NOTHING TO PROVE, AND YOU WILL BE CONVICTED AND SENTENCED BASED ON YOUR GUILTY PLEA. BY ENTERING A PLEA OF GUILTY, YOU WILL ALSO WAIVE YOUR RIGHT TO APPEAL, UNLESS (1) YOU HAVE, BEFORE ENTERING THE PLEA OF GUILTY, EXPRESSLY RESERVED THE RIGHT TO APPEAL WITH RESPECT TO A PARTICULAR ISSUE OR ISSUES, IN WHICH EVENT APPELLATE REVIEW SHALL BE LIMITED TO A DETERMINATION OF THE ISSUE OR ISSUES RESERVED, OR (2) YOU HAVE TIMELY FILED A MOTION TO WITHDRAW THE PLEA OF GUILTY AFTER PRONOUNCEMENT OF SENTENCE ON THE GROUND THAT THE WITHDRAWAL IS NECESSARY TO CORRECT A MANIFEST INJUSTICE, AND THE COURT HAS DENIED YOUR MOTION TO WITHDRAW YOUR PLEA, OR THE MOTION HAS BEEN DEEMED DENIED BY OPERATION OF LAW.

IF YOU HAVE A RIGHT TO APPEAL UNDER ONE OF THE CONDITIONS ABOVE AND YOU ARE DETERMINED BY THE COURT TO BE INDIGENT, COUNSEL WILL BE APPOINTED TO REPRESENT YOU ON APPEAL. IF YOU SO DESIRE AND IF THE APPEAL IS FROM A CIRCUIT COURT JUDGMENT OR SENTENCE, A COPY OF THE RECORD AND THE REPORTER'S TRANSCRIPT WILL BE PROVIDED AT NO COST TO YOU.

IF YOU HAVE ANY QUESTIONS ABOUT YOUR RIGHTS OR THE CONSEQUENCES OF PLEADING GUILTY, PLEASE LET THE COURT KNOW NOW AND FURTHER EXPLANATION WILL BE MADE.

_8 - 13 - 3_ _____    _____
Date                                                Judge

### ATTORNEY'S CERTIFICATE

I certify that the above was fully read to the defendant by me; that I explained the penalty or penalties involved with the defendant; that I discussed in detail the defendant's rights and the consequences of pleading guilty; and that, in my judgment, the defendant understands the same and that he/she is knowingly, voluntarily, and intelligently waiving his/her rights and entering a voluntary and intelligent plea of guilty. I further certify to the court that I have in no way forced or induced the defendant to plead guilty and to my knowledge no one else has done so.

_08/11/03_ _____    _____
Date                                                Attorney

### DEFENDANT'S STATEMENT OF WAIVER OF RIGHTS AND PLEA OF GUILTY

I certify to the court that my attorney has read and explained the matters set forth above; that my rights have been discussed with me in detail and fully explained; that I understand the charge or charges against me; that I understand my rights, the punishment or punishments provided by law as they may apply to my case, and I understand the consequences of pleading guilty; that I am not under the influence of any drugs, medicines, or alcoholic beverages; and I have not been threatened or abused or offered any inducement, reward, or hope of reward to plead guilty other than the terms of the plea agreement which will be stated on the record.

I further state to the court that I am guilty of the charge to which I am entering a plea of guilty, that I desire to plead guilty, that I made up my own mind to plead guilty, and that I knowingly, intelligently, and voluntarily waive my right to a trial in this case. I further state to the court that I am satisfied with my attorney's services and his/her handling of my case.

_08/11/03_ _____    _____
Date                                                Defendant

Exhibit C                    110

| State of Alabama<br>Unified Judicial System<br><br>Form CR-9   Rev. 3/95 | **PLEA OF NOT GUILTY AND WAIVER OF ARRAIGNMENT** | Case Number<br>CC 03-323-326 |

IN THE _Circuit_ COURT OF _Lee_ , ALABAMA
  (Circuit, District, or Municipal)        (Name of County or Municipality)

☑ STATE OF ALABAMA v. _Robert W. Clements_ , Defendant

Comes now, the defendant in the above-styled matter, and to the offense charged enters a plea of

☑ Not Guilty
☐ Not Guilty by Reason of Mental Disease or Defect
☐ Not Guilty and Not Guilty by Reason of Mental Disease or Defect

Defendant acknowledges receipt of the copy of the charge against him/her and further waives the right to have an arraignment at which the defendant is present in person, or at which the defendant is represented by an attorney.

But, the defendant specifically and expressly reserves the right upon the filing hereof to hereafter, but before trial or before such date as may be set by the court, to interpose any defenses, objections, or motions which the defendant had the right as a matter of law or rule to interpose in this cause, prior to the filing hereof.

Defendant's date of birth is _11/19/1968_ Defendant's age is _32_
The defendant is not eligible for consideration by the court for youthful offender status as provided by law.

_4/22/03_
Date                                        Defendant

_4/22/03_
Date                                        Attorney for Defendant

This is to certify that I am the attorney for the defendant in this matter, and that I have fully explained this form and all matters set forth herein, and pertaining hereto, to the defendant. I further state to the court that I have explained to the defendant his right to be arraigned in person and his right to have me represent him at arraignment. I further certify to the court that my client hereby knowingly, voluntarily, and intelligently waives these rights after a full and complete explanation of each and every one of them to him/her by me. BOTH MYSELF AND THE DEFENDANT UNDERSTAND THAT I AM RESPONSIBLE FOR ASCERTAINING WHAT DATE, IF ANY, HAS BEEN SET BY THE COURT FOR THE MAKING OR FILING OF ANY DEFENSES, OBJECTIONS, OR MOTIONS. I FURTHER UNDERSTAND THAT I AM RESPONSIBLE FOR NOTIFYING MY CLIENT OF THE DATE HIS/HER CASE IS SET FOR TRIAL, AND THAT I HAVE ADVISED AND INFORMED HIM/HER THAT IN THE EVENT HE/SHE FAILS TO APPEAR ON THE DATE HIS/HER CASE IS SET FOR TRIAL, ALL APPROPRIATE LEGAL ACTION WILL BE TAKEN BY THE COURT AGAINST THE DEFENDANT AND HIS/HER BOND. I further certify to the court that I have advised my client that he/she is responsible for obtaining the date his/her case is set for trial in this matter and that in the event he/she fails to appear on the date his/her case is set for trial all appropriate legal action will be taken by the court against the defendant and his/her bond, and I hereby certify that the defendant knows that he/she is personally responsible for obtaining the date his/her case is set for trial and for being present in court on that date.

_4/22/03_
Date                                        Attorney for Defendant Signature

_Lauryn A. Lauderdale_
                                            Printed or Typed Attorney's Name

I certify that I served a copy of the foregoing plea and waiver of arraignment on the Prosecutor by mailing/delivering a copy of the same to him/her on:

_4/23/03_
Date                                        _2304-A Gateway Dr. Opelika AL_
                                            Address

This is to certify that my attorney has explained each and every matter and right set forth in this form and I have completely and fully read and do so understand each and every matter set forth in this form. I further state to the court that I do not wish to be personally present at an arraignment in this case and that I do not want to have an attorney represent me at an arraignment and WITH FULL KNOWLEDGE OF EACH OF THESE RIGHTS, I HEREBY EXPRESSLY WAIVE SUCH RIGHTS. I further state to the court that I have been informed of the charge against me and have received a copy of the charge.

_4/22/03_           F I L E D
Date                                        Defendant Signature

Filed in office this date _APR 23 2003_

                                            Clerk                              By _____

IN OFFICE
CORINNE T. HURST
CIRCUIT CLERK

Exhibit B

STATE OF ALABAMA

vs.

*Robert Clements*
Defendant

"COURT'S EXHIBIT B"

IN THE CIRCUIT COURT OF
THE 37TH JUDICIAL CIRCUIT
OF ALABAMA

Case(s) No. CC 03-323, 325

## DEFENDANT'S STATEMENT OF SATISFACTION OF SERVICES RENDERED BY COURT APPOINTED ATTORNEY

TO THE ABOVE NAMED DEFENDANT:

1.  Are you satisfied that your attorney, *Lauryn A. Lauderdale* Esq., is a competent, good attorney and has represented you to your best interest in the settlement of this case (these cases)?

Yes ✓  No _____

2.  Are you satisfied with the plea bargaining in this case (these cases)?  Yes ✓ No _____

3.  Did you plead guilty of your own free will?  Yes ✓ No _____

4.  Has anyone forced you or coerced you in any manner to get you to plead guilty in this case (these cases)?  Yes _____  No ✓

5.  Has anyone promised you anything to get you to plead guilty?  Yes _____  No ✓

If you answered "yes" to questions 1, 2 & 3 and "no" to questions 4 & 5, sign this form indicating your attorney has looked to your best interests and your concurrence with the Statement of Satisfaction.

DONE this the 11 day of August, 2023.

_____
Defendant

Witness:

_____
Circuit Judge

In The Circuit Court For Lee County, Alabama

Robert Clements,
   Petitioner,

     -VS-

State of Alabama
   Respondent.

        \*
        \*
        \*
        \* Case Numbers
        \* CC- 03 - 323, 325
        \*
        \*

FILED
SEP 1 4 2004
IN OFFICE
CORINNE T. HURST
CIRCUIT CLERK

## Motion For Enlargement of Time

Comes now the Petitioner herein and above named in the above and numbered case with inmate para-legal assistance and hereby moves this Honorable Court to entertain and grant this instant motion for the causes following, to wit;

### I.
### Jurisdiction

Your Petitioner hereby files this instant Petition pursuant to: Alabama Rules of Criminal Procedure, Rule # 1.3 (b) and hereby invokes said Rule as jurisdiction for this Honorable Court to entertain and grant this instant motion.

### II.
### Arguments In Support of Granting This Instant Motion

-1-

113

(1).

Petitioner has (50) pages of exhibits and evidence that your Petitioner will be using in Petitioner's upcoming response to the "District Attorney's Response" filed 8-12-04, which your Petitioner received on or about 08-16-04.

At this time your Petitioner does not have any copies of his exhibits and evidence to put in Petitioner's Response to the District Attorney's Response.

Your Petitioner will need (2) copies of the exhibits and evidence, one copy to the court, one copy to the District Attorney which is a total of (100) pages.

Your Petitioner is indigent and the Alabama Dept. of Corrections policy is to charge (.50¢) a copy for prisoners to copy anything which equals to [$50.00] for your Petitioner to pay for the copying of said exhibits and evidence.

Your Petitioner is trying at this time to gain said funds from his family to pay the A.D.O.C. to make enough copies of his exhibits and evidence so that your Petitioner can adequately respond to the District Attorney and provide a copy to this court of said response to the District Attorney.

-2-

(2).

It will take several days to get the copies make once your Petitioner receives the money to pay for said copies.

(3).

Petitioner has to rely on inmate para-legal to help your Petitioner prepare his response to the District Attorney as your Petitioner is not trained in the law and has too low comprehension and analytical skills and has low reading and communication skills.

(4)

Petitioner and his para-legal live in different dorms and it is hard to get to the law library at the same time as Petitioner's inmate para-legal.

(5).

Your Petitioner has to attend school all day and can only access the prison law library with his inmate para-legal maybe (2) hours a week if your Petitioner is lucky.

(6).

The Prison law library has to trade books with the Prison segregation units and several of the books your Petitioner needs are checked out.

—3—

(8)

Petitioner can only receive (12) sheet of paper a week, which, with original to the Clerk; copy to D.A., and copy to your Petitioner equates to being able to do only (4) pages a week.

### III.
### Conclusion & Prayer For Relief

WHEREFORE PREMISES Shown: and pursual to: A.R.Cr.P., Rule # 1.3 (b) your Petitioner pray for an extension of (21) days in which to prepare his response to the "District Attorney's Response" so that your Petitioner can adequately and properly respond to the "District Attorney's Response" so that this Honorable Court can make an informed, fair, and judicial adjudication of your Petitioner's pending Rule # 32 Petition in this Honorable Court.

Executed this the 10th day of September, 2004

Respectfully Submitted,
x Robert Clements
ROBERT Clements,
Petitioner, Pro-Se

— 4 —

116

## Certificate of Service

I hereby certify that I have served upon the Respondents a copy of the foregoing by placing same in the United States mail Box located at Easterling Correctional Facility, postage prepaid and addressed correctly.

