172

OPELIKA POLICE DEPARTMENT

OPELIKA, ALABAMA

Exhibit "K-9"

Date 1/12/03

Time 11:28 A.M.

Location Opelika Police Department

I, Michael Lee Williamson , Age 30, born 7/31/1972 at

Tallassee, AL ,_____. I now reside at 17 Town &

Country Tp Opelika, Al 36801 . Telephone 444-8621

I went to the 9th grade in school and I can read and write.

I have been advised of all my rights by Det Ben Bugg

and I understand them. I do voluntarily make the following

statement to Det Ben Bugg and Capt Allan Elkins

whom I know to be police officers for the City of Opelika, Alabama.

I have been advised of the charge of Conspiracy to committ Burglary/

Possession of a short barrelled shotgun/Possession of Burglar Tools

against me.


My name is Michael Lee Williamson. I now want to tell Det Ben Bugg the
truth. Yesterday afternoon 1/11/03 Robert Clements came to my trailer
id asked me would I take him to take care of some business when it got
dark. I told him I would call him later. Around 7:30 or 8 PM me and my
wife, Heather, went to Roberts trailer in Beauregard. My wife, Heather,
Roberts wife, Cindy, are friends. We visited them a while and Robert
asked me again if I would take him to take care of some business. We
left and he had a blue tote bag with him. I had seen a short barrelled
shotgun in the bag before. I just assumed it was in there. He put it in
my trunk. We left. I was driving. Robert was drinking Vodka and
Sunkist. He gave me directions to a house on Oakbowery Road. He told me
an old lady and another lady lived there. He told me he was going to
take care of business at that house. Around 10:30 I pulled in the drive
way all the way to the garage. The house was the first house on the

APR 14 2003

- 57 -

EXHIBIT "K-10"

right past the bridge. Robert told me to drop him off. He said he did not need a ride. I assumed he was going to steal her car. Robert got out and went in the trunk and got the gun out. I saw him walk to the front door with the gun in his hand. He had it down by his side. When he got to the front door I backed out and left. He did not promise me any money. I was not going to be any part of a robbery I dont rob. I left and went north headed out of town. I rode around for a while and went to some woods to use the bathroom. I rode back by the house and saw the police cars. I knew something had gone wrong. I turned around and went looking for Robert. I did not find him. A little while later I was pulled over by the police. Robert never told me what he was going to do at that ladys house. He told me he had worked for her in the past. I knew he was going to rob her because he had a gun and he told me he was going to take care of business. This statement has been read to me and by me and is true and correct.

Signed: Michael Williamson

Witness: Ben Bugg

Witness: Allan Elkins

APR 14 2003

Exhibit "K-11"

OPELIKA POLICE DEPARTMENT
OPELIKA, ALABAMA

ATE _____ 1/12/03 _____

TIME _____ 11:28 A.M. _____

LOCATION _____ OPELIKA POLICE DEPARTMENT _____

I, _____ MICHAEL LEE WILLIAMSON _____, AGE 30, BORN 7/31/1972 AT
TALLASSEE AL _____, I NOW RESIDE AT 17 TOWN +
COUNTRY TP OPELIKA AL 36801, TELEPHONE NUMBER 444-8621.

I WENT TO THE 9TH GRADE IN SCHOOL AND I CAN READ AND WRITE. I HAVE BEEN
ADVISED OF ALL MY RIGHTS BY DET BEN BUGG AND I UNDERSTAND THEM. I
DO VOLUNTARILY MAKE THE FOLLOWING STATEMENT TO DET. BEN BUGG AND CAPT
VAN ELLIS WHOM I KNOW TO BE POLICE OFFICERS FOR THE CITY OF OPELIKA, ALABAMA.
I HAVE BEEN ADVISED OF THE CHARGE OF CONSPIRACY TO COMMITT BURGLARY
                                    POSSESSION OF A SHORT BARRELED SHOTGUN
                                    POSSESSION OF BURGLAR TOOLS
AGAINST ME.

BB MY NAME IS MICHAEL LEE WILLIAMSON. I NOW WANT TO
TELL DET BEN BUGG THE TRUTH. YESTERDAY AFTERNOON 1/11/03
ROBERT CLEMENTS CAME TO MY TRAILER AND ASKED ME
WOULD I TAKE HIM TO TAKE CARE OF SOME BUSINESS WHEN
IT GOT DARK. I TOLD HIM I WOULD CALL HIM LATER.
AROUND 7:30 OR 8PM ME AND MY WIFE, HEATHER, WENT
TO ROBERTS TRAILER IN BEAUREGARD. MY WIFE AND ROBERTS
WIFE, CINDY, ARE FRIENDS. WE VISITED THEM A
WHILE AND ROBERT ASKED ME AGAIN IF I WOULD TAKE
HIM TO TAKE CARE OF SOME BUSINESS. WE LEFT AND
HE HAD A BLUE TOTE BAG WITH HIM. I HAD SEEN
A SHORT BARRELED SHOT GUN IN THE BAG BEFORE. I
JUST ASSUMED IT WAS IN THERE. HE PUT IT IN MY
TRUNK. WE LEFT. I WAS DRIVING. ROBERT WAS
DRINKING VODKA AND SUNKIST. HE GAVE ME DIRECTIONS TO
A HOUSE ON OAKBOWERY ROAD. HE TOLD ME AN OLD
LADY AND ANOTHER LADY LIVED THERE. HE TOLD ME BB

HE WAS GOING TO TAKE CARE OF BUSINESS AT THAT HOUSE. AROUND 10:30 I PULLED IN THE DRIVE WAY ALL THE WAY TO THE GARAGE. THE HOUSE WAS THE FIRST HOUSE ON THE RIGHT PAST THE BRIDGE. ROBERT TOLD ME TO DROP HIM OFF. HE SAID HE DID NOT NEED A RIDE. I ASSUMED HE WAS GOING TO STEAL HER CAR. ROBERT GOT OUT AND WENT IN THE TRUNK AND GOT THE GUN OUT. I SAW HIM WALK TO THE FRONT DOOR WITH THE GUN IN HIS HAND. HE HAD IT DOWN BY HIS SIDE. WHEN HE GOT TO THE FRONT DOOR I BACKED OUT AND LEFT. HE DID NOT PROMISE ME ANY MONEY. I WAS NOT GOING TO BE ANY PART OF A ROBBERY I DON'T ROB. I LEFT AND WENT NORTH HEADED OUT OF TOWN. I RODE AROUND FOR A WHILE AND WENT TO SOME WOODS TO USE THE BATHROOM. I RODE BACK BY THE HOUSE AND SAW THE POLICE CARS. I KNEW SOMETHING HAD GONE WRONG. I TURNED AROUND AND WENT LOOKING FOR ROBERT. I DID NOT FIND HIM. A LITTLE WHILE LATER I WAS PULLED OVER BY THE POLICE. ROBERT NEVER TOLD ME WHAT HE WAS GOING TO DO AT THAT LADY'S HOUSE. HE TOLD ME HE HAD WORKED FOR HER IN THE PAST. I KNEW HE WAS GOING TO ROB HER BECAUSE HE HAD A GUN AND HE TOLD ME HE —LB— WAS GOING TO TAKE CARE OF BUSINESS. THIS STATEMENT HAS

WITNESS
WITNESS

APR 14 2003

VOLUNTARY PERMISSION TO SEARCH OF MOTOR VEHICLE

DATE: _Jan. 12, 2003_

TIME: _4:25_ AM / PM

_MICHAEL LEE WILLIAMSON_ , having been informed of my constitutional rights not to have a search made of the motor vehicle hereinafter mentioned without a search warrant and of my right to refuse to consent to a search, hereby authorize _Det. Vickers_ and _____, police officers of the City of Opelika Police Department, Opelika, Alabama, to conduct a search of the motor vehicle described as follows: _1990 Honda Civic, 4door Gold_ _43C9355_

These officers are authorized by me to take from the above described motor vehicle any _Blue Bag, Carry Around_

which they desire and any evidence or contraband found can be used in court against me.

This written permission is being given by me to the above named officers voluntarily and without any threats or promises of any kind.

