Notice: This unpublished memorandum should not be cited as precedent. See Rule 54, Ala.R.App.P. Rule 54(d), states, in part, that this memorandum "shall have no precedential value and shall not be cited in arguments or briefs and shall not be used by any court within this state, except for the purpose of establishing the application of the doctrine of law of the case, res judicata, collateral estoppel, double jeopardy, or procedural bar."

# Court of Criminal Appeals
State of Alabama
Judicial Building, 300 Dexter Avenue
P. O. Box 301555
Montgomery, AL 36130-1555



H.W."BUCKY" McMILLAN
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges

Lane W. Mann
Clerk
Sonja McKnight
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

## MEMORANDUM

CR-04-0117            Lee Circuit Court CC-03-323.60 & -325.60

Robert Wayne Clements v. State

McMILLAN, Presiding Judge.

The appellant, Robert Wayne Clements, appeals from the summary dismissal of his Rule 32, Ala. R. Crim. P., petition for postconviction relief attacking his August 11, 2003, guilty-plea convictions for conspiracy to commit robbery and possession of a short-barreled shotgun and resulting sentences of twenty-three years' imprisonment and ten years' imprisonment, respectively, to run concurrently. These convictions were not appealed.

I.

Clements first claims that "the Constitution of the

1



United States or of the State of Alabama requires a new trial, a new sentence proceeding, or other relief prayed for in this instant post-conviction petition." He avers that his conviction and sentence violate his right to due process and equal protection and his liberty interest. This claim is insufficiently pleaded because he cites no facts or law in support of it. In fact, it is more in the nature of an introduction to the other issues he presents.

## II.

The appellant next claims that his conviction was obtained by a plea of guilty which was unlawfully induced or made involuntarily without the understanding of the nature of the charge and consequences of the plea; his conviction was obtained by the use of a coerced confession; his conviction was obtained by use of evidence gained pursuant to an unconstitutional search and seizure; his conviction was obtained by the use of evidence gathered pursuant to a unlawful arrest; his conviction was obtained by a violation of the privilege against self-incrimination; and his conviction was obtained by the failure of the prosecution to disclose evidence favorable to the appellant. The record indicates that Clements' plea was clearly voluntary according to the requirements of Boykin v. Alabama, 395 U.S. 238 (1969).

> "Since Boykin, Alabama trial judges, when accepting a plea of guilty, have given a 'Boykin colloquy', which gives an explanation of the defendant's constitutional rights and includes the maximum and minimum sentences that he can receive. The use of a written explanation of rights and a plea-of-guilty form is also authorized by Alabama Rules of Criminal Procedure, Rule 14.4. The form has been commonly known as the 'Ireland form', because its use was first upheld in Ireland v. State, 250 So. 2d 601, 604 (Ala. Crim. App. 1971). Rule 14.4, amended effective January 1, 1991, sets forth the current procedure for the acceptance of a guilty plea. That procedure includes conducting a 'Boykin colloquy' between the trial judge and the accused and using a written explanation-of-rights form, similar to the 'Ireland form'; the

2

form is signed by the accused, his counsel, and
the trial judge when a plea is accepted."

<u>Gordon v. Nagle</u>, 647 So. 2d 91, 95 (Ala. 1994)

From the record on appeal, we find the trial court clearly complied with the requirements in its <u>Boykin</u> colloquy and execution of the Ireland form, and Clements' guilty plea is considered voluntarily and intelligently given. Having determined the guilty plea to have been knowingly and intelligently given, Clements' claim of a coerced confession is without merit. A guilty plea has been held to be a defendant's testimony against himself. The Alabama Supreme Court held in <u>Ex parte State of Alabama (In re: Carl Andrew Russell v. State)</u>, 428 So.2d 131, 134 (Ala. 1982):

> "It has long been the law in Alabama that upon entering a plea of guilty, a defendant waives his right to trial and confesses against himself. If voluntarily and understandingly made, a plea of guilty is conclusive as to the defendant's guilt. When a guilty plea is accepted and entered by the court, it 'is a conviction of the highest order, and is an admission, of record, of the truth of whatever is sufficiently charged in the indictment.' ... Such a plea serves as a stipulation that no proof need be advanced by the prosecution, except as specifically required by both evidence and verdict."

