IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

ROBERT WAYNE CLEMENTS, §
 §
    PETITIONER, §
 §
    -vs- §  CIVIL ACTION NUMBER:
 §  3:05-CV-723-T
GWENDOLYN MOSLEY, WARDEN, §
STATE OF ALABAMA, et. al., §
 §
    RESPONDENT(S). §

## PLAINTIFF'S ANSWER TO RESPONDENT'S ANSWER

Comes now, the Petitioner, Pro-Se, herein and above named in the above styled and numbered case, with inmate para-legal assistance and in Response of Repondent's Answer, dated September 8, 2005, Petitioner makes the following answer to Respondent's "Answer".

1). Petitioner concurs with Respondent he is incarcerated within the Alabama Department of Corrections sentences of twenty-three and ten years pursuant to a guilty plea for alleged conspiracy to commit robbery and possession of a short barreeled shotgun in the Lee County Circuit Court.

But, the Respondent erroneously informed this court of the date Petitioner was actually convicted and sentenced. Respondent informed this court that the Petitioner was convicted and sentenced on April 13, 2003, which; is incorrect.

Petitioner notified the trial court that he wanted to change his not guilty plea to a guilty plea on or about August 11, 2003. On or about August 11, 2003, Petitioner pled guilty to the above referenced charge(s) on or about August 11, 2003, and was sentenced on said charges on August 13, 2003.

Petitioner asks this Court and the Respondent to take judicial notice of these dates when computing procedural bar times.

-1-

2). Respondents have raised a procedural bar claim against the Petitioner pursuant to O'Sullivan-v-Boerckle, 526 U.S. 839 (1999).

Petitioner states to this court that that a procedural bar against the Petitioner would establish cause and prejudice or the fundamental miscarriage of justice established to protect the petitioner. See Coleman-v-Thompson, 501 U.S. 722.

3). Petitioner asserts his claim that his guilty plea was unlawfully induced and not knowingly entered is not procedurally barred. See Tucker-v-Florida Department of Corrections, 301 F. 3d. 1282 (11th Cir. 2002).

4). Petitioner asserts that his claim that his conviction was obtained by a use of coercion is not procedurally defaulted. See Tucker-v-Fla. Dept. of Corr., 301 F. 3d. 1282 (11th. Cir. 2002).

5). Petitioner asserts that his claim that his conviction was obtained by use of tainted or perjured evidence is not procedurally barred. See Tucker-v-Fla. Dept. of Corr., 301 F. 3d. 1282 (11th. Cir. 2002).

6). Petitioner asserts that his claim he was convicted by evidence obtained pursuant to an unlawful arrest is not procedurally barred. See Tucker-v-Fla. Dept. of Corr., 301 F. 3d. 1282 (11th. Cir. 2002).

7). Petitioner asserts that his conviction was obtained by a violation of his right not to incriminate himself is not procedurally barred. See Tucker-v-Fla. Dept. of Corr., 301 F. 3d. 1282 (11th. Cir. 2002).

8). Petitioner asserts that his conviction was obtained by the failure of the prosecution to disclose evidence favorable to the Petitioner is not procedurally barred. See Tucker-v-Fla. Dept. of Corr., 301 F. 3d. 1282 (11th. Cir. 2002).

9). Petitioner asserts that his claim that Petitioner received ineffective assistance of counsel is not procedurally barred. See Tucker-v-Fla. Dept. of Corr., 301 F. 3d. 1282.

10). Petitioner asserts that his claim that the trial court was without jurisdiction to render judgement or to impose the sentence is not procedurally barred. See Tucker-v-Fla. Dept. of Corr., 301 F. 3d. 1282 (11th. Cir. 2002).

11). Petitioner asserts that his claim that newly discovered material facts exist requiring his conviction and sentence to be vacated is not procedurally barred. See Tucker-v-Fla. Dept. of Corr., 301 F. 3d. 1282 (11th. Cir. 2002).

