IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

_____

| | | |
|---|---|---|
| ROBERT WAYNE CLEMENTS, #145 598 | * | |
| Petitioner, | * | |
| v. | * | 3:05-CV-723-MHT (WO) |
| GWENDOLYN MOSLEY, WARDEN, *et al*. | * | |
| Respondents. | * | |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION AND PROCEDURAL HISTORY**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Robert Wayne Clements ["Clements"], a state inmate, on July 31, 2005. In this petition, Clements challenges his guilty plea convictions for conspiracy to commit robbery and possession of a short-barreled shotgun in the first degree imposed upon him by the Circuit Court for Lee County, Alabama on August 11, 2003.[1]  The trial court sentenced Clements on August 13, 2003 to 23 years imprisonment on the conspiracy conviction and a concurrent ten year term on the firearm offense. Clements did not appeal these convictions. (Doc. No. 9, Exhs. A, B.)

---

[1] Clements points out that in their answer to the petition, Respondents incorrectly referenced April 13, 2003 as the date his convictions were entered by the state court. (*See* Doc. No. 9 at 1.) Upon review of the pleadings and documents filed herein, the court finds that the correct dates of Clements' conviction and sentence are August 11, 2003 and August 13, 2003, respectively. (*See* Doc. No. 9, Exh. B; Doc. No. 13.)

Clements filed a Rule 32 petition, A.R.Crim. P., on July 8, 2004. The trial court denied the petition in an order issued September 2, 2004. Clement appealed the state court's decision to the Alabama Court of Criminal Appeals. On May 20, 2005 the appellate court affirmed the lower court's decision and issued a certificate of judgment on July 13, 2005.[2] (Doc. No. 9, Exhs. A, B.)  Clement presents the following claims for relief in his § 2254 petition:

1.  His convictions were obtained in violation of his state and constitutional rights;

2. His guilty pleas were coerced/unlawfully induced and not knowingly made;

3. His convictions were obtained by use of coercion;

4. His convictions were obtained by use of tainted and perjured evidence;

5.  His convictions were obtained by use of evidence obtained pursuant to an unlawful arrest;

6. His convictions were  obtained by a violation of his right against self-incrimination;

---

[2]The court agrees with Respondents' contention that Clements' petition is timely.  The court also concurs with Respondents' assertion that Clements last day to file a notice of appeal in state court was September 24, 2003 - 42 days after the state court imposed sentence on Clements.  The court does not, however, agree with Respondents' further calculation of the applicable  limitation period whereby they contend  that Clements had an additional 90 days following the running of the 42 day time period before the applicable federal limitation period began to run.  As noted, Clements did not file an appeal of his convictions.  Accordingly, his convictions became final on September 24, 2003, forty-two days after sentencing as this is the date on which his time to seek direct review expired.  *See* Rule 4(b)(1), *Alabama Rules of Appellate Procedure*. 28 U.S.C. § 2244(d)(1)(A) directs that the limitation period for filing a 28 U.S.C. §  2254 petition begins to run on the date when the time for seeking direct review of the challenged judgment expired.  The one-year limitation period found in 28 U.S.C. § 2244(d), therefore, began to run on September 25, 2003 and ran for a period of 287 days before  Clements filed a state post-conviction  petition on July 8, 2004.  Those proceedings concluded on  July 13, 2005 when  the Alabama Court of Criminal Appeals entered its certificate of judgment.  Thus, when Clements filed the instant habeas petition on July 31, 2005, he had only  61 days of the applicable limitation period remaining.  Put another way, a total of 304 days elapsed between the day Clements' judgment  became final and the day he filed the instant federal habeas application.

7. His convictions were obtained by the prosecution's failure to disclose favorable evidence;

8. His convictions were obtained due to the ineffective assistance of counsel (17 grounds);

9. The trial court lacked jurisdiction to render judgment or impose sentence;

10. Newly discovered material facts exist which require that his convictions and sentence be vacated;

11. His failure to file a direct appeal within the prescribed time period was due to no fault of his own;

12. The district and trial court judges exhibited prejudice against him.

(Doc. No. 1 at 4-5, 9-18.)