Executed this the 10th day of September, 2004

x Robert Clements
ROBERT CLEMENTS
Petitioner Pro-Se


ADDRESS OF PETITIONER:

ROBERT CLEMENTS, PRO-SE
ECF ** 145598 * Dorm - 8/A -
200 - Wallace Drive
Clio, ALABAMA 36017 - 2615

IN THE CIRCUIT COURT FOR LEE COUNTY, ALABAMA

ROBERT WAYNE CLEMENTS, ]

  PETITIONER, ]

     ]

  -vs-  ] CASE NO.S: CC-03-323, 325

     ]

STATE OF ALABAMA, ]

  RESPONDENT. ]

FILED

OCT 1 3 2004

IN OFFICE
CORINNE T. HURST
CIRCUIT CLERK

## MOTION FOR RECONSIDERATION

Comes now, your Petitioner, Pro-Se, herein and above nam-
ed in the above styled and numbered case, with inmate para-
legal assistance and hereby moves this Honorable Court to en-
tertain and grant this instant "Motion" for the causes follow-
ing, to wit;

### I.

### JURISDICTION

Your Petitioner hereby files this instant "Motion" pur-
suant to: Alabama Rules of Criminal Procedure, Rule #32, et.
seq., and; Hamilton-v-State, 677 So. 2d. 1254, certiorari de-
nied.

### II.

### STATEMENT OF THE CASE

#### [1].

On or about July 23, 2004, your Petitioner filed into
Lee County Circuit Court an A.R.Cr.P., Rule #32 Post-Conviction
Petition challenging his conviction and sentence.

#### [2].

On or about, August, 12, 2004, the Respondent filed a
"Response" to your Petitioner's Rule #32 Petition.

#### [3].

On or about September 02, 2004, the Circuit Judge denied
your Petitioner's Rule #32 Petition without an "Evidentiary
Hearing" or a chance to respond to the Respondent's Response.

#### [4].

Your Petitioner shows to this Court that even though the
Respondents filed their response on August 12, 2004, your Pet-
itioner did not receive said response through the prison legal

-1-

mail system until on or about, August, 24, 2004. Your Petit-
ioner further shows to this Court that he was not able to get
the prison law library until 08-26-04 and [7] days later the
trial judge denied your Petitioner's Rule #32 Petition without
an evidentiary hearing or a chance to respond to the Respon-
dent's Response.

[5].

Hence, the filing of this instant "Motion to Reconsider".

III.

ISSUES IN SUPPORT OF GRANTING
THIS INSTANT MOTION

ISSUE #1:

Your Petitioner shows to this Court that your Petitioner
was coerced into a confession in that he was intoxicated to
to the point of not being able to mentally form cognitive and
informed decisions when he was arrested.

Your Petitioner shows to this Court that the individuals
who arrested your Petitioner admitted that your Petitioner
was drunk, as that is why they originally arrested your Petition-
er.

Your Petitioner shows to this Court he was so drunk when
he was arrested that he could hardly sign his name to the wai-
ver of rights form. See Code of Alabama, §13A-3-2, et. seq.,
and; Lovette-v- State, 491 So. 2d. 1034, 1035, and see also;
Exhibits "E-1 & E-2".

The arresting officer and investigating officers were
to wait until your Petitioner was sober so that your Petitioner
could make cognitive and informed decisions about waving his
constitutional rights and making statements to the police and
said investigators.

Hence, any statements are to be suppressed and not to
held against your Petitioner.

ISSUE #2:

Petitioner shows to this Court that he was coerced
into making a plea. Said coercion came from your Petitioner's
attorney in the form of incorrect information to your Petit-
ioner in that said attorney advised your Petitioner that the
forensics tests had come back and that since said tests had
and allegedly implicated your Petitioner the prosecution would

-2-

THAT YOUR Petitioner was further coerced into making a plea because the Court and your Petitioner's attorney advised your that his "bad checks" prior conviction could be used against your Petitioner to enhance your Petitioner's "Conspiracy to Commit Armed Robbery" is a Class "B" felony and with [2] prior convictions including the "bad checks" offense to enhance your Petitioner's punishment. See Exhibit "E-1".

Petitioner further shows to this Court that he "mis-spoke regarding the range of punishment of your Petitioner if he , the Petitioner, had only one prior felony", this is a statement from the Trial Judge in THE JUDGE"S Order to dismiss your Petitioner's Rule #32 Petition. See Exhibit "B-2".

Your Petitioner shows to this Court that "bad checks" is a Class "A" misdemeanor. See Code of Alabama, 1975, §13A-9-13.1.

Hence, your Petitioner was given erroneous information about his "bad check" prior conviction could be used to enhan- your Petitioner's punishment by the Court and Petitioner's attorney. Therefore, Petitioner was coerced into making a "gu- ilty plea" without being properly advised of the minimum and and maximum range of punishments.

Since Petitioner was not properly advised of the proper minimum and maximum range of punishments Petitioner's convict- ion is due be vacated. See Boykin-v-Alabama, 395 U.S. 238, 23 L.ed. 2d. 274, 89 S.Ct. 1709.

### ISSUE #3:

PETITIONER'S CONVICTION WAS OBTAINED BY AN UNC- CONSTITUTIONAL FAILURE OF THE PROSECUTION TO N DISCLOSE EVIDENCE FAVORABLE TO YOUR PETITIONER.

Petitioner shows to this Court that Petitioner's attorney filed a "Motion for Discovery" on or about January 16, 2003. See Exhibit "L-1 thru L-3".

Furthermore, this Court granted said "Motion to Discover" on or about April 15th., 2003. See Exhibit "M".

In your Petitioner's "motion to Discover" your Petitioner asked for, and, the Judge granted requests for "Brady" mater- among other things. See Exhibits "L-1 thru L-3".

-3-

But, this Court either failed to make available everything
to the Petitioner, or, your Petitioner's attorney, even though
this Court granted your Petitioner's Motion for Discovery on
on or about April 15th, 2003. See attached Exhibit "M".

Also, the prosecution failed to make available to your
Petitioner's attorney requested discovery materials, see ex-
hibit "L-1 thru L-3", because your Petitioner's attorney did
shows or discuss anything she had discovered from the prosec-
cution with your Petitioner prior to trial or your Petitioner's
guilty plea.

It was not until February 17, 2004, that your Petitioner
finally saw what the prosecutions alleged evidence was against
your Petitioner. SEE Exhibit "A-14".

Your Petitioner shows to this Court that the prosecution
had a responsibility not only to provide to your Petitioner
through discovery filed by your Petitioner, see exhibit "L-
1 thru L-3", and granted by the court, see exhibit "M", but,
also pursuant to: Brady-v-Maryland, 373 U.S. 83, 83 S.Ct. 1194,
10 L.Ed. 2d. 215 and further pursuant to: Alabama Rules of
Criminal Procedure, Rule # 16, et. seq..

The exculpatory evidence that your Petitioner finally
received and reviewed in February, 2004, should have been pro-
vided to your Petitioner before his trial and guilty plea.

But, apparently your Petitioner's attorney did not have
this information as said attorney did not discuss said inform-
ation with your Petitioner prior to his trial and guilty plea.

Said exculpatory evidence is as follows:

1). Four different conflicting, and, false statements
made by the alleged co-defendant, see exhibits "K-1 thru
"K-14", and;

2). No evidence from the police department or the dep-
artement of forensic science, see exhibits  "C-1 thru
"C-12".

Your Petitioner shows to this Court that "BRADY" reasoned
that if the state court were allowed to withhold potentially
exculpatory evidence which had been demanded through "DISCOVERY"
the State would be able to shape the very nature and outcome
the case, as in your Petitioner's instant case at bar.

Your Petitioner shows to this Court that denial of excu-
lpatory evidence is not only a violation of the [6th] and [14th]
amendments to the United States Constitution, but, also a fur-

[6]. See <u>United States-v-Agurs</u>, 427 U.S. 97, 96 S. Ct. 2392,
4 L.Ed. 2d. 342, and, <u>Miller-v-State</u>, 386 U.S. 1, 87 S.Ct.
785, 17 Led. 2d. 690.

Finally, pursuant to: <u>Alabama Rules of Criminal Procedure</u>,
Rule #16.1[f]: "Nothing in this Rule [Rule 16.1 et. seq., shall
shall be construed to limit discovery of exculpatory evidence
to which your Peititioner is entitled under constitutional
or other provisions of law.]""".

Your Petitioner shows to this Court that the state inti-
mated to your Petitioner's lawyer that evidence from the for-
senics lab indicated to your Petitioner' attorney that your
was guilty according to said evidence they had received. See
Petitioner's lawyer's letter to your Petitioner dated: 06-03-
03, Exhibit "C-3".

In reality, which your Petitioner should have known right
from the start form the Respondents is that there was no evid-
ence, see exhibit "C-1 thru C-12, and, K-1 thru K-2".

If your Petitioner would have known that there was no
evidence against your Petitioner your Petitioner would have
1]. not pled guilty, and; 2]. would have went to trial.

<u>ISSUE #4:</u>

Your Petitioner shows to this Court that pursuant to the
[5th]; [6th]; and, [14th] <u>Amendments to the United States Con-
stitution</u>, Petitioner shall have effective assistance of coun-
sel, whether; counsel was appointed, or, obtained. The level
of representation shall be the same, but, in your Petitioner's
case at bar your Petitioner's representation by his counsel
was so ineffective that it prejudiced your petitioner from
the start by denying your Petitioner effective assistance of
counsel.

Your Petitioner shows to this Court that your Petitioner's
Attorney owed your Peititioner a "duty of loyalty, a duty to
advocate your Petitioner's defense, a duty to consult with
your Petitioner on important decisions, a duty to keep your
Petitioner informed of important developments in the course
of your Petitioner's prosecution, and, a duty to bear such
skill and knowledge as which will render the trial a reliable
testing process of advocating your Petitioner's defense in

-5-

466 U.S. 668, 80 L.Ed. 2d. 674, 104 S.Ct. 2039, and; <u>Chronic</u>-
<u>v-United States</u>, 466 U.S. 648, 80 L.Ed. 2d. 657, 104 S.Ct.
2052.

Your Petitioner shows to this Court that your Petitioner's
provide effective assistance of counsel by not doing the foll-
owing, to wit;

1]. Did not contact the following witnesses who contac-
your Petitioner's attorney to testify in your Petitioner's
behalf. See Exhibit "I-1 thru I-6", and;

2]. Did no investigatory work in your Petitioner's case
because if she had of Petitioner's attorney would have
found out the following:

a]. The shotgun did not belong to your Petitioner,
see exhibits "I-1 thru I-6"; "H-1 & H-2" which shows
that the shotgun was found where the alleged co-def-
endant was parked when the police came by, and;

b]. There was no evidence that your Petitioner ever had
constructive of or physical possession of the alle-
ged shotgun, see exhibit "D-2", and;

c]. No forensics reports that matched your Petitioner
to the alleged shotgun, see exhibits "C-1 thru C-
12".

d]. That your Petitioner was there as he had been
known to come to work there, for legitimate reasons,
see exhibits "G-1 thru G-3", and;

e]. That the alleged co-defendant made four diff-
erent, conflicting, and false statements against
your Petitioner, see exhibits "K-1 thru K-2".

3]. Failed to file recusal of judges in both the district
court and the circuit court as said attorney promised
promised to do in her letter to your Petitioner on 06-
03-03, see exhibit "A-3".

4]. Failed to go over evidence produced by the respond-
ents in response to your Petitioner's "motion for disco-
very", see exhibits "M"; "L-1 thru L-3", and; "C-1 thru
C-12" "I-1 thru I-6", "H-1 and H-2"; "K-1 thru K-14".

5]. Petitioner's attorney failed to file any pre-trial
motions to suppress evidence against your Petitioner [i.e.
inconsistent and false statements against your Petitioner];
see exhibits "K-1 thru "K-14"; witnesses in support of
your Petitioner, see exhibits "I-1 thru I-6"; forensic
tests that dismissed your Petitioner from possession of
the shotgun, mask, gloves, etc., see exhibit "C-1 thru
C-12".

6]. Acted in concert with the prosecution to gain a guilty plea from your Petitioner by informing your Petitioner that the state possessed forensic evidence against your Petitioner, see exhibit "A-3", and that because they had said evidence the respondents would only offer [25] years.

Your Petitioner was turning down offers until your your Petitioner was informed by the Petitioner's letter from his attorney dated 06-03-03, see exhibit "A-3", that the state had forensic evidence against your Petitioner which proved to be false as the state had no evidence against your Petitioner. see exhibits "C-1 thru C-12".

7]. Petitioner's attorney took upon herself to not file for a Preliminary hearing without talking to your Petitioner first. see exhibit "A-3".