_Michael Williamson_

Witness: _____

Witness: _____

TIME SEARCH BEGUN: _4:27_ AM / PM
TIME SEARCH ENDED: _4:29_ AM / PM

ITEM(S) SEIZED:

1) _One Green BMC Bag_        2) _____

3) _Nothing Follows_         4) _____
   m.w.
5) _____      6) _____

7) _____      8) _____

9) _____      10) _____

11) _____     12) _____

13) _____     14) _____

15) _____     16) _____

17) _____     18) _____

19) _____     20) _____

_____     22)  -61-

SIGNED: _Michael L Williamson_

APR 14 2003

Exhibit 16

VOLUNTARY CONSENT FOR SEARCH OF VEHICLE

DATE: _1-12-03_

TIME: _4:30_ AM / PM

I, _MICHAEL LEE WILLIAMSON_, having been informed of my constitutional rights not to have a search made of the motor vehicle hereinafter mentioned without a search warrant and of my right to refuse to consent to a search, hereby authorize _DETECTIVE VICKERS_ and _____, police officers of the City of Opelika Police Department, Opelika, Alabama, to conduct a search of the motor vehicle described as follows: _1990 HONDA ACCORD 4 DOOR, GOLD_ _IN COLOR_

These officers are authorized by me to take from the above described motor vehicle any _GLOVES, VODKA BOTTLES, BUNGEE CORD_ _____ which they desire and any evidence or contraband found can be used in court against me.

This written permission is being given by me to the above named officers voluntarily and without any threats or promises of any kind.

_Michael L. Williamson_

Witness: _____

Witness: _____

TIME SEARCH BEGUN: _4:33_ AM / PM
TIME SEARCH ENDED: _4:39_ AM / PM

ITEM(S) SEIZED:

| | |
|---|---|
| 1) ONE BUNGEE CORD- BROWN | 2) TWO BROWN GLOVES |
| 3) ONE VODKA, SHOE BOTTLE | 4) |
| 5) | 6) |
| 7) | 8) |
| 9) | 10) |
| 11) | 12) |
| 13) | 14) |
| 15) | 16) |
| 17) | 18) |
| | 20) |
| 21) | 22) |

_Michael L. Williamson_

APR 14 2003

SIGNED: _____

178

## IN THE CIRCUIT COURT OF LEE COUNTY, ALABAMA

STATE OF ALABAMA,

    PLAINTIFF,

V.                                                                    CASE NO. _____

ROBERT WAYNE CLEMENTS,

    DEFENDANT.

### MOTION FOR DISCOVERY PURSUANT TO RULE 16 ALABAMA RULES OF CRIMINAL PROCEDURE AND 404 (b) ALABAMA RULES OF EVIDENCE

Pursuant to that order of the Court, the Defendant in the above-stated case moves the Court under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution, Rule 16, Alabama Rules of Criminal Procedure and 404 (b) Alabama Rules of Evidence, for an order to compel disclosure and production of the following material which is in the custody and possession of the State.

    1.    Any written or recorded statements, admissions, or confessions made by the Defendant to any law enforcement officer, official or employee given at any time or any place which are within the possession, custody or control of the State, the existence of which is known to the District Attorney;

    2.    The substance of any oral statements made by the Defendant before or after arrest to any law enforcement officer, official or employee.

    3.    Any and all tangible objects, currency, weapons, controlled substances, photographs, books, papers, documents or similar items which are intended for use by the State as evidence or which were obtained from or belong to the Defendant;

    4.    The results and reports of any scientific or experimental tests, mental or physical examinations or other analyses, tests or studies made in connection with the instant case;

    5.    Any statement, or recording made by a co-defendant or accomplice of the Defendant to any law enforcement officer, official or employee before or after arrest which were within the possession, custody or control of the State.

    6.    The substance of an oral statement made by any co-defendant or accomplice before or after arrest to any law enforcement officer, official or employee which the State intends to offer in evidence at the trial;

FILED

JAN 16 2003

IN OFFICE
CORINNE T. HURST
CIRCUIT CLERK

Exhibit "L-2"

7. All information of whatever form, source or nature which tends to exculpate the Defendant either through an indication of his innocence or through the potential impeachment of any State witness, and all information of whatever form, source or nature which may lead to evidence which tends to exculpate the Defendant whether by indicating his innocence or impeaching the credibility of any potential State's witness, and all information which may become of benefit to the Defendant in preparing or presenting the merits of his defense of innocence at trial. The request includes all facts and information of whatever form, source or nature which the District Attorney of his assistants or any other prosecution or law enforcement personnel has or knows about.

8. Any and all written or oral waivers or consents given or executed by the Defendant or agents acting on the Defendant's behalf which are material to this case.

9. Any and all arrest or search warrants, whether executed or not, together with supporting affidavits, which were sought in connection with this case.

10. Any and all information or evidence provided to the State by a confidential informant, including said informant's past record or reliability and the corroboration, if any, of the information furnished by said informant.

11. Any and all records of electronic or electric eavesdropping, wiretapping or other surveillance of communications to which the Defendant was a party or which otherwise concerns the prosecution of the Defendant in this case, including and all documents, transcripts or writings relating thereto.

12. Criminal records of any State witness which indicate convictions of felonies or misdemeanors involving moral turpitude or evidence pending charges.

13. Any promise of indication to any witness of immunity from prosecution, leniency in deposition, or recommendations of specific sentences concerning actual or alleged crimes, whether related to this case or to other cases.

14. Threats or intimations of prosecution directed toward any witness or member of a witness's family.

15. Information concerning pending or prior indictments, charges or convictions of any State witness.

16. Information that any person identified someone other than the Defendant as the perpetrator of this crime.

17. Descriptions of the perpetrator provided by anyone whomsoever which do not match the description of the Defendant.

18. All information or evidence the State has concerning other crimes, wrongs or acts committed by the Defendant as outlined under Rule 404(b) Alabama Rules of Evidence.

Exhibit "L-3"

180

The pre-trial discovery requested in the foregoing motion is essential to ensure the Defendant his right to a fair hearing, his right to confrontation, his right to prepare a defense in his own behalf, and his right to effective counsel and due process of law and other rights not here enumerated. See Brady v. Maryland, 373 U.S. 83 (1968); United States v Giglio, 405 U.S. 150 (1972); Moore v Illinois, 408 U.S. 786 (1972.)

THEREFORE, the Defendant requests:

a)    That the District Attorney be ordered to produce all information described directly herein or by implication and allow the Defendant the right to examine, inspect, copy and photograph such material and information at a specific time and place reasonably in advance of trial;

b)    That the Court enter an order requiring the District Attorney's Office to make continuing disclosures of all matters requested herein up to and during the trial of the Defendant.

Respectfully Submitted,

LAURYN A. LAUDERDALE
Attorney for Defendant

Of Counsel:
GULLAGE & TICKAL
2304-A GATEWAY DRIVE
OPELIKA, AL 36801
(334) 749-5115

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing motion upon Nick Abbett, District Attorney for Lee County, Alabama by placing a copy of the same in his mailbox located at 2311 Gateway Drive, Opelika, AL 36801 on this the 16 day of January, 2003.

LAURYN A. LAUDERDALE

Exhibit "M"

IN THE CIRCUIT COURT OF LEE COUNTY, ALABAMA

STATE OF ALABAMA,    *
                     *
v.                   *    CASE NO. CC 2003- 323-326
                     *
 Robert Wayne Clements     ,    *
        Defendant.   *

## DISCOVERY ORDER

The State and Defense are hereby ordered to comply with the Discovery provisions as set forth in Rule 16, Alabama Rules of Criminal Procedure, without necessity for the filing of specific discovery motions as follows:

1.  Upon written request of either the State or Defense, directed to the other, the parties shall make available to each other all Discovery as provided in Rule 16.

2.  Said written requests shall be served on the opposing party, and a copy filed with the Circuit Clerk, a reasonable time prior to the scheduled trial of this case.

3.  Upon receipt of such written request, the party upon whom such request is made shall comply with same a reasonable time prior to the scheduled trial of this case.

4.  Any disagreements between the parties concerning the discovery matters are to be submitted to the Court for resolution upon written motion of either party a reasonable time prior to trial.

Done and Ordered this 15th day of April , 03 .

_____
ROBERT M. HARPER, CIRCUIT JUDGE

_____
JACOB A. WALKER, III, CIRCUIT JUDGE

66

# C E R T I F I C A T E   O F   S E R V I C E

182

    I hereby certify that I have served upon the Respondents a copy of the foregoing by placing same in the United States Mail Box located at Easterling Correctional Facility, postage prepaid, and, addressed correctly.