(Citations omitted).

Thus, the appellants' issues as to a coerced confession, illegally obtained evidence, and failure of discovery are waived.

### III.

Clements next claims that his trial counsel was ineffective for: 1) failing to consult with him and keep him informed; 2) failing to contact witnesses for the defense; 3) failing to investigate; 4) failing to disclose what was learned in discovery; 5) failing to file motion to recuse

all judges and to suppress the statement and failing to file objection to flawed indictment as it does not track the language of the statute; 6) acting in concert with the prosecution by convincing petitioner that forensic evidence existed when it did not and thereby obtaining a guilty plea; 7) not investigating co-defendant's statement or filing a motion to suppress said statement; 8) failing to investigate to determine if prosecution possessed exculpatory statements or other evidence; 9) failing to discuss any strategy; 10) failing to contact the appellant to prepare a defense for trial; 11) failing to file motion to suppress evidence obtained from unlawful arrest; 12) failing, although instructed, to file a motion to change venue because of the small town "who knew the alleged victim"; 13) failing to withdraw from representation as requested; 14) failing to file several other motions on the basis that counsel intimated there was no point, as Clements was going to lose anyway; 15) failing to fight a public intoxication arrest obtained at the same time; 16) failing to advise of his right to appeal; and 17) waiving arraignment without consent. The trial court addressed each of these claims, and correctly found that none of these claims warranted relief because they were either without merit or insufficiently pleaded.

IV.

Clements claims that the trial court was without jurisdiction to render the judgement or to impose sentence because the indictment against him was fatally defective. The indictment reads as follows:

> "The Grand Jury of said County charge that before the finding of this Indictment CC03-323 Robert Wayne Clements, alias Robert Clements, whose true Christian name is otherwise unknown to the Grand Jury, did agree with Michael Lee Williams, alias, to commit the crime of Robbery First Degree, (Section 13A-8-41 of the Code of Alabama) with the intent that conduct constituting said offense be performed and that Robert Wayne Clements did go to the residence of Julia M. Tatum, while said Robert Wayne Clements was armed with a shotgun, and was in possession of work gloves, ski mask and/or cord

4

> in furtherance of said crime, in violation of Section 13A-4-3 of the Code of Alabama, against the peace and dignity of the State of Alabama."

"The indictment need only state the facts constituting the offense in ordinary and concise language in such a manner as to enable a person of common understanding to know what was intended." <u>Summers v. State</u>, 348 So. 2d 1126, 1132 (Ala. Crim. App. 1977). Since the language of his indictment tracks the language of the applicable statutes, this claim is clearly without merit.

## V.

Clements next alleges that newly discovered evidence exists which requires that the conviction or sentence be vacated by the court. Since Clements did not reveal the nature of his alleged newly discovered evidence, the trial court correctly discerned that this claim was insufficiently pleaded and properly dismissed the claim on that ground.

## VI.

Clements next alleges that his failure to file a direct appeal from his convictions was without fault upon his part. The record affirmatively shows that during the guilty plea proceedings, the trial judge expressly questioned defense counsel as to whether he had conferred with the defendant regarding his appellate rights and was told that he had done so. The case action summary and the Ireland forms also dispute this claim.

## VII.

Finally, Clements alleges that the trial judge was prejudiced against him and should have recused himself. In his order dismissing the Rule 32 petition, Judge Jacob Walker addressed this claim, stating:

> "First, there was no Motion to Recuse filed in this case, however, the contentions set forth in the Memorandum pertain to District Judge Russell Bush, who the Defendant contends is a friend of the victim. The Defendant seems to be arguing

5

>   that this friendship caused Judge Bush to set high
>   bonds. However, a review of this file reveals
>   that it was District Judge Michael Nix (who) set
>   the original bonds in these cases, not Judge
>   Bush."

Clements' petition is void of any factual support for his claim and makes a bare, unsubstantiated allegation. The trial court was correct in its summary dismissal of this claim.

Based on the foregoing, the judgment of the trial court summarily dismissing the appellant's Rule 32 petition is due to be affirmed.

AFFIRMED.

Cobb, Baschab, Shaw, and Wise, JJ., concur in the result.