12). Petitioner asserts that his claim that his failure to file a direct appeal following his conviction was not his fault is not procedurally barred. See Tucker-v-Fla. Dept. of Corr., 301 F. 3d. 1282 (11th. Cir. 2002).

13). Petitioner asserts that his claim that the district and trial court judges were prejudiced against the Petitioner is not procedurally barred. See Tucker-v-Fla. Dept. of Corr., 301 F. 3d. 1282 (11th. Cir. 2002).

14). Petitioner stongly asserts his claim of innocence, and, to procedurally bar the Petitioner from Habeas review would establish cause and prejudice or the fundamental miscarriage of justice. See Coleman-v-Thompson, 501 U.S. 722; Williams-v-Wainwright, 452 F. 2d. 775, and; Smith-v-White, 719 F. 2d. 390.

15). Petitioner shows to this Court that the Petitioner's United States Constitutional Amendment #(5); (6); and (14) rights have been violated by the State of Alabama and that Petitioner's Alabama Constitutional Rights pursuant to: Alabama Constitution, 1901 Art. I, §(5) and (6) has also been violated by the State of Alabama/Respondents.

16). Petitioner shows to this Court that since the Respondents chose the course to simply raise a procedural bar instead of addressing Petitioner's issues raised in Petitioner's Habeas Petition Petitioner submits that the Respondents have waived their right to any applicable defenses against Petitioner's Habeas Petition, or, in the very least, this Court should hold an evidentiary hearing as Petitioner has never had the right or chance to meaningfully present his Habeas Petition Claims cognitively to a court, nor, has their ever been a meaningful resolution of said claims by any court. See Coleman-v-Thompson, 501 US 722.

17). Petitioner avers that, the denial of Petitioner's HAbeas Petition would result in a fundamental miscarriage of justice, where (1) the United States Supreme Court's decision in Fay-v-Noia, 372 US 391, which said decision involved a failure to appeal a state conviction at all, and which said decision established a standard whereby a state-court procedural default did not bar a Federal Habeas Review.

Hence Petitioner's Habeas Petition is ripe for adjudication upon the claims raised in Petitioner's Federal Habeas Petition.

## CHRONOLOGY OF THE CASE

Petitioner timely filed his Rule # 32 Petition into the Circuit court on or about July 8, 2004.

Petitioner did raise the following claims in his Rule # 32 Petition:

1). The Constitution of the United States or of the State of Alabama required a new sentence proceeding, or other relief. (C.R. 24-53).

2). Clements Conviction was obtained by a Plea of guilty which was unlawfully induced or not made voluntarily with the understanding of the nature of the charge. See (C.R.24-53).

3). Petitioner's conviction was obtained by use of a coerced confession from the Petitioner and the alleged co-defenant. See (C.R. 24-53).

4). Petitioner's arrest and conviction were obtained by use of evidence gained pursuant to an unconstitutional search and seizure. See (C.R. 24-53).

5). Petitioner's conviction was obtained by use of evidence obtained to an unlawful arrest. See (C.R.24-53).

6). Petitioner's conviction was obtained by a violation of the privilege against self-incrimination. See (C.R. 24-53).

7). Petitioner's conviction was obtained by the unconstitutional failure of the prosecution to disclose to the Petitioner evidence favorable to the Petitioner. See (C.R. 24-53).

8). Petitioner was denied ineffective assistance of counsel. See (C.R. 4-53).

9). The court was without jurisdiction to render the judgement or to impose sentence. See (C.R. 24-53).

10). Newly discovered material facts exist which require that the conviction and/or sentence be vacated by the court. See (C.R. 24-53).

11). Petitioner failed to appeal within the prescribed time, which, was not Petitioner's fault. See (C.R. 24-53).

12). The trial judge was prejudiced against the Petitioner and should have recused himself and/or trial counsel shaould have filed a "Motion to Recuse" both the trial judge and the district judge. See (C.R. 24-53).