Respondents filed an answer pursuant to the order of this court in which they contend that Clements' claims for relief are procedurally defaulted as he failed to present his claims to the state courts in accordance with the state's procedural rules. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844-845 (1999); *Brownlee v. Haley*, 306 F.3d 1043, 1065 (11th Cir. 2002); *Smith v. Jones*, 256 F.3d 1135, 1140-1146 (11th Cir. 2001); *Holladay v. Haley*, 209 F.3d 1243, 1254 n. 9 (11th Cir. 2000); *Collier v. Jones*, 901 F.2d 770, 773 (11th Cir. 1990). In support of this argument, Respondents maintain that Clements either failed to present his claims for relief on direct appeal or to the highest state court with jurisdiction to review the claims on appeal from the trial court's denial of his Rule 32 petition. As a result, Respondents argue that Clements' claims are procedurally barred from federal review. (Doc. No. 9 at 8-9.)  *Gray v. Netherland,* 518 U.S. 152, 161-162 (1996) (where state-court remedies are no longer available because petitioner failed to file a direct appeal or initiate

timely state post-conviction action, petitioner has procedurally defaulted on his claims and is generally barred from asserting claims in a federal habeas proceeding); *Coleman v. Thompson,* 501 U.S. 722, 735 n. 1 (1991) (citations omitted) ("[I]f the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred[,] ... there is a procedural default for purposes of federal habeas."); *Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003) (when petitioner fails to properly exhaust claims in state court and is barred from raising claims in state court by applicable procedural rules, such claims are procedurally defaulted).

To the extent Clements assert a claim of ineffective assistance of counsel and trial court error as cause for the default of his substantive claims, Respondents' answer and supporting evidentiary material reflect that these assertions cannot establish cause as Clements likewise procedurally defaulted any such claims. (Doc. No. 9 at 8-9, Exhs. A, B); *Murray v. Carrier*, 477 U.S. 478 (1986) (ineffective assistance of counsel will excuse a procedural default only when the ineffective assistance claim itself has been independently and properly raised); *Hill v. Jones*, 81 F.3d 1015, 1030 (11th Cir. 1996) (a procedurally defaulted claim of ineffective assistance of counsel cannot serve as cause to excuse the default of a separate claim). Respondents further deny that Clements is innocent. (Doc. No. 9 at 3.)

The court entered an order advising Clements of his procedural defaults and allowing him an opportunity to file response addressing his defaults. (Doc. No. 10.) In his response

4

to the aforementioned order, Clements contends that he is not procedurally defaulted on his claims for relief because: 1) neither the trial court nor counsel advised him of his right to appeal; 2) § 2254(c) only requires that the state courts be given a fair opportunity to review his claims; and 3) a fundamental miscarriage of justice will occur if the claims presented in his habeas petition are considered procedurally defaulted. (Doc. No. 13.)

Upon review of the § 2254 petition, the answer of the Respondents, the response of Clements, and the undisputed record in this case, the court concludes that no evidentiary hearing is required and that the petition is due to be denied in accordance with the provisions of Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*.

## II. DISCUSSION

The claims presented by Clements in his petition for habeas corpus relief are procedurally defaulted as Clements failed to present these claims to the state courts in accordance with the State's applicable procedural rules. *O'Sullivan v. Boerckel*, *supra*.; *Henderson*, 353 F.3d at 891; *Pruitt v. Jones*, 348 F.3d 1355 (11th Cir. 2003). This court may reach the merits of Clements' procedurally defaulted claims "only in two narrow circumstances. First, a petitioner may obtain federal review of a procedurally defaulted claim if he can show both 'cause' for the default and actual 'prejudice' resulting from the default. *See Murray v. Carrier,* 477 U.S. 478, 485, 106 S.Ct. 2639, 2644, 91 L.Ed.2d 397 (1986); *[Wainwright v.] Sykes*, 433 U.S. [72,] 87 [(1977)]. ... Second, a federal court may also grant a habeas petition on a procedurally defaulted claim, without a showing of cause or prejudice, to correct a fundamental miscarriage of justice. *Murray*, 477 U.S. at 495-96, 106 S.Ct. at

2678. A 'fundamental miscarriage of justice' occurs in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent. *Id*." *Henderson*, 353 F.3d at 892.