Your Petitioner has a constitutional and statutory right to a Preliminary Hearing prior to your Petitioner being indicted. Your Peititioner shows to this Court your Petitioner now has learned that there was no evidence linking your Petitioner to the crime and there may have a good chance that your Petitioner would not have been bound over for indicted and since there was no evidence against your Peititioner your Petitioner would have had at least a good chance for bail reduction. See exhibits "A-1, C-1 thru C-12; D-2; I-1 thru I-6; "K-1 thru K-14".

8]. Did not investigate the alleged co-defendant's [4] different, inconsistent, and false statements, see exhibits "K-1 thru K-14".

9]. Did not investigate to see if the prosecution had exculpatory evidence, which; they did. see exhibits "C-1 thru C-12".

10]. Failed to go over any evidence with your Petitioner or discuss strategy for your Petitioner.

11]. Filed to discuss and prepare for your Petitioner's defense for a trial and even informed your Petitioner "WHY, YOUR GOING TO LOSE ANYWAY" this is in contrast as with what said attorney said to your Petitioner's wife, "I CAN WIN THIS CASE".

12]. Failed to file "Motion to Suppress and Motion to QUASH" because of no evidence against your Peittioner. See exhibits "C-1 thru C-12"; "I-1 thru I-6"; "K-1 thru K-14".

13]. Failed to file "Motion for change of Venue" AS YOUR Petitioner's attorney promised in a letter to your Petitioner dated 06-03-03 see exhibit "A-3".

14]. Asked attorney to withdraw but she refused to, see exhibit "A-3".

-7-

titioner's attorney was ineffective on several occasions, thus, Petitioner's conviction and sentence are due to immediately be vacated by this Honorable Court. See Terry-v-State, 601 So. 2d. 161, certiorari denied; Waver-v-State, 401 So. 2d. 344; Gore-v-State, 227 So. 2d. 432, 45 Ala. App. 146, cert. denied 227 So. 2d. 435, 284 Ala. 729, certiorari denied, 90 S.Ct. 1002, 397 U.S. 966, 25 L.Ed. 2d. 258.

<u>ISSUE #5:</u>

Your Petitioner shows to this Court that your Petitioner's indictment is fatal. See exhibit "D-1".

Your Petitioner shows to this Court that said "Indictment" is fatal as nowhere in said indictment does it so state "KNOW-INGLY".

The indictment is defective... if it fails to charge that Petitioner "knowingly" committed the act for which your Petitioner arrested for and convicted and sentenced of.

The Court is " without authority to add to, or to take from **any** of the material averments. See Crump-v-State, 30 Ala. App. 241, 242. 4 So. 2d. 1941.

Alabama Courts have expressly recognized that "knowledge" is the essential element to the conviction for **any** offense. See Walker-v-State, 356 So. 2d. 672, and; Donahoo-v-State, 505, So. 2d. 1067, 1070.

Your Petitioner further shows to this Court that your Petitioner's indictment failed to even charge "CONSPIRACY". See ALABAMA RULES OF CRIMINAL PROCEDURE, Rule # 15.5 [c] [2], and' Rule #16.2 [a] [d], hence, Petitioner's indictment is fatally deficient and this Court never had jurisdiction to try your Petitioner, muchless; convict and sentence your Petitioner. See  580 So. 2d. 30.

Your Petitioner further shows to this Court that he pled guilty in this instant case at bar and that by pleading guilty your Petitioner would waive any irregularities in an indictment by appearing and pleading in a trial court, because his plea to the merits is held as an admission that the indictment is valid.

-8-

However, "[t]he **only** exception to this is when an indict-
ment fails to include an essential element of the offense which
leaves the accused unaware of the nature and the cause of the
charge, as in your Petitioner's instant case at bar. See ex-
hibit's "D-1".

Hence, this Court is **bound** to take notice of the defects
in your Petitioner's indictment and render it void, **even** in
the absence of an objection by your Petitioner. See <u>Canada-
v-State</u>, 421 So. 2d. 145; <u>Felder-v-State</u>, 512 So. 2d. 817,
818, and; <u>Barbee-v-State</u>, 417 So. 2d. 612.

### ISSUE # 6:

Your Petitioner shows to this Court that your Petitioner
filed his Rule #32 Post-Conviction Petition pursuant to: <u>New-
ly Discovered</u> material facts in accordance with <u>A.R.Cr.P.</u>,
Rule #32.1 [e] in that your Petitioner, for the first time,
on or about 02-17-03 as your Petitioner's attorney had finally
after several attempts to gain said documents and that pursu-
ant to diligent research was able to file an <u>A.R.Cr.P.</u>, Rule
#32 Petition challenging his illegal and unconstitutional con-
viction.

Your Petitioner shows to this Honorable Court that after
your Petitioner was able to gain his case documents for the
first time on or about 02-17-03, see exhibit "A-4", your Pet-
itioner, within [6] months timely filed his Rule #32 Petition
pursuant to: ¶newly discovered evidence". SEE exhibit "A-4",
and, <u>A.R.Cr.P.</u>, Rule #32.1 [e]. Therefore your Petitioner's
Rule #32 Petition is properly before this Court for proper
adjudication to vacate your Petitioner's conviction and sentence.
"Exhibits " A thru M", were brought forth to your Petitioner
for the first time on or about 02-03-03, see exhibit "A-4".

### ISSUE #7:

Your Petitioner shows to this Court that the Judges that
were reviewing your case, [i.e. Nix and Walker] were prejudi-
cal against your Petitioner as said Judge were friends with
the alleged victim's family.

Your Petitioner shows to this Court that your Petitioner's
bail was [$5,000] and that at a later date said Judge[s], for
no reason raised your Petitioner's bail to [$1,760,000], see

exhibit "A-2". Your Petitioner further shows to this Court

that your Petitioner asked your Petitioner to file for an change of venue and said attorney promised to do so, see exhibit "A-3", but, said attorney failed to do so.

Therefore, said prejudice by said Judge[s] violated your Petititioner tight to a fair and equitable bail of [$3,000 to no more #30,000]. See Alabama Rules of Criminal Procedure, Rule #7.2, which; also, violated your Petitioner's U.S.C.A., #[8] rights, and; Alabama Constitution, 1901, Art. I, §[6] rights for fair bail. See Williams-v-Faucett, 579 So. 2d. 572.

Furthermore, your Petitioner shows to this Court that since said Judge[s] were friends of the family said Judge[s] should have recused themselves, but, failed to do so which put them in violation of Canon of Judicial Ethics, #3 , subds. C, C[1], See also, Ex Parte Duncan, 638 So. 2d. 1332.

IV.

CONCLUSION AND PRAYER FOR RELIEF

**WHEREFORE PREMISES SHOWN**, and pursuant to: A.R.Cr.P., Rule #32, et. seq., your Petitioner hereby prays that this Court; 1]. Rescind its "ORDER" of 09-02-04 dismissing your Petitioner's Rule #32 Petition, and; 2]. reinstate your Petitioner's Rule #32 Petition and ORDER a evidentiary hearing on said Rule #32 Petition as soon as possible, and; 3]. If the facts prevail in your Petitioner's Rule #32 Petition then "ORDER" your Petitioner's conviction and sentence immediately vacated.

Your Petitioner finally prays that this COURT GRANT WHAT FURTHER RELIEF that this court deems just, proper, and, necessary. Executed this the 6 day of October, 2004.

Respectfully Submitted,

X Robert Clements

ROBERT WAYNE CLEMENTS
PETITIONER, PRO-SE

LAW OFFICES OF

# GULLAGE AND TICKAL, LLP

ATTORNEYS AT LAW

2304-A GATEWAY DRIVE
OPELIKA, ALABAMA 36801

TELEPHONE: 334-749-5115
FACSIMILE: 334-742-0999
www.Lawyers.com/Gullage&Tickal

JAMES T. GULLAGE
JEFFREY G. TICKAL

KENT M. LAUDERDALE
LAUREN AKENS LAUDERDALE

March 14, 2003

Robert Wayne Clements
P.O. Box 2407
Opelika, AL 36803-2407

Dear Mr. Clements:

You were charged with attempted robbery, and the Hon. Jerry Hauser was appointed to represent you. Since this charge arises out of the same warrants as the ones that I am representing you on, Mr. Hauser filed a motion to withdraw and I filed a notice of appearance. I spoke with Det. Bugg, and since there is no new evidence, I waived the preliminary hearing requested by Mr. Hauser.

The Grand Jury will meet the week of April 7, 2003. Most likely they will determine there is sufficient evidence to go forward with a jury trial, and they will indict you. Once they indict you, I will meet with you and prepare for trial.

If you have any questions, please do not hesitate to contact me.

Sincerely,

Lauryn Akens Lauderdale

LAL:scb

Exhibit A-2

LAW OFFICES OF

## GULLAGE AND TICKAL, LLP

ATTORNEYS AT LAW

2304-A GATEWAY DRIVE
OPELIKA, ALABAMA 36801

TELEPHONE: 334-749-5115
FACSIMILE: 334-742-0999
www.Lawyers.com/Gullage&Tickal

JAMES T. GULLAGE
JEFFREY G. TICKAL

KENT M. LAUDERDALE
LAUREN AKENS LAUDERDALE

April 18, 2003

Robert Wayne Clements
P.O. Box 2407
Opelika, AL 36803-2407

Dear Mr. Clements:

Your case was presented to the Grand Jury last week, and they indicted you with the charges of Conspiracy to Commit Robbery First Degree, Attempted Robbery First Degree, Possession of Short Barreled Shotgun, and Possession of Burglar's Tools. The Judge ordered a bond of one million dollars in the Conspiracy to Commit Robbery First Degree, $500,000.00 bond for the Attempted Burglary First Degree, $250,000.00 bond for Possession of Short Barreled Shotgun and $10,000.00 bond for Possession of Burglar's Tools. Your bond totals $1,760,000.00. I will file a motion to reduce your bond, but I doubt it will be granted.

I will meet with you shortly to complete some paperwork before the arraignment which is scheduled for April 24, 2003 at 9:00 a.m.

Sincerely,

Lauryn Akens Lauderdale

LAL:scb

129

LAW OFFICES OF

# GULLAGE AND TICKAL, LLP

ATTORNEYS AT LAW

2304-A GATEWAY DRIVE
OPELIKA, ALABAMA 36801

TELEPHONE: 334-749-5115
FACSIMILE: 334-742-0999
www.Lawyers.com/Gullage&Tickal

JAMES T. GULLAGE
JEFFREY G. TICKAL

KENT M. LAUDERDALE
LAURYN AKENS LAUDERDALE



June 3, 2003

Robert Wayne Clements
P.O. Box 2407
Opelika, AL 36803-2407

Dear Mr. Clements:

I am in receipt of your letter in which asked me to withdraw from your case. Unfortunately, this Court will only appoint you one criminal defense attorney. They will not appoint another. The only way you will be able to get another attorney is if you hire one. With that being said, I will continue to represent you to the best of my ability.

I conveyed to you all of the District Attorney's plea offers. You rejected each one. When he offered 23 years, you refused that one. I went to the District Attorney and offered 15 years. He refused. Once the forensic report came back, he offered 25 years. You refused that offer. He said that he would keep an offer of 30 years open until the end of this criminal term. It is my understanding that you have refused that offer as well. Please be aware that if you do not plead during this criminal term, he will not offer any another plea deals.

I am currently working on a motion to change venue and also preparing this case for trial next term.

I understand that you have requested a lie detector test. Please be aware that they are inadmissible because they are unreliable.

If you still feel strongly about my representing you, please let me know, and I will schedule a hearing before Judge Walker.

Sincerely,

Lauryn Akens Lauderdale

LAL:scb

130

## GULLAGE, TICKAL,
## LAUDERDALE & LAUDERDALE, LLP

ATTORNEYS AT LAW
700 AVENUE D
OPELIKA, ALABAMA 36801
P.O. BOX 230
OPELIKA, ALABAMA 36803-0230

TELEPHONE: 334-749-5115
FACSIMILE: 334-742-0999
www.Lawyers.com/gullageandtickal

JAMES T. GULLAGE
JEFFERY G. TICKAL

February 17, 2004

LAURYN A. LAUDERDALE
KENT M. LAUDERDALE

Robert Clements
ECF #145598 – Dorm 9/A-29
P.O. Box 10
Clio, AL 36017-0010

Dear Mr. Clements:

　　I am in receipt of your letter dated January 12, 2004.  You requested a copy of the statements that Mrs. Clements brought to me as well as a copy of the letters that you mailed to me.  Enclosed please find those documents for your records.

Sincerely,

Lauryn Akens Lauderdale

LAL:scb

Encls.