Executed this the ___6___ day of October, 2004.

 

ADDRESS OF PETITIONER:

ROBERT WAYNE CLEMENTS, PRO-SE
ECF * #145598 * DORM - 8/A- 32
200 - WALLACE DRIVE
CLIO, ALABAMA  36017-2615

x _Robert Clements_____
ROBERT WAYNE CLEMENTS
PETITIONER, PRO-SE

 

# N O T A R Y   S T A T E M E N T

STATE OF ALABAMA    ]
COUNTY OF BARBOUR   ]

    SWORN TO AND SUBSCRIBED BEFORE ME THIS THE __6__ DAY OF
__Oct_____, 20_04_ .

_____
NOTARY PUBLIC

_5-7-2006_____
MY COMMISSION EXPIRES

ECF * #145598 * DORM – 8/A-32
200 – WALLACE DRIVE
CLIO, ALABAMA
36017-2615

10-08-04

LEE COUNTY COURTHOUSE
ATTN: CLERK OF THE CIRCUIT COURT, CRIMINAL
2311 – GATEWAY DRIVE, ROOM #104
OPELIK, ALABAMA 36801

RE:   FILING OF "MOTION TO RECONSIDER"
      CASE NUMBER: CC-03-323; 325

Dear Clerk,

     Please find enclosed the original of my "MOTION FOR RE-
CONSIDERATION".

     At your earliest possible convenience could your Please
file said "MOTION"?

     Also, please find enclosed a "first page copy" of said
"MOTION" and an S.A.S.E..

     Also, at your earliest possible convenience could you
stamp said "first page copy" with the filing date and return
said "first page copy" to me in the S.A.S.E. that I have pro-
vided for your so that I shall have a true and correct copy
for my files?

     Thank-you for your assistance in this instant matter.
I look forward to hearing from your in the near future.

With kindest regards, I am;


CC:  FILE                         Respectfully,
                                  X Robert Clements
                                  ROBERT WAYNE CLEMENTS,
                                  PETITIONER, PRO-SE

FILED
OCT 13 2004
IN OFFICE
CORINNE T. HURST
CIRCUIT CLERK

-PAGE 1 of 1-

ROBERT WAYNE CLEMENTS,
       PETITIONER,

      -v-

STATE OF ALABAMA,
      RESPONDENT.

[
[
[
[
[
[
[
[

APPEAL NO. _____

ASSIGNED BY CLERK

IN RE: CASE NO'S: CC-03-323 & 325

LEE COUNTY CIRCUIT COURT
DATE OF JUDGEMENT: 09-02-04

## NOTICE OF APPEAL TO THE ALABAMA COURT OF CRIMINAL APPEALS

Notice is hereby given that **ROBERT WAYNE CLEMENTS**, appeals to the above named Court from the judgement of denial of his A.R.Cr.P., RULE #32 Post-Conviction Petition, entered in this case on the 2nd. Day of September, 2004.

Executed this the 12th day of October, 2004.

Respectfully Submitted,

x Robert Wayne Clements

ROBERT WAYNE CLEMENTS,
PETITIONER, PRO-SE

F I L E D

DATE CERTIFIED BY: OCT 1 8 2004

CIRCUIT CLERK
IN OFFICE
HURST

ADDRESS OF PETTIONER/APPELLANT:

ROBERT WAYNE CLEMENTS, PRO-SE
ECF * #145598 * DORM - 8/A-32
200 - WALLACE DRIVE
CLIO, ALABAMA  36017-2615

-1-

ROBERT WAYNE CLEMENTS,
PETITIONER,

F I L E D

OCT 1 8 2004

IN OFFICE
CORINNE T. HURST
CIRCUIT CLERK

—vs—

STATE OF ALABAMA,
RESPONDENT.

185

CASE NUMBER:

ASSIGNED BY CLERK

IN RE: CASE NO.S: CC-02-323 & 325
LEE COUNTY CIRCUIT COURT
DATE OF JUDGEMENT: 09-02-2004

## MOTION AND AFFIDAVIT IN SUPPORT OF MOTION
## FOR LEAVE TO APPEAL IN FORMA PAUPERIS

Comes the Petitioner, and hereby moves this Honorable for an "ORDER" granting leave to appeal in forma pauperis and in support of said motion makes the following affidavit, to wit;

I, ROBERT WAYNE CLEMENTS being first duly sworn, do hereby depose and sayeth that I, am the PETITIONER, in the above-entitled case; that in support of my motion to proceed on appeal without being required to prepay fees, costs or to give security therefor; I state that because of my poverty I am unable to pay the costs of said proceeding or to give security therefor; that I I am entitled to redress.

I further swear that the information that I provide below relating to my ability to pay the cost of prosecuting my appeal are true and correct to the best of my knowledge and belief under penalty of perjury.
AFFIANT SO SAYETH:

1). That I am the affiant in this instant affidavit and that I do have in instant knowledge of the contents of this instant affidavit.

2). That I am currently incarcerated and have been so for well over a year and that I have not been gainfully employed for over a year and earn no funds while incarcerated within the Alabama Department of Corrections.

3). That the last time I was employed I was self-employed and made about $1,500/per month.

4). I have not received in the past (12) months any income from a business, professions, or other form of self-employment, or in the form of rent payments, interest, dividends, or other source.

4). I do not own any cash, checking, or savings account.

5). I do not won any automobiles, real estate, stocks, bonds, notes or any other valuable property (excluding ordinary household furnishings and cloting).

6). WHEN IN SOCIETY I have a wife and (3) children to support, but, currently I am incarcerated and cannot contribute any to their support.

-1-

I understand that a false statement made by me in this instant affidavit will subject to me to penalties of perjury.

AFFIANT SAYETH NOTHING FURTHER.

Executed this the __17th__ day of October, 2004.

X _Robert Wayne Clements_

ROBERT WAYNE CLEMENTS,
AFFIANT - PETITIONER, PRO-SE

## N O T A R Y   P U B L I C

STATE OF ALABAMA   ]

COUNTY OF BARBOUR   ]

SWORN TO AND SUBSCRIBED BEFORE ME THIS THE _____ DAY OF _____

20 _____.

_____          _____

NOTARY PUBLIC                          MY COMMISSION EXPIRES

## IN IN LIEU OF A NOTARY PUBLIC

___ Due to a lack of a Notary Public and pursuant to: Code of Alabama, 1975, §17-10-7, et. seq., your affiant/petitioner hereby provides (2) witnessess over the age of (18) years who hereby witness the affiant/petitioner sign this instant affidavit under penalty of perjury.

1ST WITNESS:   _Ian Redford_          _10-12-04_
               SIGNATURE              DATE

               _IAN REDFORD_
               PRINT NAME

               Easterling Corr. Fac. - 200 Wallace Drive
               ADDRESS

               CLIO ALABAMA          36017-2615
               CITY                  ZIP CODE

2ND. WITNESS:  _Derwin McGowan_ 10/12/04
               SIGNATURE              DATE

               _Derwin McGowan_
               PRINT NAME

               Easterling Corr. Fac. - 200 Wallace Drive

               CLIO, ALABAMA         36017-2615
               CITY                  ZIP CODE

-2-

State of Alabama
Unified Judicial System
Form ARAP- 26 (front)    8/91

# COURT OF CRIMINAL APPEALS
## DOCKETING STATEMENT

Criminal Appeal Number
_____

## A. GENERAL INFORMATION:

[X] CIRCUIT COURT    [ ] DISTRICT COURT    [ ] JUVENILE COURT OF    LEE COUNTY    COUNTY

ROBERT WAYNE CLEMENTS _____ Appellant

v.    [X] STATE OF ALABAMA    [ ] MUNICIPALITY OF _____

| Case Number | Date of Complaint or Indictment | Date of Judgment/Sentence/Order |
|---|---|---|
| CC-02-323 & 325 | | SEPT. 02, 2004 |

| Number of Days of Trial/Hearing | Date of Notice of Appeal | |
|---|---|---|
| 0 Days | Oral: | Written: 10-12-04 |

Indigent Status Requested:  [X] Yes  [ ] No                Indigent Status Granted:  [X] Yes  [ ] No

## B. REPRESENTATION:

Is Attorney Appointed or Retained?  [ ] Appointed  [ ] Retained.    If no attorney, will appellant represent self?  [X] Yes  [ ] No