On or about September 2, 2004, Judge Jacob A. Walker dismissed Petitioner's Rule # 32 Petition.

On or about October 18, 2004, Petitioner timely filed his "Notice of Appeal".

On or about May 20, 2005, The Alabama Court of Criminal Appeals affirmed Petitioner's Appeal.

Respondents again failed to provide proper information to this Court concerning the date of events in Petitioner's instant case at bar.

Respondents assert in their "answer" that Petitioner's "Certificate of Judgement" was issued on May 20, 2005, which is not true, said Certificate of Judgement" was issued on July 13, 2005. This information should better inform the court on determining Petitioner's timely process of his Federal HAbeas Corpus Petition.

On or about July 31, 2005, Petitioner filed into this Court his 28 U.S.C., §2254 Petition raising the following grounds for relief:

1). Petitioner's conviction was obtained by the violation of his state and federal constitutional rights. See (C.R. 24-53; 76-87 & 101-181).

2). Petitioner's conviction was obtained by the coercion of the Petitioner and his alleged co-defendant. See (C.R. 24-53; 76-87 & 101-181).

3). Petitioner's conviction was obtained by the coercion of both the Petitioner and his alleged co-defendant. See (C.R. 24-53; 76-87 & 101-181).

4). Petitioner's Conviction was obtained pursuant to tainted and perjured evidence from the alleged co-defendant. See (C.R. 24-53; 76-87; & 101-181).

5). Petitioner's conviction was obtained by use of evidence obtained by pursuant to an unlawful arrest. See (C.R. 24-53; 76-87 & 101-181).

6). Petitioner's conviction was obtained by a violation of the privilege of self-incrimination. See (C.R. 24-53; 76-87 & 101-181).

7). Petitioner's conviction was obtained by the unconstitutional failure of the prosecution to disclose to the Petitioner evidence favorable to the Petitioner. See (C.R. 24-53; 76-87; & 101-181).

8). Petitioner was denied effective assistance of counsel. See (C.R. 24-53; 76-87 & 101-181).

9). The trial court was without jurisdiction to render the judgement or to impose the sentence. See (C.R. 24-53; 76-87; 101-181).

10). Newly discovered material facts exist which require that the conviction and sentence be vacated. See (C.R. 24-53; 76-87 & 101-181).

11). Petitioner failed to appeal within the time prescribed and such failure was not Petitioner's fault. See (C.R. 24-53; 76-87 & 101-181).

12). The trial judge and district judge was prejudiced against Petitioner and should have recused themselves. See (C.R. 24-53; 76-87 & 101-181).

### STATUTE OF LIMITATION

Petitioner, and, the Respondents, both show to this court that Petitioenr's HAbas Petition is not "Time Barred".

### PETITIONER'S HABEAS PETITION
### IS NOT PROCEDURALLY DEFAULTED

Petitioner agrees that Petitioner's claims raised in Petitioner's Habeas Petition are the same claims raised in Petitioner's Rule # 32 Petition.

Petitioner did not file a direct appeal because the trial court and Petitioner's attorney did not advise the Petitioner of his right to file an appeal. See (C.R. 24-53; 76-87 & 101-181).

Petitioner shows to this Court that said claims raised in Petitioner's Rule # 32 Petition and this instant HAbeas Petition.

-7-

Petitioner shows to this court that the "Boerckle" requirements extends only to proceedings that fall within the normal system of Appellate review, because as long as the claims were raised there, as in Petitioner's instant case at bar, the State Courts have been given a fair opportunity to review Petitioner's claims and order any necessary relief.

Petitioner shows to this court that pursuant to: 28 U.S.C., §2254(c) only requires that state prisoners give state courts a fair opportunity to act on their claims, as in Petitioner's instant case at bar.