### A. Cause and Prejudice

> "To establish 'cause' for procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court." *Wright v. Hopper,* 169 F.3d 695, 703 (11th Cir.1999). To establish "prejudice," a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different. *Id.*; *Crawford v. Head,* 311 F.3d 1288, 1327-28 (11th Cir.2002).

*Henderson*, 353 F.3d at 892. In an attempt to meet this burden, Clements alleges that both the trial court and trial counsel failed to advise him of his right to appeal his guilty plea convictions, that the state courts had a fair opportunity to review his claims which meets the *[O'Sullivan v. ] Boerckel* requirements, and that a fundamental miscarriage of justice will occur if his procedurally defaulted claims are not addressed. (Doc. No. 13.)

As previously determined, Clements is procedurally defaulted on his claims that the trial court and trial counsel failed to advise him of his appeal rights as he failed to properly exhaust these claims in the state courts. *Coleman*, 501 U.S. at 735 n.1; *Henderson*, 353 F.3d at 891; (Doc. No. 9 at 4-6, Exhs. A, B.) Further, while a claim of ineffective assistance of counsel will excuse a procedural default, such is the case only when the ineffective assistance claim itself has been independently and properly raised in the state courts. *Murray v. Carrier*, 477 at 489 ("a claim of ineffective assistance be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default."); *Hill*

*v. Jones*, 81 F.3d 1015, 1030 (11th Cir. 1996) (a procedurally defaulted claim of ineffective assistance of counsel cannot serve as cause to excuse the default of a separate claim). Because Clements' ineffectiveness claim is itself procedurally defaulted, it cannot constitute cause necessary to excuse his procedural defaults. Moreover, Clements' assignment of error to the trial court and trial counsel do not in any way justify his failure to properly exhaust his claims in the Rule 32 petition.[3]

Next, Clements argues that his claims should be considered exhausted where the Alabama state courts were given a fair opportunity to review his claims and that requiring prisoners to raise all of their claims in "extraordinary proceedings in addition to proceedings that are part of a standard review process . . . is not required." (Doc. No. 13 at 8.) Relying on *Tucker v. Dept. Of Corrections*, 301 F.3d 1281 (11th Cir. 2002), Clements avers that he exhausted his claims at the appellate level where the Alabama Court of Criminal Appeals issued a certificate of judgment. (*Id*.)

The discretionary review exhaustion rule of *O'Sullivan v. Boerckel*, 526 U.S. 838, applies to 28 U.S.C. § 2254 applications filed by petitioners challenging Alabama state court

---

[3] Clements' allegation that trial counsel failed to advise him of his direct appeal rights is not quite accurate according to Clements' own petition. In his petition, Clements asserts that "Petitioner discussed appeal with his attorney and said attorney, or your petitioner thought from said discussion with his attorney, that said attorney was going to file an appeal." (Doc. No. 1 at 17.) It was only after the time to file an appeal ran, Clements contends, that he learned that trial counsel had not filed an appeal and counsel had not informed him that he could file an appeal on his own. (*Id*.) Thus, by his own admission, Clements was, in fact, informed of his appellate rights. (*See also* Doc. No. 9, Exh. A, at 94-95, 103-04, 108-09.) Furthermore, the Alabama Court of Criminal Appeals determined that Clements' allegation that his failure to file an appeal of his convictions was without fault on his part lacked merit where the record affirmatively reflected that "during the guilty plea proceedings, the trial judge expressly questioned defense counsel as to whether he had conferred with the defendant regarding his appellate rights and was told that he had done so. The case action summary sheet and the Ireland forms also dispute this claim." (Doc. No. 9, Exh. B at 5.)

convictions. On the record before the court, it is undisputed that Clements did not present any of the grounds for relief in this case to the Alabama Supreme Court following the appellate court's denial of his Rule 32 petition. A petitioner who fails to raise claims in a petition for certiorari in the Alabama Supreme Court has defaulted those claims. *See Id.*; *Smith v. Jones,* 256 F.3d 1135 (11th Cir. 2001).