Exhibit "A-5"

131

miss Lonsdale
I told my wife about the so you
offered me she wants to talk to
you, Please Bring me a copy of
the Transcripts one you come today
my wife seems to think, a lot of
different stuff about my case, you
can tell her about the time that wer
offered, I will see you Today. Please
help me miss Lonsdale, Please try to get
me 15

Thank
you

Exhibit "B"

STATE OF ALABAMA,

PLAINTIFF,

VS.

Robert Clements

DEFENDANT.

THE CIRCUIT COURT OF

LEE COUNTY, ALABAMA

CASE NO. _____

## AFFIDAVIT BY DEFENDANT OF PRIOR FELONY CONVICTIONS

Before me, the undersigned attesting officer, personally appeared _Robert Clements_

_____, who being duly sworn, says on oath the following:

A. I have been convicted of the following felony offenses and no others:

Bad Checks

Burglary 3Rd  theft of property

B. I understand that if I have been previously convicted of any felony offense that I must be sentenced now the Alabama Habitual Offender Act;

C. I understand, further, that should I fail to reveal all of my prior felony convictions on this Affidavit, that lea Recommendation by the District Attorney shall be null and void and that I may be subject to prosecution for y.

_Robert Clems_
DEFENDANT

SWORN TO and subscribed before me this the  5  day of  August  , 2003 .

_____
NOTARY PUBLIC
My Commission Expires 11/04/06

EXPLANATION OF RIGHTS AND PLEA OF GUILTY

EXHIBIT "B-2"

Under this issue, the Petitioner raises the contention that he was not informed of the range of punishment in this case. However, a review of this file indicates that the Defendant signed an "Ireland Form" which sets forth the range of punishment. A copy of said form is attached hereto and marked as Exhibit "B". Furthermore, the Court has reviewed a copy of the Plea transcript. Twice the Court reviewed the range of punishment with the Defendant, once at the beginning of the Plea and again after the Defendant was placed under oath. The Court sentenced the Defendant pursuant to the Plea Recommendation. Furthermore, it should be noted that the Defendant does not contend as to exactly how the Court mis-informed the Defendant. Under this issue, the Defendant also made certain allegations against his Court-appointed Attorney. The Court will address this issue later in this Order.[1]

2.    The Defendant contends that the conviction was obtained by use of a coerced confession from the Defendant and the alleged Co-Defendant.

As the District Attorney stated in his response, the State did not obtain a conviction as a result of the use of a coerced conviction, involuntarily waived Memoranda Rights, nor any illegal seizure of any evidence, whatsoever, because the Defendant entered a guilty plea. Since the Petitioner entered a guilty plea, the necessity of a trial and an admission of the evidence was obviated. As also point out in the District Attorney's Response, the Plea of Guilty was in no way conditioned on the admissibility of the State's evidence and the Court did find that sufficient, factual basis existed for the Plea.

1.    The Defendant contends that his counsel was ineffective. The Defendant listed a long litany of items that his Attorney allegedly did not do.

This Court is very familiar with the trial work of Attorney Lauryn Lauderdale. The Court believes Attorney Lauryn Lauderdale to be an ethical and conscientious Attorney. Furthermore, there are several examples where the Defendant allegations are easily disproved:

I.    The Defendant contends that he did not agree to waive his Arraignment. However, a copy of the Waiver of Arraignment Form contains the Defendant's signature. A copy of said Waiver of Arraignment Form is attached hereto as Exhibit "C".

II.    The Defendant alleged that he was not informed of his appellant rights. However,

_____

[1]As stated, the Court has reviewed the Defendant's Guilty Plea. At one point, the Court mis-spoke regarding the range of punishment, however, in the Court's opinion it was not material since it dealt with only the range of punishment if the Defendant had one prior felony instead of two prior felonies. The Court stated that if the Defendant had only one prior felony, the minimum sentence would be twenty (20) years. However, the Court properly informed the Defendant of the minimum sentence if the Defendant had two prior felonies. The Defendant admitted he had two prior felonies and all paperwork submitted to the Court indicated that the Defendant has two prior felonies.

ALABAMA DEPARTMENT OF
FORENSIC SCIENCES

/DFS# \

## EVIDENCE SUBMISSION FORM

DATE __1/16/03__                    COUNTY WHERE OFFENSE OCCURRED __LEE__

SUSPECT(S) __Robert Wayne Clements__ RACE _W_ SEX _M_ DOB _1/19/66_

             __Michael Lee Williamson__ RACE _W_ SEX _M_ DOB _7/31/72_

SUBJECT(S) _____ RACE ___ SEX ___ DOB _____
    or
VICTIM(S) __Julia M. Tatum__ RACE _W_ SEX _F_ DOB _2/28/21_

REQUESTING OFFICER __Ben Bugg__                    TITLE __Detective__

TELEPHONE NO. __705-5220__ NORMAL DUTY HOURS __8-4__

AGENCY __Opelika Police Department__

MAILING ADDRESS __P. O. Box 2485, Opelika, Alabama  36803-2485__

LAW ENFORCEMENT CASE NO. __03-000320__

YOUR CASE/PROPERTY NO. __03D0057__

TYPE OF CASE (CHARGE) __Att. Burglary I, Poss. Short Barreled Shotgun__

BRIEF HISTORY OF CASE: Clements and Williamson were arrested
attempting to break into a residence. A sawed off shotgun, a ski-mask,
and work gloves were found in the bushes near the front door of the
victim's residence. They were charged with Att. Burglary I, Poss. of a
Short Barreled Shotgun, and Poss. of Burglar's tools.

EVIDENCE SUBMITTED: One sealed manilla envelope labeled Item#8,
containing two brown work gloves. One sealed manilla envelope labeled
Item #9 containing a black knit mask. One sealed manilla envelope
labeled Item #18 containing head hair from Michael Lee Williamson. One
sealed manilla envelope labeled Item #19 containing two Q-tips
containing known saliva of Michael Lee Williamson. One sealed manilla
envelope labeled Item #20 containing head hair from Robert Wayne
Clements. One sealed manilla envelope labeled Item #21 containing two
Q-tips containing known saliva of Robert Wayne Clements.

APR 14 2003

— 18 —

135

<u>EXAMINATION(S) REQUESTED</u>: Try to match defendants DNA with the mask and gloves.

APR 14 2003

136

On 1/13/03, Det. Bugg got saliva and hair from Clements at the Opelika Police Department. A written order was also obtained.

On 1/13/03, Julia Tatum signed warrants on Williamson and Clements, charging them with Attempted Burglary First Degree, Possession of a Short-Barreled Shotgun, and Possession of Burglar's Tools. Before Tatum signed the warrants she told Det. Bugg that she had never given Clements permission to get a mantle from her property.

On 1/13/03, Clements and Williamson were transferred to the Lee County Jail.

On 1/16/03, Det. Bugg took the shotgun, the shotgun shell, and the Vodka bottle to ABI-Latent Print Unit for processing. Det. Bugg advised latent print examiner Rorzell Lohman to forward the gun to DFS after they processed it. A DFS submission form was given to Lohman.

On 1/16/03, Det. Bugg took the ski mask, the gloves, and the known DNA to DFS.

On 1/23/03, Det. Bugg and Det. Vickers served a search warrant at the Clements' residence, 110 Lee Road 445, Opelika, Lee County, Alabama. Det. Vickers recovered a barrel and stock to a shotgun from the residence, which appeared to match the gun recovered at the Tatum residence.

On 1/23/03, Det. Vickers took the barrel and stock to ABI. ABI is going to forward the barrel and stock to DFS after they process it, to be compared with the weapon recovered at the crime scene.

                    Detective Ben Bugg

APR 14 2003

137

## ALABAMA DEPARTMENT OF
## FORENSIC SCIENCES

```
┌──────────────────────────┐
│ /DFS#                    \│
│ \                        /│
└──────────────────────────┘
```

### EVIDENCE SUBMISSION FORM

DATE __1/16/03__          COUNTY WHERE OFFENSE OCCURRED __LEE__

SUSPECT(S) __Robert Wayne Clements__ RACE __W__ SEX __M__ DOB __1/19/66__

__Michael Lee Williamson__ RACE __W__ SEX __M__ DOB __7/31/72__

SUBJECT(S) _____ RACE ____ SEX ____ DOB _____

~~OR~~

ICTIM(S) __Julia M. Tatum__ RACE __W__ SEX __F__ DOB __2/28/21__

REQUESTING OFFICER __Ben Bugg__          TITLE __Detective__

TELEPHONE NO. ____705-5220____ NORMAL DUTY HOURS __8-4__

AGENCY __Opelika Police Department__

MAILING ADDRESS __P. O. Box 2485, Opelika, Alabama  36803-2485__

LAW ENFORCEMENT CASE NO. __03-000320__

YOUR CASE/PROPERTY NO. __03D0057__

TYPE OF CASE (CHARGE) __Att. Burglary I, Poss. Short Barreled Shotgun__

__..IEF HISTORY OF CASE__: Clements and Williamson were arrested attempting to break into a residence.  A sawed off shotgun, a ski-mask, and work gloves were found in the bushes near the front door of the victim's residence.  They were charged with Att. Burglary I, Poss. of a Short Barreled Shotgun, and Poss. of Burglar's tools.

__EVIDENCE SUBMITTED__: One sealed manilla envelope labeled Item#8, containing two brown work gloves.  One sealed manilla envelope labeled Item #9 containing a black knit mask.  One sealed manilla envelope labeled Item #18 containing head hair from Michael Lee Williamson.  One sealed manilla envelope labeled Item #19 containing two Q-tips containing known saliva of Michael Lee Williamson.  One sealed manilla envelope labeled Item #20 containing head hair from Robert Wayne Clements.  One sealed manilla envelope labeled Item #21 containing two -tips containing known saliva of Robert Wayne Clements.

APR 14 2003

*EXHIBIT "C-5"*

Alabama Department of
**Public Safety**

BUREAU OF INVESTIGATION

1 3 8

FINGERPRINT EXAMINATION REQUES
ABI-28 (2-9

Log #134

RETURN TO: LATENT PRINT UNIT
P. O. BOX 1511
Montgomery, AL 36192-030
Phone: (334) 242-4244

TYPE OR PRINT CLEARLY (USE BLACK INK) AND SUBMIT IN TRIPLICATE

CONTRIBUTOR TITLE: DETECTIVE

NAME: BEN BUGG

3. AGENCY: OPELIKA PD

ADDRESS: P. O. BOX 2485

CITY: OPELIKA    STATE: AL    ZIP: 36801

4. PHONE NO: 334-705-5227

5. REPORT TO: BEN BUGG

6. CONTRIBUTOR CASE NO: 03D0057

7. TYPE OF CRIME: ATT. BURGLARY I, POSS. SHORT BARRELED SHOTGU

8. DATE OF CRIME: 1/11/03

9. VICTIM OF CRIME: JULIA M. TATUM

10. DPS LATENT CASE NO: 09-0682-22-03

11. NEW CASE:    12. ADDITIONAL EVIDENCE OR SUSPECT

13. SPECIAL INSTRUCTIONS: PROCESS EVIDENCE FOR PRINTS AND COMPARE WITH KNOWN ROLLED PRINTS

14. SUBMITTED BY: CRAIG VICKERS / BEN BUGG (PRINT NAME)

15. SIGNATURE:

16. AGENCY: OPELIKA PD

17. DATE/TIME: 1/23/03 4:30PM

DETAILED LIST OF ITEMS SUBMITTED: INCLUDE NAME, RACE, SEX, DOB, OF ALL SUSPECTS USE EXTRA SHEETS IF NECESSARY

#1 ONE SEALED MANILLA
ENVELOPE CONTAINING ONE 12ga.
SHOTGUN BARREL, ONE CUT WOOD
STOCK AND ONE STOCK PAD

* PLEASE FORWARD TO DFS
ALONG WITH THE GUN

APR 14 2003

RECEIVED BY: Gayle Peters (PRINT NAME)

EVIDENCE RETURNED TO: (PRINT NAME)

...CE RETURNED BY: (PRINT NAME)

19. FOR DPS USE ONLY

SIGNATURE: Gayle Peters

SIGNATURE:

SIGNATURE:

HOW RECEIVED: Personally

AGENCY:

HOW RETURNED:

DATE/TIME: 1/23/03 4:30PM

DATE/TIME:

DATE/TIME:

LOG NO: | AS | CAS | CLTR | LTR | NLV | TYPE | REV. | EXHIBIT NO:

EXHIBIT "G-6"

139

Alabama Department of
**Public Safety**

BUREAU OF INVESTIGATION   109# 98   FINGERPRINT EXAMINATION REQUE
98   ABI-28 (2-5

RETURN TO: LATENT PRINT UNIT
P. O. BOX 1511
Montgomery, AL 36192-03
Phone: (334) 242-6244

TYPE OR PRINT CLEARLY (USE BLACK INK) AND SUBMIT IN TRIPLICATE

| | |
|---|---|
| CONTRIBUTOR TITLE: **DETECTIVE** | 6. CONTRIBUTOR CASE NO: **03 D 0057** |
| 2. NAME **BEN BUGG** | 7. TYPE OF CRIME: **ATT. BURGLARY I  POSS. SHORT BARRELED SHOT GUN** |
| 3. AGENCY: **OPELIKA POLICE DEPT** | 8. DATE OF CRIME: **1/11/03** |
| ADDRESS P. O. BOX **2485** | 9. VICTIM OF CRIME: **JULIA M. TATUM** |
| CITY **OPELIKA**  STATE **AL**  ZIP. **36801** | 10. DPS LATENT CASE NO: **09-0682-22-03** |
| 4. PHONE NO: **334-705-5227** | 11. NEW CASE:  12. ADDITIONAL EVIDENCE OR SUSPECT |
| 5. REPORT TO: **BEN BUGG** | 13. SPECIAL INSTRUCTIONS: **PROCESS EVIDENCE FOR PRINTS  AND COMPARE WITH KNOWN ROLLED PRINTS** |
| 14. SUBMITTED BY: PRINT NAME **BEN BUGG**  15. SIGNATURE *Ben Bugg* | 16. AGENCY **OPELIKA PD**  17. DATE/TIME **1455 MT 1/6/0** |

18. DETAILED LIST OF ITEMS SUBMITTED: INCLUDE NAME, RACE, SEX, DOB, OF ALL SUSPECTS. USE EXTRA SHEETS IF NECESSARY

#1) KNOWN ROLLED PRINTS OF
ROBERT WAYNE CLEMENTS W/M
1/19/66

#2) KNOWN ROLLED PRINTS OF
W/M MICHAEL WILLIAMSON 7/31/1972

#3) BROWN PAPER BAG LABELED ITEM
10 CONTAINING A 12ga. SAWED OFF
SHOTGUN

#4) MANILLA ENVELOPE LABELED ITEM #
11 CONTAINING A 12 GA SHOT GUN

5) MANILLA ENVELOPE LABELED
ITEM #14 CONTAINING A BOTTLE
OF PREMIUM SKOL VODKA

APR 14 2003

| | | 19. FOR DPS USE ONLY | | |
|---|---|---|---|---|
| RECEIVED BY: PRINT NAME *Peters* | SIGNATURE | | HOW RECEIVED *personally* | DATE/TIME 2:5-5 1/16/03 pm |
| BE RETURNED TO: PRINT NAME | SIGNATURE | | AGENCY | DATE/TIME |
| EVIDENCE RETURNED BY: PRINT NAME | SIGNATURE | -23- | HOW RETURNED | DATE/TIME |
| LOG NO: | | | | |

| AS | CAS | GLTD | | TYPE | REV | EXHIBIT NO: |

VOLUNTARY CONSENT FOR SEARCH OF VEHICLE

DATE: 01-11-03

TIME: 2330 AM / PM

I, MICHAEL WILLIAMSON , having been informed of my constitutional rights not to have a search made of the motor vehicle hereinafter mentioned without a search warrant and of my right to refuse to consent to a search, hereby authorize OFFICER CONVERSE and SGT. BARTON , police officers of the City of Opelika Police Department, Opelika, Alabama, to conduct a search of the motor vehicle described as follows: TAN 1990 HONDA CIVIC  43C 835J 1HGED3542LL002022

These officers are authorized by me to take from the above described motor vehicle any BURGLAR TOOLS

which they desire and any evidence or contraband found can be used in court against me.

This written permission is being given by me to the above named officers voluntarily and without any threats or promises of any kind.

✓ Michael L. Williams

Witness: Richard P Converse

Witness: Alan Barton

TIME SEARCH BEGUN: 2334 AM / PM
TIME SEARCH ENDED: 2344 AM / PM

ITEM(S) SEIZED:

1) 1 PARA CORD BAG      2)

) 1 STUN GUN           4)

5) 1 BLACK SKI MASK    6)

7) NOTHING FOLLOWS     8)
      AOB

9)                     10)

11)                    12)

13)                    14)

15)                    16)

17)                    18)

19)                    20)

21)                    22)

— 24 —   SIGNED: Michael L Williams

APR 14 2003

Exhibit "C-8"



### ALABAMA
# DEPARTMENT OF FORENSIC SCIENCES

| REGIONAL LABORATORY | MEDICAL EXAMINER |
|---|---|
| P.O. BOX 210516 | P.O. BOX 240591 |
| MONTGOMERY, AL 36121-0516 | MONTGOMERY, AL 36124-0591 |
| (334) 242-2938 | (334) 242-3093 |
| FACSIMILE (334) 240-3284 | FACSIMILE (334) 260-8734 |

### EVIDENCE RECEIPT

CASE NUMBER: 03MG00666   ID: 1   TYPE: 05       REFERENCES:                    LAB: MG

AGENCY NUMBER: 03-000320   ORI NUMBER: AL0430200   DAY: THU   DATE: 01/16/2003   TIME: 1340

| SUSPECT | RACE | SEX | BIRTH DATE | AGE | ADULT/JUV |
|---|---|---|---|---|---|
| ROBERT W CLEMENTS | W | M | 01/19/1966 | | A |
| MICHAEL L WILLIAMSON | W | M | 07/31/1972 | | A |

| SUBJECT | RACE | SEX | BIRTH DATE | AGE | ADULT/JUV |
|---|---|---|---|---|---|
| U... M TATUM | W | F | 02/28/1921 | | A |

| INS | CHAIN OF CUSTODY | SIGNATURE | DATE | TIME | AGENCY | LOC |
|---|---|---|---|---|---|---|
| -6 | BEN BUGG | *(signature)* | XXXXXXXXX | XXXX | PD | OPELI |
| | BRIAN K WILSON | *(signature)* | 01/16/2003 | 1340 | ADFS | MG |

SERVICE REQUESTED: EXAMINE AND COMPARE

SECTION OF EVIDENCE:

1. ONE SEALED MANILA ENVELOPE IDENTIFIED TO CONTAIN TWO GLOVES.

2. ONE SEALED MANILA ENVELOPE IDENTIFIED TO CONTAIN ONE MASK.

3. ONE SEALED MANILA ENVELOPE IDENTIFIED TO CONTAIN HAIR COLLECTED FROM MICHAEL WILLIAMSON.

4. ONE SEALED MANILA ENVELOPE IDENTIFIED TO CONTAIN KNOWN ORAL DNA STANDARDS COLLECTED FROM MICHAEL WILLIAMSON.

5. ONE SEALED MANILA ENVELOPE IDENTIFIED TO CONTAIN HAIR COLLECTED FROM ROBERT CLEMENTS.

6. ONE SEALED MANILA ENVELOPE IDENTIFIED TO CONTAIN KNOWN ORAL DNA STANDARDS COLLECTED FROM ROBERT CLEMENTS.

TO:

DETECTIVE BEN BUGG
OPELIKA POLICE DEPARTMENT
P O BOX 2485
OPELIKA, AL 36803-2485

— 25 —



APR 24 2003



ALABAMA
# DEPARTMENT OF FORENSIC SCIENCES

| REGIONAL LABORATORY | MEDICAL EXAMINER |
|---|---|
| P.O. BOX 210516 | P.O. BOX 240591 |
| MONTGOMERY, AL 36121-0516 | MONTGOMERY, AL 36124-0591 |
| (334) 242-2938 | (334) 242-3093 |
| FACSIMILE (334) 240-3284 | FACSIMILE (334) 260-8734 |

September 4, 2003

*[handwritten: STATES EXHIBIT "A" 2 pages]*

*[handwritten: Respondent's Response on Petitioner's Rule # 32 Petition]*

Re:   Case 03MG00666
Julia M. Tatum, subject
Robert W. Clements, suspect
Michael L. Williamson, suspect

MEMORANDUM:   To File

BY:          Joseph M. Saloom, Forensic Scientist

SUBJECT:     Firearms Examination / Laboratory Results

During the course of the investigation of the above styled case, the following items of evidence were received from Forensic Scientist Kelly D. Gross on Wednesday March 26, 2003, by the undersigned.

**Item 7** One sealed cardboard box containing:

**Item 7-A**   One sealed brown paper bag containing one Montgomery Ward single shot 12 gauge shotgun, no visible serial number, with the barrel and the stock cut down. The remaining portion of the stock has black electrical tape wrapped around the pistol grip area, and the forearm is held on with black electrical tape. Laboratory examination of this shotgun revealed the barrel to be cut to a length of 11 $^9/_{16}$ inches and the total length to be 19 inches. This shotgun was test fired using laboratory standard ammunition.

**Item 7-B**   One sealed manila envelope containing one unfired PMC brand plastic shotshell, 12 gauge.

**Item 7-C**   One sealed manila envelope identified to contain one bottle of vodka. No examination will be performed on this item.

*[signature: JM Saloom]*

Firearms Examination   Laboratory Results      Case Number: 03MG00666      Page 1 of 2

Exhibit "C-10"

The following additional items of evidence were received from Forensic Scientist Katherine T. Richert on Tuesday, September 2, 2003, by the undersigned.

Item 8 One sealed manila envelope containing:

Item 8-A    One portion of a shotgun barrel. Laboratory examination of this barrel portion revealed that it has been cut with a tool similar to the tool which cut the barrel on the shotgun described previously as Item 7-A. However, it could not be determined whether or not this barrel portion was cut from the shotgun described previously as Item 7-A.

Item 8-B    One portion of a wooden stock. Laboratory examination of this stock section revealed that it was at one time, one piece with the stock of the shotgun described previously as Item 7-A.

Item 8-C    One rubber slip-on shotgun recoil pad.

Test fired shotshells will be retained in the laboratory for reference purposes. All other evidence in this case will be returned to the appropriate agency at the earliest opportunity.

*Joseph M. Saloom*

DATE: JANUARY 11, 2003                     CASE FILE#:
I/O#: 03-000320
SUB: ATTEMPTED BURGLARY, FIRST DEGREE
VIC: TATUM, JULIA MCKISSICK
DEF: CLEMENTS, ROBERT WAYNE
      WILLIAMSON, MICHAEL LEE
DET: VICKERS

ADDITIONAL#    _____

On January 12, 2003, I, Detective Craig Vickers was at the Opelika Police Department working on the
aforementioned case.  I processed the Honda Civic, gold in color.  I took photographs of the vehicle and
dusted for any latent prints of value.  I was unable to lift or locate any prints of value.  I also did and
inventory of the vehicle's contents.  The vehicle was then placed in the Opelika Police Department's
Impound Lot.

On January 14, 2003, I met with Calvin Ledbetter, the owner of the Honda Civic, at the Opelika Police
Department in reference to releasing him his vehicle.  Ledbetter produced an Alabama Title and proof of
insurance.  The vehicle was released to Ledbetter.  Ledbetter signed the original evidence listings.

Detective Craig Vickers

APR 1 4 2003

- 28 -

State of Alabama
Unified Judicial System

# CASE ACTION SUMMARY
## CONTINUATION

Form C-7  Rev. 2/79

Case Number

_CC_ _0 8_ _323_
ID   YR   Number

Style: State v. Robert Wayne Clements

Page Number _____ of _____ Pages

| DATE | ACTIONS, JUDGMENTS, CASE NOTES |
|------|-------------------------------|
| 5-16-03 | This case is continued to next term of court for lab.  ? Results ? |

FILED IN OFFICE MAY 1 6 2003

VOL 084 PAGE 72

EXHIBIT "C-12"

-29-

[VOL 071 688]                                                                146

INDICTMENT

## THE STATE OF ALABAMA, LEE COUNTY

— • —

### Circuit Court, Spring Term, 2003

— • —

The Grand Jury of said County charge that before the finding of this Indictment  *CC03-323*

Robert Wayne Clements, alias Robert Clements, whose true christian name is otherwise unknown to the

Grand Jury, did agree with Michael Lee Williams, alias, to commit the crime of Robbery First Degree,

(Section 13A-8-41 of the Code of Alabama) with the intent that conduct constituting said offense be

performed and that Robert Wayne Clements did go to the residence of Julia M. Tatum, while said Robert

Wayne Clements was armed with a shotgun, and was in possession of work gloves, ski mask and/or cord

in futherance of said crime, in violation of Section 13A-4-3 of the Code of Alabama,

against the peace and dignity of the State of Alabama.

_____

District Attorney of the 37th Judicial Circuit

Sec. 15-8-150, Code 1975.

Exhibit O-2

VOL 071 PAGE 692                    147

INDICTMENT

## THE STATE OF ALABAMA, LEE COUNTY

———————————•———————————

### Circuit Court, Spring Term, 2003

———————————•———————————

The Grand Jury of said County charge that before the finding of this Indictment __CC03-325__
Robert Wayne Clements, alias Robert Clements, whose true christian name is otherwise unknown to the
Grand Jury, did knowingly and unlawfully possess, obtain, receive, sell, or use a short-barreled rifle or a
short-barreled shotgun, to-wit: 12 gauge shotgun, in violation of §13A-11-63 of the Code of Alabama,

against the peace and dignity of the State of Alabama.

_____
District Attorney of the 37th Judicial Circuit

Sec. 15-8-150, Code 1975.

148

# YOUR RIGHTS

PLACE: _Opelika Police Department_
DATE: _1/12/03_
TIME: _12:26 P.M._                    1/19/66
NAME: _Robert Wayne Clements_         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
EDUCATION: _8th Grade_

*Before we ask you any questions, you must understand your rights.*

You have the right to remain silent.

Anything you say can be used against you in court.

You have the right to talk to a lawyer for advice before we ask you any questions and to have him with you during questioning.

If you cannot afford a lawyer, one will be appointed for you before any questioning if you wish.

If you decide to answer questions now without a lawyer present, you will still have the right to stop answering at any time. You also have the right to stop answering at any time until you talk to a lawyer.

# WAIVER OF RIGHTS

I have read this statement of my rights and I understand what my rights are. I am willing to make a statement and answer questions. I do not want a lawyer at this time. I understand and know what I am doing. No promises or threats have been made to me and no pressure or coercion of any kind has been used against me.

Signed: _Robert Clements_

WITNESS: _____

WITNESS: _____

TIME: _12:29 P.M._

APR 14 2003

- 32 -

149

# YOUR RIGHTS

PLACE: _OPELIKA POLICE DEPARTMENT_
DATE: _1/12/03_
TIME: _1:26 A.m._
NAME: _MICHAEL WAYNE ROBERTS_
EDUCATION: _Completed 8th GRADE_

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
1/19/63

Before we ask you any questions, you must understand your rights.

You have the right to remain silent.

Anything you say can be used against you in court.

You have the right to talk to a lawyer for advice before we ask you any questions and to have him with you during questioning.

If you cannot afford a lawyer, one will be appointed for you before any questioning if you wish.

If you decide to answer questions now without a lawyer present, you will still have the right to stop answering at any time. You also have the right to stop answering at any time until you talk to a lawyer.

# WAIVER OF RIGHTS

I have read this statement of my rights and I understand what my rights are. I am willing to make a statement and answer questions. I do not want a lawyer at this time. I understand and know what I am doing. No promises or threats have been made to me and no pressure or coercion of any kind has been used against me.

Signed: _____

WITNESS: _____

WITNESS: _____

TIME: _1:39 Am_

APR 14 2003

— 33 —

150

**RUTH W. STORY**
Court Administrator
P. O. Box 2421
Opelika, AL 36803-2421
(334) 749-7141

EXHIBIT "E-1"

DATE ___JANUARY 13, 2003___

SUBJECT ___48/72 HOUR HEARING___

TO:

⊙   HON. LAURYN LAUDERDALE        ⊙    _____

⊙                                 ⊙    _____

⊙                                 ⊙    _____

NAME: ___ROBERT WAYNE CLEMENTS___                    (M/F    B/W/O____ AGE: 1-19-66

ADDRESS: __110 Lee Rd 445 (0)__         PHONE: _____

EMPLOYED: _____ MARRIED/SINGLE _____ CHILDREN: _____

CHARGE: ATTMP. BURG. I; POSS. SHORT BARREL SHOTGUN;    DESCRIPTION: _____
        POSS. BURG. TOOLS

BOND AMOUNT: __1 Million__ PRELIMINARY REQUESTED: _____ DATE SET: _____

ATTORNEY APPOINTED: ___LAURYN LAUDERDALE___            BY JUDGE: NIX

LAW ENFORCEMENT AGENCY: ___OPD___        COPY OF WARRANT: ___ COPY OF STATEMENT: ___

ADDITIONAL NOTES: _____

_____

_____

```
CR0872              ALABAMA JUDICIAL INFORMATION SYSTEM      CASE: CC 2003 000323.00
PER: LEW                   CASE ACTION SUMMARY
AGE:   1                   CIRCUIT   CRIMINAL              RUN DATE: 04/15/2003
```

N THE CIRCUIT COURT OF    LEE

JUDGE: JAW

 E  OF  ALABAMA              VS      CLEMENTS ROBERT WAYNE
                                     110 LEE ROAD
A E: CC 2003 000323.00
                                     OPELIKA, AL  36801 0000

OB: 01/19/1966        SEX: M  RACE: U  HT: 0 00  WT: 000    HR:       EYES:
SN: 943000024  ALIAS NAMES:

HARGE01: CONSPIRACY -ROBBERY   CODE01: ROB1C LIT: CONSPIRACY -RO TYP: F #: 001
 FFENSE DATE:                          AGENCY/OFFICER: 0430000 MCMENAM

ATE WAR/CAP ISS:              DATE ARRESTED:
ATE   INDICTED: 04/11/2003    DATE  FILED: 04/15/2003
ATE   RELEASED:         1,000,000.00  8th raised   DATE  HEARING:
OND    AMOUNT:          $500,000.00            SURETIES:

ATE 1: 04/24/2003  DESC: ARRG          TIME: 0900 A
ATE 2: 05/19/2003  DESC: JTRL          TIME: 0830 A

RACKING NOS: GJ 2003 000024 00  /  DC 2003 000259 00    *Where they Raised my Bond*

  DEF/ATY: LAUDERDALE LAURYN AKENS       TYPE: A    *from 5000.00 to 1 million*    TYPE:
           GULLAGE & TICKAL LLT
           2304-A GATEWAY DRIVE
           OPELIKA    AL 36801                              00000

ROSECUTOR: ABBETT NICK

```
TH CSE: GJ2003OG0002400 CHK/TICKET NO:                  GRAND JURY: 67
OURT REPORTER: ---------------- SID NO:    000000000
EF STATUS: JAIL -------------- DEMAND:                       OPER: LEW
```

  4-15-03  DISCOVERY ORDER

| ATE | ACTIONS, JUDGEMENTS, AND NOTES |
|---|---|
| 04/17/03 | NOTICE OF ARRAIGNMENT TO DEFENDANT AND SURETIES |
| 4-18-03 | WRIT ISSUED — executed 4-22-03 |
| 8/03 | Motion to Reduce bond |
| 4-18-03 | REQUEST FOR DISCOVERY ?? check |
| 4-22-03 | WRITTEN PLEA OF NOT GUILTY AND WAIVER OF ARRAIGNMENT FILED BY |
| 4-24-03 | Written plea of not guilty and waiver of arraignment filed. The defendant is granted (5) days to file motions for special pleas. This case is set for docket call on May 9 20 03 at 9:00 A.M. This case is set for docket call on May 19 20 03 at 8:30 A.M. |
|  | FILED IN OFFICE APR 25 2003 |
| 0 2 2003 | STATE'S MOTION FOR DISCOVERY |

*See the exact mat the told me one one told me*

Exhibit G-1

152

---

**144180**

| CUSTOMER'S ORDER NO. | | | | | | DATE | | |
|---|---|---|---|---|---|---|---|---|
| NAME | Tatum | | | | | | | |
| ADDRESS | | | | | | | | |
| CITY, STATE, ZIP | | | | | | | | |

| SOLD BY | CASH | C.O.D. | CHARGE | ON ACCT. | MDSE. RETD. | PAID OUT |
|---|---|---|---|---|---|---|

| QUAN. | DESCRIPTION | | PRICE | AMOUNT |
|---|---|---|---|---|
| 1 | Ship manuel | | | 500 00 |
| 2 | | | | |
| 3 | | | | |
| 4 | | | | |
| 5 | | | | |
| 6 | | | | |
| 7 | | | | |
| 8 | | | | |
| 9 | | | | |
| 10 | | | | |
| 11 | | | | 500 00 |
| 12 | | | | |

RECEIVED BY

KEEP THIS SLIP FOR REFERENCE

Adams 4705

---

**144186**

| CUSTOMER'S ORDER NO. | | | | | | DATE | | |
|---|---|---|---|---|---|---|---|---|
| NAME | Tatum Res 1407 | | | | | | | |
| ADDRESS | | | | | | | | |
| CITY, STATE, ZIP | | | | | | | | |

| SOLD BY | CASH | C.O.D. | CHARGE | ON ACCT. | MDSE. RETD. | PAID OUT |
|---|---|---|---|---|---|---|

| QUAN. | DESCRIPTION | | PRICE | AMOUNT |
|---|---|---|---|---|
| 1 | Ship manuel | | | 575 00 |
| 2 | | | | |
| 3 | | | | |
| 4 | | | | |
| 5 | | | | |
| 6 | | | | |
| 7 | | | | |
| 8 | | | | |
| 9 | Paid | | | |
| 10 | | | | |
| 11 | | | | |
| 12 | | | | 575 00 |

RECEIVED BY

KEEP THIS SLIP FOR REFERENCE

Adams 4705

-36-

Exhibit G a

153

144184

| CUSTOMER'S ORDER NO. | | | | | DATE | |
|---|---|---|---|---|---|---|
| NAME Tatum 745-5530 | | | | | | |
| ADDRESS 1407 OAK lowery Road | | | | | | |
| CITY, STATE, ZIP Daytime 213-706-3652 | | | | | | |
| SOLD BY | CASH | C.O.D. | CHARGE | ON ACCT. | MDSE. RETD. | PAID OUT |

| | QUAN. | DESCRIPTION | PRICE | AMOUNT |
|---|---|---|---|---|
| 1 | 1 | Strip one manuel | | 600 00 |
| 2 | | | | |
| 3 | | | | |
| 4 | | | | |
| 5 | | | | |
| 6 | | | | |
| 7 | | | | |
| 8 | | | | |
| 9 | | | | |
| 10 | | | | |
| 11 | | | | |
| 12 | | | 4 | 600 00 |
| RECEIVED BY | | | | |

adams 4705    KEEP THIS SLIP FOR REFERENCE

- 37 -

EXHIBIT "G-3"



**Receipt 1 (L44118)**

| CUSTOMER'S ORDER NO. | | | | | | | | DATE | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| NAME | Robert Jackson | | | | | | | | | | |
| ADDRESS | Tatum 745-5520 | | | | | | | | | | |
| CITY, STATE, ZIP | 1407 Oaksbury Rd | | | | | | | | | | |

| QUAN. | SOLD BY | CASH | CHARGE | ON ACCT. | MDSE. RETD. | PAID OUT | DESCRIPTION | PRICE | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 1 | | | | | | | Moonll Refinish & stain | 450 | 00 |
| 2 | | | | | | | | | |
| 3 | | | | | | | | | |
| 4 | | | | | | | | | |
| 5 | | | | | | | | | |
| 6 | | | | | | | | | |
| 7 | | | | | | | | | |
| 8 | | | | | | | | | |
| 9 | | | | | | | | | |
| 10 | | | | | | | | | |
| 11 | | | | | | | | | |
| 12 | | | | | | | | | |

RECEIVED BY

KEEP THIS SLIP FOR REFERENCE

4705

**Receipt 2 (L4192)**

| CUSTOMER'S ORDER NO. | | | | | | | | DATE | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| NAME | Tatum | | | | | | | | | | |
| ADDRESS | | | | | | | | | | | |
| CITY, STATE, ZIP | | | | | | | | | | | |

| QUAN. | SOLD BY | CASH | C.O.D. | CHARGE | ON ACCT. | MDSE. RETD. | PAID OUT | DESCRIPTION | PRICE | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | | | | | | | | Dresser Stripped | | |
| 2 | | | | | | | | 3 refinish | 700 | 00 |
| 3 | 1 | | | | | | | small table | 250 | 00 |
| 4 | | | | | | | | Stripped 3 refinish | | |
| 5 | 1 | | | | | | | mirror Stripped 135 | | |
| 6 | | | | | | | | 3 refinish | | |
| 7 | 1 | | | | | | | Dresser | 650 | 00 |
| 8 | | | | | | | | | | |
| 9 | | | | | | | | | | |
| 10 | | | | | | | | Deposit 862 00 | | |
| 11 | | | | | | | | | 1735 | 00 |
| 12 | | | | | | | | | | |

RECEIVED BY

KEEP THIS SLIP FOR REFERENCE

4705

860

= 38 -

State of Alabama
Unified Judicial System
Lee County Form CC-1

Case Num _____ 156

THE ABOVE CHARGING CRIME

*Exhibit "H-1"*

The State of Alabama,
   LEE COUNTY     Amanda Meadows, Mg     Clerk of the District/Circuit Court of Lee
Before me _____ who being first duly sworn,
County, Alabama, personally appeared Julia M. Tatum
deposes and says on oath, that he/she has probable cause for believing and does believe that
Robert Wayne Clements , alias, did possess an explosive, tool, instrument, or other article, to-wit: sawed-off shotgun, ski mask, gloves, shotgun shell, and
para-cord, which are adapted, designed or commonly used for committing or facilitating the commission of an offense involving forcible entry into premises or
theft by a physical taking, with intent to use the same,  in the commission of an offense involving forcible entry into premises or theft by taking in violation of
13A-7-5 of the Code of Alabama, against the peace and dignity of the State of Alabama.

Probable Cause: On or about 1/11/03 at approximately 10:44 p.m., Opelika Police Lt. Terry McMenamin responded to a prowler complaint at
1407 Oakbowery Road, Opelika, Lee County, Alabama.  The resident, Julia M. Tatum, called 911 after she was awakened by her doorbell
ringing.  Upon Lt. McMenamin's arrival he saw a white male, later identified as Robert Wayne Clements, running through the back yard.  Lt.
McMenamin gave chase and ordered Clements on the ground.  Clements was searched and in his pocket was a black and gold 12ga. shotgun
shell and some para-cord.  Lt. McMenamin located a sawed-off 12ga. shotgun, some gloves, and a knit ski mask in the bushes on the southwest
corner of the house near the carport.  In the chamber of the gun was a black and gold shotgun shell.  Prior to officer's arrival Tatum saw a small
tan car back out of her driveway and travel north on Oakbowery Road.  Officer Richard Converse stopped a gold 1990 Honda Civic on
Oakbowery Road near Northgate Drive.  The driver was identified as Michael Lee Williamson.  A consent to search was conducted on his
vehicle and recovered from the vehicle was an empty para-cord package.  On 1/12/03, Det. Ben Bugg advised Robert Wayne Clements of his
Miranda Rights, which he stated he understood.  Clements advised he was at the Tatum residence picking up a mantle that Tatum said he could
have.  On 1/13/03, Det. Bugg advised Michael Lee Williamson of his Miranda Rights, which he stated he understood.  Williamson advised that
Clements had contacted him earlier in the day and asked him if he would take him to take care of some business when it got dark.  Williamson
admitted to picking up Clements and taking him to the Tatum residence on Oakbowery Road and dropping him off.  Williamson advised he saw
Clements walk to the front door with a shotgun.  The victim reports there was no validity to Clement's statement about a mantle.

Sworn to and subscribed before me,
this 13th day of January , 20 03 .     *    Julia M. Tatum
    *    
Amanda Meadows, Mg     *
_____
Clerk, District/Circuit Court

## WARRANT

The State of Alabama,
   LEE COUNTY

To any Lawful Officer of the State of Alabama, Greeting:

   You are hereby commanded to arrest _____ Robert Wayne Clements, alias _____

and bring him/her before District/Circuit Court of Lee County, Alabama, to answer the State of Alabama on a charge of

### POSSESSION OF BURGLAR'S TOOLS, 13A-7-8

said charges preferred by _____ Julia M. Tatum _____

And have you then and there this Writ with your return thereon.

Witness my hand, this 13th day of January _____ A.D. 20 03 _____

Amanda Meadough
_____
Clerk, District/Circuit Court

State of Alabama
Unified Judicial System   AFFIDAVIT CHARGING CRIME   Case Number
Lee County Form CC-1                                          15b

Exhibit "H-2"

The State of Alabama,
**LEE COUNTY**

Before me _Amanda Meadow, M_____ Clerk of the ~~District~~/Circuit Court of Lee County, Alabama, personally appeared _Julia M. Tatum_____ who being first duly sworn, deposes and says on oath, that ~~he/she~~ has probable cause for believing and does believe that

Robert Wayne Clements, alias, did knowingly and unlawfully attempt to enter or remain unlawfully in a dwelling of another, to-wit: the residence of Julia M. Tatum, 1407 Oakbowery Road, Opelika, Lee County, Alabama with intent to commit a crime therein, to-wit: Robbery, and while attempting to effect entry or while in the dwelling or in immediate flight therefrom, the said Robert Clements or another participant, to-wit: Robert Clements, was armed with an explosive or deadly weapon, to-wit: a short-barreled shotgun, in violation of 13A-7-5 and section 13A-4-2 of the Code of Alabama, against the peace and dignity of the State of Alabama.

Probable Cause: On or about 1/11/03 at approximately 10:44 p.m., Opelika Police Lt. Terry McMenamin responded to a prowler complaint at 1407 Oakbowery Road, Opelika, Lee County, Alabama. The resident, Julia M. Tatum, called 911 after she was awakened by her doorbell ringing. Upon Lt. McMenamin's arrival he saw a white male, later identified as Robert Wayne Clements, running through the back yard. Lt. McMenamin gave chase and ordered Clements on the ground. Clements was searched and in his pocket was a black and gold 12ga. shotgun shell and some para-cord. Lt. McMenamin located a sawed-off 12ga. shotgun, some gloves, and a knit ski mask in the bushes on the southwest corner of the house near the carport. In the chamber of the gun was a black and gold shotgun shell. Prior to officer's arrival Tatum saw a small tan car back out of her driveway and travel north on Oakbowery Road. Officer Richard Converse stopped a gold 1990 Honda Civic on Oakbowery Road near Northgate Drive. The driver was identified as Michael Lee Williamson. A consent to search was conducted on the vehicle and recovered from the vehicle was an empty para-cord package. On 1/12/03, Det. Ben Bugg advised Robert Wayne Clements of his Miranda Rights, which he stated he understood. Clements advised he was at the Tatum residence picking up a mantle that Tatum said he could ~~have. On 1/12/03, Det. Bugg advised Michael Lee Williamson of his Miranda Rights, which he stated he understood.~~ Williamson advised that Clements had contacted him earlier in the day and asked him if he would take him to take care of some business when it got dark. Williamson admitted to picking up Clements and taking him to the Tatum residence on Oakbowery Road and dropping him off. Williamson advised he saw Clements walk to the front door with a shotgun. The victim reports there was no validity to Clement's statement about a mantle.

Sworn to and subscribed before me,
this _13th_ day of _January____, 20 _03_.

_Amanda Meadow, M_____
Clerk, ~~District~~/Circuit Court

\* _Julia M. Tatum_____
\*
\*
\*
\*

---

## WARRANT

The State of Alabama,
**LEE COUNTY**

To any Lawful Officer of the State of Alabama, Greeting:

You are hereby commanded to arrest ____Robert Wayne Clements, alias_____

and bring him/~~her~~ before ~~District~~/Circuit Court of Lee County, Alabama, to answer the State of Alabama on a charge of

**ATTEMPTED BURGLARY IN THE FIRST DEGREE, 13A-7-5 (a)(1) & 13A-4-2**

said charges preferred by __Julia M. Tatum_____

And have you then and there this Writ with your return thereon.

Witness my hand, this _13_ day of _January_____ A.D. 20 _03_

_Amanda Meadow, M_____
Clerk, ~~District~~/Circuit Court

EXHIBIT "I-1"

Jan. 17, 03

My name is Cynthia Clements I am married to Robert Clement I am writing this to state we do not have or own any guns & have not in the past. I know this & I am honestly telling the truth. I would be willing on taking a lie detector test to prove this. The shot gun is Michael Williamson's. I have seen him with it at home before. He told us it was for protection for his wife when she was away at night. Robert is not a violet person & has never harmed anyone in any kind of way the time we have been married. Their own son will tell you they had a shot gun in there home.

110 Lee Rd 445          Cindy
Opelika al.                     Clements

Exhibit I-2

My name is Justin Griffith. I am Robert Clements
Step son. I am 12 years old. Robert does not have any guns
at our house. I have not seen any guns at our house. Michael L.
Williamson is married to my aunt and sometimes I spend the night
whith my cousin. a couple of weeks ago me, my 6 years old sister,
and my 15 year sister were over there and Michael and his
bother, Mark were looking at a shot gun and they went outsid
and told us to stay inside. I have seen the gun one time on
top of their refrigerator with bullets beside it.

Justin
Ow Griffith
110 Lee rd #45 Opelika

- 42-

159

Exhibit "I-3"

Jan. 19, 2003

To Whom it may concern,

I am writing this statement to attest to the fact, that I saw Lee Williamson with some type of shot gun in his possession on one particular night. This ~~incident occurred either in the late~~ summer or early fall 2002 on a weekend night at the premises of the Cock & Bull Tavern.

June Laster
337 Lee Rd. 431
Lot #7  Opelika

-43-

EXHIBIT I-4

Jan 19, 200[?]

To whoever,

I Diane Garrett lived with Cindy & Robert Clements for the past 2 years and they never had a gun are used a gun at no time, But I did spend the night with Heather & Lee Williamson at there home where they had ~~a shot gun on the refrigerator~~, Sometime early of Dec 2002,

Your
Diane
Garrett
337 Lee Rd 431
Lot # 7
Opelika al

-44-

EXHIBIT   I-5

161

To whom it may concern,

I am writing this statement on the behalf of Robert Clements. I have known Robert for approximately two years. In this time I have never seen him with any firearms of any kind in his possession. Nor have I ever seen any firearms in his home. I have been in all parts of his home and have had access to this home. I have never seen weapons of any kind.

Dorie Bowen

337 Lee Rd 431
Lot # 7
Opelika Al

January 19th 2003

- 45 -

Exhibit "I-6"

I, Tonya _____ Deen
with my very own eyes. Joe
Williamson was a gun. I
_____ to be _____ to
fire a gun _____ where I
Deen _____ out to _____
with his _____ Mark they
got the gun so the _____
and went _____

not open _____ after
_____ to fire the machine
their there. Off. I _____
Heather _____
went _____
_____ so _____ that _____
_____
_____
to _____ breaking
_____
_____ be _____
got my _____ _____
Joe _____
_____

age: 15

110 Lee Rd 445                    Tonya _____
Opelika. Al. 36804

-46-

EXHIBIT J-1

163

March 13-05

To loredale
I was writeing to find out why my
Bond is so high and lee's is not. and
I also wanted to know why the Charge
of Conspeacey was put on me. if they
have NO NEW Evidence why wouldent
that be throwed out. I havent saw
you in a while and I wanted to
see when you was gona come
see me. I am haveing a hard time
whith all of this. and he is walkeing
the Streets. I know I don't have
he money to pay you whith. but
I am asking for your help. may
I Please get a copy of all warants and
statements please, the police say I
did I didn't care what my lawer
says that is a lie, you need to
request a copy of my letter I wrote
that day where I told them I
wanted to talk to them but I
Needed to talk to you first the
ody police at the City knows
what I wrote she gave it to
them.

Please Help  Thank you        -49-

Exhibit "K-1"

col 164

OPELIKA POLICE DEPARTMENT

OPELIKA, ALABAMA

Date 1/12/03

Time 12:45 A.M.

Location  Opelika Police Department

I, Michael Lee Williamson , Age 30, born 7/31/72  at

Tallassee, AL , . I now reside at A trailer on

Old Columbus Road, Opelika , AL . Telephone 444-8621

I went to the 9th grade in school and I can read and write.

I have been advised of all my rights by Det Ben Bugg

and I understand them. I do voluntarily make the following

statement to Det Ben Bugg and

whom I know to be police officers for the City of Opelika, Alabama.

I have been advised of the charge of Robbery & Burglary

Investigation against me.

My name is Michael Lee Williamson. Around 7:30 or 8 PM me and my wife

Heather got into an argument. I left and went riding around. I was in

my father in laws 1990 Honda Civic tan in color. I rode through Beulah,

Beauregard, and Opelika. Around 11 PM I rode down OakBowery Road. I

rode past a house where I saw some police cars. Shortly after I rode by

the house I got pulled over by the police. They searched my car  and

took my gloves, tobaggan, stun gun, and some bungy cord. My wife carrys

the stun gun for protection, and the bungy cord was used to hang

clothes on. I was by myself all night. I did not drop anybody off on

Oakbowery Road. I know nothing about a robbery. The police also got an

empty plastic bag out of my car that used to contain rope.  I had never

seen that bag or rope in my car. This statement has been read to me and

by me and is true and correct.

Signed: Michael L. Williamson

Witness: Ben Bugg

APR 1 4 2003

—48—

Exhibit "K-2"

OPELIKA POLICE DEPARTMENT
OPELIKA, ALABAMA

DATE ___1 /12/03___

TIME ___12:45 A.M.___

LOCATION ___OPELIKA POLICE DEPARTMENT___

I, ___MICHAEL LEE WILLIAMSON___, AGE _30_, BORN ___7/31/72___ AT ___TALLASSEE, AL___, _____. I NOW RESIDE AT ___A TRAILER ON___ ___OLD COLUMBUS ROAD OPELIKA, AL___, TELEPHONE NUMBER ___444-8621___.

I WENT TO THE ___9TH___ GRADE IN SCHOOL AND I ___CAN___ READ AND WRITE. I HAVE BEEN ADVISED OF ALL MY RIGHTS BY ___DET BEN BUGG___ AND I UNDERSTAND THEM. I DO VOLUNTARILY MAKE THE FOLLOWING STATEMENT TO ___DET BEN BUGG___ AND ___ ___LT. CRAIG VICKERS___ WHOM I KNOW TO BE POLICE OFFICERS FOR THE CITY OF OPELIKA, ALABAMA. I HAVE BEEN ADVISED OF THE CHARGE OF ___ROBBERY & BURGLARY INVESTIGATION___ AGAINST ME.

BB MY NAME IS MICHAEL LEE WILLIAMSON. AROUND 7:30 OR 8PM ME AND MY WIFE HEATHER GOT INTO AN ARGUMENT. I LEFT AND WENT RIDING AROUND. I WAS IN MY FATHER IN LAWS 1990 HONDA CIVIC TAN IN COLOR, I RODE THROUGH BEULAH, BEAUREGARD, AND OPELIKA. AROUND 11 PM I RODE DOWN OAK BOWERY ROAD. I RODE PAST A HOUSE WHERE I SAW SOME POLICE CARS. SHORTLY AFTER I RODE BY THE HOUSE I GOT PULLED OVER BY THE POLICE. THEY SEARCHED MY CAR AND TOOK MY GLOVES, TOBOGGAN, STUN GUN AND SOME BUNGY CORD. MY WIFE CARRYS THE STUN GUN FOR PROTECTION, AND THE BUNGY CORD WAS USED TO HANG CLOTHES ON. I WAS BY MYSELF ALL NIGHT. I DID NOT DROP ANY BODY OFF ON OAK BOWERY ROAD. I KNOW NOTHING ABOUT A ROBBERY THE POLICE ALSO GOT AN EMPTY PLASTIC BAG OUT OF MY CAR THAT USED TO CONTAIN ROPE. I HAD NEVER SEEN THAT BAG OR ROPE IN MY CAR. THIS STATEMENT HAS BEEN READ TO ME AND BY ME AND IS TRUE AND CORRECT. Michael L. Williamson

-50-

APR 14 2003

166

Exhibit "K-3"

OPELIKA POLICE DEPARTMENT

OPELIKA, ALABAMA

Date 1/1203

Time 4:55 A.M.

Location Opelika Police Department

I, Michael Lee Williamson , Age 30, born 7/31/1972 at

Tallassee, AL , . I now reside at A trailer on

Old Columbus Road Lot 17 Opelika, AL . Telephone 444-8621

I went to the 9h grade in school and I can read and write.

I have been advised of all my rights by Det Ben Bugg

and I understand them. I do voluntarily make the following

statement to Bet Ben Bugg and

whom I know to be police officers for the City of Opelika, Alabama.

I have been advised of the charge of Robbery First, Burglary

First, Poss. Short Barrel Shotgun Investigation against me.


I now want to give Det Bugg a true and correct statement. I picked

Robert Clements up at his house on Lee Road 401 in Beauregard. He came

out of the house with a bottle of Vodka and a Sunkist. We rode around

. my 1990 gold Honda Civic. We rode all over Beauregard and Opelika.

Around 9PM I stopped at McKenzie Mart and bought a phone card. Robert

stayed in the car while I went into McKenzie Mart. Around 10:30 Robert

told me to stop and let him out of the car. He acted like he was mad.

He was drunk and had been having problems with his wife. We were on

Oakbowery at the bridge at the bottom of the hill by the pasture and a

house. Robert told me he would get a ride home. I turned around and

headed home. I got back in town and decided to go pick Robert up. I was

ping to try and get him to take him home. I did not see him with a

gun. I had no idea he was going to try to break in on anybody. When I

went back to get him I saw police cars in the driveway of the house

next to the bridge where I dropped him off. I did not know what was

APR 14 2003

-51-

Exhibit "K-4"

167

going on. I rode down the road looking for Robert. I did not see him. A police man pulled me over and brought me to the police department. I have not seen any Parachute cord packages in my car. I did not see Robert with any. I did not see him with gloves, a mask, or a gun. If he got out with a gun he must of had it in his pants because I did not see it. He did not talk about breaking into a house or robbing anybody. He did not talk about picking a mantle up from Julia Tatums house. This statement has been read to me and by me and is true and correct

Signed: Michael L. Williamson

Witness: Ben Bugg

Witness: Craig Vickers

APR 14 2003

Exhibit "K-5"

OPELIKA POLICE DEPARTMENT
OPELIKA, ALABAMA

DATE ___1/12/03___

TIME ___4:55 A.m.___

LOCATION ___OPELIKA POLICE DEPARTMENT___

I, ___MICHAEL LEE WILLIAMSON___, AGE __30__, BORN ___7/31/1972___ AT ___TALLASSEE AL___. I NOW RESIDE AT ___A TRAILER ON OLD COLUMBUS ROAD LOT 17, OPELIKA___ TELEPHONE NUMBER ___444 8621___.

I WENT TO THE __9TH__ GRADE IN SCHOOL AND I ___CAN___ READ AND WRITE. I HAVE BEEN ADVISED OF ALL MY RIGHTS BY ___DET BEN BUGG___ AND I UNDERSTAND THEM. I DO VOLUNTARILY MAKE THE FOLLOWING STATEMENT TO ___DET BEN BUGG___ AND _____ WHOM I KNOW TO BE POLICE OFFICERS FOR THE CITY OF OPELIKA, ALABAMA.

I HAVE BEEN ADVISED OF THE CHARGE OF ___ROBBERY FIRST, BURGLARY FIRST POSS.___ AGAINST ME. ___SHORT BARREL SHOT GUN INVESTIGATION___

I NOW WANT TO GIVE DET BUGG A TRUE AND CORRECT STATEMENT. I PICKED ROBERT CLEMENTS UP AT HIS HOUSE ON LEE ROAD 401 IN BEAUREGARD, HE CAME OUT OF THE HOUSE WITH A BOTTLE OF VODKA AND A SUNKIST. WE RODE AROUND IN MY 1990 GOLD HONDA CIVIC, WE RODE ALL OVER BEAUREGARD AND OPELIKA. AROUND 9PM I STOPPED AT MCKENZIE MART AND BOUGHT A PHONE CARD, ROBERT STAYED IN THE CAR WHILE I WENT INTO MCKENZIE MART. AROUND 10:30 ROBERT TOLD ME TO STOP AND LET HIM OUT OF THE CAR, HE ACTED LIKE HE WAS MAD. HE WAS DRUNK AND HAD BEEN HAVING PROBLEMS WITH HIS WIFE. WE WERE ON OAK BOWERY AT THE BRIDGE AT THE BOTTOM OF THE HILL BY THE PASTURE AND A HOUSE. ROBERT TOLD ME HE WOULD GET A RIDE HOME. I TURNED AROUND AND HEADED HOME. I GOT BACK IN TOWN AND DECIDED TO GO PICK ROBERT UP. I WAS GOING TO TRY AND GET HIM TO TAKE HIM HOME. I DID NOT

NOT.

GG SEE HIM WITH A GUN. I HAD NO IDEA HE
② WAS GOING TO TRY TO BREAK IN ON ANYBODY.
WHEN I WENT BACK TO GET HIM I SAW
POLICE CARS IN THE DRIVEWAY OF THE HOUSE
NEXT TO THE BRIDGE WHERE I DROPPED HIM
OFF. I DID NOT KNOW WHAT WAS GOING ON.
~~AND~~ I RODE DOWN THE ROAD LOOKING FOR
ROBERT. I DID NOT SEE HIM. A POLICE
MAN PULLED ME OVER AND BROUGHT ME
TO THE POLICE DEPARTMENT. I HAVE NOT
SEEN ANY PARACHUTE CORD PACKAGES IN MY
CAR. I DID NOT SEE ROBERT WITH ANY.
I DID NOT SEE HIM WITH GLOVES, A MASK, OR
A GUN. IF HE GOT OUT WITH A GUN HE
MUST OF HAD IT IN HIS PANTS BECAUSE I DID
NOT SEE IT. HE DID NOT TALK ABOUT BREAKING
INTO A HOUSE OR ROBBING ANYBODY. HE DID NOT
TALK ABOUT PULLING A MANTLE UP FROM JULIA
TATUMS HOUSE. THIS STATEMENT HAS BEEN READ BY
TO ME AND BY ME AND IS TRUE AND CORRECT ② M.W.
SIGNED ~ Michael L. Williamson
WITNESS ~
WITNESS ~

APR 14 2003

170

Exhibit "K-7"

OPELIKA POLICE DEPARTMENT

OPELIKA, ALABAMA

Date 1/13/03

Time 10:20 A.M.

Location Opelika Police Department

I, Michael Lee Williamson , Age 30, born 7/31/1972 at

Tallassee, AL . I now reside at 17 Town &

Country Tr Pk Opelika, AL , 36801 . Telephone 745-3470

I went to the 9th grade in school and I can read and write.

I have been advised of all my rights by Det Ben Bugg

and I understand them. I do voluntarily make the following

statement to Det Ben Bugg and

whom I know to be police officers for the City of Opelika, Alabama.

I have been advised of the charge of Att. Burglary First Degree/

Poss of a short Barreled Shotgun/Poss of Burglary Tools against me.

About a month ago Robert Clements had a pistol grip 12 ga. gauge

shotgun. I was at his house when he had it. He wanted me to help him

saw it off. We sawed the barrell off with a hacksaw. We then taped it

up with black electrical tape. I don't know what he did with the

barrel. I dont know where he got the gun. This is the same gun he had

in my car. This is the same gun I saw him walk to Mrs. Tatums front

door with. This statement has been read to me and by me and is true and

correct.

Signed: Michael L. Williamson

Witness: Ben Bugg

APR 14 2003

OPELIKA POLICE DEPARTMENT
OPELIKA, ALABAMA

Exhibit "K-8"

DATE _1/13/03_

TIME _10:20 A.M._

LOCATION _OPELIKA POLICE DEPARTMENT_

I, _MICHAEL LEE WILLIAMSON_, AGE _30_, BORN _7/31/1972_ AT _TALLASSEE AL_, . I NOW RESIDE AT _17 TOWN & COUNTRY TR #4 OPELIKA AL 36801_; , TELEPHONE NUMBER _745-3470_.

I WENT TO THE _9TH_ GRADE IN SCHOOL AND I _CAN_ READ AND WRITE. I HAVE BEEN ADVISED OF ALL MY RIGHTS BY _DET BEN BUGG_ AND I UNDERSTAND THEM. I DO VOLUNTARILY MAKE THE FOLLOWING STATEMENT TO _DET BEN BUGG_ AND _____ WHOM I KNOW TO BE POLICE OFFICERS FOR THE CITY OF OPELIKA, ALABAMA.

I HAVE BEEN ADVISED OF THE CHARGE OF _ATT. BURGLARY FIRST DEGREE_
_POSS OF A SHORT BARRELED SHOTGUN_
_POSS. OF BURGLARY TOOLS_
AGAINST ME.

BB ABOUT A MONTH AGO ROBERT CLEMENTS HAD A SHORT BAR PISTOL GRIP 12 GA. GAUGE SHOT GUN. I WAS AT HIS HOUSE WHEN HE HAD IT. HE WANTED ME TO HELP HIM SAW IT OFF. WE SAWED THE BARRELL OFF WITH A HACK SAW. WE THEN TAPED IT UP WITH BLACK ELECTRICAL TAPE. I DON'T KNOW WHAT HE DID WITH THE BARREL. I DONT KNOW WHERE HE GOT THE GUN. THIS IS THE SAME GUN HE HAD IN MY CAR. THIS IS THE SAME GUN I SAW HIM WALK TO MRS. TATUMS FRONT DOOR WITH. THIS STATEMENT HAS BEEN READ TO ME AND BY ME AND IS TRUE AND CORRECT. BB
SIGNED _Michael L. Williams_
WITNESS _B Bugg_

– 56 –

APR 14 2003