Appellant's Attorney (Appellant if pro se) (Attach additional pages if necessary)

APPELLANT IS PRO-SE; ROBERT W. CLEMENTS; EOF*#145598*DORM-8/B-32

| Telephone Number |
|---|
| N/A-INCARCERATED |

| Address | City | State | Zip Code |
|---|---|---|---|
| 200 - WALLACE DRIVE | CLIO | AL. | 36017-2615 |

## C. CODEFENDANTS: List each CODEFENDANT and the codefendant's case number.

| Codefendant | Case Number |
|---|---|
| | unknown-to-me |
| Codefendant N/A-NONE | Case Number N/A |
| Codefendant N/A-NONE | Case Number N/A |

FILED
OCT 18 2004
IN OFFICE
CORINNE T. HURST
CIRCUIT CLERK

## D. TYPE OF APPEAL: Please check the applicable block.

1 [ ] State Conviction            4 [ ] Pretrial Order              7 [ ] Juvenile Transfer Order      10 [ ] Other (Specify)
2 [X] Post-Conviction Remedy      5 [ ] Contempt Adjudication       8 [ ] Juvenile Delinquency
3 [ ] Probation Revocation        6 [ ] Municipal Conviction        9 [ ] Habeas Corpus Petition

## E. UNDERLYING CONVICTION/CHARGE: Regardless of the type of appeal checked in Section D, please check the box beside each offense category for which the appellant has been convicted or charged as it relates to this appeal. Also include the applicable section of the Code of Alabama for State convictions.

1 [ ] Capital Offense - § _____        6 [ ] Trafficking in Drugs - § _____      11 [ ] Fraudulent Practices - § _____
2 [ ] Homicide - § _____              7 [X] Theft - § _____                     12 [ ] Offense Against Family - § _____
3 [ ] Assault - § _____              8 [ ] Damage or Intrusion                    13 [ ] Traffic - DUI - § _____
4 [ ] Kidnapping/Unlawful                    to Property - § _____                14 [ ] Traffic - Other - § _____
     Imprisonment - § _____           9 [ ] Escape - § _____                    15 [ ] Miscellaneous (Specify):
5 [ ] Drug Possession - § _____      10 [X] Weapons/Firearms - § _____              _____ - § _____

## F. DEATH PENALTY:

Does this appeal involve a case where the death penalty has been imposed?  [ ] Yes  [X] No

## G. TRANSCRIPT:

1. Will the record on appeal have a reporter's transcript?  [X] Yes  [ ] No
2. If the answer to question "1" is "Yes," state the date the Reporter's Transcript Order was filed.  10-12-04
                                                                                                        (Date)
3. If the answer to question "1" is "No":
   (a) Will a stipulation of facts be filed with the circuit clerk?  [ ] Yes  [X] No
   (b) Will the parties stipulate that only questions of law are involved and will the trial court certify the questions?  [ ] Yes  [X] No

NOTE: If the appeal is from the district or juvenile court and the answer to question "1" is "No," then a positive response is required for question 3(a) or 3(b).

-⊕- -2-

Form ARAP-26 (back)    8/91

## COURT OF CRIMINAL APPEALS DOCKETING STATEMENT

**H. POST-JUDGMENT MOTIONS:** List all post-judgment motions by date of filing, type, and date of disposition (whether by trial court order or by the provisions of Rules 20.3 and 24.4 (ARCrP)):

| DATE OF FILING | | | TYPE OF POST-JUDGMENT MOTION | DATE OF DISPOSITION | | |
|---|---|---|---|---|---|---|
| Month | Day | Year | | Month | Day | Year |
| 07 | 13 | 04 | A.R.Cr.P. RULE # 32 PETITION | 09 | 02 | 04 |
| 07 | 13 | 04 | MOTIONS FOR TRANSFER, APPOINT COUNSEL, EVIDENTIARY HEARING | PEND. | PEND. | PEND. |
| 09 | | 04 | MOTION FOR ENLARGEMENT OF TIME | PEND. | PEND. | PEND. |
| 10 | 06 | 04 | MOTION FOR RECONSIDERATION | PEND. | PEND. | PEND. |

**I. NATURE OF THE CASE:** Without argument, briefly summarize the facts of the case.

1). 1). On or about 07-13-04 yOUR filed into the Lee County Circuit Cour an A.R.Cr.P. Rule # 32 Petition challenging his illegal and unconsitutional conviction and sentence.

2). Also on or about 07-13-04, your Petitioner filed into the Lee County Circuit Court "Motions to Transfer, Appoint Counsel, and Evidentiary Hearing". As of the date of this instant Notice of Appeal said "Motions" h  not been adjudicated by said Court.

3). In September, 2004, after the judge denied your Petitioner's Rule #32 Petition your Petitioner filed a "motion for Enlargement of Time", but, as of the filing date of this instant appeal notice said "MOTION" has never been adjudicated.

4). On or about 10-06-04, yourPetitioner filed into the Lee County Circuit Motion for Reconsideration" and as of the filing date of this instant tice of Appeal" said "Motion" has not been adjudicated by said Court.

5). Hence, the filing of this instant "notice of Appeal".

**ISSUE(S) ON APPEAL:** Briefly state the anticipated issues that will be presented on appeal. (Attach additional pages if necessary.)

1). Violation of Due Process as guaranteed by Alabama Constitution, Art. I, §6.

2). Violation of Appellant's U.S. Constitutional Right to due process. as prescribed by U.S.C.A. # (6).

3). Appellant's due process and equal protection rights violated as prescribed by the U.S.C.A., # (5), (6), and (14).

4). Denial of Effective Assistance of Counsel.

5). Court was without jurisdiction to convict your Appellant and to pass judgement against your Appellant.

5). Appellant was coerced into pleading guilty.

7). Exculpatory evidence was withheld from your Appellant.

NATURE:

Date    10-12-04    Robert W. Clement

Signature of Attorney/ Party Filing this Form

| State of Alabama<br>Unified Judicial System<br>Form ARAP-1C    8/91 | REPORTER'S TRANSCRIPT ORDER -- CRIMINAL<br>See Rules 10(c) and 11(b) of the<br>Alabama Rules of Appellate Procedure (A.R. App.P.) | Criminal Appeal Number<br><br>_____ - _____ |

TO BE COMPLETED BY COUNSEL FOR THE APPELLANT OR BY THE APPELLANT IF NOT REPRESENTED AND FILED WITH THE WRITTEN NOTICE OF APPEAL OR FILED WITHIN 7 DAYS AFTER ORAL NOTICE OF APPEAL IS GIVEN.

[X] CIRCUIT COURT  [ ] DISTRICT COURT  [ ] JUVENILE COURT OF   LEE COUNTY,
ROBERT WAYNE CLEMENTS _____ COUNTY

v.  [X] STATE OF ALABAMA   [ ] MUNICIPALITY OF _____, Appellant

| Case Number<br>CC-02-323 & 325 | Date of Judgment/Sentence/Order<br>SEPTEMBER 02, 2004 |
| Date of Notice of Appeal<br>Oral:            Written: 10-12-04 | Indigent Status Granted:<br>XX Yes      [ ] No |

PART 1. TO BE SIGNED IF THE APPEAL WILL NOT HAVE A COURT REPORTER'S TRANSCRIPT:

I CERTIFY THAT NO REPORTER'S TRANSCRIPT IS EXPECTED AND THAT THE RECORD ON APPEAL SHALL CONSIST OF THE CLERK'S RECORD ONLY. IF THE APPEAL IS FROM DISTRICT COURT OR JUVENILE COURT, I ALSO CERTIFY (1) THAT A STIPULATION OF FACTS WILL BE INCLUDED IN THE CLERK'S RECORD AND THAT THE APPELLANT WAIVES HIS RIGHT TO A JURY TRIAL IS SO ENTITLED; OR (2) THAT THE PARTIES HAVE STIPULATED THAT ONLY QUESTIONS OF LAW ARE INVOLVED AND THAT THE QUESTIONS WILL BE CERTIFIED BY THE JUVENILE/DISTRICT COURT FOR INCLUSION IN THE CLERK'S RECORD (SEE RULE 28(A)(1), ALABAMA RULES OF JUVENILE PROCEDURE, AND §12-12-72, CODE OF ALABAMA 1975).

FILED
OCT 18 2004
IN OFFICE
ANNETTE T. HURST
CLERK

Signature _____ Date _____ Print or Type Name _____

PART 2. DESIGNATION OF PROCEEDINGS TO BE TRANSCRIBED. Request is hereby made to the court reporter(s) indicated below for a transcript of the following proceedings in the above referenced case (see Rule 10(c)(2), Alabama Rules of Appellate Procedure (A.R.App.P.)):

MARK PROCEEDINGS REQUESTED:

COURT REPORTER(S)

A. [X] TRIAL PROCEEDINGS - Although this designation will include the judgment and sentence    unknown-to-me
proceedings, a transcript of the organization of the jury and arguments of counsel must
be designated separately.

B. [ ] ORGANIZATION OF THE JURY - This designation will include voir dire examination and
challenges for cause. Note that in noncapital cases the voir dire of the jury will not be
recorded unless the trial judge so directs. (See Rule 19.4, ARCrP.)

C. [ ] ARGUMENTS OF COUNSEL - Note that in noncapital cases the arguments of counsel will
not be recorded unless the trial judge so directs. (See Rule 19.4, ARCrP.)

IN ADDITION TO ANY PROCEEDINGS DESIGNATED ABOVE, SPECIAL REQUEST IS HEREBY MADE TO INCLUDE THE FOLLOWING PROCEEDINGS IN THE REPORTER'S TRANSCRIPT PORTION OF THE RECORD ON APPEAL. (ATTACH ADDITIONAL PAGES IF NECESSARY):

| ADDITIONAL PROCEEDINGS REQUESTED | DATE | COURT REPORTER(S) |
| D. RULE #32 PETITION & MOTION TO TRANSFER | 07-13-04 | unknown-to-me |
| E. MOTIONS TO APPOINT COUNSEL & EVIDENTIARY HEARING | 07-13-04 | unknown-to-me |
| F. RESPONSE FROM RESPONDENT ALL JUDGE'S ORDERS | AUG, & SEPT. 2004 | unknown-to-me |
| G. MOTION TO RECONSIDER & MOTION TO ENLARGE TIME | 10-06-04 | unknown-to-me |

IMPORTANT NOTICE: The court reporter who reported the proceedings for which a transcript is requested must be identified on this form to be effective. Additionally, it is important to note that the appellant may not be permitted to raise any issue on appeal relating to any proceedings in the case that are not specifically designated on this form for inclusion in the reporter's transcript. A general designation such as "all proceedings" is not sufficient. (See Rule 10(c)(2), A.R.App.P.)

PART 3. MUST BE SIGNED IF THE APPEAL WILL HAVE A COURT REPORTER'S TRANSCRIPT:

I CERTIFY THAT I HAVE DISTRIBUTED THIS FORM AS SET OUT BELOW. I ALSO CERTIFY (1) THAT I HAVE MADE SATISFACTORY FINANCIAL ARRANGEMENTS WITH EACH COURT REPORTER LISTED ABOVE FOR PREPARING HIS OR HER PORTION OF THE REPORTER'S TRANSCRIPT HEREIN REQUESTED; OR (2) THAT THE APPELLANT PROCEEDED AT TRIAL AS AN INDIGENT AND THAT THAT STATUS HAS NOT BEEN REVOKED; OR, (3) THAT THE APPELLANT HAS BEEN GIVEN PERMISSION TO PROCEED ON APPEAL IN FORMA PAUPERIS.

Robert W. Clement                10-12-04         ROBERT WAYNE Clements
Signature                        Date             Print or Type Name

DISTRIBUTION: Original filed with Clerk of Trial Court and copies mailed to: (1) Clerk of the Court of Criminal Appeals, (2) the District Attorney,

C E R T I F I C A T E    S E R V I C E

I hereby certify that I have served a copy of the foregoing upon the Clerk of the Alabama Court of Criminal Appeals by placing same in the United States Mail Box located at Easterling Correctional Facility, postage prepaid, and, addressed correctly.

Executed this the ___12th___ day of October, 2004.

                                   x _Robert Wayne Clements_
                                   ROBERT WAYNE CLEMENTS,
                                   PETITIONER/APPELLANT, PRO-S

ADDRESS OF PETITIONER/APPELLANT:

ROBERT WAYNE CLEMENTS, PRO SE
ECF * #145598 * DORM - 8/B-32
200 - WALLACE DRIVE
CLIO, ALABAMA 36017-2615

N O T A R Y    S T A T E M E N T

STATE OF ALABAMA    ]
COUNTY OF BARBOUR   ]

    SWORN TO AND SUBSCRIBED BEFORE ME THIS THE_____DAY
OF_____, 20_____.

_____
NOTARY PUBLIC                          _____
                                       MY COMMISSION EXPIRES

IN LIEU OF A NOTARY PUBLIC

    Due to the lack of a Notary Public and pursuant to: Code of Alabama, 1975, §17-10-7, et. seq., your Petitioner hereby provides (2) witnesses over the age of (18) years who hereby witness the Petitioner signing this instant action under penalty of perjury.

1st WITNESS:

_Ian Redfors_          10-12-04
SIGNATURE              DATE

_Ian Redfors_
PRINT NAME
ECF * 200 - WALLACE DRIVE
ADDRESS
CLIO, ALABAMA    36017-2615
CITY             ZIP CODE

_Derwin McGowan_  10/12/04
SIGNATURE         DATE

_Derwin McGowan_
PRINT NAME
ECF * 200 - WALLACE DRIVE
ADDRESS
CLIO, ALABAMA    36017-2615
CITY             ZIP CODE

-4-

191

EASTERLING CORRECTIONAL FACILITY
~~P.O. Box 10~~ 200 - Wallace Drive
Clio, Alabama 36017 - 3615

Attn: Robert Wayne Clements, Pro-Se
ECF * # 145578 * Dorm- 8/B - 32

→ legal Mail —



"This correspondence is forwarded from
an Alabama State Prison. The contents have
not been evaluated, and the Alabama Department
of Corrections is not responsible for the substance
or content of the enclosed communication."

Lee County Justice Center
Lee County Courthouse
Attn: Clerk of The Circuit Court, Criminal
0311 - Gateway Drive
Room # 104
Opelika, Alabama

ACR371

NOTICE OF APPEAL TO THE ALABAMA COURT
BY THE TRIAL COURT OF CRIMINAL APPEALS

ALABAMA JUDICIAL DATA CENTER

IN THE CIRCUIT COURT OF
STATE OF ALABAMA VS CLEMENTS ROBERT WAYNE        LEE COUNTY
JUDGE: HON. JACOB A. WALKER II

APPEAL DATE: 10/18/2004

INDIGENCY STATUS:
    GRANTED INDIGENCY STATUS AT TRIAL COURT:
    APP. TRIAL COUNSEL PERMITTED TO W/D ON APPEAL:    __X__ YES    _____ NO
    INDIGENT STATUS REVOKED ON APPEAL:                __X__ YES    _____ NO
    INDIGENT STATUS GRANTED ON APPEAL:                __X__ YES    __X__ NO

DEATH PENALTY: NO

APPEAL TYPE: RULE 32 PETITION

THIS APPEAL IS FROM AN ORDER DENYING A PETITION (I.E., RULE 32 PETITION,
WRIT OF HABEAS CORPUS, ETC) OR FROM ANY OTHER ISSUED BY THE TRIAL JUDGE.

CO/CASE NUMBER: 43/CC 2003 000323.60

ORDER ENTERED(DATE): 09082004 PETITION: __DISMISSED  X DENIED  __GRANTED

POST-JUDGMENT MOTIONS FILED:    DT FILED      DT DENIED    CON BY AGREE
___ MOTION FOR NEW TRIAL        _____      _____     _____
___ MOTION FOR JUDG. OF ACQUIT  _____      _____     _____
___ MOTION TO W/D GUILTY PLEA   _____      _____     _____
___ MOTION FOR ATTY TO W/DRAW   _____      _____     _____
___ OTHER                       _____      _____     _____

COURT REPORTER(S):
ADDRESS:                            SMITH, JANET C.
                                    C/O HON. JACOB WALKER,III
                                    OPELIKA          , AL  36801
APPELLATE COUNSEL #1:
ADDRESS:                            PRO SE

PHONE NUMBER:                       000-000-0000              00000

APPELLATE COUNSEL #2:
ADDRESS:                            _____
                                    _____
PHONE NUMBER:                       _____

APPELLANT (PRO SE):
ADDRESS:                            CLEMENTS ROBERT WAYNE
                                    AIS#145598
AIS #:                              CLIO             , AL  360170000

APPELLEE (IF CITY APPEAL):
ADDRESS:                            _____
                                    _____

I CERTIFY THAT THE INFORMATION PROVIDED
ABOVE IS ACCURATE TO THE BEST OF MY                    OPERATOR: KAH
KNOWLEDGE AND I HAVE SERVED A COPY OF              PREPARED: 10/2?/2004
THIS NOTICE OF APPEAL ON ALL PARTIES TO
THIS ACTION ON THIS 28 DAY OF Oct ,2004    _____
                                            CIRCUIT COURT CLERK

ACR371
193

NOTICE OF APPEAL TO THE ALABAMA JUDICIAL DATA CENT
ALABAMA COURT OF CRIMINAL APPEALS
BY THE TRIAL COURT CLERK
IN THE CIRCUIT COURT OF      LEE COUNTY
STATE OF ALABAMA VS CLEMENTS ROBERT WAYNE      JUDGE: HON. JACOB A. WALKER II

APPEAL DATE: 10/18/2004

INDIGENCY STATUS:
    GRANTED INDIGENCY STATUS AT TRIAL COURT:
    APP. TRIAL COUNSEL PERMITTED TO W/D ON APPEAL:      __X__ YES    _____ NO
    INDIGENT STATUS REVOKED ON APPEAL:                 __X__ YES    _____ NO
    INDIGENT STATUS GRANTED ON APPEAL:                 __X__ YES    __X__ NO

DEATH PENALTY: NO

APPEAL TYPE: RULE 32 PETITION

THIS APPEAL IS FROM AN ORDER DENYING A PETITION (I.E., RULE 32 PETITION,
WRIT OF HABEAS CORPUS, ETC) OR FROM ANY OTHER ISSUED BY THE TRIAL JUDGE.

CO/CASE NUMBER: 43/CC 2003 000325.60

ORDER ENTERED(DATE): 09082004 PETITION: __DISMISSED  X DENIED   __GRANTED

POST-JUDGMENT MOTIONS FILED:     DT FILED        DT DENIED       CON BY AGREE
___ MOTION FOR NEW TRIAL         _____       _____       _____
___ MOTION FOR JUDG. OF ACQUIT   _____       _____       _____
___ MOTION TO W/D GUILTY PLEA    _____       _____       _____
___ MOTION FOR ATTY TO W/DRAW    _____       _____       _____
___ OTHER _____      _____       _____       _____

COURT REPORTER(S):
ADDRESS:                         SMITH, JANET C.
                                 C/O HON. JACOB WALKER,III
                                 OPELIKA          ,  AL  36801

APPELLATE COUNSEL #1:
ADDRESS:                         PRO SE

PHONE NUMBER:                    000-000-0000      '      00000

APPELLATE COUNSEL #2:
ADDRESS:                         ----------------------------
                                 ----------------------------
                                 ----------------------------
PHONE NUMBER:                    ----------------------------

APPELLANT (PRO SE):
ADDRESS:                         CLEMENTS ROBERT WAYNE
                                 AIS#145598
AIS #:                           CLIO             ,  AL  360170000

APPELLEE (IF CITY APPEAL):
ADDRESS:                         ----------------------------
                                 ----------------------------
                                 ----------------------------

I CERTIFY THAT THE INFORMATION PROVIDED
ABOVE IS ACCURATE TO THE BEST OF MY                    OPERATOR: WAH
KNOWLEDGE AND I HAVE SERVED A COPY OF           PREPARED: 10/22/2004
THIS NOTICE OF APPEAL ON ALL PARTIES TO
THIS ACTION ON THIS 22 DAY OF OCT, 2004         _____
                                                CIRCUIT COURT CLERK

194



JANET C. SMITH
OFFICIAL COURT REPORTER
37TH JUDICIAL CIRCUIT

Lee County Justice Center
2311 Gateway Drive - Suite 206
Opelika, Alabama 36801

334/737-3415

Oct 26, 04 (scs)

LANE MANN, CLERK
Court of Criminal Appeals
Post Office Box 301555
Montgomery, AL 36130-1555

RE:   CR 04 0117
      ROBERT WAYNE CLEMENTS VS. STATE OF ALABAMA
         (CC-03-323 and CC-03-325)

Dear Mr. Mann:

Please find enclosed a copy of the Reporter's Transcript Order that was
filed by Mr. Clements.  Letters A, D, E, F, and G are all checked.  Please
note that the only thing that I would have taken down would be the Guilt
Plea done on 8-13-04.

If you have any questions, please do not hesitate to contact me.

Sincerely,

Janet C. Smith

CC:   Robert Clements
      Hon. Nick Abbett, District Attorney
      CLERK
         Attorney General

195

| te of Alabama<br>ified Judicial System<br>RAP- 14            11/91 | CERTIFICATE OF COMPLETION AND<br>TRANSMITTAL OF RECORD ON<br>APPEAL BY TRIAL CLERK | Appellate Case Number |
|---|---|---|

___. THE CLERK OF
THE COURT OF CRIMINAL APPEALS OF ALABAMA

DATE OF
NOTICE OF APPEAL: 10/18/04

PPELLANT

*Robert Wayne Clements*

_. STATE OF ALABAMA

I certify that I have this date completed and transmitted herewith to the appellate court the record on appeal
assembling in (a single volume of _____ pages) (___/___ volumes of 200 pages each and one volume of
_ _ pages) the clerk's record and the reporter's transcript and that one copy each of the record on appeal has
en served on the defendant and the Attorney General of the State of Alabama for the preparation of briefs.

I certify that a copy of this certificate has this date been served on counsel for each party to the appeal.

ed this _17_ day of _Nov_ , 19 2004

*Cori D Hunt*

Circuit Clerk

IN THE CIRCUIT COURT

FOR THE COUNTY OF LEE

STATE OF ALABAMA

THIRTY-SEVENTH JUDICIAL CIRCUIT

CRIMINAL

STATE OF ALABAMA,

     PLAINTIFF,

VS.                       CASE NO.:  CC-03-323

ROBERT WAYNE CLEMENTS,           CC-03-324

     DEFENDANT.

_____/

PROCEEDINGS

BEFORE:

     Jacob A. Walker, III, Circuit Court Judge,

     Lee County Justice Center, Opelika,

     Alabama.  August 13, 2003.

APPEARANCES:

     <u>For the Plaintiff</u>:

     Nick Abbett, District Attorney
     Opelika, Alabama

     <u>For the Defendant</u>:

     Lauryn Lauderdale, Esq.
     Opelika, Alabama

1    PROCEEDINGS HAD IN OPEN COURT

2    AUGUST 13, 2003

3    (Parties present and the following

4    proceedings were had.)

5    THE COURT:  All right.  Let's see what we

6    have got here on you, Mr. -- Clements or

7    Clements?

8    (No response.)

9    THE COURT:  Let's see those files.

10    (Law Clerk, Mr. Andress, handing

11    documents to the Court.)

12    THE COURT:  Mr. Clements, you have

13    several cases here.  Conspiracy to Commit

14    Robbery in the First Degree, case number

15    03-323.  Case number 03-324, Attempted

16    Burglary in the First Degree.  Case number

17    03-325, Possession of a Short Barrel Shotgun.

18    Case number 03-327, Possession of Burglary

19    Tools.  It states if you enter a plea of

20    guilty to the Conspiracy to Commit Robbery in

21    the First Degree and Possession of a Short

22    Barrel Shotgun, for the Conspiracy to Commit

23    Robbery in the First Degree, you would receive

24    a twenty-three year sentence.  And that is

25    pursuant to the Habitual Offender Act.

1          Does he have one prior?

2          MS. LAUDERDALE:  Two priors.

3          THE COURT:  It says bad checks.  What is

4      that?

5          MR. CLEMENTS:  It was a felony.

6          THE COURT:  It was a felony?

7          MR. CLEMENTS:  Yes, sir.  That's what

8      they said.  I don't know.

9          THE COURT:  Well -- okay.  Well, the

10     range of punishment for this case would be

11     between two and twenty, anyway, and then with

12     a weapon being involved, the minimum would be

13     ten.  So it's going to fall within the limits,

14     anyway, whether it's one or two prior

15     felonies.  Because if you had one prior, it

16     would be ten to life, and if it was two priors,

17     it's fifteen to life, so --

18         MR. CLEMENTS:  Yes.

19         THE COURT:  -- and I think certainly by

20     looking on the back of this form, we can all

21     agree that you have at least one.

22         MR. CLEMENTS:  Yes, sir.

23         THE COURT:  And -- and you think two.

24             And then going on with this plea

25     recommendation, the Possession of a Short

```
1         Barrel Shotgun case would be a ten year
2         sentence.  And this sentence would run
3         concurrently with the Robbery Conspiracy
4         sentence.  And, of course -- now, Mr. Clements,
5         what you need to understand is that anybody
6         sentenced to over fifteen years is not
7         eligible for probation.  And -- so the
8         sentence will go ahead and be placed in
9         effect and you would just be put in line to
10        be transferred to the penitentiary.  Do you
11        understand that?
12             MR. CLEMENTS:  Yes, sir.
13             THE COURT:  Okay.  Any other -- any
14        questions you have of Ms. Lauderdale about
15        your case or cases?
16             MR. CLEMENTS:  (Shaking head in the
17        negative.)
18                  (Mr. Clements talking to Ms.
19                  Lauderdale.)
20             THE COURT:  I don't think a split is going
21        to -- I don't think you can split anything over
22        twenty years.
23             MS. LAUDERDALE:  I wasn't aware of that,
24        Judge.
25             THE COURT:  You know, they just -- the
```

1    change -- if you want to take a minute and look

2    it up, but, you know, the change -- you can

3    split it up to twenty years isn't that old, but

4    I think it is cut off at twenty.  So he -- he

5    wouldn't be eligible for a split, I don't

6    believe.  Do you want to talk to him about

7    it?

8        MS. LAUDERDALE:  Let me just check right

9    quick.

10                (Pause was had.)

11        THE COURT:  It's probably going to be in

12    Title 15.

13                (Brief recess was had in this

14                case.)

15                (Proceedings taken up in another

16                case.)

17                (Proceedings resumed in this

18                case.)

19        THE COURT:  Okay.  Title 15 18 A, and it

20    says -- and I think it does limit it to twenty

21    years, so I -- he wouldn't be eligible for a

22    split.

23        MS. LAUDERDALE:  Okay.

24        THE COURT:  All right, Mr. Clements.  Do

25    you understand you wouldn't be eligible for

1  a split sentence -- and, of course, even if

2  you applied for one, that wouldn't mean I

3  would grant it.  But do you still want to

4  proceed?

5      MR. CLEMENTS:  Yes, sir.

6      THE COURT:  Okay.  All right.  I think we

7  have gone over everything, so raise your right

8  hand.

9          (Mr. Clements complies.)

10     THE COURT:  Do you solemnly swear to tell

11 the truth and nothing else but the truth, so

12 help you God?

13     MR. CLEMENTS:  (Nodding head in the

14 affirmative.)

15     THE COURT:  All right.  Appearing in

16 open Court is the Defendant, Robert Wayne

17 Clements, and his attorney, Mr. -- Mrs. Lauryn

18 Lauderdale, in two cases, case number 03-323,

19 Conspiracy to Commit Robbery in the First

20 Degree, and case number 03-325, Possession of

21 a Short Barrel Shotgun.

22          Now, sir, I understand you wish

23 to withdraw your pleas of not guilty in those

24 two cases and enter pleas of guilty.  Is that

25 correct?

1        MR. CLEMENTS:  Yes, sir.

2        THE COURT:  Before I accept your pleas,

3    let me ask you some questions.  How old are

4    you?

5        MR. CLEMENTS:  I am 36.

6        THE COURT:  36.  How far have you been in

7    school?

8        MR. CLEMENTS:  I went to the eighth.

9        THE COURT:  Okay.  Are you under the

10    influence of any drugs, alcohol, or

11    prescription pain medication?

12        MR. CLEMENTS:  No, sir.

13        THE COURT:  Okay.  Let me show you Form A,

14    or Forms A, because we have two charges here,

15    and so we have two Forms A.

16            Were the rights and matters on

17    those forms read and explained to you by your

18    lawyer?

19        MR. CLEMENTS:  Yes, sir.

20        THE COURT:  Okay.  Are you able to read

21    and write the English language?

22        MR. CLEMENTS:  Yes, sir.

23        THE COURT:  Okay.  Now, Ms. Lauderdale,

24    did you read those forms to him?

25        MS. LAUDERDALE:  I read them.

1    THE COURT:  All right.  Did you ever get a

2    GED?

3    MR. CLEMENTS:  No, sir.

4    THE COURT:  All right.  Have you read and

5    do you understand those rights?

6    MR. CLEMENTS:  Yes, sir.

7    THE COURT:  Is that your signature that

8    appears on Exhibit A?

9    MR. CLEMENTS:  Yes, sir.

10    THE COURT:  Do you understand that by

11    pleading guilty you are giving up the rights as

12    set forth on that form?

13    MR. CLEMENTS:  Yes, sir.

14    THE COURT:  Do you have any questions

15    about them whatsoever?

16    MR. CLEMENTS:  (Shaking head in the

17    negative.)

18    THE COURT:  Did your lawyer adequately

19    explain those to you?

20    MR. CLEMENTS:  (Nodding head in the

21    affirmative.)

22    THE COURT:  Okay.  You have to say yes or

23    no.

24    MR. CLEMENTS:  Yes, sir.

25    THE COURT:  Okay.  Let me show you Exhibit

1   B.  Are you satisfied with the services of your

2   lawyer?

3       MR. CLEMENTS:  Yes, sir.

4       THE COURT:  Have you read and do you

5   understand what is set forth on Exhibit B?

6       MR. CLEMENTS:  Yes, sir.

7       THE COURT:  Is that your signature that

8   appears on that form?

9       MR. CLEMENTS:  Yes, sir.

10      THE COURT:  Do you have any questions

11  about that form?

12      MR. CLEMENTS:  No, sir.

13      THE COURT:  Okay.  I am going to go over

14  these indictments with you.  First is

15  Conspiracy to Commit Robbery in the First

16  Degree, and that basically states that:

17              You did agree with

18          Michael Lee Williams,

19          alias, to commit the

20          crime of Robbery in the

21          First Degree--

22  -- and that's set forth in Section 13 A 8 41 of

23  the Code--

24          --with intent -- with

25          the intent and -- that

1                  conduct constituting

2                  said offense be performed,

3                  and that Robert Wayne

4                  Clements did go to the

5                  residence of Julia M.

6                  Tatum while said

7                  Robert Wayne Clements

8                  was armed with a

9                  shotgun and was in

10                 possession of work

11                 gloves, a ski mask,

12                 and/or cord, in

13                 furtherence of said

14                 crime, in violation of

15                 Section 13 A four

16                 three of the Code

17                 of Alabama.

18          Now, sir, that is conspiracy --

19     that sets forth the allegation or the crime of

20     Conspiracy to Commit Robbery in the First

21     Degree.  And under the conspiracy statute,

22     which is 13 A four three, that would be defined

23     as a Class B felony.

24         Now, for the Possession of a

25     Short Barrel Shotgun, that reads that:

1            You did knowingly

2            and unlawfully possess,

3            obtain, receive,

4            sell, or use a short

5            barrel rifle or a

6            short barrel shotgun,

7            to-wit, a twelve guage

8            shotgun, in violation

9            of Section 13 A 11 6

10           of the Code of Alabama.

11                Now, have these two charges been

12      explained to you by your lawyer?

13           MR. CLEMENTS:  Yes, sir.

14           THE COURT:  Do you have any questions

15      about them?

16           MR. CLEMENTS:  No, sir.

17           THE COURT:  Do you want me to read those

18      indictments to you again?

19           MR. CLEMENTS:  No, sir.

20           THE COURT:  All right, sir.  Going over

21      the range of punishment in this case, I --

22      and, again, I think the firearms' enhancement

23      is going to have to be used on this one, on

24      the Robbery.  Let's see.  You need to check

25      that.

1          Conspiracy to Commit a Robbery,

2     as I stated, is a Class B felony, as such, the

3     range of punishment is between ten years and

4     life in the penitentiary and a fine up to

5     $20,000.  And because you have at least two

6     prior felonies, then that range of punishment

7     is fifteen years to life.  And if it turns out

8     you only have one prior felony, that range of

9     punishment is between twenty years and life

10    and a fine of $20,000.  And as we discussed,

11    either way, twenty-three years is still going

12    to fall within the appropriate range.  Do you

13    understand that?

14          MR. CLEMENTS:  Yes, sir.

15          THE COURT:  You need to check that down

16    there.

17          And for the Possession of Short

18    Barrel Shotgun, that's a Class C felony.  And

19    -- and, again, if you had two prior felonies,

20    that range of punishment is ten years to life

21    and a fine of $20,000.  And I believe if the

22    -- if you only had one prior felony, the

23    range of punishment is from twenty-one --

24    two years to twenty years in the penitentiary

25    and a fine up to $20,000.  However, the

1   enhancement provisions may very well apply.

2   And if they did apply, then the minimum

3   sentence would be ten years.  And -- so I

4   believe I have appropriately covered all the

5   possible range of punishments in your case.  Do

6   you have any questions about that any

7   whatsoever?

8       MR. CLEMENTS:  No, sir.  A violent crime?

9       MS. LAUDERDALE:  I am sorry?

10      MR. CLEMENTS:  A violent crime.

11      MS. LAUDERDALE:  His question is is it

12  considered a violent crime; either one of

13  those, the possession or the conspiracy?

14      THE COURT:  Well, that's going to be up to

15  the classification of the Department of

16  Corrections.

17      MR. CLEMENTS:  Okay.

18      THE COURT:  And -- and, Sir, just out of

19  an abundance of caution, they may just very

20  well classify the Conspiracy to Commit Robbery

21  as a violent crime.  They very well could do

22  that.

23      MR. CLEMENTS:  Okay.

24      THE COURT:  All right.  Now, have you

25  discussed the facts and your involvement in

1   this case with your lawyer?

2       MR. CLEMENTS: Yes, sir.

3       THE COURT: And did you commit the offense

4   of Conspiracy to Commit a Robbery as set forth

5   in the -- in the indictment?

6       MR. CLEMENTS: Yes, sir.

7       THE COURT: And did you commit the offense

8   of Possession of Short Barrel Shotgun as set

9   forth in that indictment?

10       MR. CLEMENTS: Yes, sir.

11       THE COURT: And has anyone made any

12   threats or offered you any hope of reward or

13   given you any inducement or promises in order

14   to get you to plead guilty?

15       MR. CLEMENTS: No, sir.

16       THE COURT: Has anyone promised you a

17   particular sentence or a lighter sentence or

18   probation to get you to plead guilty?

19       MR. CLEMENTS: No, sir.

20       THE COURT: Do you understand convictions

21   in these cases can be used to increase

22   punishment under the Alabama Habitual Offender

23   Law if you are convicted of another felony in

24   the future?

25       MR. CLEMENTS: Yes, sir.

1    THE COURT:  Are you pleading guilty of

2    your own free will and because you are

3    guilty?

4        MR. CLEMENTS:  Yes, sir.

5        THE COURT:  Do you understand that by

6    entering these pleas of guilty you are

7    basically waiving your rights to an appeal as

8    set forth on the back of Forms A and then

9    outlined by your lawyer on this form -- or

10   these forms?

11       MR. CLEMENTS:  Yes, sir.

12       THE COURT:  Ms. Lauderdale, have you

13   conferred with Mr. Clements and advised him

14   concerning the facts of these cases and his

15   rights?

16       MS. LAUDERDALE:  Yes, Your Honor.

17       THE COURT:  Have you explained the nature

18   of the charges to him?

19       MS. LAUDERDALE:  Yes, sir.

20       THE COURT:  Do you recommend the Court

21   accept his pleas?

22       MS. LAUDERDALE:  Yes, sir.

23       THE COURT:  Have you promised him that

24   he would receive probation or a split

25   sentence?

1    MS. LAUDERDALE:  No, sir.

2    THE COURT:  Have you conferred with him

3    regarding his appellate rights?

4    MS. LAUDERDALE:  Yes, sir.

5    THE COURT:  Mr. Clements, to the charge of

6    Conspiracy to Commit Robbery in the First

7    Degree, how do you plead?

8    MR. CLEMENTS:   Guilty.

9    THE COURT:  To the charge of Possession of

10    a Short Barrel Shotgun, how do you plead?

11    MR. CLEMENTS:  Guilty.

12    THE COURT:  Based upon your pleas of

13    guilty, I adjudicate you guilty of these two

14    offenses.

15    Do you have anything to say at

16    this time why judgment and sentence of the

17    Court should not be pronounced upon you?

18    MR. CLEMENTS:  No, sir.

19    THE COURT:  Okay.  Nothing to say in

20    either case?

21    (No response.)

22    THE COURT:  All right.  All right, sir.

23    Let's go back over this plea recommendation I

24    am marking as Form C.  Is that -- is that your

25    signature on that form?

1     MR. CLEMENTS:  Yes, sir.

2     THE COURT:  On the reverse side, you see

3     an affidavit of prior felony convictions.  Is

4     that your signature on that form?

5     MR. CLEMENTS:  Yes, sir.

6     THE COURT:  All right.  Mr. Clements, in

7     the Conspiracy to Commit Robbery in the First

8     Degree case, there would a sentence of

9     twenty-three years.  Pay court costs.

10    Attorney's fees of $500.  Restitution does not

11    seem to apply.  $75 Victim's Compensation Fund

12    Assessment.

13    And what about your jail credit?

14    How long have you been in jail?

15    MR. CLEMENTS:  Eight months.

16    THE COURT:  Okay.  Have you been in jail

17    ever since the warrant was served on you in

18    this case; since the night of the arrest?

19    MR. CLEMENTS:  Yes, sir.

20    THE COURT:  Okay.  That was February 13th,

21    2003.  Is that correct?

22    MR. CLEMENTS:  Yes, sir.

23    THE COURT:  All right.  Your sentence is

24    placed into effect.

25    For the Short Barrel Shotgun

1   case, ten year sentence.  This would run

2   concurrently.  Court cost.  Attorney's fees

3   have already been assessed.  Victim's

4   Compensation Fund Assessment $75.  Jail credit,

5   again, from February 13th, 2003.

6                    The case number 03-324 is nolle

7   prossed without costs.  Case number 03-326,

8   Possession of Burglary Tools, is nolle prossed

9   without costs.

10                   All right, sir.  At this time you

11  will be transferred to the penitentiary or

12  placed in line to be transferred to the

13  penitentiary to serve these two sentences.  Do

14  you have any questions whatsoever?

15          MR. CLEMENTS:  No.

16                  (Mr. Clements talking to Ms.

17                  Lauderdale.)

18          THE COURT:  No.  You pled guilty in both

19  cases.  So when I say --

20          MS. LAUDERDALE:  Run concurrent.

21          MR. CLEMENTS:  Okay.

22          MS. LAUDERDALE:  You got a twenty-three

23  year sentence and a ten year sentence and they

24  will run together.

25          THE COURT:  Do you have any questions?

1          MR. CLEMENTS:  No, sir, except I have an

2    FTA on me at the City.

3          THE COURT:  City of --

4          MR. CLEMENTS:  Opelika.

5          THE COURT:  For what?

6          MR. CLEMENTS:  Driving while suspended.  I

7    was locked up and didn't get to go to court.

8    I would like to have that took care of before I

9    go to prison.

10         THE COURT:  You probably need to file a

11   motion for a speedy trial at the Opelika City

12   Court.

13         MS. LAUDERDALE:  Okay.  I will do that.

14         THE COURT:  Okay.

15                  (Whereupon, the proceedings in

16                   this case were concluded)

17

18

19

20

21

22

23

24

25

1                    REPORTER'S CERTIFICATE

2

3           I do hereby certify that the above

4     and foregoing transcript of proceedings in the

5     matter aforementioned was taken down in machine

6     shorthand, and that the questions and answers

7     thereto reduced to writing under my personal

8     supervision, and that the foregoing represents

9     a true and correct transcript of the

10    proceedings.

11          I further certify that I am neither of

12    counsel nor related to the parties to the

13    action, nor am I in any wise interested in the

14    result of said cause.

15          DATED this the 25th day of October, 2004.

16

17

18

19

20    _____

21          JANET C. SMITH

22          OFFICIAL COURT REPORTER

23

24

25