To require prisoners to raise all of their claims in extraordinary proceedings in addition to proceedings that are part of a standard review process not only is not required, but , or by the doctrine of comity, but, actually disserves the interests of comity by transferring state proceedings that have disctinctive and narrower purposes into general forums of relitigation of claims that have already been filly adjudicated in the course of the normal appellate proceedings. See Tucker-v-Fla. Dept. of Corr., 301 F. 3d. 1285.

As in Florida, The Alabama Court of Criminal Appeals issues final "Certificate of judgements", hence, Petitioner's has exhausted his claims at the appellate level. See Tucker-v-Fla. Dept. of Corr., 301 F 3d. 1283; Smith-v-State, 719 F. 2d. 128; Williams-v-Wainwright, 452 F. 2d. 775.

A fundamental miscarriage of justice would fall upon the Petitioner if his Habeas Petition is procedurally barred,as Petitioner has prima-facia cause and justice as Petitioner is not guilty of the alleged offenses Petitioner is currently convicted of. See (C.R. 143, 144, 164-175).

EXHAUSTION

Petitioner and the Respondent also agree tht Petitioner's claims have been properly exhausted as there is no longer an available state remedy at this time to file a any further appellate proceednings.

Furthermore, any post-conviction petition would be precluded by Alabama Rules of Criminal Procedure, Rule #32.2(b) as a successive petition on these issues raised within this instant Habeas Petition.

Hence, Petitioner's Federal Habeas Petition is ripe for judicial adjudication by this Honorable Court.

In sum Petitioner's Habeas Petition is due to be reviewed and/or granted on its merits, or, in the alternative, hold an evidentiary hearing in this instant case at bar to prevent a fundamental miscarriage of judgement that would throw undue cause and prejudice to the Petitioner without judicial adjudication upon the claims raised in Petitioner's Federal HAbeas Petition.

CONCLUSION

Based upon the foregoing Respondents "Answer" is due to be denied and Petitioner's Federal HAbeas Petition is due to be allowed to progress through the courts and adjudicated upon Prtitioner's claims raised in Petitioner's Federal Habeas Petition.

Or, in the alternative hold an evidentiary hearing to not only nuetralize the Respondents Request for Procedural Bar and issue a judgement on Petitioner's Habeas Petition.

Petitioner further prays for any further relief that this court deems just, proper, and, necessary. Executed this the __13__ day of October, 2005.

RESPECTFULLY SUBMITTED,

X *Robert W. Clements*
ROBERT W. CLEMENTS,
PETITIONER, PRO-SE

-9-

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the Respondents by placing same in the United States MAil Box, located at Easterling Correctional FAcility, postage prepaid, and, addressed correctly. Executed this the 13 day of October, 2005.

                                                X /s/ Robert W. Clements
                                                ROBERT W. CLEMENTS,
                                                PETITIONER, PRO-SE

### ADDRESS OF PETITIONER:

ROBERT WAYNE CLEMENTS, PRO-SE
EASTERLING CORRECTIONAL FACILITY
ECF * #145598 * DORM - 8/A-24
200 - WALLACE DRIVE
CLIO, ALABAMA   36017-2615

## NOTARY STATEMENT

STATE OF ALABAMA    ]

COUNTY OF BARBOUR   ]

    SWORN TO AND SUBSCRIBED BEFORE ME THIS THE _____ DAY OF _____, 20_____.

NOTARY PUBLIC                            MY COMMISSION EXPIRES

PETITIONER'S RESPONSE
CONTINUED FROM PAGE # 10:

IN LIEU OF A NOTARY PUBLIC

Due to a lack of a Notary Public and pursuant to: 28 U.S.C., §1746, et. seq., Petitioner hereby provides three (3) witnesses who hereby witness the Petitioner sign this instant Petitioner's Response under penalty of perjury and also watches the Petitioner deposit for mailing in the Easterling Correctional Facility's MAil Box.

_[signature]_
Witness

_[signature]_
Witness

_Johnny Wilson_
Witness

10-13-05
Date

13 oct 05
Date

10-13-05
Date

-11-