Clements' reliance on *Tucker v. Dept. of Corrections, supra*, to support his argument that this court should consider his petition is misplaced. In *Tucker*, the Eleventh Circuit determined that *Boerckel* did not require the invocation of the certification rule of the Supreme Court of Florida, a procedure which is extremely restrictive.[4] The procedure in Alabama is far less restrictive. In Alabama, state "certiorari review is not a matter of right, but of judicial discretion." Although Rule 39, *Alabama Rules of Appellate Procedure*, sets forth certain criteria for granting the writ, the court retains discretion to review certiorari petitions "to the extent necessary to permit the Supreme Court to notice any plain error or defect in the proceedings under review." Thus, Alabama's system of review is a discretionary one which is a normal, simple, and established part of the State's appellate review process and not like the Florida system discussed in *Tucker,* in which the Supreme

---

[4] According to the holding in *Tucker*, the Supreme Court of Florida may only review cases when there is "an actual or potential conflict within the law of the state" to be resolved by an appeal or when a lower court certifies a question "of great public importance" to the Supreme Court of Florida. *Id.*, 301 at 1283. Thus, a petitioner has no general right to appeal to the Supreme Court of Florida absent either certification of a question by an intermediate appellate court or a conflict in state law. Because the issues presented in *Tucker* did not involve a conflict in state law, the Eleventh Circuit determined that state supreme court review was effectively unavailable to the petitioner. It was the prerogative of the intermediate appellate court, not the prisoner, to certify specific issues, and then only when the issue was of great public importance.

Court of Florida was rigidly limited to two very well-defined types of cases. Clements may not have a right to have his claims reviewed in the Supreme Court of Alabama but he has the right to raise them before that court. *Boerckel*, therefore, applies to Clements' petition, and his failure to file a request for certiorari review to the Alabama Supreme Court from the appellate court's denial of his Rule 32 petition resulted in a procedural default for purposes of federal habeas corpus review.

Based on the foregoing, the court concludes that Clements has failed to demonstrate either cause for his failure to present his federal habeas claims to the state courts in compliance with applicable procedural rules nor the existence of actual prejudice emanating from infringement of federal law. Nevertheless, this court may still reach the merits of Clements' procedurally defaulted claims in order to prevent a fundamental miscarriage of justice.

### B. Fundamental Miscarriage of Justice

The miscarriage of justice standard is directly linked to innocence. *Schlup v. Delo*, 513 U.S. 298, 321 (1995). Innocence is not an independent claim; instead, it is the "gateway" through which a petitioner must pass before a court may consider constitutional claims which are defaulted. *Id.* at 315. This exception applies where a petitioner establishes that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. at 496; *Schlup v. Delo*, *supra*. "To establish actual innocence, [a habeas petitioner] must demonstrate that . . . 'it is more likely than not that no reasonable juror would have convicted him.' *Schlup v. Delo*, 513 U.S. 298, 327-328, 115

9

S.Ct. 851, 867-868, 130 L.Ed.2d 808 (1995)." *Bousley v. United States,* 523 U.S. 614, 623 (1998). "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency. *See Sawyer v. Whitley*, 505 U.S. 333, 339, 112 S.Ct. 2514, 2518-2519, 120 L.Ed.2d 269 (1992)." *Id.* at 623-624.

*Schlup* observes that

> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. . . . To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial.

513 U.S. at 324.

Clements argues that a fundamental miscarriage of justice will befall him if his application for habeas relief is denied based on a determination that the claims presented are procedurally defaulted. (Doc. No. 13 at 8.) Clements, however, has submitted no "new reliable evidence" to support his assertion of innocence nor has he suggested that any such evidence exists to establish his actual innocence so as to meet the standard set forth by *Schlup*. Consequently, Clements' procedurally defaulted claims are foreclosed from federal habeas review.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief filed by Robert Wayne Clements be DENIED and that this case be DISMISSED with prejudice. It is further

ORDERED that on or before September 13, 2007 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 31st day of August 2007.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE